UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CORI ANN GINSBERG, NOAH MALGERI,
KAYLYN WOLF, BILL WILSON, SHANNON
HOOD, and ROBERT MCKEOWN, on behalf of
themselves and all others similarly situated,

      Plaintiffs,

v.

      Case No.:  1:19-cv-22702-KMV

VITAMINS BECAUSE, LLC, CT HEALTH
SOLUTIONS LLC, WE LIKE VITAMINS LLC,
and ASQUARED BRANDS LLC,

      Defendants.
_____/

**DEFENDANTS', VITAMINS BECAUSE AND CT HEALTH SOLUTIONS, MOTION TO DISMISS ASQUARED BRANDS' CROSSCLAIM AND <u>MEMORANDUM OF LAW IN SUPPORT</u>**

Defendants, Vitamins Because, LLC and CT Health Solutions, LLC (collectively "Vitamins Because"), pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), respectfully request that this Honorable Court dismiss the crossclaim [Dkt. 66 at pp 26-27] filed against them by co-Defendant, aSquared Brands LLC ("aSquared") because it fails to state a claim upon which relief can be granted. In support, Vitamins Because states:

**I.    INTRODUCTION**

1.    Plaintiffs filed this lawsuit on behalf of themselves and purportedly on behalf of a myriad of classes and subclasses of individuals who purchased the dietary supplement, SAMe, from the various "retailer Defendants" over a span of two and one-half years. The retailer Defendants are We Like Vitamins, GMAX Central, and aSquared.

2.    Plaintiffs assert claims under Florida law for intentional and negligent misrepresentation (Counts 11 and 12), breach of implied warranty (Count 8), breach of express

warranty (Count 9), and the Florida Deceptive and Unfair Trade Practices Act (Count 1). Plaintiffs also assert claims under the Magnuson-Moss Warranty Act (Count 10), and claims under consumer protection statutes from 5 different states (Counts 2 - 7).

3. The Amended Complaint contains numerous deficiencies, one of which is it improperly lumps Vitamins Because and all the retailer Defendants together throughout the various causes of action. Despite the numerous deficiencies present in the Amended Complaint, aSquared filed an answer and "Cross Claim for Contribution and Indemnification." Dkt. 66 at pp. 26-27.

4. aSquared's crossclaim is so lacking in detail that Vitamins Because does not know if aSquared is asserting a clam for common law contribution, statutory contribution, contractual indemnification, common law indemnification, all four, or some combination of them. In fact, it appears aSquared does not know either. Dkt. 66 at ¶ 284 (stating "Defendant is entitled to indemnification pursuant to any applicable contract or agreement between Defendant and Defendants Vitamins Because LLC and CT Health Solutions LLC.")

5. To make matters worse, aSquared "makes reference to and incorporate [sic] the allegations in the above Amended Complaint in its cross claim" without making any effort to identify those allegations that may apply to whatever claims it is attempting to assert. Dkt. 66 at ¶ 282. aSquared simply leaves it to Vitamins Because and the Court to sift through the 272 allegations in the Amended Complaint and guess at which ones might possibly apply to its crossclaim.

II. ARGUMENT

    a. THE CROSSCLAIM SHOULD BE DISMISSED BECAUE IT IS AN IMPERMISSIBLE SHOTGUN PLEADING

Shotgun pleadings are improper and should be dismissed. *See e.g.*, *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018); *Jackson v. Bank of America, N.A.*, 898 F.3d 1348 (11th Cir. 2018); *Noon v. Carnival Corp.*, 2019 WL 2254924, (S.D. Fla. Feb. 1, 2019) (Judge Torres); *Cramer v. State of Florida*, 117 F.3d 1258 (11th Cir. 1997). "Shotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)). Shotgun pleadings violate Rule 8(a)(2) because they fail to give the defendants fair notice of what claims are being asserted against them, and the basis for those claims. *Id*. (quoting *Vibe Micro,* 878 F.3d at 1294-95 (11th Cir. 2018)).

aSquared's crossclaim is an impermissible shotgun pleading. By generally incorporating all 272 allegations in the Amended Complaint into its crossclaim, aSquared has created a situation that makes it impossible for Vitamins Because to determine what claims are being asserted against it, and the alleged factual basis for them. Vitamins Because should not be required to guess at what causes of action are being asserted against it and then sift through the 272 allegations in the Amended Complaint to determine which of them may be relevant and which ones are not. Moreover, Vitamins Because is unable to determine if aSquared is claiming a right to indemnification and contribution for all the causes of action asserted or some subset of them.

