**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| CORI ANN GINSBERG, NOAH MALGERI, KALYN WOLF, BILL WILSON, SHANNON HOOD, ERIC FISHON, and ROBERT MCKEOWN on behalf of themselves and all others similarly situated, | CASE NO.: 1:19-CV-22702-KMW  Class Action |
| Plaintiffs, | |
| vs. | |
| VITAMINS BECAUSE LLC, CT HEALTH SOLUTIONS LLC, GMAX CENTRAL LLC, ASQUARED BRANDS LLC, INSPIRE NOW PTY LTD d/b/a BOOSTCEUTICALS, HEALTHY WAY RX LLC, KHAKIWARE INC., and JOLLY DOLLAR SUPPLY COMPANY, LLC., | |
| Defendants. | |

## VITAMINS BECAUSE AND CT HEALTH SOLUTIONS' ANSWER AND AFFIRMATIVE DEFENSES TO ASQUARED'S CROSS CLAIM [Dkt. 111]

Defendants, Vitamins Because, LLC and CT Health Solutions, LLC (unless otherwise noted, collectively "Vitamins Because"), responds to the correspondingly numbered paragraphs of Asquared Brands Cross Claim [Dkt. 111 at pp. 29 - 33], which begins at numbered paragraph 318.

318. Vitamins Because moves to strike this paragraph because it is an improper shotgun pleading that does not put Vitamins Because on notice of what allegations are being asserted against it. This paragraph also violates Rule 8(d)(1), Fed. R. Civ. P., which requires that each allegation be simple, concise and direct.

319. Admitted.

320. Admitted.

321. Without knowledge and, therefore, denied.

322. Admitted Asquared purchased some SAMe product from Vitamins Because. Vitamins Because is unable to admit or deny the remaining allegations in this paragraph because (1) they are too vague and (2) Asquared failed to attach copies of the alleged contracts to the Cross Claim.

323. Admitted Asquared purchased some SAMe product from Vitamins Because. Vitamins Because is unable to admit or deny the remaining allegations in this paragraph because (1) they are too vague, (2) Asquared failed to attach copies of the alleged contracts to the Cross Claim, and (3) Vitamins Because is without knowledge of what Asquared did with the SAMe product it purchased from Vitamins Because.

324. Vitamins Because is unable to admit or deny the allegations in this paragraph because Asquared failed to attach the 'Agreements.' Vitamins Because admits it manufactures SAMe and that it sold some SAMe to Asquared.

325. Denied.

326. Denied.

327. Admitted Asquared purchased some SAMe from Vitamins Because. In all other respects, denied.

328. Denied as phrased.

329. Denied.

### COUNT I – BREACH OF CONTRACT

330. Vitamins Because moves to strike this paragraph because it is an improper shotgun pleading that does not put Vitamins Because on notice of what allegations are being asserted

against it. This paragraph also violates Rule 8(d)(1), Fed. R. Civ. P., which requires that each allegation be simple, concise and direct.

331. Admitted Asquared purchased some SAMe product from Vitamins Because. Vitamins Because is unable to admit or deny the remaining allegations in this paragraph because (1) they are too vague, (2) Asquared failed to attach copies of the alleged contracts to the Cross Claim, and (3) Vitamins Because is without knowledge of what Asquared did with the SAMe product it purchased from Vitamins Because.

332. Vitamins Because is unable to admit or deny the allegations in this paragraph because Asquared failed to attach the contracts referred to in this paragraph.

333. Denied.

334. Denied.

335. Denied.

### COUNT II – COMMON LAW INDEMNIFICATION

336. Vitamins Because moves to strike this paragraph because it is an improper shotgun pleading that does not put Vitamins Because on notice of what allegations are being asserted against it. This paragraph also violates Rule 8(d)(1), Fed. R. Civ. P., which requires that each allegation be simple, concise and direct.

337. Admitted Asquared purchased some SAMe product from Vitamins Because. Vitamins Because is unable to admit or deny the remaining allegations in this paragraph because (1) they are too vague, (2) Asquared failed to attach copies of the alleged contracts to the Cross Claim, and (3) Vitamins Because is without knowledge of what Asquared did with the SAMe product it purchased from Vitamins Because.

338. Denied.

339. Denied.

340. Denied.

341. Denied.

342. Denied.

343. Denied as phrased.

344. Denied.

345. Denied.

346. Denied.

347. The allegations in this paragraph represent the legal conclusion of the pleader to which a response is not required. To the extent any of the allegation in this paragraph are deemed factual, denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Asquared's Amended Cross Claim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Asquared is not wholly without fault and, therefore, its indemnification claim fails as a matter of law.

### Third Affirmative Defense

Asquared's claim for common law indemnification is barred by the economic loss rule.

WHEREFORE, Vitamins Because demands judgment in its favor on all claims asserted by Asquared and respectfully requests that this Honorable Court award Vitamins Because its costs and attorneys' fees after entitlement to same is established.

**Demand for Jury Trial**

Vitamins Because demands a trial by jury on all issues so triable.

Dated: July 17, 2020                          Respectfully submitted,

/s/David S. Johnson
David S. Johnson      FBN  096423
Scott W. Anderson    FBN  738311
JOHNSON DABOLL ANDERSON, PLLC
2011 W Cleveland Street, Suite F
Tampa, Florida 33606
Telephone: (813) 377-2499
Fax: (813) 330-3156
djohnson@jdalegal.com
sanderson@jdalegal.com
aglisson@jdalegal.com

*Counsel for Vitamins Because and CT Health Solutions*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of July, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to the following counsel of record on the attached service list.

/s/David S. Johnson

**SERVICE LIST**

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
ARONOVITZ LAW
2 South Biscayne Boulevard
One Biscayne Tower
Suite 3700
Miami, FL 33131
Tel: 305-372-2772 Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com
Attorneys for Plaintiffs

Jay I. Brody (Admitted Pro Hac Vice)
Gary S. Graifman (Admitted Pro Hac Vice)
KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.
747 Chestnut Ridge Road Chestnut Ridge
New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com
Attorneys for Plaintiffs

Nicholas A. Migliaccio
Jason S. Rathod
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com
Attorneys for Plaintiffs

Joseph A. Source
JOSEPH A. SORCE & ASSOCS., P.A.
999 Ponce de Leon Blvd., Suite 1020
Coral Gables, FL 33134
Tel: 305-529-8544
jsorce@flconstructionlawyer.com
Attorney for Defendants Khakiware, Inc.
and Healthy Way RX, LLC

Brendan H. Little
LIPPES MATHIAS WEXLER
FRIEDMAN, LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com

Alessandro A. Apolito
LIPPES MATHIAS WEXLER
FRIEDMAN, LLP
822 US Highway A1A, Suite 101
Ponte Vedra Beach, FL 32082
Tel: 904-660-0020
aapolito@lippes.com
Attorneys for ASquared Brands

Leon N. Patricios (FBN 0012777)
ZIMPANO PATRICIOS, P.A.
312 Minorca Ave.
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (admitted *pro hac vice*)
ARNALL GOLDEN GREGORY
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC 20006
T:  202-677-4030
Richard.oparil@agg.com
Attorneys for GMAX Central, LLC