# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CORI ANN GINSBERG, NOAH MALGERI, ) <br> KALYN WOLF, BILL WILSON, SHANNON ) <br> HOOD, ERIC FISHON and ROBERT ) <br> MCKEOWN on behalf of themselves and all ) <br> others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> VITAMINS BECAUSE LLC, CT HEALTH ) <br> SOLUTIONS LLC, GMAX CENTRAL LLC, ) <br> ASQUARED BRANDS LLC, INSPIRE NOW ) <br> PTY LTD d/b/a BoostCeuticals, HEALTHY ) <br> WAY RX LLC, KHAKIWARE INC, and ) <br> JOLLY DOLLAR SUPPLY COMPANY, LLC ) <br> ) <br> Defendants. ) | Civil Action No.: 1:19-cv-22702-KMW <br><br> CLASS ACTION |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS VITAMINS BECAUSE LLC AND CT HEALTH SOLUTIONS LLC

Plaintiffs hereby propound the following requests for production of documents to Defendants Vitamins Because LLC ("Vitamins Because") and CT Health Solutions LLC ("CT Health") (together, "Defendants"), pursuant to Federal Rules of Civil Procedure 26 and 34, and the Local Rules of the United States District Court for the Southern District of Florida, and request that Defendants produce the documents and electronically-stored information stated herein within

thirty (30) days of service of these requests at the offices of Kantrowitz, Goldhamer & Graifman, P.C., 747 Chestnut Ridge Road, Chestnut Ridge, New York 10977.

## DEFINITIONS

All terms defined in Local Civil Rule 26.3 (c) and (d) shall have the meanings set forth therein, unless otherwise specified.

"Vitamins Because" refers to Vitamins Because LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on Vitamins Because's behalf.

"CT Health" refers to CT Health Solutions LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on CT Health's behalf.

The "Product" or "Subject Product" refers to S-adenosylmethionine ("s-adenosyl-methionine" or "SAMe," "SAM-e," "SAME," "sam-e," "same," or "samee") dietary supplement manufactured and/or labeled by Vitamins Because and/or CT Health.

"SAMe" refers to S-adenosylmethionine.

"Plaintiffs" refers to Plaintiffs Cori Ann Ginsberg, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, and Robert Mckeown.

The term "document" is defined as synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a), and should be understood to include any written, printed, typed, and visually, aurally, or electronically reproduced material of any kind, whether or not privileged, including but not limited to electronic mail, computer files, source code,

backup media, and databases; files and file folders; books and their contents, whether printed or recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged, confidential, or personal; namely, communications, including intracompany communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations; diaries; forecasts; statistical statements; laboratory and engineering reports and notebooks, changes, plans, specifications, data sheets, drawings, schematics, graphs, flow charts, samples, prototypes and tangible things, evaluation boards, developers guidelines; photographs, films, pictures, and videotapes; minutes or records of meetings, including directors' meetings, minutes or records of conferences; expressions of statements or policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; agreements; records, reports or summaries of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing materials and notices, press releases; litigation files and databases; and any drafts or revisions of any document and any notes or comments appearing on any document, whether preliminary or marginal. A comment or notation appearing on any document, and not a part of the original document, is considered a separate document within the meaning of the term. A draft or non-identical copy is a separate document within the meaning of the term.

The term "communication" should be understood to include all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, facsimiles, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written.

The terms "related to," "relate to," "regarding," "concerning," "in connection with," and "relating to," as used herein, mean mentioning, citing, quoting, regarding, involving, representing, constituting, discussing, reflecting, identifying, describing, referring to, containing, enumerating, evidencing, supporting, or in any way concerning, in whole or in part, directly or indirectly.

The term "person," as used herein, shall have the same meaning as specified in Local Rule 26(d).

The terms "and" and "or," as used herein, are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

The terms "any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

The term "date" or "dates," as used herein, refers to the exact day, month, and year, if ascertainable, or if not, the best approximation.

The terms "describe" or "description," as used herein, means to state all facts of which you are aware concerning the subject, including but not limited to identifying all dates, all persons involved in or with knowledge of the subject, and all places or locations relevant to the subject.

The term "identify," as used herein, shall have the same meaning as specified in Local Rule 26(d). The term "identity," as used herein, shall mean the information required to be provided pursuant Local Rule 26(d) that requests the respondent to "identify" a person or document.

4

The terms "Complaint" or "SAC" as used herein, shall mean the Second Amended Class Action Complaint filed by Plaintiffs in this lawsuit.

The terms "Good Manufacturing Practice" or "GMP" or "CGMP," as used herein, means a system for ensuring that products are consistently produced and controlled according to quality standards which is designed to minimize the risks involved in a pharmaceutical production and covers all aspects of production from the starting materials, premises, and equipment to the training and personal hygiene of staff, including, but not limited to, detailed written procedures for each process that could affect the quality of a finished product and documented proof that correct procedures are consistently followed at each step in the manufacturing process, every time a product is made.

The terms "standard operating procedure" or "standing operating procedure," as used herein, means established or prescribed methods, procedures, and/or policies to be followed routinely for the performance of designated operations or in designated situations.

The terms "active pharmaceutical ingredient" or "API," as used herein, are defined as any substance or mixture of substances intended to be used in the manufacture of a drug product that, when used in the production of a drug, becomes an active ingredient in the drug product.

FDA refers to the U.S. Food and Drug Administration.

The terms used herein which are also set forth in 21 C.F.R. § 111.3 shall have the same definitions and interpretations as specified or used in 21 C.F.R. § 111.3.

## INSTRUCTIONS

In responding to each document request, attach originals or true copies of all documents referenced or referred to, which are otherwise supportive of the response, illustrative of the response, or the production of which is necessary to provide a complete response.

All documents should be produced electronically and in their native format, or in any manner consistent with the format in which they were originally created (*i.e.*; .doc, .pdf, .jpg, .tif, .xls, .mdb, .pst, etc.) and should include all data, including but not limited to, metadata, formulae, links, attachments, etc.  To the extent that a document no longer exists in its original format, said document should be produced in a similar, reasonable electronic format that would allow for the same or similar functionality as the original.

If you withhold any documents based on privilege, provide a privilege log setting forth the privilege claimed and the facts upon which you rely to support the claim of privilege.  In that log, identify each document for which privilege is claimed, together with the following information:

(a) A brief description of the nature and subject matter, including the title and type of document;

(b) The date of preparation;

(c) The date of the last revision or edit;

(d) The name and title of the author(s);

(e) The name and title of the person(s) creating the document(s);

(f) The name and title of the person(s) who edited the document(s)

(g) The name and title of the person(s) to whom the document was sent; and

(f) The number of pages.

25. The request for information in these document requests is continuing in character and, therefore, requires supplemental responses and/or production by you of supplemental documents if other, further or different information is secured or available prior to the trial of the above identified proceeding.

26. If there are documents not currently in your possession, but which you can obtain from other parties, such additional documents are included in this request. If your response to

any requests herein is that the documents are not in your possession or custody, describe in detail the location of the documents and the unsuccessful efforts you made to locate the records. If your response to any requests herein is that the documents are not in your control, identify who has control and the location of the records, and provide any documents you have that contain all or part of the information contained in the requested document or category. If any requested document was, but no longer is in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide: (1) Its date; (2) The identity of the person(s) who prepared the document; (3) The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document; (4) The length of the document; (5) The subject matter of the document; (6) If misplaced, the last time and place it was seen and a description of efforts made to locate the document; (7) If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

## DOCUMENTS REQUESTED

### DOCUMENT REQUEST NO. 1:

Produce all documents, records, and communications concerning the creation, manufacture, revision, modification, design of the subject product, including, but not limited to, documents relating to the product's components, active ingredients, other ingredients, and capsules, and its manufacturing process.

7

**DOCUMENT REQUEST NO. 2:**

Produce all documents, records, and communications concerning the creation, manufacture, revision, modification, design and distribution of the subject product's labels and packaging, including, but not limited to, the labeling and packaging processes.

