UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CORI ANN GINSBERG, NOAH MALGERI,
KAYLYN WOLF, BILL WILSON, SHANNON
HOOD, and ROBERT MCKEOWN, on behalf of
themselves and all others similarly situated,

      Plaintiffs,

                                    Case No.: 1:19-cv-22702-KMV

v.

VITAMINS BECAUSE, LLC, CT HEALTH
SOLUTIONS LLC, WE LIKE VITAMINS LLC,
and ASQUARED BRANDS LLC,

      Defendants.

_____/

**<u>DEFENDANTS' VITAMINS BECAUSE AND CT HEALTH SOLUTIONS MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

      Defendants Vitamins Because, LLC and CT Health Solutions, LLC (collectively "Vitamins Because") respectfully request that this Honorable Court stay all discovery pending a ruling on Vitamins Because's Motion to Dismiss the Second Amended Complaint [DKT 122] for lack of subject matter jurisdiction and for failure to state a claim. In support of its Motion, Vitamins Because states:

      In this case, Plaintiffs assert that "This Court has jurisdiction over this action under the Class Action Fairness Act. 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum or value of $5,000,000.00, exclusive of interest and costs, and the number of putative class members are at least 100. This is a class action in which some of the plaintiffs and class members are citizens of states different from some of the defendants." Compl. at ¶ 22. However, such "bare allegations [of jurisdictional facts] have been held insufficient to invest a

federal court with jurisdiction." *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).[1]

When plaintiffs, like the plaintiffs in this case, allege an indeterminate amount of damages (as opposed to a specific sum), their choice of forum is entitled to less deference. *Id.; see also Reilly v. Amy's Kitchen, Inc.,* 2 F. Supp. 3d 1300, 1304 (S.D. Fla. 2014) ("Here, Plaintiff has failed to place a value on such recovery or otherwise provide any evidence to the Court which would establish" that the jurisdictional threshold had been met). Rather, under these circumstances, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id.* at 1253. Plaintiffs' Second Amended Complaint makes no effort at all to identify, or even estimate, the number of potential class members or the amount of potential damages. *See, e.g., Porter v. MetroPCS Comm., Inc.,* 592 F. App'x 780, 783 (11th Cir. 2014). At the time of the filing of the Second Amended Complaint, there is $546.09 in controversy among the seven named plaintiffs. As explained in the Motion to Dismiss, Plaintiffs' Second Amended Complaint simply fails to carry their burden to invoke this Honorable Court's subject matter jurisdiction.

Moreover, given the breadth of the substantive allegations and the unmanageable class allegations, the Motion to Dismiss also argues, among other things, that the Complaint fails to state a claim upon which relief can be granted and that the Complaint attempts to assert class claims that are wholly unmanageable and inappropriate for class treatment on their face due to their need to establish individual reliance. *See, e.g., Andrews v. Am. Tel. & Tel. Co.*, 95 F 3d 1014, 1023-25

---

[1] Although Vitamins Because's Motion to Dismiss is based on Plaintiffs' failure to adequately allege facts supporting this Court's subject matter jurisdiction, its position is supported by Plaintiffs' Rule 26 Disclosures, in which Plaintiffs admit that "an exact computation of damages in this case is premature and unknown at this time." *See* Rule 26 Disclosures, attached as Exhibit A.

Case 1:19-cv-22702-KMW   Document 141   Entered on FLSD Docket 08/20/2020   Page 3 of 8

(11th Cir. 1996)(reversing certification order because national class was unmanageable given, among other things, the applicability of 50 state laws*); In re Med. Sys., Inc.,* 75 F. 3d 1069, 1085 (6th Cir. 1996)(stating even where state laws differ only in nuance, nuance can be significant, leaving district courts with the "impossible task of instructing a jury with the relevant law"); *Central Wesleyan College v. W.R. Grace & Co.*, 6 F 3d 177, 188-89 (4th Cir. 1993)(stating that use of subclasses to allow juries to consider different state laws will still "pose management difficulties and reduce the judicial efficiency sought to be achieved through certification"); *see also Lance v. Wade*, 457 So. 2d 1008 (Fla. 1984); *Ford Motor Co. v. Ocanas*, 138 S.W. 3d 447, 453 (Tex. Ct. App. 2004)(dismissing Texas consumer protection class action because Plaintiffs failed to allege and establish reliance); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 983 (C.D. Cal. 2015)(same under California consumer protection statute); *Hershey Foods Corp. v. Voortman Cookies, Ltd.*, 367 F. Supp. 2d 596 (S.D. N.Y. 2005)(same under New York Consumer Protection statute); *see also Pelletier v. Zweifel,* 921 F. 2d 309, 327 (5th Cir. 1978); *Castano v. Am. Tobacco Co.,* 84 F. 3d 734, 745 (5th Cir. 1996).

