UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CORI ANN GINSBERG, NOAH MALGERI,
KAYLYN WOLF, BILL WILSON, SHANNON
HOOD, and ROBERT MCKEOWN, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.                                                                          Case No.:  1:19-cv-22702-KMV

VITAMINS BECAUSE LLC, CT HEALTH
SOLUTIONS LLC, GMAX CENTRAL LLC,
ASQUARED BRANDS LLC, INSPIRE NOW
PTY LTD d/b/a BOOSTCEUTICALS, HEALTHY
WAY RX LLC, KHAKIWARE INC., and JOLLY
DOLLAR SUPPLY COMPANY, LLC.,

    Defendants.
_____/

**DEFENDANTS' VITAMINS BECAUSE AND CT HEALTH SOLUTIONS OBJECTION
TO PLAINTIFFS' NOTICE OF SERVICE OF SUBPOENA TO PRODUCE
DOCUMENTS, MOTION TO QUASH SAME, AND INCORPORATED
<u>MEMORANDUM OF LAW IN SUPPORT</u>**

        Defendants Vitamins Because, LLC and CT Health Solutions, LLC (collectively "Vitamins Because") object to Plaintiffs' Notice of Service of Subpoena to Produce Documents directed to non-party, Azorio LLC. As grounds therefore, Vitamins Because states:

        1.      On Thursday, August 20, 2020, at 3:39 p.m., Vitamins Because received electronic service of Plaintiffs' Notice of Service of Subpoenas to Produce Documents ("the Notice"). A copy of the Notice along with the electronic service notification are attached as Exhibit A.

        2.      The Notice informed Vitamins Because and the other Defendants that Plaintiffs "**will serve** the attached Subpoena to Produce Documents" to non-party, Azorio LLC. Exhibit A (emphasis supplied). Azorio and Vitamins Because are defendants in a virtually identical purported

class action lawsuit filed by Plaintiff Ginsberg. *See Cori Ann Ginsberg v. Azorio LLC, Vitamins Because and CT Health Solutions,* case no: 1:20-cv-22329-MA. On August 11, 2020, Judge Altonaga entered an Order staying and administratively closing that case pending the resolution of this Honorable Court's determination as to its subject matter jurisdiction. *See* Exhibit B. Vitamins Because filed a Motion to Stay Discovery pending resolution of the jurisdictional issues in this case on Thursday, August 20, 2020 [Dkt. 141].

3. On Friday, August 21, 2020 at 8:37 EST, Vitamins Because advised Plaintiffs that Vitamins Because objects to service of the non-party subpoena and asked that Plaintiffs not serve it until after Vitamins Because's objection could be filed and ruled upon. *See* Exhibit C. Vitamins Because also asked Plaintiffs' counsel for availability for a meet and confer on Vitamins Because's objection to the non-party subpoena. *See* Exhibit C. Surprisingly, however, Vitamins Because then learned from counsel for Azorio -- not from Plaintiffs' counsel -- that Plaintiffs had already served the non-party subpoena. *See* Exhibit D. In fact, Vitamins Because learned that Plaintiffs served Azorio with the subpoena **before** it gave Defendants' notice under Rule 45(a)(4) despite Plaintiffs' Notice stating that Plaintiffs "will serve" the attached subpoena. *See* Exhibit A.

4. Vitamins Because objects to the subpoena for three reasons. First, Vitamins Because filed a Motion to Stay Discovery [Dkt. 141] pending a ruling on its Motion to Dismiss this case for lack of subject matter jurisdiction and, therefore, service of the non-party subpoena should wait until that Motion is resolved. Second, Judge Altonaga had previously entered an Order staying and administratively closing Plaintiffs' case against Azorio and Vitamins Because after she learned of the Motion to Dismiss for lack of subject matter jurisdiction that was pending in this case and Vitamins Because is concerned that Plaintiffs are attempting to use the non-party subpoena to circumvent Judge Altonaga's Order. Third, the discovery sought from Azorio is not

relevant to the issues in this case and Plaintiffs should pursue that discovery, if at all, in the case they chose to file against Azorio.

5. Rule 45(a)(4) is entitled "*Notice to Other Parties Before Service.*" Consistent with its title, the Rule states:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial [which the Subpoena at issue does], **then before it is served on the person to whom it is directed**, a notice and copy of the subpoena **must** be served on each party.

*Id*. (emphasis supplied). The purpose of the notice required by Rule 45(a)(4) is to give an opposing party the opportunity to object. *See e.g.*, *Fla. Media. Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 694 (M.D. Fla. 2006).

6. Plaintiffs' failure to comply with the advance notice requirement in Rule 45(a)(4) makes their non-party subpoena invalid. *See Florida Media, Inc,* 236 F.R.D at 694 (granting defendant's motion to quash non-party subpoenas due to plaintiff's failure to comply with Rule 45's prior notice provision);[1] *Federal Deposit Ins. Corp. v. Kaplan*, 2015 WL 4744361, *2 (M.D. Fla. 2015) (recognizing that "a court may properly quash a subpoena when the serving party fails to provide notice required by Rule 45(a)(4)); *Gonzalez v. RFJD Holding Co., Inc*., 2014 WL 12600141 (S.D. Fla. 2014) (granting defendant's objection and motion to quash because plaintiff failed to abide by the prior notice requirement in Rule 45(a)(4)). The *Gonzalez* court recognized that "[t]he notice provision is mandatory and failure to abide by this requirement constitutes grounds to quash a subpoena." *Id.* at *2 (quoting *Mirra v. Jordan*, 2014 WL 2511020, at *3

---

[1] The court observed that "prior notice" could be satisfied when notice is given simultaneously with the service of the subpoena. *Id*. at 695. While that observation seems inconsistent with the Rule, it is of no moment because, here, Plaintiffs did not give prior or simultaneous notice.

