# EXHIBIT A

**djohnson@jdalegal.com**

---

| | |
|---|---|
| **From:** | djohnson@jdalegal.com |
| **Sent:** | Monday, August 24, 2020 3:39 PM |
| **To:** | aglisson@jdalegal.com |
| **Subject:** | FW: Ginsberg, et al. vs. Vitamins Because, LLC, et al. |
| **Attachments:** | 8.20.2020 Azorio LLC Non Party subpoena.pdf; NOS of Subpoena to Non-Party Azorio LLC 8.20.20.pdf |

---

**From:** Margaret Dowd <mdowd@kgglaw.com>
**Sent:** Thursday, August 20, 2020 3:39 PM
**To:** djohnson@jdalegal.com; lpatricios@zplaw.com; jzumpano@zplaw.com; richard.oparil@agg.com; kevin.bell@agg.com; aapolito@lippes.com; blittle@lippes.com; jsorce@flconstructionlawyer.com; josh@markmigdal.com; yaniv@markmigdal.com; eservice@markmigdal.com; Catherine.Davis@wilsonelser.com; david.ross@wilsonelser.com
**Cc:** ta@aronovitzlaw.com; bp@aronovitzlaw.com; Gary Graifman <ggraifman@kgglaw.com>; Jay Brody <jbrody@kgglaw.com>; nmigliaccio@classlawdc.com
**Subject:** Ginsberg, et al. vs. Vitamins Because, LLC, et al.

Attached please find the Non-Party Subpoena to Azorio LLC.

Margaret Dowd
Paralegal
**Kantrowitz Goldhamer & Graifman, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel:  (845) 356-2570
Fax: (845) 356-4335



## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 19-CV-22702-KMW

CORI ANN GINSBERG, NOAH MALGERI,
KALYN WOLF, BILL WILON, SHANNON
HOOD, ERIC FISHON, and ROBERT
MCKEOWN, on behalf of themselves and all
others similarly situated,

       Plaintiffs,

vs.

VITAMINS BECAUSE, LLC, CT HEALTH
SOLUTIONS LLC, GMAX CENTRAL LLC,
ASQUARED BRANDS LLC, INSPIRE NOW
PTY LTD d/b/a BoostCeuticals, HEALTHY
WAY RX LLC, KHAKIWARE INC., and
JOLLY DOLLAR SUPPLY COMPANY
LLC,

       Defendants.
_____/

### NOTICE OF SERVICE OF SUBPOENAS TO PRODUCE DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiffs. Cori Ann

Ginsberg, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, and Robert

McKeown, by and through undersigned counsel, will serve the attached Subpoena to Produce

Documents to the below named non-party:

1) Azorio LLC

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 20, 2020, a true and correct copy of the foregoing

was sent *via e-mail* to all counsel of record as listed on the below Service List.

By: _/s/ Barbara Perez_____
    Tod Aronovitz (FBN 186430)
    Barbara Perez (FBN 989304)
    **ARONOVITZ LAW**
    Town Center One, Suite 2201
    8950 SW 74 Court
    Miami, FL 33156
    Tel: 305-372-2772
    Fax: 305-397-1886
    ta@aronovitzlaw.com
    bp@aronovitzlaw.com

    Jay I. Brody (Admitted *Pro Hac Vice*)
    Gary S. Graifman (Admitted *Pro Hac Vice*)
    **KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
    747 Chestnut Ridge Road
    Chestnut Ridge, New York 10977
    Tel: 845-356-2570
    ggraifman@kgglaw.com
    jbrody@kgglaw.com

    Nicholas A. Migliaccio
    Jason S. Rathod
    **MIGLIACCIO & RATHOD LLP**
    412 H Street N.E., Ste. 302
    Washington, DC 20002
    Tel: 202-470-3520
    nmigliaccio@classlawdc.com

**SERVICE LIST**
**Ginsberg, et al. vs. Vitamins Because, LLC, et al.**
**Case No.:  19-cv-022702-KMW**

**Attorneys for PLAINTIFFS**:

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER &**
**GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

