# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22329-CMA

CORI ANN GINSBERG, on behalf of herself )
and all others similarly situated, )
)
      Plaintiff, )
)
vs. )
)
AZORIO, LLC, )
)
      Defendant. )
_____ )

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT AZORIO, LLC**

Plaintiff Ginsberg ("Plaintiff") hereby propounds the following requests for production of documents to Defendant Azorio, LLC ("Defendant" or "Azorio"), pursuant to Federal Rules of Civil Procedure 26 and 34, and the Local Rules of the United States District Court for the Southern District of Florida, and request that Defendant produce the documents and electronically-stored information stated herein within thirty (30) days of service of these requests at the offices of Kantrowitz, Goldhamer & Graifman, P.C., 747 Chestnut Ridge Road, Chestnut Ridge, New York 10977.

**DEFINITIONS**

1.    All terms defined in the Local Civil Rules shall have the meanings set forth therein, unless otherwise specified.

2.    "Vitamins Because" refers to Vitamins Because LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic),

partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on Vitamins Because's behalf.

3. "CT Health" refers to CT Health Solutions LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on CT Health's behalf.

4. "Azorio" or "Defendant" refers to Azorio, LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on Azorio's behalf.

5. The "Product" or "Subject Product" refers to S-adenosylmethionine ("s-adenosyl-methionine" or "SAMe," "SAM-e," "SAME," "sam-e," "same," or "samee") dietary supplements sold by Azorio.

6. "SAMe" refers to S-adenosylmethionine.

7. "Plaintiff" refers to Plaintiff Cori Ann Ginsberg.

8. The term "document" is defined as synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a), and should be understood to include any written, printed, typed, and visually, aurally, or electronically reproduced material of any kind, whether or not privileged, including but not limited to electronic mail, computer files, source code, backup media, and databases; files and file folders; books and their contents, whether printed or recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged, confidential, or personal; namely,

communications, including intracompany communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations; diaries; forecasts; statistical statements; laboratory and engineering reports and notebooks, changes, plans, specifications, data sheets, drawings, schematics, graphs, flow charts, samples, prototypes and tangible things, evaluation boards, developers guidelines; photographs, films, pictures, and videotapes; minutes or records of meetings, including directors' meetings, minutes or records of conferences; expressions of statements or policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; agreements; records, reports or summaries of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing materials and notices, press releases; litigation files and databases; and any drafts or revisions of any document and any notes or comments appearing on any document, whether preliminary or marginal. A comment or notation appearing on any document, and not a part of the original document, is considered a separate document within the meaning of the term. A draft or non-identical copy is a separate document within the meaning of the term.

9. The term "communication" should be understood to mean the transmission of information (in the form of facts, ideas, inquiries or otherwise), including all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, facsimiles, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written.

10. The terms "related to," "relate to," "regarding," "concerning," "in connection with," and "relating to," as used herein, are used in the broadest possible sense and mean

mentioning, citing, quoting, regarding, involving, representing, constituting, discussing, reflecting, identifying, describing, referring to, containing, enumerating, evidencing, supporting, or in any way concerning, in whole or in part, directly or indirectly.

11. The term "person," as used herein, shall have the same meaning as specified in Local Rule 26(d).

12. The terms "and" and "or," as used herein, are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

13. The terms "any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

14. The term "date" or "dates," as used herein, refers to the exact day, month, and year, if ascertainable, or if not, the best approximation.

15. The terms "describe" or "description," as used herein, means to state all facts of which you are aware concerning the subject, including but not limited to identifying all dates, all persons involved in or with knowledge of the subject, and all places or locations relevant to the subject.

16. The term "identify," as used herein, shall have the same meaning:

   (a) When used with respect to or referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be

4

        listed in response to subsequent discovery requesting the identification of that person.

    (b) When used with respect to or referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

17.    The term "Complaint" as used herein, shall mean the Class Action Complaint filed by Plaintiff in this lawsuit, or any further amended class action complaints.

18.    The terms "Good Manufacturing Practice" or "GMP" or "CGMP," as used herein, mean a system for ensuring that products are consistently produced and controlled according to quality standards which is designed to minimize the risks involved in a pharmaceutical production and covers all aspects of production from the starting materials, premises, and equipment to the training and personal hygiene of staff, including, but not limited to, detailed written procedures for each process that could affect the quality of a finished product and documented proof that correct procedures are consistently followed at each step in the manufacturing process, every time a product is made.

