UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**Miami Division**

CASE NO. 19-CV-22702-KMW

CORI ANN GINSBERG, NOAH MALGERI,
KALYN WOLF, BILL WILSON, SHANNON
HOOD, ERIC FISHON and ROBERT
MCKEOWN, on behalf of themselves and all
others similarly situated,

       Plaintiffs,

v.

VITAMINS BECAUSE LLC, CT HEALTH
SOLUTIONS LLC, GMAX CENTRAL LLC,
ASQUARED BRANDS LLC, INSPIRE NOW
PTY LTD d/b/a BoostCeuticals, HEALTHY
WAY RX LLC, KHAKIWARE INC, and
JOLLY DOLLAR SUPPLY COMPANY, LLC

       Defendants.

_____/

**DEFENDANT JOLLY DOLLAR SUPPLY
COMPANY, LLC'S MOTION TO STAY DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Jolly Dollar Supply

Company, LLC ("Jolly Dollar") respectfully moves for a protective order temporarily staying all

discovery in the above-captioned matter, until such time that the Court rules on Jolly Dollar's

Motion to Compel Arbitration (ECF No. 139, the "Motion to Compel").

**I.  INTRODUCTION**

The sole Plaintiff asserting any claims against Jolly Dollar is Plaintiff Eric Fishon (the

"New York Plaintiff").  Based on the record before the Court, it is undisputed that:

- The only claims against Jolly Dollar in this action deal with dietary supplements sold by
  Maryland-based Jolly Dollar to the New York Plaintiff;

- Jolly Dollar sells dietary supplements exclusively through Amazon's Fulfilled By Amazon Program.

- The New York Plaintiff agreed to arbitrate any claims "relating in any way" to his purchase of dietary supplements from Jolly Dollar in binding individual arbitration.

- Jolly Dollar similarly agreed to arbitrate any claims relating to its sale of dietary supplements in binding individual arbitration.

Based on these undisputed facts, Jolly Dollar moved to compel all of the New York Plaintiff's claims against it to arbitration and for the reasons set forth in that motion (ECF No. 139) is confident it will succeed. While Jolly Dollar will refrain from reiterating the arguments set forth in this Motion to Compel and reply in support thereof, it is worth highlighting that if the Court rules in its favor on the Motion to Compel, **all** claims against Jolly Dollar in this matter will be disposed of and Jolly Dollar will not remain a party to this case.

Given the foregoing, there is simply no good reason why the parties or Court should be burdened with conducting discovery and resolving inevitable discovery disputes prior to the Court's ruling on Jolly Dollar's arbitration motion. Further, Jolly Dollar will be severely prejudiced if it is forced to engage in class-based discovery when the applicable arbitration agreements only call for individual arbitration. Federal courts routinely temporarily stay discovery in such instances. This Court should too.

Indeed, this Court has broad discretion to stay discovery where a "preliminary peek" at a dispositive motion reveals arguments that could entirely dispose of the case and raise pure legal questions that do not require discovery prior to ruling on the motion. Jolly Dollar's Motion to Compel does both and, thus, the Court should order a stay until after it rules on that motion. Moreover, given the fact that Jolly Dollar just entered this case, a temporary discovery stay will have no significant impact on the timely resolution of this case, and the New York Plaintiff will

2

suffer no prejudice.  In short, there is ample "good cause" for this Court to enter a protective order under Rule 26(c).

## II.     ARGUMENT

### a.  Legal Standard

It is well accepted that federal district courts have broad discretion to control their dockets, including to enter protective orders limiting or governing the timing of discovery under Fed. R. Civ. P. 26(c).  *See, e.g.*, *Clinton v. Jones,* 520 U.S. 681, 706 (1997); *Gun son v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 584 (S.D. Fla. 2014); *Zendejas v. Redman*, No. 15-81229-CV, 2017 WL 2782034, at \*1 (S.D. Fla. June 26, 2017); *Solar Star Sys., LLC v. Bellsouth Telecommunications, Inc.*, 2011 WL 1226119, at \*1 (S.D. Fla. Mar. 30, 2011).  *See also* Fed. R. Civ. P. 26(c)(1) (district courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); Fed. R. Civ. P. 16(b)(4) (schedules may be modified "for good cause and with the judge's consent.").

