## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CORI ANN GINSBERG, NOAH MALGERI,
KAYLYN WOLF, BILL WILSON, SHANNON
HOOD, ERIC FISHON, and
ROBERT MCKEOWN, on behalf of themselves
and all others similarly situated,

        Plaintiffs,                               CASE NO.: 1:19-CV-22702-KMW

v.

VITAMINS BECAUSE, LLC, CT HEALTH
SOLUTIONS LLC, GMAX CENTRAL,
INSPIRE NOW PTY, LTD d/b/a BoostCeuticals,
ASQUARED BRANDS LLC, HEALTHY WAY
RX LLC, KHAKIWARE INC., and
JOLLY DOLLAR SUPPLY COMPANY, LLC,

        Defendants.

_____/

### DEFENDANTS', KHAKIWARE, INC. AND HEALTHY WAY RX, LLC, OMNIBUS OBJECTION TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES

Defendants, Khakiware, Inc. and Healthy Way Rx, LLC's (collectively "Khakiware Defendants"), object to Plaintiffs' First Request for Production of Documents and First Set of Interrogatories (collectively "Plaintiffs' Discovery Requests") as follows:

The Khakiware Defendants served its response to Plaintiffs' Discovery Requests noting that there was a Motion to Stay pending before Judge Williams based on a case dispositive Motion to Dismiss that was also pending before Judge Williams. The case dispositive Motion to Dismiss challenges whether the Court has subject matter jurisdiction.

On September 17, 2020, a hearing was held before Judge Torres on the responses to Plaintiffs' Discovery Requests. Judge Torres determined that he did not have the ability to rule on

the Motion to Stay so he required the Defendants, to serve objections to Plaintiffs' Discovery Requests by October 9, 2020, in order to keep the case moving pursuant to the Scheduling Order. Judge Torres specifically noted, however, that his ruling was subject to Judge Williams' ruling on the Motion to Stay.

Judge Williams then set a hearing on October 8, 2020, on the Motion to Stay specifically advising the parties to be prepared to discuss the issues with the Motions to Dismiss. During that hearing, the parties agreed and Judge Williams ruled, that Plaintiffs would file a third amended complaint within 14 days to attempt to invoke the Court's subject matter jurisdiction. Following the amendment, the parties agreed and Judge Williams ruled, that the parties will discuss and agree, if possible, on limited discovery related solely to the subject matter jurisdiction issue. If the parties are unable to agree on the scope of the limited discovery, Judge Williams indicated that she will address that issue. Judge Williams will then rule on the subject matter jurisdiction issue, if necessary.

In light of Judge Williams' ruling, which was based on the agreement of all parties, the Khakiware Defendants file this omnibus objection to Plaintiffs' Discovery Requests because they are inconsistent with the parties' agreement and Judge Williams' Order regarding how this case is to proceed.

The Khakiware Defendants also specifically object to each of Plaintiffs' Discovery Requests because they contain improper and unauthorized "Definitions" and "Instructions." The "Definitions" and "Instructions" are not permitted or authorized by the Federal Rules of Civil Procedure, the Local Rules or case law. In addition, the "Definitions" and "Instructions" are inconsistent with the Federal Rules of Civil Procedure and attempt to create obligations that do not otherwise exist.

The Khakiware Defendants also object to each of the individual discovery requests because they are immaterial, irrelevant and not reasonably calculated to the discovery of admissible evidence as the claimed damages asserted in this lawsuit are limited to SAMe manufactured by Vitamins Because and CT Health.  Moreover, each of the individual requests are overbroad and not reasonably limited in time or scope and are unduly burdensome.  Moreover, responding to Plaintiffs' Discovery Requests before a determination of whether this Court has subject matter jurisdiction would be unduly burdensome and not proportional to the issues in the case. Moreover, the number of interrogatories Plaintiffs' served greatly exceeds the permissible number of interrogatories allowed by the Federal Rules of Civil Procedure.  Lastly, the information sought seeks confidential and sensitive business information that she be subject to a stipulated protective order.

Dated: October 9, 2020                                    Respectfully submitted,


                                                          */s/Joseph A. Sorce*
                                                          Joseph A. Sorce        FBN  38288
                                                          Joseph A. Sorce & Associates, P.A.
                                                          999 Ponce De Leon Blvd., Ste. 1020
                                                          Coral Gables, Florida 33134
                                                          Telephone: (305) 529-8577
                                                          *jsorce@flconstructionlawyer.com*
                                                          *Counsel for Khakiware, Inc. and Healthy Way Rx, LLC*


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9 day of October, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to all counsel of record.

                                                          */s/Joseph A. Sorce*