  b. ASQUARED APPEARS TO BE ASSERTING A CLAIM FOR CONTRIBUTION BUT THERE IS NO SUCH CAUSE OF ACTION UNDER FLORIDA LAW

aSquared's crossclaim states that aSquared is seeking contribution from Vitamins Because but it does not state whether aSquared is attempting to assert a statutory or common law contribution claim. Dkt. 66 at ¶ 283. It does not matter, however, because neither one exists under Florida law. *See T&S Enterprises Handicap Accessibility, Inc. v. Wink Indus. Maintenance & Repair, Inc.*, 11 So. 3d 411 (Fla. 2d DCA 2009) (the abolition of joint and several liability in Florida renders contribution claims obsolete); *see also, Mendez-Garcia v. Galaxie Corp.*, 2011 WL 5358658 (M.D. Fla. 2011) (same); *Zazula v. Kempton Hotels & Restaurants, LLC*, 2011 WL 1657872 (S.D. Fla. 2011) (same); *Porto Venezia Condo. Assoc., Inc. v. WB Fort Lauderdale, LLC*, 2012 WL 12838283 (S.D. Fla. 2012) (recognizing that "'a common law contribution' claim does not exist under Florida law.'")

    c.    ASQUARED HAD NOT ALLEGED A CAUSE OF ACTION FOR INDEMNIFICATION

Florida law recognizes claims for common law and contractual indemnification but aSquared has not properly pled either one. To state a cause of action for common law indemnification, a party must allege (1) that it is completely without fault; (2) the indemnity is only from the party at fault; and (3) a special relationship exists between the parties. *See e.g., Jones v. Jeld-Wen, Inc.*, 2008 WL 2699438 (S.D. Fla. 2008); *Dade County School Bd. v. Radio Station WQBA*, 731 So. 2d 638 (Fla. 1999). To the extent aSquared is seeking common law indemnification, its crossclaim should be dismissed because aSquared does not plead any facts to support that claim or its entitlement to common law indemnification. *See* e.g., *Zurich Am. Ins. Co. v. Hi-Mar Specialty Chemicals, LLC*, 2010 WL 298392 (S.D. Fla. 2010) (stating "'[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'

*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1964–65 (citations omitted). 'Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.' *Id.* Plaintiff must plead enough facts to state a plausible basis for the claim.'"). For example, aSquared uses the phrase 'special relationship' but that is nothing more than a formulaic recitation of one of the elements of the cause of action. Dkt. 66 at ¶283 ("Defendants Vitamins Because LLC and CT Health Solutions LLC had a special relationship with Defendant whereby Defendants [] breached various duties by their conduct"). aSquared does not plead any facts describing its relationship with Vitamins Because and, because of that, there is no way to evaluate whether any such relationship between aSquared and Vitamins Because would give rise to a common law right of indemnification.

aSquared's claim for contractual indemnification should be dismissed because aSquared failed to allege the existence of a contract between it and Vitamins Because, and it failed to attach any such contract to its crossclaim. aSquared also failed to allege the terms of any such contract, including any alleged indemnification provision that would apply to the claims in this case. This is particularly problematic in this case because it appears aSquared is being sued for its own alleged wrongdoing.

### III.   CONCLUSION

For all the foregoing reasons, Vitamins Because respectfully requests that this Honorable Court enter an order dismissing aSquared's crossclaim.

Dated: February 3, 2020                     Respectfully submitted,

/s/David S. Johnson
David S. Johnson     FBN  096423
Scott W. Anderson    FBN  738311
JOHNSON DABOLL ANDERSON, PLLC
2011 W Cleveland Street, Suite F
Tampa, Florida 33606

Telephone: (813) 377-2499
Fax: (813) 330-3156
djohnson@jdalegal.com
sanderson@jdalegal.com
aglisson@jdalegal.com

*Counsel for Vitamins Because and CT Health Solutions*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of February, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to the following counsel of record on the attached service list.

/s/David S. Johnson

**SERVICE LIST**

Attorneys for Plaintiffs:
Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
ARONOVITZ LAW
2 South Biscayne Boulevard
One Biscayne Tower, Suite 3700
Miami, FL 33131
Tel: 305-372-2772 Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted Pro Hac Vice
Gary S. Graifman (Admitted Pro Hac Vice)
KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.
747 Chestnut Ridge Road Chestnut Ridge
New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

Brendan H. Little
LIPPES MATHIAS WEXLER
FRIEDMAN, LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com

Alessandro A. Apolito
LIPPES MATHIAS WEXLER
FRIEDMAN, LLP
822 US Highway A1A, Suite 101
Ponte Vedra Beach, FL 32082
Tel: 904-660-0020
aapolito@lippes.com
Attorneys for ASquared Brands,

Clinton S. Payne (FBN 0044644)
Barbara Fernandez (FBN 493767)
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Tel: 305-358-7747
Fax: 305-577-1063
cpayne@hinshawlaw.com
dconnolly@hinshawlaw.com
bfernandez@hinshawlaw.com
Attorneys for GMAX Central, LLC