**DOCUMENT REQUEST NO. 3:**

Produce all documents, records, and communications concerning the distribution, sales, marketing and/or advertising of the subject product.

**DOCUMENT REQUEST NO. 4:**

Produce all documents, records, and communications concerning the creation, revision, modification, design of the standard operating procedures relating to the manufacture, labeling, and packaging of the subject product.

**DOCUMENT REQUEST NO. 5:**

Produce all documents, records, and communications concerning the sales, revenue, and purchases of the subject product.

**DOCUMENT REQUEST NO. 6:**

Produce all documents, records, and communications concerning Vitamin Because's and private label companies' sale of the subject product.

**DOCUMENT REQUEST NO. 7:**

Produce all documents, records, and communications concerning the sales price and price premiums charged by Defendants and/or private label companies for the subject product.

**DOCUMENT REQUEST NO. 8:**

Produce all documents, records, and communications relating to Plaintiffs' purchases of the subject product.

**DOCUMENT REQUEST NO. 9:**

Produce all manuals, memoranda, instructions, and other Documents setting forth Defendants' policies, procedures or practices relating to the marketing of the subject product.

**DOCUMENT REQUEST NO. 10:**

Produce all draft versions and all final versions of all labels of the subject product, as well as all documents, records, and communications relating to those records.

**DOCUMENT REQUEST NO. 11:**

Produce all documents, records, and communications concerning the testing of the subject product and the subject product's quality, quality control, and Good Manufacturing Practice(s) or CGMP.

**DOCUMENT REQUEST NO. 12:**

Produce all documents, records, and communications concerning the testing of raw materials used in the product and the raw materials' quality, quality control, and Good Manufacturing Practice(s) or CGMP.

**DOCUMENT REQUEST NO. 13:**

Produce all documents, records, and communications concerning the testing of the subject product and the subject product's identity or microbiological analysis before they are approved and released.

**DOCUMENT REQUEST NO. 14:**

Produce all documents, records, and communications concerning Defendants' design and implementation of a system of production and process controls, pursuant to 21 C.F.R. § 111.55, relating to the manufacturing, packaging, labeling, and holding of the subject product.

**DOCUMENT REQUEST NO. 15:**

Produce all documents, records, and communications concerning Defendants' design and implementation of a system of quality control operations, pursuant to 21 C.F.R. § 111.65, relating to the manufacturing, packaging, labeling, and holding of the subject product.

**DOCUMENT REQUEST NO. 16:**

Produce all documents, records, and communications concerning the establishment of manufacturing, component, and in-process specifications, pursuant to 21 C.F.R. § 111.70, for the subject product.

**DOCUMENT REQUEST NO. 17:**

Produce all documents, records, and communications concerning Defendants' determination that specifications relating to the subject product were met, pursuant to 21 C.F.R. § 111.75.

**DOCUMENT REQUEST NO. 18:**

Produce all documents, records, and communications concerning actions taken by Defendants, pursuant to 21 C.F.R. § 111.77, following the establishment that specifications in connection with the subject product were not met.

**DOCUMENT REQUEST NO. 19:**

Produce all documents, records, and communications relating to any and all required material reviews and required disposition decisions in connection with the subject product that were conducted by quality control personnel.

**DOCUMENT REQUEST NO. 20:**

Produce all documents, records, and communications relating to the conduct and operations of Defendants' quality control personnel covered in 21 C.F.R. § 111 in connection with the subject product.

**DOCUMENT REQUEST NO. 21:**

Produce all records made and kept pursuant to 21 C.F.R. § 111.140 in connection with the subject product, including, but not limited to: 1) written procedures for the responsibilities of the quality control operations; 2) written documentation, at the time of performance, that quality control personnel performed the review, approval, or rejection requirements; 3) documentation of any material review and disposition decision and follow-up; as well as all documents, records, and communications related to any of those records.

**DOCUMENT REQUEST NO. 22:**

Produce all documents, records, and communications in connection with Defendants' examination, quarantine, identifying, and holding of components, packaging, or labels of the subject product, as well as product containers and supplier's invoices, guarantees, or certifications for the subject product.

**DOCUMENT REQUEST NO. 23:**

Produce all documents, records, and communications in connection with any rejected components, packaging, and labels relating to the subject product, as well as any rejected capsules or bottles of the subject product.

**DOCUMENT REQUEST NO. 24:**

Produce all records made and kept by Defendants pursuant to 21 C.F.R. § 111.180 in connection with the subject product.

**DOCUMENT REQUEST NO. 25:**

Produce all parts of the master manufacturing record established by Defendants pursuant to 21 C.F.R. § 111.205, which relate to the subject product, and all documents, records, and communications concerning the subject product in Defendants' master manufacturing record.

**DOCUMENT REQUEST NO. 26:**

Produce all batch production records for every batch of the subject product manufactured by Defendants, which was prepared by Defendants pursuant to 21 C.F.R. § 111.255, and all documents, records, and communications concerning the subject product's batch production records.

**DOCUMENT REQUEST NO. 27:**

Produce all written procedures for laboratory operations concerning the subject product, which were established by Defendants pursuant to 21 C.F.R. § 111.303, and all documents, records, and communications concerning those written procedures for laboratory operations.

**DOCUMENT REQUEST NO. 28:**

Produce all documents, records, and communications concerning laboratory control processes, established pursuant to 21 C.F.R. § 111.315, which were used in connection with the subject product.

**DOCUMENT REQUEST NO. 29:**

Produce all documents, records, and communications concerning laboratory examination and testing methodologies used in connection with the subject product.

**DOCUMENT REQUEST NO. 30:**

Produce all records concerning the subject product that were made and kept pursuant to 21 C.F.R. § 111.325, including, but not limited to: 1) written procedures for laboratory operations and 2) documentation that laboratory methodologies were followed, and all documents, records, and communications concerning those records.

**DOCUMENT REQUEST NO. 31:**

Produce all written procedures for manufacturing operations concerning the subject product, and all documents, records, and communications concerning those records.

**DOCUMENT REQUEST NO. 32:**

Produce all documents, records, and communications concerning Defendants' design or selection of manufacturing processes, which ensure that product specifications for the subject product are consistently met.

**DOCUMENT REQUEST NO. 33:**

Produce all documents, records, and communications concerning Defendants' design or selection of manufacturing processes, which ensure that ingredient specifications for the subject product are consistently met.

14

**DOCUMENT REQUEST NO. 34:**

Produce all documents, records, and communications made and kept pursuant to 21 C.F.R. § 111.95 in connection with the subject product, including, but not limited to: 1) the specifications established; 2) documentation of Defendants' qualification of a supplier for the purpose of relying on the supplier's certificate of analysis; 3) documentation for why meeting in-process specifications, in combination with meeting component specifications, helps ensure that the subject product meets the specifications for identity, purity, strength, and composition; and for limits on those types of contamination that may adulterate or may lead to adulteration of the finished batch of the subject product; 4) documentation for why the results of appropriate tests or examinations for the product specifications selected under 21 C.F.R. § 111.75(c)(1) ensure that the subject product meets all product specifications; 5) documentation for why any component and in-process testing, examination, or monitoring, and any other information, will ensure that the product specification that is exempted under 21 C.F.R. § 111.75(d) is met without verification through periodic testing of the finished batch, including documentation that the selected specifications tested or examined under 21 C.F.R. § 111.75 (c)(1) are not able to verify that the production and process control system is producing the product in a way that meets the exempted product specification and there is no scientifically valid method for testing or examining such exempted product specification at the finished batch stage; and 6) documentation of FDA's response to a petition submitted under 21 C.F.R. § 111.75(a)(1)(ii) providing for an exemption from the provisions of 21 C.F.R. § 111.75(a)(1)(i).

**DOCUMENT REQUEST NO. 35:**

Produce all documents, records, and communications concerning Defendants' written procedures for the responsibilities of the quality control operations in connection with the subject product, pursuant to 21 C.F.R. § 111.103, including written procedures for conducting a material review and making a disposition decision, and for approving or rejecting any reprocessing.