As a result, discovery is sure to be extraordinarily broad, expensive, and laborious. On the other hand, Vitamins Because's Motion to Dismiss is fully briefed and likely to end this case.[2] Allowing discovery to proceed in this putative class action under these circumstances is likely to be a waste of the parties' and the Court's resources.

I.   **ARGUMENT**

"District Courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.,* 123 F. 3d 1353, 1366 (11th Cir. 1997). Indeed, the 11th Circuit recognized that "[f]acial challenges to the legal sufficiency of a claim or defense, such

---

[2] The retailer defendants have also filed motions to dismiss.

Page **3** of **8**

JOHNSON DABOLL ANDERSON, PLLC

as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleadings are presumed to be true." *Id.* at 1367. A stay of discovery is especially appropriate where, like here, a defendant raises facial attacks regarding the lack of the Court's subject matter jurisdiction. *See, e.g., George & Co. v. Cardinal Indus., Inc.*, 2019 WL 1468514 (M.D. Fla. 2019); *Belloso v. Asplundh Tree Expert Co.*, 2018 WL 4407088 (M.D. Fla. 2018); *Ave Maria Univ. v. Sebelius*, 2012 WL 13059434 (M.D. Fla. 2012).

Discovery in this 13-class case is likely to be significant. Indeed, the Second Amended Complaint identifies numerous topics on which discovery would need to be conducted related to class certification issues alone. Of course, this does not include any of the countless substantive issues on which discovery will be needed, including scientific testing relating to the ingredients and contents of the various products. The Court's ruling on the pending motions, especially as related to this Court's subject matter jurisdiction, may well be dispositive of this entire case. *See, e.g., Gill-Samuel v. Nova Biomedical Corp.,* 2014 WL 11762719,*1 (S.D. Fla. Feb. 18, 2014)(Rosenbaum, J.)("The Court's ruling on whether to strike Plaintiff's class action allegations or dismiss the Complaint in its entirety can have significant ramifications on the scope of any factual discovery between the parties."); *D'Apuzzo v. United States,* 2017 WL 3098713 (S.D. Fla. April 11, 2017)(Scola, J.)(staying discovery in putative nationwide class action pending ruling on Motion to Dismiss and/or Strike Class Action Allegations); *Zamber v. American Airlines, Inc.,* 2017 WL 5202748 *3-4(S.D. Fla. Feb. 17, 2017)(Goodman, J.)(granting stay of discovery pending ruling on Motion to Dismiss in putative class consisting of thousands of potential class members); *Pierre v. State Farm Mut. Auto. Ins. Co.,* 2014 WL 12528362 (S.D. Fla. Dec. 10, 2014)(Williamson, J.)(staying discovery in putative class action pending resolution of motion to

dismiss); *MSPA Claims 1, LLC v. Halifax Health, Inc.,* 2017 WL 6512554 (M.D. Fla. Dec. 20, 2017)(Presnell, J.)(staying discovery in consumer protection class action pending ruling on motion to dismiss).

Extensive discovery would needlessly consume the time and resources of the parties and the Court. Indeed, the United States Supreme Court has cautioned that deficient allegations should not "unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Indeed, "delaying a ruling on the motion to dismiss encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Moore v. Potter*, 141 F. Appx. 803, 807-808 (11th Cir. 2005). Therefore, "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* Courts have recognized that precertification discovery is sometimes improperly used as a "weapon capable of imposing large and unjustifiable costs on one's adversary." *Commonwealth Land Title and Ins. Co. v. Higgins*, 975 So. 2d 1169,179 (Fla. 1st DCA 2008).[3] This concern is especially true here, where Plaintiffs' purported Class Action Complaint fails to adequately invoke this Court's subject matter jurisdiction. Allowing discovery to proceed before the resolution of the significant legal impediments to Plaintiffs' ability to pursue this case in this Court would encourage abusive discovery and unnecessary costs. *See, e.g., Moore,* 141 Fed. Appx. 803, 807; *see* also *Chudasama,* 123 F. 3d at 1368. ("If the district court dismissed a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.")