(S.D.N.Y. 2014)); *see also, Hall v. Louisiana*, 2014 WL 1652791, at *12-13 (M.D. La. 2014); *Firefighter's Institute for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000).

7. In addition to that procedural objection, Vitamins Because objects to the non-party subpoena because it appears to be a brazen attempt by Plaintiffs to do an end-run around Judge Altonaga's Order staying and administratively closing the case that the same lawyers representing Ginsberg et al. in this case filed on behalf of Ginsberg against Azorio and Vitamins Because. Judge Altonaga closed Ginsberg's case against Azorio pending the outcome of the subject matter jurisdiction challenge pending in this case. *See* Exhibit B. It is noteworthy that, prior to Judge Altonaga closing the case against Azorio, Plaintiffs had served Azorio with a request for production that sought virtually the same documents they are now seeking by their non-party subpoena in this case. Compare Exhibit A to Exhibit E. Plaintiffs did not serve their non-party subpoena in this case until after Judge Altonaga entered her Order. It is clear that Plaintiffs were unable to obtain the discovery from Azorio in the lawsuit they filed against Azorio so they simply sought to obtain that same information from Azorio through non-party discovery in this case. Vitamins Because objects to Plaintiffs' attempt to use the non-party discovery process in this litigation to obtain discovery they are not entitled to obtain from Azorio in the separate and distinct lawsuit they filed against Azorio and Vitamins Because, especially when that discovery is not relevant to the issues in this case.

WHEREFORE, Vitamins Because respectfully requests that this Honorable Court enter an order quashing Plaintiffs' non-party subpoena to Azorio because of Plaintiffs' non-compliance with Rule 45(a)(4) or, alternatively, enter an order that Azorio and the Defendants in this case are not required to respond to the subpoena pending a ruling on Vitamins Because's Motion to Stay.

Dated: August 24, 2020          Respectfully submitted,

*/s/David S. Johnson*
David S. Johnson     FBN 096423
Scott W. Anderson    FBN 738311
JOHNSON DABOLL ANDERSON, PLLC
2011 W Cleveland Street, Suite F
Tampa, Florida 33606
Telephone: (813) 377-2499
Fax: (813) 330-3156
djohnson@jdalegal.com
sanderson@jdalegal.com
aglisson@jdalegal.com

*Counsel for Vitamins Because and CT Health Solutions*

## MEET AND CONFER CERTIFICATION

Pursuant to Local Rule 7.1, at 8:37 a.m. on August 21, 2020 (only a few hours after receiving Plaintiffs' Notice), counsel for Vitamins Because advised Plaintiffs' counsel that Vitamins Because objects to service of the subpoena, that Plaintiffs should not serve the subpoena until Vitamins Because's objection could be filed and heard, and Vitamins Because requested time for a meet and confer. Two hours later, Plaintiffs, for the first time, informed Vitamins Because that the subpoena had already been served thereby negating a meet and confer on Vitamins Because's objection. Plaintiffs' disregard for the procedural requirements of Rule 45(a)(4) prevented Vitamins Because from conducting the meet and confer required by Local Rule 7.1.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to the following counsel of record on the attached service list.

*/s/David S. Johnson*

**SERVICE LIST**

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
ARONOVITZ LAW
2 South Biscayne Boulevard
One Biscayne Tower
Suite 3700
Miami, FL 33131
Tel: 305-372-2772 Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com
Attorneys for Plaintiffs

Jay I. Brody (Admitted Pro Hac Vice)
Gary S. Graifman (Admitted Pro Hac Vice)
KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.
747 Chestnut Ridge Road Chestnut Ridge
New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com
Attorneys for Plaintiffs

Nicholas A. Migliaccio
Jason S. Rathod
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com
Attorneys for Plaintiffs

Joseph A. Source
JOSEPH A. SORCE & ASSOCS., P.A.
999 Ponce de Leon Blvd., Suite 1020
Coral Gables, FL 33134
Tel: 305-529-8544
jsorce@flconstructionlawyer.com
Attorney for Defendants Khakiware, Inc.
and Healthy Way RX, LLC

Catherine L. Davis

Brendan H. Little
LIPPES MATHIAS WEXLER
FRIEDMAN, LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com

Alessandro A. Apolito
LIPPES MATHIAS WEXLER
FRIEDMAN, LLP
822 US Highway A1A, Suite 101
Ponte Vedra Beach, FL 32082
Tel: 904-660-0020
aapolito@lippes.com
Attorneys for ASquared Brands

Leon N. Patricios (FBN 0012777)
ZIMPANO PATRICIOS, P.A.
312 Minorca Ave.
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (admitted *pro hac vice*)
ARNALL GOLDEN GREGORY
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC 20006
T: 202-677-4030
Richard.oparil@agg.com
Attorneys for GMAX Central, LLC

Mark Migdal & Hayden
Yaniv Adar
Joshua A. Migdal
80 S.W. 8th Street, Suite 1999
Miami, FL 33130
Tel: 305-374-0440

Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
100 Southeast 2nd Street, Ste. 2100
Miami, FL 33131
Tel: 305-341-2254
Catherine.davis@wilsonelser.com
Attorneys for Inspire Now PTY Ltd.,
d/b/a Boostceuticals

yaniv@markmigdal.com
josh@markmigdal.com
eservice@markmigdal.com
Attorneys for Jolly Dollar
Supply Co., LLC

JOHNSON DABOLL ANDERSON, PLLC