**Attorneys for DEFENDANTS:**

*Defendants*, **VITAMIN BECAUSE LLC**
**and CT HEALTH SOLUTIONS LLC:**

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F
Tampa, Florida 33606
Tel:  813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

*Defendant*, **GMAX CENTRAL LLC:**

Leon N. Patricios (FBN 0012777)
Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
Kevin M. Bell (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com
kevin.bell@agg.com

*Defendant*, **ASQUARED BRANDS LLC:**

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER**
**FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

3

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER
FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com


*Defendants*, HEALTHY WAY RX LLC,
KHAKIWARE INC:
Joseph A. Sorce, Esq. (FBN 37288)
**JOSEPH A. SORCE & ASSOCIATES,
PA**
999 Ponce de Leon Boulevard, Suite 1020
Coral Gables, FL 33134
Tel. 305-529-8544
jsorce@flconstructionlawyer.com


*Defendant*, JOLLY DOLLAR SUPPLY
COMPANY:

Joshua A. Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: 305-374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com


*Defendant*, INSPIRE NOW PTY LTD:
Catherine L. Davis
**WILSON ELSER LLP**
100 Southeast Second Street, Suite 2100
Miami, FL 33131
Tel: 305-374-4400
Catherine.Davis@wilsonelser.com

David Ross
**WILSON ELSER LLP**
1500 K Street, NW, Suite 330
Washington, D.C. 20005
Tel: 202-626-7687
david.ross@wilsonelser.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| Cori Ann Ginsberg, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:19-cv-22702-KMW |
| Vitamins Because, LLC,et al | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                            AZORIO, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Kantrowitz, Goldhamer & Graifman, P.C. 747 Chestnut Ridge Road, Suite 200 Chestnut Ridge, NJ 10977 | Date and Time: 09/10/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/20/2020

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Cori Ann Ginsberg, et al _____ , who issues or requests this subpoena, are:

Jay Brody, Esq., jbrody@kgglaw.com, Gary S. Graifman, Esq., ggraifman@kgglaw.com, (845) 356-2570

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-22702-KMW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
### of
### Subpoena
### to
### Azorio, LLC

This Subpoena requires the production by Azorio, LLC ("Azorio"), of the following numbered items set forth below in its possession, custody, or control, in the form of documents, electronically stored information, objects, correspondence, emails, and all tangible forms of communication.  For definitions, see "DEFINITIONS" under Part III hereafter.

## DEFINITIONS

1.      All terms defined in the Local Rules for the Southern District of Florida shall have the meanings set forth therein, unless otherwise specified.

2.      "Azorio" or "Azorio, LLC" refers to Azorio, LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, managers, directors, owners, employees, agents and all other persons acting or purporting to act on Azorios behalf.

3.      "Vitamins Because" refers to Vitamins Because LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on Vitamins Because's behalf.

4.      "CT Health" refers to CT Health Solutions LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on CT Health's behalf.

5.    The "Product" or "Subject Product" refers to S-adenosylmethionine ("s-adenosyl-methionine" or "SAMe," "SAM-e," "SAME," "sam-e," "same," or "samee") dietary supplements sold by Inspire Now.

6.    "SAMe" refers to S-adenosylmethionine.

7.    "Plaintiffs" refers to Plaintiffs Cori Ann Ginsberg, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon and Robert McKeown.

8.    The term "document" is defined as synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a), and should be understood to include any written, printed, typed, and visually, aurally, or electronically reproduced material of any kind, whether or not privileged, including but not limited to electronic mail, computer files, source code, backup media, and databases; files and file folders; books and their contents, whether printed or recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged, confidential, or personal; namely, communications, including intracompany communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations; diaries; forecasts; statistical statements; laboratory and engineering reports and notebooks, changes, plans, specifications, data sheets, drawings, schematics, graphs, flow charts, samples, prototypes and tangible things, evaluation boards, developers guidelines; photographs, films, pictures, and videotapes; minutes or records of meetings, including directors' meetings, minutes or records of conferences; expressions of statements or policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; agreements; records, reports or summaries

of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing materials and notices, press releases; litigation files and databases; and any drafts or revisions of any document and any notes or comments appearing on any document, whether preliminary or marginal. A comment or notation appearing on any document, and not a part of the original document, is considered a separate document within the meaning of the term. A draft or non-identical copy is a separate document within the meaning of the term.