19.    The terms "standard operating procedure" or "standing operating procedure," as used herein, means established or prescribed methods, procedures, and/or policies to be followed routinely for the performance of designated operations or in designated situations.

20.    The terms "active pharmaceutical ingredient" or "API," as used herein, are defined as any substance or mixture of substances intended to be used in the manufacture of a

drug product that, when used in the production of a drug, becomes an active ingredient in the drug product.

21. "FDA" refers to the U.S. Food and Drug Administration.

22. The term "unit," as used herein, means sales unit or the unit of measure (i.e., bottle of SAMe capsules) that Defendant uses to charge its customer for the SAMe product it sells to consumers.

23. The terms used herein, which are also set forth in 21 C.F.R. § 111.3, shall have the same definitions and interpretations as specified in 21 C.F.R. § 111.3.

## INSTRUCTIONS

1. In responding to each document request, attach originals or true copies of all documents referenced or referred to, which are otherwise supportive of the response, illustrative of the response, or the production of which is necessary to provide a complete response.

2. All documents should be produced electronically and in their native format, or in any manner consistent with the format in which they were originally created (*i.e.*; .doc, .pdf, .jpg, .tif, .xls, .mdb, .pst, etc.) and should include all data, including but not limited to, metadata, formulae, links, attachments, etc. To the extent that a document no longer exists in its original format, said document should be produced in a similar, reasonable electronic format that would allow for the same or similar functionality as the original.

3. If you withhold any documents based on privilege, provide a privilege log setting forth the privilege claimed and the facts upon which you rely to support the claim of privilege. In that log, identify each document for which privilege is claimed, together with the following information:

  (a) A brief description of the nature and subject matter, including the title and type of document;

  (b) The date of preparation;

  (c) The date of the last revision or edit;

  (d) The name and title of the author(s);

  (e) The name and title of the person(s) creating the document(s);

  (f) The name and title of the person(s) who edited the document(s)

  (g) The name and title of the person(s) to whom the document was sent; and

  (f) The number of pages.

 4. The request for information in these document requests is continuing in character and, therefore, requires supplemental responses and/or production by you of supplemental documents if other, further or different information is secured or available prior to the trial of the above identified proceeding.

 5. If there are documents not currently in your possession, but which you can obtain from other parties, such additional documents are included in this request. If your response to any requests herein is that the documents are not in your possession or custody, describe in detail the location of the documents and the unsuccessful efforts you made to locate the records.  If your response to any requests herein is that the documents are not in your control, identify who has control and the location of the records, and provide any documents you have that contain all or part of the information contained in the requested document or category. If any requested document was, but no longer is in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide: (1) Its date; (2) The identity of the person(s) who prepared the document; (3) The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document; (4) The

7

length of the document; (5) The subject matter of the document; (6) If misplaced, the last time and place it was seen and a description of efforts made to locate the document; (7) If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

## DOCUMENTS REQUESTED

**DOCUMENT REQUEST NO. 1:**

Produce all documents, records, information and communications concerning any emails, writings, or communications Defendant had with Vitamins Because and/or CT Health relating in any way to a SAMe Product, including purchase orders and receipts, instructions, and test results.

**DOCUMENT REQUEST NO. 2:**

Produce all documents, records, information and communications concerning the SAMe Product, which Defendant sold and/or sells, including the product's contents, ingredients, testing, ordering, labeling, sales, shipping processes, and manufacturing processes.

**DOCUMENT REQUEST NO. 3:**

Produce all documents, records, and information relating to the purchasers of the SAMe Product, which has been sold by Defendant.

**DOCUMENT REQUEST NO. 4:**

Produce documents and information sufficient to show all identities and contact information of all purchasers of SAMe Product sold by Defendant, including purchasers' names, addresses, phone numbers, and email addresses, as well as the total quantity of units purchased by each purchaser.