Further, the Eleventh Circuit recently re-affirmed its long-standing holding that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be ***resolved before discovery begins*** because they present ***purely legal questions*** and therefore, "neither the parties nor the court ha[s] any need for discovery before the court rules on the motion." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)) (emphasis added) (re-affirmed by *Rivas v. The Bank of New York Mellon*, 676 F.App'x 926, 932 (11th Cir. 2017)); *see also Moore v. Potter*, 141 F.App'x. 803, 807-08 (11th Cir. 2005) (upholding discovery stay until ruling on pending motion to dismiss). Courts also routinely stay discovery pending resolution of a motion to compel arbitration.  *See, e.g.*, *Seminole County Tax Collector v. Domo, Inc.*, 618CV1933ORL40DCI, 2018 WL 6620952,

at *1 (M.D. Fla. Dec. 13, 2018) ("Without expressing any opinion as to the final resolution of the Motion to Dismiss, the Court finds that the Motion to Dismiss may be meritorious and, if granted, would be case dispositive because the matter would be sent to arbitration.").

Moreover, judges in the Eleventh Circuit (including in this District) have consistently found good cause to stay discovery during the pendency of a dispositive motion where, as here, the pending preliminary motion may dispose of the entire matter, thus obviating the need for costly discovery. *See, e.g.*, *Soldevilla v. On the Barrelhead, Inc.*, 2020 WL 597317, at *1 (S.D. Fla. Feb. 5, 2020); *Gill-Samuel v. Nova Biomedical Corp.*, 2014 WL 11762719, at *1 (S.D. Fla. Feb. 18, 2014); *Varga v. Palm Beach Capital Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010); *Staup v. Wachovia Bank, N.A.*, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd*, 87 F.App'x 713 (11th Cir. 2003) (citing various cases). Along these lines, "[t]he issue of whether to enter a stay in a specific case depends … on the preliminary evaluation of the dismissal motion," known as the "preliminary peek analysis." *Zamber v. Am. Airlines, Inc.*, 2017 WL 5202748, at *5 (S.D. Fla. Feb. 17, 2017). "The final conclusion ultimately rests on the specific issues raised in the Complaint and the dismissal motion." *Id.* This Court should rule similarly in this instance.

### b. A preliminary peek into the Motion to Compel establishes that all claims against Jolly Dollar will be compelled to arbitration.

A "preliminary peek" into Jolly Dollar's Motion to Compel shows it undoubtedly has merit. The New York Plaintiff does not (and cannot) dispute that the parties entered into numerous arbitration agreements requiring them to arbitrate the very claims at issue against Jolly Dollar in this case. The parties disagree, however, over whether there is any set of circumstances where a non-signatory can compel a signatory to arbitration over non-contractual claims. As set

forth in the Motion to Compel and Reply, binding authority in this district concludes that Jolly Dollar can, in fact, compel the New York Plaintiff to arbitration under a theory of equitable estoppel regardless of whether the New York Plaintiff has specifically sued Jolly Dollar for breach of the agreement containing an arbitration provision.  Jolly Dollar relies on its prior filings in support of this proposition.  Of course, should the Court grant Jolly Dollar's Motion to Compel then no remaining claims against Jolly Dollar will remain in this matter and there will not be a need for Jolly Dollar to engage in any discovery in this matter.

Accordingly, a temporary stay of discovery pending Jolly Dollar's Motion to Compel is warranted so that the Court can decide the pending dispositive motion without burdening the parties or Court with time consuming and costly discovery.