**DOCUMENT REQUEST NO. 36:**

Produce all written procedures for packaging and labeling operations, and all documents, records, and communications concerning the packaging and labeling operations for the subject product.

**DOCUMENT REQUEST NO. 37:**

Produce all written procedures for holding and distributing operations, and all documents, records, and communications concerning the holding and distributing operations for the subject product, and records of the subject product distribution.

**DOCUMENT REQUEST NO. 38:**

Produce all documents, records, and communications concerning Defendants' fulfillment of all requirements set forth in 21 C.F.R. § 111.410 in connection with the packaging and labels of the subject product.

**DOCUMENT REQUEST NO. 39:**

Produce all documents, records, and communications concerning Defendants' fulfillment of all requirements set forth in 21 C.F.R. § 111.415 in connection with the filling, assembling, packaging, and labeling of the subject product.

**DOCUMENT REQUEST NO. 40:**

Produce all documents, records, and communications concerning Defendants' fulfillment of all requirements set forth in 21 C.F.R. § 111.415 in connection with establishing specifications for the packaging and labeling of the subject product.

**DOCUMENT REQUEST NO. 41:**

Produce all documents, records, and communications concerning Defendants' fulfillment of all requirements set forth in 21 C.F.R. § 111.455 in connection with holding components, product, packaging, and labels of the subject product.

**DOCUMENT REQUEST NO. 42:**

Produce all documents, records, and communications concerning Defendants' fulfillment of all requirements set forth in 21 C.F.R. § 111.460 in connection with the holding of in-process materials used in connection with the subject product.

**DOCUMENT REQUEST NO. 43:**

Produce all documents, records, and communications concerning any subject product which was returned to Defendants, as well as Defendants' fulfillment of the requirements set forth in 21 C.F.R. § 111.510 thereafter.

**DOCUMENT REQUEST NO. 44:**

Produce all documents, records, and communications concerning any and all batches and/or lots of the subject product, including, but not limited to, batch numbers, lot numbers, or control numbers, and batch records relating to the subject product, and documents and communications regarding the subject product's identity, purity, strength, and composition.

**DOCUMENT REQUEST NO. 45:**

Produce all documents, records, and communications concerning the standard operating producers relating to the subject product and related compliance or lack of compliance thereof.

**DOCUMENT REQUEST NO. 46:**

Produce all documents, records, and communications concerning all production, manufacturing, and labeling runs relating to the subject product.

**DOCUMENT REQUEST NO. 47:**

Produce all documents, records, and communications concerning Defendants' sourcing and/or procurement of components, ingredients, and API of the subject product.

**DOCUMENT REQUEST NO. 48:**

Produce all documents, records, and communications concerning Defendants' qualification of vendors and sources of the components, ingredients, and API of the subject product.

**DOCUMENT REQUEST NO. 49:**

Produce all documents, records, and communications concerning Defendants' compliance with or violations of 21 C.F.R. § 111 in connection with the subject product and the physical plant(s) at which the subject product is manufactured, packaged, labeled, or held.

**DOCUMENT REQUEST NO. 50:**

Produce all records concerning the subject product which Defendants have made available to the FDA.

**DOCUMENT REQUEST NO. 51:**

Produce all documents, records, and communications concerning Defendants' regulatory log and/or communications and interactions with the FDA relating to the subject product or the physical plant(s) at which the subject product is manufactured, packaged, labeled, or held.

**DOCUMENT REQUEST NO. 52:**

Produce all documents, records, and communications concerning any and all product complaints relating to the subject product, and Defendants' review and investigation of any complaint relating to the subject product and their fulfillment of the requirements set forth in 21 C.F.R. § 111.560.

**DOCUMENT REQUEST NO. 53:**

Produce all documents, records, and communications concerning any and all corrective actions performed by Defendants in relation to the subject product, and Defendants' review and investigation of any complaint relating to the subject product and their fulfillment of the requirements set forth in 21 C.F.R. § 111.560.

**DOCUMENT REQUEST NO. 54:**

Produce all records made and kept as required under 21 C.F.R. § 111.570 in connection with the subject product.

**DOCUMENT REQUEST NO. 55:**

Produce all documents, records, and communications concerning any and all representative samples of the subject product and its components, including, but not limited to, documents, records, and communications concerning representative samples of: a) each unique lot of components, packaging, and labels in connection with the subject product, b) in-process materials for each manufactured batch of the subject product, c) subsets of finished batches of the manufactured subject product, d) each unique shipment of the subject product, and each unique lot within those unique shipments, e) each lot of packaged and labeled subject product, and f) all documents which were taken and/or produced by Defendants pursuant to 21 C.F.R. § 111.80 in connection with the subject product.

**DOCUMENT REQUEST NO. 56:**

Produce all documents, records, and communications concerning any and all reserve samples of each lot of packaged and labeled product that Defendants has and continues to hold in its possession, pursuant to 21 C.F.R. § 111.83.

**DOCUMENT REQUEST NO. 57:**

Produce all documents, records, and communications concerning the shipping of the subject product.

**DOCUMENT REQUEST NO. 58:**

Produce all documents, records, and communications with or concerning private label retailers in connection with the subject product.

**DOCUMENT REQUEST NO. 59:**

Produce all documents, records, and communications supporting and/or negating the accuracy of the stated amounts of SAMe on the subject product labels.

**DOCUMENT REQUEST NO. 60:**

Produce all documents, records, and communications regarding the amount or measure of SAMe in the subject product.

**DOCUMENT REQUEST NO. 61:**

Produce all documents, records, and communications regarding any testing or verification of the amount of SAMe in the subject product.

DATED: July 21, 2020

By: _/s/ Barbara Perez_____

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 21, 2020, a true and correct copy of the foregoing was

sent *via e-mail* to all counsel of record as listed on the below Service List.


By: */s/ Barbara Perez* _____

**SERVICE LIST**
Ginsberg, et al. vs. Vitamins Because, LLC, et al.
Case No.: 19-cv-022702-KMW

**Attorneys for PLAINTIFFS:**

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

**Attorneys for DEFENDANTS:**

*Defendants,* **VITAMIN BECAUSE LLC
nd CT HEALTH SOLUTIONS LLC:**

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F
Tampa, Florida 33606
Tel: 813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

*Defendant,* **GMAX CENTRAL LLC:**

Leon N. Patricios (FBN 0012777)
Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
Kevin M. Bell (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com
kevin.bell@agg.com

*Defendant,* **ASQUARED BRANDS LLC:**

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER
FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

24

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com


***Defendants,* HEALTHY WAY RX LLC, KHAKIWARD INC:**

Joseph A. Sorce, Esq. (FBN 37288)
**JOSEPH A. SORCE & ASSOCIATES, PA**
999 Ponce de Leon Boulevard, Suite 1020
Coral Gables, FL 33134
Tel. 305-529-8544
jsorce@flconstructionlawyer.com

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 19-CV-22702-KMW

CORI ANN GINSBERG, NOAH MALGERI,
KALYN WOLF, BILL WILON, SHANNON
HOOD, ERIC FISHON, and ROBERT
MCKEOWN, on behalf of themselves and all
others similarly situated,

       Plaintiffs,

vs.

VITAMINS BECAUSE, LLC, CT HEALTH
SOLUTIONS LLC, GMAX CENTRAL LLC,
ASQUARED BRANDS LLC, INSPIRE NOW
PTY LTD d/b/a BoostCeuticals, HEALTHY
WAY RX LLC, KHAKIWARE INC., and
JOLLY DOLLAR SUPPLY COMPANY
LLC,

       Defendants.