---

[3] "The standards for maintaining a class must be applied carefully in light of the serious due process concerns raised by certification. By aggregating and magnifying claims, certification makes it more likely that a defendant will be found liable and result in significantly higher damage awards. Courts have also recognized that certification of a large class may so increase the defendant's potential damages liability and litigation costs that he may find it economically prudent to settle and to abandon a meritorious defense. For this reason, class actions create the opportunity for a kind of legalized blackmail." *Ramon v. Aries Ins. Co.,* 769 So. 2d 1053, 1056 (Fla. 3d DCA 2000).

There will be little prejudice to the plaintiffs or the putative class in staying discovery pending resolution of Vitamins Because's Motion to Dismiss. In fact, in a nearly identical purported class action Plaintiff Ginsberg filed against Vitamins Because and another retailer defendant in this District, Judge Altonaga was informed of the subject matter jurisdiction challenge and, as a result, she recently administratively closed the case, in part, in order to allow "for the jurisdictional motion in the prior action to be resolved." *Ginsberg v. Azorio, et al.*, Case No.: 20-cv-22329-CMA (S.D. Fla. August 11, 2020) (Order, Dkt. 31). Discovery in this case should be similarly stayed pending resolution of the jurisdictional issues. While there is little to no prejudice to Plaintiffs in a brief stay, there is prejudice to the Defendants because discovery is sure to be burdensome and expensive. Because Vitamins Because's Motion is meritorious and likely to result in dismissal of the case good cause exists for this Honorable Court to briefly stay discovery pending a ruling on the subject matter jurisdiction issue.

## II.  CONCLUSION

Based on the foregoing, Vitamins Because respectfully requests that this Honorable Court enter an order staying discovery pending its ruling on Vitamins Because's Motion to Dismiss Amended Complaint.

Dated: August 20, 2020

Respectfully submitted,

/s/David S. Johnson
David S. Johnson     FBN  096423
Scott W. Anderson    FBN  738311
JOHNSON DABOLL ANDERSON, PLLC
2011 W Cleveland Street, Suite F
Tampa, Florida 33606
Telephone: (813) 377-2499
Fax: (813) 330-3156
djohnson@jdalegal.com
sanderson@jdalegal.com
*Counsel for Vitamins Because and CT Health Solutions*

## MEET AND CONFER CERTIFICATION

Pursuant to Local Rule 7.1, counsel for Vitamins Because met and conferred with counsel for Plaintiffs regarding the relief sought by this Motion. Plaintiffs oppose the relief requested.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of August, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to the following counsel of record on the attached service list.

/s/David S. Johnson

## SERVICE LIST

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
ARONOVITZ LAW
2 South Biscayne Boulevard
One Biscayne Tower
Suite 3700
Miami, FL 33131
Tel: 305-372-2772 Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com
Attorneys for Plaintiffs

Jay I. Brody (Admitted Pro Hac Vice)
Gary S. Graifman (Admitted Pro Hac Vice)
KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
747 Chestnut Ridge Road Chestnut Ridge
New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com
Attorneys for Plaintiffs

Nicholas A. Migliaccio

Brendan H. Little
LIPPES MATHIAS WEXLER FRIEDMAN, LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com

Alessandro A. Apolito
LIPPES MATHIAS WEXLER FRIEDMAN, LLP
822 US Highway A1A, Suite 101
Ponte Vedra Beach, FL 32082
Tel: 904-660-0020
aapolito@lippes.com
Attorneys for ASquared Brands

Leon N. Patricios (FBN 0012777)
ZIMPANO PATRICIOS, P.A.
312 Minorca Ave.
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com

Jason S. Rathod
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com
Attorneys for Plaintiffs

Joseph A. Source
JOSEPH A. SORCE & ASSOCS., P.A.
999 Ponce de Leon Blvd., Suite 1020
Coral Gables, FL 33134
Tel: 305-529-8544
jsorce@flconstructionlawyer.com
Attorney for Defendants Khakiware, Inc.
and Healthy Way RX, LLC

Catherine L. Davis
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
100 Southeast 2nd Street, Ste. 2100
Miami, FL 33131
Tel: 305-341-2254
Catherine.davis@wilsonelser.com
Attorneys for Inspire Now PTY Ltd.,
d/b/a Boostceuticals

jzumpano@zplaw.com

Richard J. Oparil (admitted *pro hac vice*)
ARNALL GOLDEN GREGORY
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC 20006
T:  202-677-4030
Richard.oparil@agg.com
Attorneys for GMAX Central, LLC

Mark Migdal & Hayden
Yaniv Adar
Joshua A. Migdal
80 S.W. 8th Street, Suite 1999
Miami, FL 33130
Tel: 305-374-0440
yaniv@markmigdal.com
josh@markmigdal.com
eservice@markmigdal.com
Attorneys for Jolly Dollar
Supply Co., LLC