9.      The term "communication" should be understood to mean the transmission of information (in the form of facts, ideas, inquiries or otherwise), including all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, facsimiles, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written.

10.     The terms "related to," "relate to," "regarding," "concerning," "in connection with," and "relating to," as used herein, are used in the broadest possible sense and mean mentioning, citing, quoting, regarding, involving, representing, constituting, discussing, reflecting, identifying, describing, referring to, containing, enumerating, evidencing, supporting, or in any way concerning, in whole or in part, directly or indirectly.

11.     The term "person," as used herein, shall have the same meaning as specified in Local Rule 26(d).

12.     The terms "and" and "or," as used herein, are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

13.     The terms "any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

14.     The term "date" or "dates," as used herein, refers to the exact day, month, and year, if ascertainable, or if not, the best approximation.

15.     The terms "describe" or "description," as used herein, means to state all facts of which you are aware concerning the subject, including but not limited to identifying all dates, all persons involved in or with knowledge of the subject, and all places or locations relevant to the subject.

16.     The term "identify," as used herein, shall have the same meaning:

(a) When used with respect to or referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(b) When used with respect to or referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

17.     The term "Complaint" as used herein, shall mean the Class Action Complaint filed by Plaintiffs in this lawsuit, or any further amended class action complaints.

18.     The terms "Good Manufacturing Practice" or "GMP" or "CGMP," as used herein, mean a system for ensuring that products are consistently produced and controlled according to quality standards which is designed to minimize the risks involved in a pharmaceutical

production and covers all aspects of production from the starting materials, premises, and equipment to the training and personal hygiene of staff, including, but not limited to, detailed written procedures for each process that could affect the quality of a finished product and documented proof that correct procedures are consistently followed at each step in the manufacturing process, every time a product is made.

19.     The terms "standard operating procedure" or "standing operating procedure," as used herein, means established or prescribed methods, procedures, and/or policies to be followed routinely for the performance of designated operations or in designated situations.

20.     The terms "active pharmaceutical ingredient" or "API," as used herein, are defined as any substance or mixture of substances intended to be used in the manufacture of a drug product that, when used in the production of a drug, becomes an active ingredient in the drug product.

21.     "FDA" refers to the U.S. Food and Drug Administration.

22.     The term "unit," as used herein, means sales unit or the unit of measure (i.e., bottle of SAMe capsules) that Defendant uses to charge its customer for the SAMe product it sells to consumers.

23.     The terms used herein, which are also set forth in 21 C.F.R. § 111.3, shall have the same definitions and interpretations as specified in 21 C.F.R. § 111.3.

## **INSTRUCTIONS**

1.     In responding to each document request, attach originals or true copies of all documents referenced or referred to, which are otherwise supportive of the response, illustrative of the response, or the production of which is necessary to provide a complete response.

2.    All documents should be produced electronically and in their native format, or in any manner consistent with the format in which they were originally created (*i.e.*; .doc, .pdf, .jpg, .tif, .xls, .mdb, .pst, etc.) and should include all data, including but not limited to, metadata, formulae, links, attachments, etc.  To the extent that a document no longer exists in its original format, said document should be produced in a similar, reasonable electronic format that would allow for the same or similar functionality as the original.

3.    If you withhold any documents based on privilege, provide a privilege log setting forth the privilege claimed and the facts upon which you rely to support the claim of privilege. In that log, identify each document for which privilege is claimed, together with the following information:

    (a)  A brief description of the nature and subject matter, including the title and type of document;

    (b)  The date of preparation;

    (c)  The date of the last revision or edit;

    (d)  The name and title of the author(s);

    (e)  The name and title of the person(s) creating the document(s);

    (f)  The name and title of the person(s) who edited the document(s)

    (g)  The name and title of the person(s) to whom the document was sent; and

    (f)  The number of pages.