**DOCUMENT REQUEST NO. 5:**

Produce documents and information sufficient to show the following information as to each unit of SAMe that was sold by Defendant:

1) identity of the purchaser, including name, address, phone number, and email address;

2) address where the purchased SAMe unit was delivered;

3) identity of the purchased/ordered product and/or stock keeping unit ("SKU"), and number of bottles of SAMe and capsules per bottle contained in the SKU;

4) quantity purchased;

5) date of purchase;

6) retail purchase price paid by the consumer for each SKU;

7) retail purchase price paid by the consumer for the entire purchase/order;

8) shipping costs above the retail price paid by the consumer;

9) name of private label brand (e.g., Naturetition Supplements, PureControl Supplements, Earth Natural Supplements, etc.);

10) physical or online platform through which the unit of SAMe was sold;

11) Amazon seller name and identification number on Amazon.com or other retail website (e.g., "Earth Natural Supplements/ANAL58EVMKY7H," "GOLDANDSTONES – SUPPLEMENTS/ A2QZY8BV8FU3RW," etc.);

12) Amazon Standard Identification Number ("ASIN") if sold on Amazon.com;

13) stated amount of SAMe in milligrams ("mg") indicated on the bottle label and amount of SAMe in milligrams per capsule and per serving;

14) all product claims indicated on the bottle label;

15) stated lot number indicated on the bottle label;

16) stated expiration date indicated on the bottle label;

17) stated UPC code indicated on the bottle label;

18) proceeds received by Defendant from the sale;

19) quantity of SAMe capsules included in the sold unit of SAMe;

20) name of SAMe manufacturer or source from which the SAMe units were purchased by Azorio;

21) name of labeling company or source from which the SAMe labeling was purchased by Azorio;

22) name packaging company or source from which the SAMe packaging was purchased by Azorio;

23) all supplement and ingredient facts as printed on the label;

24) location of and owner of warehouse where units were stored prior to sale.

**DOCUMENT REQUEST NO. 6:**

Produce all documents, records, information and communications concerning any communications Defendant had with consumers regarding the SAMe Product sold by Defendant.

**DOCUMENT REQUEST NO. 7:**

Produce all documents, records, information and communications in connection with Defendant's SAMe Product labels, their design, product claims, and supplement information.

**DOCUMENT REQUEST NO. 8:**

Produce all documents, records, information and communications in connection with the SAMe Product packaging used with Defendant's SAMe Product.

**DOCUMENT REQUEST NO. 9:**

Produce all documents, records, information and communications in connection with the manufacturing, specifications, and quality control of Defendant's SAMe Product.

**DOCUMENT REQUEST NO. 10:**

Produce all documents, records, information and communications in connection with the testing, strength, potency and measure of active ingredients of Defendant's SAMe Product.

**DOCUMENT REQUEST NO. 11:**

Produce all documents, records, and communications concerning the distribution, sales, pricing, marketing and/or advertising of SAMe Product sold by Defendant and throughout the SAMe industry.

**DOCUMENT REQUEST NO. 12:**

Produce all documents, records, and communications concerning the creation, revision, modification, design of the product labels and packaging for SAMe Product sold by Defendant.

**DOCUMENT REQUEST NO. 13:**

Produce all documents, records, and communications concerning the sales, revenue, and purchases of the SAMe Product sold by Defendant.

**DOCUMENT REQUEST NO. 14:**

Produce all documents, records, and communications concerning manuals, memoranda, instructions, and other records setting forth Defendant's policies, procedures or practices relating to the marketing of its SAMe Product.

**DOCUMENT REQUEST NO. 15:**

Produce all documents, records, and communications in connection with any rejected components, packaging, and labels relating to the SAMe Product sold by Defendant, as well as any rejected capsules or bottles of the SAMe Product.

**DOCUMENT REQUEST NO. 16:**

Produce all documents, records, and communications concerning any and all product complaints relating to the SAMe Product sold by Defendant, and Defendant's review and investigation of any consumer complaint relating to its SAMe Product.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that July 28, 2020, I served the foregoing *via e-mail* on all counsel listed on the attached Service List.

By: /s/ *Barbara Perez*
Tod Aronovitz (FBN 186430)
ta@aonovitzlaw.com
Barbara Perez (FBN 989304)
bp@aronovitzlaw.com
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886

Jay I. Brody
Jbrody@kgglaw.com
Gary S. Graifman
Ggraifman@kgglaw.com
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570

**SERVICE LIST**
*Ginsberg v. Azorio, LLC*
Case No.: 1:20-cv-22329-CMA

**Attorneys for Plaintiff**:

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Tower Center One, Suite 2201
8950 S.W. 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com


Jay I. Brody
Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
Jbrody@kgglaw.com
Ggraifman@kgglaw.com

**Attorneys for Defendant**:

Nathan Soowal (FBN 1002633)
**NATHAN SOOWAL, P.A.**
3140 NE 9th Ave
Pompano Beach, FL 33064
Tel: 954-531-4851
Nathansoowallaw@gmail.com