### c. The New York Plaintiff will not be prejudiced by a temporary stay of discovery.

Good cause exists for a stay of discovery since the New York Plaintiff will suffer no prejudice if the Court were to grant a temporary stay of discovery while it decides the Motion to Compel, nor can Plaintiff credibly claim otherwise.

"[G]ood cause for discovery stay exists where [a] dispositive motion has been filed and [a] stay is for short time period that does not prejudice opposing party." *Nankivil,* 216 F.R.D. at 692 (citations omitted).  Although this case has been pending for over a year, Jolly Dollar has barely been in this case for two months as it was only recently added in Plaintiffs' fourth pleading in this matter.  Discovery is not set to disclose in this matter until November 23, 2021. *See* ECF No. 91.  Consequently, a temporary stay will have no adverse (or any) impact on the New York Plaintiff or the Court and, instead, may eliminate the need for, or at least properly focus, discovery. *See Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.*, 2017 WL 3394231, at *2 (M.D. Fla. Aug. 8, 2017) (finding it "appropriate to exercise its broad discretion to stay this

action" pending "judicial resolution of the motions to dismiss" where plaintiff would "suffer little harm from not engaging [in] discovery" as the case was "still in its early stage"). Since a stay will not prejudice the New York Plaintiff, good cause exists and a stay is warranted for this additional reason.

### d.  Jolly Dollar will be prejudiced unless discovery is stayed.

Jolly Dollar, on the other hand, will also be irreparably harmed if the Court does not stay the trial court proceedings.  "Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004).  Even the Ninth Circuit, which is traditionally hostile to arbitration, has conceded that "If [a] party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration—speed and economy—are lost forever." *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984).  The Ninth Circuit went on to find that "this consequence [is] serious, perhaps, irreparable and effectually challenged only by immediate appeal." *Id.* (internal quotations omitted).  Other courts that have addressed the issue have held that the irreparable harm standard is easily satisfied when a party denied the right to arbitrate is faced with incurring the cost of litigation in a non-arbitral forum. *See, e.g.*, *Wuest v. Comcast Cable Communications Mgmt., LLC*, 17-CV-04063-JSW, 2017 WL 5569819, at *1 (N.D. Cal. Nov. 20, 2017) ("The Court also finds that Defendants would be irreparably injured if the Court did not stay this action pending appeal. When a party is denied the opportunity to arbitrate and is required to incur the expense and delay of trial before being able to appeal, 'the advantages of arbitration—speed and economy—are lost forever.' [*Alascom*, 727 F.2d at 1422].").

Moreover, further litigation in this tribunal would create a risk of inconsistent handling of the case by two tribunals.  *See, e.g.*, *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) ("Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals.")  This harm is not hypothetical, as demonstrated by the broad-based class discovery already propounded by Plaintiffs to Jolly Dollar.  If Plaintiff is forced to respond to those discovery requests, or any other, pursuant to the broader discovery parameters set by the Federal Rules of Civil Procedure, it would be irreparably harmed because it would incur substantial expense and might have to provide court-like discovery that would otherwise be unavailable to the New York Plaintiff during the more limited discovery available in AAA arbitration.

In sum, the Court should stay discovery with regard to Jolly Dollar to avoid the irreparable harm that will be suffered by Jolly Dollar in the absence of such a stay.

## III.    CONCLUSION

For the aforementioned reasons, Jolly Dollar respectfully requests that discovery as it relates to Jolly Dollar be stayed pending resolution of its Motion to Compel.

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*s/ Yaniv Adar*
Yaniv Adar, Esq.

Dated:  September 8, 2020

Respectfully submitted,

MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Yaniv Adar*
      Yaniv Adar, Esq.
      Florida Bar No. 63804
      yaniv@markmigdal.com
      Joshua A. Migdal, Esq.
      Florida Bar No. 19136
      josh@markmigdal.com
      eservice@markmigdal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of September 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Yaniv Adar*
      Yaniv Adar, Esq.