_____/

## PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO
## DEFENDANTS, VITAMINS BECAUSE LLC AND CT HEALTH SOLUTIONS LLC

Plaintiffs hereby propound the following requests for production of documents to

Defendants Vitamins Because LLC ("Vitamins Because") and CT Health Solutions LLC ("CT

Health") (together, "Defendants"), pursuant to Federal Rules of Civil Procedure 26 and 34, and

the Local Rules of the United States District Court for the Southern District of Florida, and request

that Defendants produce the documents and electronically-stored information stated herein within

thirty (30) days of service of these requests at the offices of Kantrowitz, Goldhamer & Graifman, P.C., 747 Chestnut Ridge Road, Chestnut Ridge, New York 10977.

## DEFINITIONS

1.      All terms defined in the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida shall have the meanings set forth therein, unless otherwise specified.

2.      The singular includes the plural and vice versa.   Words of gender shall be construed as including all genders, without limitation.

3.      The present tense includes the past and future tenses.   The past tense includes the present and future tenses.

4.      "Vitamins Because" refers to Vitamins Because LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents, and all other persons acting or purporting to act on Vitamins Because's behalf.

5.      "CT Health" refers to CT Health Solutions LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on CT Health's behalf.

6.      The "Product" or "SAMe Product" refers to S-adenosylmethionine ("s-adenosyl-methionine" or "SAMe," "SAM-e," "SAME," "sam-e," "same," or "samee") dietary supplements sold by Defendants either directly to consumers or indirectly through their sales to third-party retailers.

7.      "SAMe" refers to S-adenosylmethionine.

8.      "Retailer" refers to any and all third party entities or individuals that have purchased and sold Product manufactured by Defendants, including, but not limited to, Gmax Central LLC, Asquared Brands LLC, Inspire Now Pty Ltd d/b/a Boostceuticals, Healthy Way Rx LLC, Khakiware Inc, and Jolly Dollar Supply Company, LLC, and their predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on their behalf.

9.      "Plaintiffs" refers to Plaintiffs Cori Ann Ginsberg, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, and Robert Mckeown.

10.     The term "document" is defined as synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a), and should be understood to include any written, printed, typed, and visually, aurally, or electronically reproduced material of any kind, whether or not privileged, including but not limited to electronic mail, computer files, source code, backup media, and databases; files and file folders; books and their contents, whether printed or recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged, confidential, or personal; namely, communications, including intracompany communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations; diaries; forecasts; statistical statements; laboratory and engineering reports and notebooks, changes, plans, specifications, data sheets, drawings, schematics, graphs, flow charts, samples, prototypes and tangible things, evaluation boards, developers guidelines; photographs, films, pictures, and videotapes; minutes or records of meetings, including directors' meetings, minutes or records of

conferences; expressions of statements or policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; agreements; records, reports or summaries of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing materials and notices, press releases; litigation files and databases; and any drafts or revisions of any document and any notes or comments appearing on any document, whether preliminary or marginal. A comment or notation appearing on any document, and not a part of the original document, is considered a separate document within the meaning of the term. A draft or non-identical copy is a separate document within the meaning of the term.

11.     The term "communication" should be understood to mean the transmission of information (in the form of facts, ideas, inquiries or otherwise), including all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, facsimiles, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written.

12.     The terms "related to," "relate to," "regarding," "concerning," "in connection with," and "relating to," as used herein, are used in the broadest possible sense and mean mentioning, citing, quoting, regarding, involving, representing, constituting, discussing, reflecting, identifying, describing, referring to, containing, enumerating, evidencing, supporting, or in any way concerning, in whole or in part, directly or indirectly.

13.     The term "person," as used herein, shall mean human beings or legally recognized entities.

14.     The terms "and" and "or," as used herein, are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

4

15.     The terms "any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

16.     The term "date" or "dates," as used herein, refers to the exact day, month, and year, if ascertainable, or if not, the best approximation.

17.     The terms "describe" or "description," as used herein, means to state all facts of which you are aware concerning the subject, including but not limited to identifying all dates, all persons involved in or with knowledge of the subject, and all places or locations relevant to the subject.

18.     The term "identify," as used herein, shall have the same meaning:

      (a) When used with respect to or referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

      (b) When used with respect to or referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

19.     The term "Complaint" as used herein, shall mean the Second Amended Class Action Complaint filed by Plaintiffs in this lawsuit, or any further amended class action complaints.

20.     The terms "Good Manufacturing Practice" or "GMP" or "CGMP," as used herein, mean a system for ensuring that products are consistently produced and controlled according to quality standards which is designed to minimize the risks involved in a pharmaceutical production and covers all aspects of production from the starting materials, premises, and equipment to the training and personal hygiene of staff, including, but not limited to, detailed written procedures for each process that could affect the quality of a finished product and documented proof that correct procedures are consistently followed at each step in the manufacturing process, every time a product is made.

21.     The terms "standard operating procedure" or "standing operating procedure," as used herein, means established or prescribed methods, procedures, and/or policies to be followed routinely for the performance of designated operations or in designated situations.

22.     The terms "active pharmaceutical ingredient" or "API," as used herein, are defined as any substance or mixture of substances intended to be used in the manufacture of a drug product that, when used in the production of a drug, becomes an active ingredient in the drug product.

23.     "FDA" refers to the U.S. Food and Drug Administration.

24.     The term "unit," as used herein, means sales unit or the unit of measure (i.e., bottle of SAMe capsules) that Defendants use to charge their customer for the SAMe product it sells to consumers.

25.     The terms used herein, which are also set forth in 21 C.F.R. § 111.3, shall have the same definitions and interpretations as specified in 21 C.F.R. § 111.3.

## INSTRUCTIONS

1.      In responding to each document request, attach originals or true copies of all documents referenced or referred to, which are otherwise supportive of the response, illustrative of the response, or the production of which is necessary to provide a complete response.

2.      All documents should be produced electronically and in their native format, or in any manner consistent with the format in which they were originally created (i.e.; .doc, .pdf, .jpg, .tif, .xls, .mdb, .pst, etc.) and should include all data, including but not limited to, metadata, formulae, links, attachments, etc. To the extent that a document no longer exists in its original format, said document should be produced in a similar, reasonable electronic format that would allow for the same or similar functionality as the original.

3.      If you withhold any documents based on privilege, provide a privilege log setting forth the privilege claimed and the facts upon which you rely to support the claim of privilege. In that log, identify each document for which privilege is claimed, together with the following information:

      (a)   A brief description of the nature and subject matter, including the title and type of document;

      (b)   The date of preparation;

      (c)   The date of the last revision or edit;

      (d)   The name and title of the author(s);

      (e)   The name and title of the person(s) creating the document(s);

      (f)   The name and title of the person(s) who edited the document(s);

      (g)   The name and title of the person(s) to whom the document was sent; and

(f)   The number of pages.

4.    The request for information in these document requests is continuing in character and, therefore, requires supplemental responses and/or production by you of supplemental documents if other, further or different information is secured or available prior to the trial of the above identified proceeding.

5.    If there are documents not currently in your possession, but which you can obtain from other parties, such additional documents are included in this request. If your response to any requests herein is that the documents are not in your possession or custody, describe in detail the location of the documents and the unsuccessful efforts you made to locate the records. If your response to any requests herein is that the documents are not in your control, identify who has control and the location of the records, and provide any documents you have that contain all or part of the information contained in the requested document or category. If any requested document was, but no longer is in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide: (1) Its date; (2) The identity of the person(s) who prepared the document; (3) The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document; (4) The length of the document; (5) The subject matter of the document; (6) If misplaced, the last time and place it was seen and a description of efforts made to locate the document; (7) If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

## **DOCUMENTS REQUESTED**

### **DOCUMENT REQUEST NO. 1:**

Produce all documents, records, and information relating to the purchase and purchasers of the SAMe Product from Defendants, including, purchase orders.

### **DOCUMENT REQUEST NO. 2:**

Produce documents and information sufficient to show all identities and the contact information of all purchasers of SAMe Product from Defendants, including, but not limited to, purchasers' names, addresses, phone numbers, and email addresses, as well as the total quantity of units purchased by each purchaser.