4.    The request for information in these document requests is continuing in character and, therefore, requires supplemental responses and/or production by you of supplemental documents if other, further or different information is secured or available prior to the trial of the above identified proceeding.

5.     If there are documents not currently in your possession, but which you can obtain from other parties, such additional documents are included in this request. If your response to any requests herein is that the documents are not in your possession or custody, describe in detail the location of the documents and the unsuccessful efforts you made to locate the records.  If your response to any requests herein is that the documents are not in your control, identify who has control and the location of the records, and provide any documents you have that contain all or part of the information contained in the requested document or category. If any requested document was, but no longer is in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide: (1) Its date; (2) The identity of the person(s) who prepared the document; (3) The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document; (4) The length of the document; (5) The subject matter of the document; (6) If misplaced, the last time and place it was seen and a description of efforts made to locate the document; (7) If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

## DOCUMENTS REQUESTED

### DOCUMENT REQUEST NO. 1:

Produce all documents, records, information and communications concerning any emails, writings, or communications Azorio, LLC had with Vitamins Because and/or CT Health relating in any way to SAMe or a SAMe Product, including purchase orders and receipts, instructions, and test results.

7

**DOCUMENT REQUEST NO. 2:**

Produce all documents, records, information and communications concerning the SAMe Product, which Azorio sold and/or sells, including the product's contents, ingredients, testing, ordering, labeling, sales, shipping processes, and manufacturing processes.

**DOCUMENT REQUEST NO. 3:**

Produce all documents, records, and information relating to the sales and purchases of the SAMe Product which has been sold by Azorio, LLC.

**DOCUMENT REQUEST NO. 4:**

Produce documents and information sufficient to show all identities and contact information of all purchasers of SAMe Product sold by Azorio, LLC, including purchasers' names, addresses, phone numbers, and email addresses, as well as the total quantity of units purchased by each purchaser.

**DOCUMENT REQUEST NO. 5:**

Produce documents and information sufficient to show the following information as to each unit of SAMe that was sold by Azorio, LLC:

1) identity of the purchaser, including name, address, phone number, and email address;

2) address where the purchased SAMe unit was delivered;

3) identity of the purchased/ordered product and/or stock keeping unit ("SKU"), and number of bottles of SAMe and capsules per bottle contained in the SKU;

4) quantity purchased;

8

5) ~~date of purchase;~~

6) retail purchase price paid by the consumer for each SKU;

7) retail purchase price paid by the consumer for the entire purchase/order;

8) shipping costs above the retail price paid by the consumer;

9) name of private label brand (e.g., Naturetition Supplements, PureControl Supplements, Earth Natural Supplements, etc.);

10) physical or online platform through which the unit of SAMe was sold (e.g. Amazon.com);

11) seller name and identification number on Amazon.com or other retail website (e.g., "Earth Natural Supplements/ANAL58EVMKY7H," "GOLDANDSTONES – SUPPLEMENTS/ A2QZY8BV8FU3RW," etc.);

12) Amazon Standard Identification Number ("ASIN") if sold on Amazon.com;

13) stated amount of SAMe in milligrams ("mg") indicated on the bottle label and amount of SAMe in milligrams per capsule and per serving;

14) all product claims indicated on the bottle label;

15) stated lot number indicated on the bottle label;

16) stated expiration date indicated on the bottle label;

17) stated UPC code indicated on the bottle label;

18) proceeds received by Azorio, LLC from the sale;

19) quantity of SAMe capsules included in the sold unit of SAMe;

20) name of SAMe manufacturer or source from which the SAMe units were purchased by Azorio, LLC;

21) name of labeling company or source from which the SAMe labeling was purchased by Azorio LLC;

22) name packaging company or source from which the SAMe packaging was purchased by Azorio, LLC;

23) all supplement and ingredient facts as printed on the label;

24) location of and owner of warehouse where units were stored prior to sale.

**DOCUMENT REQUEST NO. 6:**

Produce all documents, records, information and communications concerning any communications Azorio, LLC had with consumers regarding the SAMe Product sold by Azorio, LLC.