### **DOCUMENT REQUEST NO. 3:**

Produce documents and information sufficient to show the following information as to each unit of SAMe that was sold by Defendants:

1) identity of the purchaser, including name, address, phone number, and email address;

2) address where the purchased SAMe unit was delivered;

3) identity of the purchased/ordered product and/or stock keeping unit ("SKU"), and number of bottles of SAMe and capsules per bottle contained in the SKU;

4) quantity purchased;

5) date of purchase;

6) retail purchase price paid by the consumer for each SKU;

7) retail purchase price paid by the consumer for the entire purchase/order;

8) shipping costs above the retail price paid by the consumer;

9) physical or online platform through which the unit of SAMe was sold;

10) Amazon seller name and identification number on Amazon.com if sold on Amazon.com, or seller identification on other retail website;

11) Amazon Standard Identification Number ("ASIN") if sold on Amazon.com;

12) name of private label brand (e.g., Vitamins Because You Are Worth It, NusaPure, Healthy Way Rx, etc.);

13) stated amount of SAMe in milligrams ("mg") indicated on the bottle label and amount of SAMe in milligrams per capsule and per serving;

14) all product claims indicated on the bottle label;

15) stated lot number indicated on the bottle label;

16) stated expiration date indicated on the bottle label;

17) stated UPC code indicated on the bottle label;

18) proceeds received by Defendants from the sale;

19) quantity of SAMe capsules included in the sold unit of SAMe;

20) all supplement and ingredient facts as printed on the label.

**DOCUMENT REQUEST NO. 4:**

Produce all documents, records, information, and communications concerning any communications Defendants had with consumers or purchasers regarding the SAMe Product sold by Defendants.

**DOCUMENT REQUEST NO. 5:**

Produce all documents, records, and communications concerning Defendants' decision to set or revise the SAMe Product's price.

**DOCUMENT REQUEST NO. 6:**

Produce all documents, records, and communications concerning the total amount of SAMe Product ever manufactured by Defendants and their sales.

**DOCUMENT REQUEST NO. 7:**

Produce all documents, records, and communications concerning the total amount of SAMe Product ever sold by Defendants.

**DOCUMENT REQUEST NO. 8:**

Produce all documents, records, and communications evidencing and concerning sales figures, including but not limited to, revenues and numbers of units sold, of the total amount of SAMe Product ever sold by Defendants directly to consumers.

**DOCUMENT REQUEST NO. 9:**

Produce all documents, records, and communications identifying every retailer that has ever sold SAMe Product manufactured by Defendants and the price at which they have sold Defendants' SAMe Product.

**DOCUMENT REQUEST NO. 10:**

Produce all documents, records, and communications concerning the amount of Defendants' SAMe Product that any retailer has sold.

**DOCUMENT REQUEST NO. 11:**

Produce all documents, records, and communications concerning dates in which Defendants have sold SAMe Product to third party retailers.

**DOCUMENT REQUEST NO. 12:**

Produce all documents, records, and communications concerning retailers of Defendants' SAMe Product and the mark-up of the Product's price for retail sales.

**DOCUMENT REQUEST NO. 13:**

Produce all documents, records, information, and communications that tend to support or undermine Defendants' contention that if "all the SAMe ever manufactured and sold by Vitamins Because were sold at the highest prices by the various retailers (including retailers not involved in this case and consumers that are not members of the purported classes), the amount in controversy would be less than $4,000,000.00."

**DOCUMENT REQUEST NO. 14:**

Produce all documents, records, and communications concerning the distribution, sales, and pricing in the SAMe marketplace.

**DOCUMENT REQUEST NO. 15:**

Produce all documents, records, and communications concerning emails, writings, or communications with retailers of Defendants' SAMe Product regarding the sale, marketing, volume, and pricing of the Product.

**DOCUMENT REQUEST NO. 16:**

Produce all documents, records, and communications concerning emails, writings, or communications with Retailers of Defendants' SAMe Product regarding the manufacture, testing, labeling, and packaging of the SAMe Product.

**DOCUMENT REQUEST NO. 17:**

Produce all documents, records, information, and communications that identify each and every manner by which Defendants and Retailers of Defendants' SAMe Product marketed and/or advertised the Product.

**DOCUMENT REQUEST NO. 18:**

Produce all documents, records, information, and communications in connection with the testing or verification of the product claims made by Defendants and Retailers of Defendants' SAMe Product in the labeling, marketing and/or advertising of the Product.

**DOCUMENT REQUEST NO. 19:**

Produce all documents, records, information, and communications in connection with the Products' labels and any product claims therein made.

**DOCUMENT REQUEST NO. 20:**

Produce all documents, records, information, and communications regarding Defendants' procedures and policies concerning 15 U.S.C.§ 1681e(b) as it relates to the manufacture of its SAMe products.

13

**DOCUMENT REQUEST NO. 21:**

Produce all documents, records, information, and communications concerning any insurance policy which may be relevant to the subject matter of this Complaint and underlying action, including any umbrella or excess insurance coverage policy.

**DOCUMENT REQUEST NO. 22:**

Produce all documents, records, information, and communications that tend to support or undermine Defendants' contention that the "factual issues between the various permutations of Plaintiffs and Defendants, which are too individualized for class treatment."

**DOCUMENT REQUEST NO. 23:**

Produce a copy of any document responsive to or identified by a response to any interrogatory.

**DOCUMENT REQUEST NO. 24:**

Produce all documents, records, information, and communications that tend to support or undermine all testimony and contentions set forth by Thomas Chapman in his July 16, 2020 Declaration attached by Defendants as Exhibit 1 to their Motion to Dismiss the Second Amended Complaint and Memorandum of Law in Support (ECF No. 122-1).

DATED:  July 30, 2020

By: _/s/ Barbara Perez_____
Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 30, 2020, a true and correct copy of the foregoing was

sent *via e-mail* to all counsel of record as listed on the below Service List.

By: */s/ Barbara Perez*

**SERVICE LIST**
Ginsberg, et al. vs. Vitamins Because, LLC, et al.
Case No.: 19-cv-022702-KMW

**Attorneys for PLAINTIFFS**:

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

**Attorneys for DEFENDANTS**:

*Defendants*, VITAMIN BECAUSE LLC
and CT HEALTH SOLUTIONS LLC:

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F
Tampa, Florida 33606
Tel:  813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

*Defendant*, GMAX CENTRAL LLC:

Leon N. Patricios (FBN 0012777)
Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
Kevin M. Bell (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com
kevin.bell@agg.com

*Defendant*, ASQUARED BRANDS LLC:

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER
FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER
FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com


*Defendants*, HEALTHY WAY RX LLC,
KHAKIWARE INC:
Joseph A. Sorce, Esq. (FBN 37288)
**JOSEPH A. SORCE & ASSOCIATES,
PA**
999 Ponce de Leon Boulevard, Suite 1020
Coral Gables, FL 33134
Tel. 305-529-8544
jsorce@flconstructionlawyer.com


*Defendant*, JOLLY DOLLAR SUPPLY
COMPANY:

Joshua A. Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: 305-374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 19-CV-22702-KMW

CORI ANN GINSBERG, NOAH MALGERI,
KALYN WOLF, BILL WILON, SHANNON
HOOD, ERIC FISHON, and ROBERT
MCKEOWN, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

vs.

VITAMINS BECAUSE, LLC, CT HEALTH
SOLUTIONS LLC, GMAX CENTRAL LLC,
ASQUARED BRANDS LLC, INSPIRE NOW
PTY LTD d/b/a BoostCeuticals, HEALTHY
WAY RX INC., KHAKIWARE INC., and
JOLLY DOLLAR SUPPLY COMPANY
LLC,

        Defendants.

_____/

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS, VITAMINS BECAUSE LLC AND CT HEALTH SOLUTIONS LLC

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs in this action, by and through the undersigned attorneys, hereby request that Defendants Vitamins Because LLC ("Vitamins Because") and CT Health Solutions LLC ("CT Health") (together, "Defendants"), answer under oath the interrogatories set forth below and serve such answers to the offices of counsel for Plaintiffs within thirty (30) days of the date of service set forth below.