**DOCUMENT REQUEST NO. 7:**

Produce all documents, records, information and communications in connection with Azorio, LLC's SAMe Product labels, their design, product claims, and supplement information.

**DOCUMENT REQUEST NO. 8:**

Produce all documents, records, information and communications in connection with the SAMe Product packaging used with Azorio, LLC's SAMe Product.

**DOCUMENT REQUEST NO. 9:**

Produce all documents, records, information and communications in connection with the manufacturing, specifications, and quality control of Azorio, LLC's SAMe Product.

**DOCUMENT REQUEST NO. 10:**

Produce all documents, records, information and communications in connection with the testing, strength, potency and measure of active ingredient for Azorio, LLC's SAMe Product.

**DOCUMENT REQUEST NO. 11:**

Produce all documents, records, and communications concerning the distribution, sales, pricing, marketing and/or advertising of SAMe Product sold by Azorio, LLC and SAMe throughout the SAMe industry.

**DOCUMENT REQUEST NO. 12:**

Produce all documents, records, and communications concerning the creation, revision, modification, design of the product labels and packaging for SAMe Product sold by Azorio, LLC.

**DOCUMENT REQUEST NO. 13:**

Produce all documents, records, and communications concerning the sales, revenue, expenses, and purchases of the SAMe Product sold by Azorio, LLC.

**DOCUMENT REQUEST NO. 14:**

Produce all documents, records, and communications concerning manuals, memoranda, instructions, and other records setting forth Azorio, LLC's policies, procedures or practices relating to the marketing of its SAMe Product.

**DOCUMENT REQUEST NO. 15:**

Produce all documents, records, and communications in connection with any rejected components, packaging, and labels relating to the SAMe Product sold by Azorio, LLC, as well as any rejected capsules or bottles of the SAMe Product.

**DOCUMENT REQUEST NO. 16:**

Produce all documents, records, and communications concerning any and all product complaints relating to the SAMe Product sold by Azorio, LLC, and Azorio, LLC's review and/or investigation of any consumer complaint relating to its SAMe Product.

**DOCUMENT REQUEST NO. 17:**

Produce all documents, records, and communications concerning and sufficient to show the dates and/or time period over which Azorio, LLC sold SAMe Product which was manufactured and/or supplied by Vitamins Because and/or CT Health.

DATED:  August 14, 2020

By: _/s/ Barbara Perez_
Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002

Tel: 202-470-3520
nmigliaccio@classlawdc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 20, 2020, a true and correct copy of the foregoing

was sent *via e-mail* to all counsel of record as listed on the below Service List.

By: */s/ Barbara Perez*

## SERVICE LIST
### Ginsberg, et al. vs. Vitamins Because, LLC, et al.
### Case No.: 19-cv-022702-KMW

**Attorneys for PLAINTIFFS**:

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

**Attorneys for DEFENDANTS**:

*Defendants*, **VITAMIN BECAUSE LLC
and CT HEALTH SOLUTIONS LLC**:

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F
Tampa, Florida 33606
Tel: 813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

*Defendant*, **GMAX CENTRAL LLC**:

Leon N. Patricios (FBN 0012777)
Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
Kevin M. Bell (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com
kevin.bell@agg.com

*Defendant*, **ASQUARED BRANDS LLC**:

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER
FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

14

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER**
**FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com


*Defendants,* **HEALTHY WAY RX LLC,**
**KHAKIWARE INC:**
Joseph A. Sorce, Esq. (FBN 37288)
**JOSEPH A. SORCE & ASSOCIATES,**
**PA**
999 Ponce de Leon Boulevard, Suite 1020
Coral Gables, FL 33134
Tel. 305-529-8544
jsorce@flconstructionlawyer.com


*Defendant,* **JOLLY DOLLAR SUPPLY**
**COMPANY:**

Joshua A. Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: 305-374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com


*Defendant,* **INSPIRE NOW PTY LTD:**
David Ross
**WILSON ELSER LLP**
1500 K Street, NW, Suite 330
Washington, D.C. 20005
Tel: 202-626-7687
david.ross@wilsonelser.com