## DEFINITIONS

1.     All terms defined in the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida shall have the meanings set forth therein, unless otherwise specified.

2.      The singular includes the plural and vice versa. Words of gender shall be construed as including all genders, without limitation.

3.      The present tense includes the past and future tenses.  The past tense includes the present and future tenses.

4.      "Vitamins Because" refers to Vitamins Because LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on Vitamins Because's behalf.

5.      "CT Health" refers to CT Health Solutions LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on CT Health's behalf.

6.      The "Product" or "Subject Product" refers to S-adenosylmethionine ("s-adenosyl-methionine" or "SAMe," "SAM-e," "SAME," "sam-e," "same," or "samee") dietary supplement manufactured and/or labeled by Vitamins Because and/or CT Health.

7.      "SAMe" refers to S-adenosylmethionine.

8.      "Plaintiffs" refers to Plaintiffs Cori Ann Ginsberg, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, and Robert Mckeown.

9.      The term "document" is defined as synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a), and should be understood to include any written, printed, typed, and visually, aurally, or electronically reproduced material of any kind, whether or not privileged, including but not limited to electronic mail, computer files, source code, backup media, and databases; files and file folders; books and their contents, whether printed or

2

recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged, confidential, or personal; namely, communications, including intracompany communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations; diaries; forecasts; statistical statements; laboratory and engineering reports and notebooks, changes, plans, specifications, data sheets, drawings, schematics, graphs, flow charts, samples, prototypes and tangible things, evaluation boards, developers guidelines; photographs, films, pictures, and videotapes; minutes or records of meetings, including directors' meetings, minutes or records of conferences; expressions of statements or policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; agreements; records, reports or summaries of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing materials and notices, press releases; litigation files and databases; and any drafts or revisions of any document and any notes or comments appearing on any document, whether preliminary or marginal. A comment or notation appearing on any document, and not a part of the original document, is considered a separate document within the meaning of the term. A draft or non-identical copy is a separate document within the meaning of the term.

10. The term "communication" should be understood to include all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, facsimiles, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written.

11.     The terms "related to," "relate to," "regarding," "concerning," "in connection with," and "relating to," as used herein, mean mentioning, citing, quoting, regarding, involving, representing, constituting, discussing, reflecting, identifying, describing, referring to, containing, enumerating, evidencing, supporting, or in any way concerning, in whole or in part, directly or indirectly.

12.     The term "person," as used herein, shall have the same meaning as specified in Local Rule 26(d).

13.     The terms "and" and "or," as used herein, are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

14.     The terms "any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

15.     The term "date" or "dates," as used herein, refers to the exact day, month, and year, if ascertainable, or if not, the best approximation.

16.     The terms "describe" or "description," as used herein, means to state all facts of which you are aware concerning the subject, including but not limited to identifying all dates, all persons involved in or with knowledge of the subject, and all places or locations relevant to the subject.

17.     The term "identify," as used herein, shall have the same meaning:

(a) When used with respect to or referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with

this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(b) When used with respect to or referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

18.    The terms "Complaint" or "SAC" as used herein, shall mean the Second Amended Class Action Complaint filed by Plaintiffs in this lawsuit.

19.    The terms "Good Manufacturing Practice" or "GMP" or "CGMP," as used herein, means a system for ensuring that products are consistently produced and controlled according to quality standards which is designed to minimize the risks involved in a pharmaceutical production and covers all aspects of production from the starting materials, premises, and equipment to the training and personal hygiene of staff, including, but not limited to, detailed written procedures for each process that could affect the quality of a finished product and documented proof that correct procedures are consistently followed at each step in the manufacturing process, every time a product is made.

20.    The terms "standard operating procedure" or "standing operating procedure," as used herein, means established or prescribed methods, procedures, and/or policies to be followed routinely for the performance of designated operations or in designated situations.

21.    The terms "active pharmaceutical ingredient" or "API," as used herein, are defined as any substance or mixture of substances intended to be used in the manufacture of a

drug product that, when used in the production of a drug, becomes an active ingredient in the drug product.

22.     FDA refers to the U.S. Food and Drug Administration.

23.     The terms used herein which are also set forth in 21 C.F.R. § 111.3 shall have the same definitions and interpretations as specified or used in 21 C.F.R. § 111.3.

24.     The term "unit," as used herein, means sales unit or the unit of measure (i.e. bottle of SAMe capsules) that Defendants use to charge their customer for the SAMe product it sells to consumers.

## INSTRUCTIONS

1.     These interrogatories are continuing in character so as to require you to supplement your answers promptly if you obtain additional information, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

2.     If you encounter any ambiguities construing a definition, instruction, or interrogatory herein, set forth the matter deemed ambiguous and the construction used in responding.

3.     Unless otherwise indicated, no interrogatory herein limits the scope of any other interrogatory.

4.     All interrogatories are to be answered on the basis of your knowledge and belief, including the knowledge and belief of your agents and attorneys.

5.     If any information furnished in an answer is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the information furnished.

6.      Where a claim of privilege is asserted in responding or objecting to an interrogatory, state the privilege asserted and the factual basis for the claim of privilege, including (1) the date of the subject document or communication; (2) the identity of the author or preparer; (3) the identities of each listed recipient, together with an identification by employment of each such person; and (4) a summary of the document's or communication's subject matter in sufficient detail to enable an evaluation of the claim of privilege.

7.      In answering each interrogatory, identify each document relied upon or that forms the basis for the answer given or the substance of which is given in answer to the interrogatory.

8.      If you identify any documents in the following interrogatories that already have been produced or are being produced concurrently with these interrogatories, identify them by Bates Number.

9.      All interrogatories must be answered separately, fully, and in writing.  If any interrogatory cannot be answered fully after exercising reasonable diligence, please so state and answer each such interrogatory to the fullest extent you deem possible; specify the portion of each interrogatory that you claim to be unable to answer fully and completely; state the facts upon which you rely to support your contention that you are unable to answer the interrogatory fully and completely; and state what knowledge, information, or belief you have concerning the unanswered portion of each such interrogatory.

10.      If any interrogatory is objected to with respect to only a part of the interrogatory, fully answer the remaining parts of the interrogatory to which you have not objected.

11.      If you previously had information responsive to an interrogatory, but no longer have it, please provide what information you do have and explain what led to the loss of the information (e.g., departure of knowledgeable employee, destruction or loss of documents).

## INTERROGATORY REQUESTS

### INTERROGATORY NO. 1

Identify the following information as to each order and/or purchase of SAMe product that has been filled and/or sold by Defendants to wholesale purchasers through its private label website (https://vitaminsbecause.us/) or any other means:

1) identity of the individual and entity who purchased Defendants' SAMe product, including name, address, phone number, and email address;

2) identity of the purchased/ordered product and/or stock keeping unit ("SKU"), and number of bottles of SAMe and capsules per bottle contained in the SKU;

3) quantity purchased;

4) date of purchase;

5) wholesale purchase price paid by the purchasing individual and/or entity for the SKU;

6) wholesale purchase price paid by the purchasing individual and/or entity for the entire purchase/order;

7) shipping costs above the wholesale purchase price paid by the purchasing individual and/or entity;

8) name of private label brand (e.g., NusaPure, Navasana Naturals, etc.) used on the bottles' labeling;

9) stated amount of SAMe in milligrams ("mg") indicated on the bottle labels and amount of SAMe in milligrams per capsule and per serving;

10) all product claims indicated on the bottles' labels;

11) all supplement and ingredient facts as printed on the label;

12) stated lot number indicated on the bottles' labels;

13) stated expiration date indicated on the bottles' labels;

14) stated UPC code indicated on the bottles' label;

8

15) physical or online platform through which the order of SAMe was sold or ordered;

16) address where the purchased SAMe order was delivered;

17) date of delivery.

## INTERROGATORY NO. 2

Identify all SAMe product labels and their content created, designed, and/or manufactured by Defendants, including all versions and iterations of SAMe product labels which Defendants have made for any entity's sale of their SAMe product.

## INTERROGATORY NO. 3

Identify all SAMe SKUs and/or products which Defendants have sold and/or continue to sell.

## INTERROGATORY NO. 4

Identify the following information as to each unit of SAMe product that has been sold by Defendants to retail consumers through their retail website (https://vitaminsbecause.biz/), vitamin stores, or any other means:

1) identity of the purchaser, including name, address, phone number, and email address;

2) address where the purchased SAMe unit was delivered;

3) identity of the purchased/ordered product and/or stock keeping unit ("SKU"), and number of bottles of SAMe and capsules per bottle contained in the SKU;

4) quantity purchased;

5) date of purchase;

6) retail purchase price paid by the consumer for each SKU;

7) retail purchase price paid by the consumer for the entire purchase/order;

8)  shipping costs above the retail price paid by the consumer;

9)  physical or online platform through which the unit of SAMe was sold;

10) Amazon seller name and identification number on Amazon.com or seller identification on other retail website;

11)  Amazon Standard Identification Number ("ASIN") if sold on Amazon.com;

12) name of private label brand (e.g., Vitamins Because You Are Worth It, NusaPure, Healthy Way Rx, etc.);

13) stated amount of SAMe in milligrams ("mg") indicated on the bottle label and amount of SAMe in milligrams per capsule and per serving;

14) all product claims indicated on the bottle label;

15) stated lot number indicated on the bottle label;

16) stated expiration date indicated on the bottle label;

17) stated UPC code indicated on the bottle label;

18) proceeds received by Defendants from the sale;

19) quantity of SAMe capsules included in the sold unit of SAMe;

20) all supplement and ingredient facts as printed on the label.

DATED: July 30, 2020          By:  /s/ Barbara Perez
                                                 Tod Aronovitz (FBN 186430)
                                                 Barbara Perez (FBN 989304)
                                                 **ARONOVITZ LAW**
                                                 Town Center One, Suite 2201
                                                 8950 SW 74 Court
                                                 Miami, FL 33156
                                                 Tel: 305-372-2772
                                                 Fax: 305-397-1886
                                                 ta@aronovitzlaw.com
                                                 bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER &**
**GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on July 30, 2020, a true and correct copy of the foregoing was

sent *via e-mail* to all counsel of record as listed on the below Service List.


By: */s/ Barbara Perez*

**SERVICE LIST**
Ginsberg, et al. vs. Vitamins Because, LLC, et al.
Case No.:  19-cv-022702-KMW

**Attorneys for PLAINTIFFS:**

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

**Attorneys for DEFENDANTS:**

*Defendants*, VITAMIN BECAUSE LLC
and CT HEALTH SOLUTIONS LLC:

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F
Tampa, Florida 33606
Tel:  813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

*Defendant*, GMAX CENTRAL LLC:

Leon N. Patricios (FBN 0012777)
Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
Kevin M. Bell (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com
kevin.bell@agg.com

*Defendant*, ASQUARED BRANDS LLC:

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER
FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

13

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER**
**FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com


*Defendants,* **HEALTHY WAY RX LLC,**
**KHAKIWARE INC:**
Joseph A. Sorce, Esq. (FBN 37288)
**JOSEPH A. SORCE & ASSOCIATES,**
**PA**
999 Ponce de Leon Boulevard, Suite 1020
Coral Gables, FL 33134
Tel. 305-529-8544
jsorce@flconstructionlawyer.com


*Defendant,* **JOLLY DOLLAR SUPPLY**
**COMPANY:**

Joshua A. Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: 305-374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| Cori Ann Ginsberg, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Vitamins Because, LLC, et al | ) |
| *Defendant* | ) |

Civil Action No. 1:19-cv-22702-KMW

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                         Amazon.com, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Kantrowitz, Goldhamer & Graifman, P.C. 747 Chestnut Ridge Road, Suite 200 Chestnut Ridge, NJ 10977 | Date and Time: 08/31/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/3/20

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Plaintiff Cori Ann Ginsberg _____, who issues or requests this subpoena, are:

Jay Brody, Esq., jbrody@kgglaw (845) 356-2570/Gary S. Graifman, Esq., ggraifman@kgglaw.com, (845) 356-2570

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-22702-KMW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
of
**Subpoena**
to
**Amazon.com, Inc.**

This Subpoena requires the production by Amazon.com, Inc., of the following numbered items set forth below in its possession, custody, or control, in the form of documents, electronically stored information, objects, correspondence, emails, and all tangible forms of communication. For definitions, see "DEFINITIONS" under Part III hereafter.

**I.     DOCUMENTS REQUIRED TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:** All DOCUMENTS, CORRESPONDENCE, and data in YOUR possession RELATING TO the SAMe PRODUCT sold by the attached list of Amazon Retailers (see the attached chart, Exhibit 1), including:

1) identity of the purchaser, including name, address, phone number, and email address;

2) address where the purchased SAMe unit(s) was delivered;

3) identity of the purchased/ordered product and/or stock keeping unit ("SKU");

4) quantity purchased;

5) date of purchase or order;

6) retail purchase price paid by the consumer for each SKU;

7) retail purchase price paid by the consumer for the entire purchase/order;

8) Amazon seller name and identification number on Amazon.com or other retail website (e.g., "Earth Natural Supplements/ANAL58EVMKY7H," "GOLDANDSTONES – SUPPLEMENTS/ A2QZY8BV8FU3RW," etc.);

9) Amazon Standard Identification Number ("ASIN"), if sold on Amazon.com;

## II.   RELEVANT TIME PERIOD

Unless otherwise stated, the relevant time period for this subpoena is from January 1, 2015 through the present.

## III.   DEFINITIONS

As used throughout this Request, the following terms have the following indicated meanings:

1.   "ALL" means "EVERY" and includes "EACH" and "ANY," and vice versa.

2.   "CORRESPONDENCE" includes all letters, telegrams, notices, messages, or other written communications or memoranda, including electronic communications, or other records of conversations, meetings, conferences or other oral communications.

3.   "DATE" shall mean the exact day, month, and year if ascertainable or, if not, the best approximation, including any known relationship to other events.

4.   "DEFENDANTS" means Defendants Vitamins Because LLC, CT Health Solutions LLC, GMAX Central LLC, Asquared Brands LLC, Inspire Now PTY LTD d/b/a BoostCeuticals, Healthy Way RX LLC, Khakiware INC. and Jolly Dollar Supply Company, LLC, Defendants' attorneys, and any employees, agents, or persons working on Defendants' behalf, and if applicable, Defendants' subsidiaries, predecessors, successors, or assignors, as well as any directors, officers, employees, agents, partners, principals, or persons acting on behalf of Defendants.

5.   "DOCUMENT(S)" shall be construed in the broadest possible sense pursuant to Fed. R. Civ. P. 34(a), and means, without limitation, all written or graphic matter, however

2

produced, or reproduced, of every kind and description in your actual or constructive possession, custody, care or control. This includes the complete original (or complete copy if the original is not available) and each non-identical copy regardless of origin or location. "DOCUMENT" is intended to have the same meaning as in Fed. R. Civ. P. 34(a), including, without limitation: writings, correspondence, electronic mail (email) messages, Internet messages, intranet messages, text messages, web pages, voicemails, information on personal digital assistants, facsimiles, books, pamphlets, periodicals, reports, blueprints, sketches, laser discs, magnetic discs, magnetic strips, microfiche, invoices, statements, minutes, purchase orders, contracts, vouchers, checks, charge slips, expense account reports, hotel charges, receipts, working papers, memoranda, messages, notes, envelopes, business records, financial statements, agreements, leases, drawings, graphs, charts, drafts, maps, surveys, plats, statistical records, cost sheets, calendars, appointment books, diaries, time sheets or logs, telephone records or logs, facsimile logs, photographs, sound tapes or recordings, films, tapes, computer printouts and any other data, including without limitation, electronically stored information or information stored by other technical means for use with computers or otherwise from which information can be obtained or translated through detection devices into reasonably usable form, or any other tangible thing that constitutes or contains matters contained within the scope of Fed. R. Civ. P. 26. All electronic or electronically stored information or DOCUMENTS shall be produced in NATIVE FILE FORMAT.

6.     "INDIVIDUAL," "PERSON," or "PERSONS" shall mean natural persons, proprietorships, sole proprietorships, corporations, nonprofit corporations, municipal corporations, local, state, federal or foreign governments or governmental agencies, political

subdivisions, general or limited partnerships, business trusts, trusts, estates, clubs, groups, unincorporated associations, or other business or public organizations.

7.    "MEETING" shall mean any encounter between two or more persons during which a communication of any kind occurred and shall include, but not be limited to, formal gatherings, conversations, communication by electronic media, and telephone calls.

8.    "NATIVE FILE FORMAT" shall mean that the information or data requested should be produced in electronic form in the application in which it was created and used in the regular course of business. The data should be produced on a CD-ROM. Data files should not be zipped, encrypted, or otherwise restricted or proprietarily protected for specific use. If the native file format is derived from software not accessible with Microsoft Office applications or other common applications, the parties shall meet and confer regarding reliable methods of converting the data into such an application for production.

9.    "PLAINTIFFS" means Plaintiffs Cori Ann Ginsberg, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, Robert McKeown, plaintiffs' attorneys, and any employees, agents, or persons working on plaintiffs' behalf, and if applicable, plaintiffs' subsidiaries, predecessors or assignors, as well as any directors, officers, employees, agents, partners, principals, or persons acting on behalf of plaintiffs.

10.    "The terms "related to," "relate to," "regarding," "concerning," "in connection with," and "relating to," as used herein, are used in the broadest possible sense and means mentioning, citing, quoting, regarding, involving, representing, constituting, discussing, reflecting, identifying, describing, referring to, containing, enumerating, evidencing, supporting, or in any way concerning, in whole or in part, directly or indirectly.

11.    SAMe" refers to S-adenosylmethionine.

4

12.     The "SAMe Product" refers to S-adenosylmethionine ("s-adenosyl-methionine" or "SAMe," "SAM-e," "SAME," "sam-e," "same," or "samee") dietary supplements sold to consumers by Amazon Retailers on Amazon.com . *See* attached chart, Exhibit 1.

13.     "YOU," "YOUR," "Amazon" and "YOUR COMPANY" means Amazon.com, Inc. and its predecessors, its attorneys, employees, managers, officers, agents, consultants, advisors, representatives or persons working on its behalf regarding the PRODUCT.

# EXHIBIT 1

| Amazon Seller Account Name | Amazon Seller ID | Business Entity Name | Supplement Brand | ASIN | Product Description | UPC |
|---|---|---|---|---|---|---|
| Earth Natural Supplements | ANAL58EVMKYYH | AZORIO, LLC | Nauvertion Supplements | B01AFGG66U | SAM-e 1500mg -- 90 Capsules - No Additives -- Natuvertion Supplements | 640746178658 |
| Earth Natural Supplements | ANAL58EVMKYYH | AZORIO, LLC | Nauvertion Supplements | B01AFGG7O6 | SAM-e 1500mg -- 180 Capsules - No Additives -- Natuvertion Supplements | 640746178665 |
| Earth Natural Supplements | ANAL58EVMKYYH | AZORIO, LLC | Earth Natural Supplements | B0143AOLO8 | SAM-e 1500mg * 90 Caps 100% Natural - by EarthNaturalSupplements | 637262571940 |
| Goldaardstones Supplements | A2QZY8BV8FU3RW | AZORIO, LLC | PureControl Supplements | | SAM-e 1500mg //90 Capsules //Pure // by PureControl Supplements | |
| The Supplement Source | A3810OM8FZK0ULG | AZORIO, LLC | Renewial Nutrition | B00HEPOOAG | SAM-e 1500mg 180 Capsules -- Renewiol | 617689406926 |
| NusaPure | AGF2KX1Y7BQ0O | GMAX CENTRAL LLC | NusaPure | B077GKCHPP | SAM-e 1000mg 180 Capsules (Non-GMO) - Same (S-Adenosyl Methionine) to Support Mood, Joint Health, and Brain Function - Extra Strength SAM e Pills - 250mg per caps | 600137599134 |
| aSquared Brands | AU6W6XEKCMQVCW | ASQUARED BRANDS LLC | aSquared Brands LLC | B072NDRFB1 | SAM-e 400mg Supplement - 90 Capsules - Same (S-Adenosyl Methionine) to Support Mood, Joint Health, and Brain Function - Extra Strength Vegan SAM e Pills | 653180135682 |
| BoostCeuticals | A2O86ZTI2TJV5TP | Inspire Now Pty Ltd d/b/a BoostCeuticals | BoostCeuticals | B013Q5TSRQ | BoostCeuticals SAM e 90 1500mg Daily Dose Ideal No Additives Same Supplement - Vegan - Non GMO Gluten Free Pure Natural Sam e Supplement | 784672826846 |
| Echo Labs | AO8NZR9NBU540 | HEALTHY WAY RX LLC/KHAKIWARE INC | Healthy Way Rx | B073HCPWPL | Healthy Way Pure SAM-e 1500mg (per Serving) 90Capsules (S-Adenosyl Methionine) Supports Joint Health and Brain Function | 720256048117 |
| Echo Labs | AO8NZR9NBU540 | HEALTHY WAY RX LLC/KHAKIWARE INC | Healthy Way Rx | B0773VWXFJ | Healthy Way Pure SAM-e 500mg 90 Capsules (S-Adenosyl Methionine) Supports Joint Health & Brain Function -NON-GMO USA Made 100% Money Back Guarantee - Order Risk Free! | 681140582750 |
| BeHappyBeYou | A2H3OKV06SO9Z1 | HEALTHY WAY RX LLC/KHAKIWARE INC | NasaBeAhava | B072P4793TB | NASA BEAHAVA Pure SAM-e 500mg 90 Capsules (S-Adenosyl Methionine) Supports Joint Health and Brain Function | 703556201661 |
| BeHappyBeYou | A2H3OKV06SOSZ0 | HEALTHY WAY RX LLC/KHAKIWARE INC | NasaBeAhava | B07R6LWZVH | NASA BEAHAVA Pure SAM-e 1500mg (per Serving) 90Capsules (S-Adenosyl Methionine) Supports Joint Health & Brain Function - USA Made | 703556201685 |
| Living Healthier | A3PDCKVUB5I96 | HEALTHY WAY RX LLC/KHAKIWARE INC | NasaBeAhava | B0831SXYZR | NASA BEAHAVA Pure SAM-e 1500mg (per Serving) 90Capsules (S-Adenosyl Methionine) Supports Joint Health & Brain Function - USA Made | 795853552788 |
| Vita-Way | A3CP0B0ZEKABHE | HEALTHY WAY RX LLC/KHAKIWARE INC | Healthy-Way | | | |
| JollyDollar | AQ2GE6Q2VQCVP | JOLLY DOLLAR SUPPLY COMPANY, LLC | Mental Refreshment | B01D544BNQ | Mental Refreshment: SAM-e 1000mg per Serving - 90 Capsules Best Value, S-Adenosyl-Methionine Disulfate Tosylate (1 Bottle) | 713807375133 |
| We Like Vitamins | A2PYZUXZV8NVE | WE LIKE VITAMINS LLC | We Like Vitamins | B01F9H35M | Same - 500mg 90 capsules SAM e S-Adenosyl Methionine Supplement -- Max Strength | |
| Superior Health Supplements | A3TT24EV0EVL2A | | Superior Health | B0711M7NP | SAM-e 400mg Per Serving for Mood and Joint Pain Support, 90 Capsules (or 45 Day Supply, S-Adenosyl Methionine Supplement | |
| Newsana Naturals | A34HSDL9FOKD | | Newsana Naturals | | | 636849937113 |