UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-22702-KMW

CORI ANN GINSBERG, NOAH MALGERI, KALYN WOLF, BILL WILSON, SHANNON HOOD, ERIC FISHON, and ROBERT MCKEOWN on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

VITAMINS BECAUSE LLC, CT HEALTH SOLUTIONS LLC, GMAX CENTRAL LLC, ASQUARED BRANDS LLC, INSPIRE NOW PTY LTD d/b/a BoostCeuticals, HEALTHY WAY RX LLC, KHAKIWARE INC, and JOLLY DOLLAR SUPPLY COMPANY, LLC,

    Defendants.

_____

**PLAINTIFFS' NOTICE OF COMPLIANCE**

Plaintiffs, Cori Ann Ginsberg, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, and Robert McKeown (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated, by and through undersigned counsel, hereby file their Notice of Compliance in connection with the March 4, 2021 Telephonic Discovery Hearing before Magistrate Judge Edwin G. Torres, and state as follows:

**I. PLEASE TAKE NOTICE** that, pursuant to the Order Setting Discovery Procedures before Judge Torres, Plaintiffs, by and through undersigned counsel, have scheduled a discovery hearing to seek to compel the following Defendants to engage in good-faith discovery, provide proper responses and production to discovery requests and/or overrule objections to discovery from:

1) VITAMINS BECAUSE LLC and CT HEALTH SOLUTIONS LLC (together, "Vitamins Because")

Beginning on July 21, 2020, Plaintiffs propounded discovery requests upon Vitamins Because pursuant to the Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34, the Local Rules, and the Scheduling Order in this case. This included: 1) Plaintiffs' First Request for Production of Documents, served on July 21, 2020; 2) Plaintiffs' Second Request for Production of Documents, served on July 30, 2020; 3) Plaintiffs' Third Request for Production of Documents, served on August 21, 2020; 4) Plaintiffs' First Set of Interrogatories, served on July 30, 2020; and 5) Plaintiffs' Requests for Inspection, served on August 13, 2020.

On August 20, 2020, the day Vitamins Because's first discovery responses were due, Vitamins Because filed a Motion to Stay Discovery [DE # 141]. On September 2, 2020, Vitamins Because served Plaintiffs with a Response setting forth:

> [Based on the foregoing asserted facts and legal arguments,] Vitamins Because responds to Plaintiffs' First Request for Production, Second Request for Production and First Set of Interrogatories by asking the Plaintiffs to agree to an extension of time pending a ruling on the Motion to Stay and, failing that, by respectfully requesting that the Court extend Vitamins Because's, and the co-Defendants', deadlines to respond to Plaintiffs' discovery requests until such time as Judge Williams rules on the pending Motion to Stay and Motions to Dismiss.

*Id.*, at 4.

Plaintiffs' counsel disagreed that discovery be put on hold while Defendants' motions are pending before the District Court. At a September 17, 2020 teleconference hearing before the Magistrate Judge Torres, the Court enforced the Scheduling Order and directed Vitamins Because and other Defendants who had not properly responded to Plaintiffs' discovery requests to respond by October 9, 2020, subject to any intervening ruling by the District Court. On October 8, 2020, Judge Kathleen M. Williams declined to get involved or make any intervening ruling but clarified that the outstanding discovery order from Judge Torres needed to be complied with and written responses to discovery had to be provided. *See* Transcript of Telephonic Hearing Held Before The Honorable Kathleen M. Williams, October 8, 2020, p. 28, 32.

On October 9, 2020, counsel for Vitamins Because served Plaintiffs with an Omnibus Objection to Plaintiffs' First Request for Production, Second Request for Production and First Set of Interrogatories. The objection referenced Vitamins Because's prior discovery response, the

2

Magistrate's discovery order, and Judge William's directives to the parties on October 8th, and objected to Plaintiffs' Discovery Requests on the grounds that "they are inconsistent with the parties' agreement and Judge Williams' Order regarding how this case is to proceed." Vitamins Because also stated a number of conclusory boilerplate objections.

Following discussion between the parties regarding the scope of discovery necessary for Plaintiffs final repleading of the Complaint, Plaintiff's filed their Third Amended Complaint on October 23, 2020, and all motions on the pleadings and related briefings by the parties were filed in November. Plaintiff's counsel reached out to counsel for Defendants on January 11, 2021 regarding the status of discovery and the outstanding discovery requests. Plaintiffs and Vitamins Because maintain irreconcilable differences as to whether the parties must engage in discovery until the District Court rules on Defendants' Motions on the pleadings, including their Motion to Dismiss, or otherwise amends the Scheduling Order. It is Vitamins Because's position that, given the Order dismissing the amended complaint for lack of subject matter jurisdiction and Judge Williams' comments regarding discovery at the October 8, 2020 hearing, the Court is not expecting any discovery to proceed prior to ruling on the current motions to dismiss. Plaintiffs maintain that no stay of discovery has been ordered and the Scheduling Order requires the parties to engage in discovery at this time.

Responses to Plaintiffs' First, Second, and Third Requests for Production of Documents, First Set of Interrogatories, and Requests for Inspection are now past due and Vitamins Because has again, despite the Court's prior discovery Order, failed to respond to the discovery requests in accordance with FRCP 34(b)(2) and the Order Setting Discovery Procedures. Specifically, Vitamins Because's discovery responses do not address Plaintiffs' Discovery Requests individually, make conclusory boilerplate objections, lack specificity and explanation as to how the requests are overbroad, not reasonably limited in time or scope, disproportionate, unduly burdensome, and otherwise objectionable. The discovery responses also fail to identify, produce, or otherwise describe the category of documents/information that have been withheld on the basis of their objections. Plaintiffs have been unable to confer with Vitamins Because regarding their objections and the scope of discovery to be produced as they have maintained that discovery should not proceed at this time. Vitamins Because has otherwise not responded at all to Plaintiffs' Third Request for Production of Documents and Plaintiffs' Requests for Inspection. Plaintiffs have scheduled this Discovery Hearing to request that this Court compel Vitamins Because's proper

3

discovery responses and production. Plaintiffs also request a ruling clarifying that Vitamins Because has waived all objections to discovery requests which are now past due and consider sanctions pursuant to the Magistrate's Standing Order, §5.

    2) GMAX CENTRAL LLC ("Gmax")

On August 5, 2020, Plaintiffs propounded discovery requests upon Gmax pursuant to the Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34, the Local Rules, and the Scheduling Order in this case. This included: 1) Plaintiffs' First Request for Production of Documents, served on August 5, 2020; 2) Plaintiffs' First Set of Interrogatories, served on August 5, 2020.

On September 3, 2020, counsel for Gmax informed counsel for Plaintiffs that Gmax would raise the same objections to discovery which were asserted by Vitamins Because and requested that Plaintiffs agree to an extension for Gmax's discovery responses until after the Court rules on Defendants' motions. Plaintiffs' counsel conveyed to counsel for Gmax that it did not agree to have discovery be put on hold while Defendants' motions are pending before the District Court.

On September 4, 2020, Gmax served Plaintiffs with objections to their discovery requests. The objections failed to respond to the discovery requests in accordance with FRCP 34(b)(2) and the Order Setting Discovery Procedures. For example, Gmax's discovery responses did not address Plaintiffs' Discovery Requests individually, but rather simply incorporated in the objections and arguments made by Vitamins Because by reference, and further objected to Plaintiffs' discovery requests while its motion to compel arbitration was pending. On October 9, 2020, following the Magistrate's discovery order and Judge William's October 8th conference, counsel for Gmax served Plaintiffs with Supplemental Objections and Responses to Plaintiffs' First Request for Production and First Set of Interrogatories.

Following discussion between the parties regarding the scope of discovery necessary for Plaintiffs final repleading of the Complaint in October 2020, Plaintiff's filing of their Third Amended Complaint on October 23rd, motions on the pleadings and related briefings by the parties in November, and the holiday season in December, Plaintiff's counsel reached out to counsel for Gmax along with the rest of the Defendants on January 11, 2021 regarding the status of discovery and the outstanding discovery requests. Plaintiffs' counsel requested that the parties, including Gmax, confer regarding their discovery production, or otherwise ask the Magistrate to clarify the

4

status of discovery at this time. On January 27, 2021, counsel for Gmax conveyed its availability for a discovery hearing before the Magistrate.

Plaintiffs and Gmax thus maintain irreconcilable differences as to whether parties in the case must engage in good-faith discovery until the time when the District Court rules on Defendants' Motions on the pleadings or otherwise amends the Scheduling Order. Plaintiffs have been unable to confer with Gmax regarding their objections and the scope of discovery to be produced as they appear to maintain that discovery should not proceed at this time. Plaintiffs have scheduled this Discovery Hearing to request that this Court clarify that the parties must engage in good-faith discovery until the Scheduling Order is amended or the Court orders them otherwise, as well as compel discovery production from Gmax and other Defendants.

3) HEALTHY WAY RX LLC and KHAKIWARE INC (together, "Healthy Way")

On August 7, 2020, Plaintiffs propounded discovery requests upon Healthy Way pursuant to the Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34, the Local Rules, and the Scheduling Order in this case. This included: 1) Plaintiffs' First Request for Production of Documents, served on August 7, 2020; 2) Plaintiffs' First Set of Interrogatories, served on August 7, 2020.

On September 3, 2020, counsel for Healthy Way informed counsel for Plaintiffs that Healthy Way would raise the same objections to discovery which were asserted by Vitamins Because and similarly requested that Plaintiffs agree to an extension for Healthy Way's discovery responses until after the Court rules on Defendants' motions. Plaintiffs' counsel conveyed to counsel for Healthy Way that it did not agree to have discovery be put on hold while Defendants' motions are pending before the District Court.

On September 4, 2020, Healthy Way served Plaintiffs with objections to their discovery requests. The objections incorporated in the objections and arguments made by Vitamins Because and Gmax by reference. On October 9, 2020, following the Magistrate's discovery order and Judge William's October 8th conference, counsel for Healthy Way served Plaintiffs with an Omnibus Objection to Plaintiffs' First Request for Production and First Set of Interrogatories. The objection stated the same arguments made by Vitamins Because in its October 9th Omnibus Objection.

Following discussion between the parties regarding the scope of discovery necessary for Plaintiffs final repleading of the Complaint in October 2020, Plaintiff's filing of their Third Amended Complaint on October 23rd, motions on the pleadings and related briefings by the parties in November, and the holiday season in December, Plaintiff's counsel reached out to counsel for

5

Defendants on January 11, 2021 regarding the status of discovery and the outstanding discovery requests. Plaintiffs' counsel requested that the parties, including Healthy Way, confer regarding their discovery production, or otherwise ask the Magistrate to clarify the status of discovery at this time. On January 27, 2021, counsel for Gmax conveyed its availability for a discovery hearing before the Magistrate.

Plaintiffs and Healthy Way maintain irreconcilable differences as to whether parties in the case must engage in discovery until the time when the District Court may rule on Defendants' Motions on the pleadings or otherwise amend the Scheduling Order. It is Healthy Way's position that the Court is not expecting any discovery to proceed at this time. Plaintiffs maintain that no stay of discovery has been ordered and the scheduling order still requires the parties to engage in discovery at this time.

Responses to Plaintiffs' First Request for Production of Documents and First Set of Interrogatories are now past due and Healthy Way has again, despite the Court's prior discovery order, failed to respond to the discovery requests in accordance with FRCP 34(b)(2) and the Order Setting Discovery Procedures. Specifically, Healthy Way's discovery responses do not address Plaintiffs' Discovery Requests individually, make conclusory boilerplate objections, lack specificity and explanation as to how the requests are overbroad, not reasonably limited in time or scope, disproportionate, unduly burdensome, and otherwise objectionable. The discovery responses also fail to identify, produce, or otherwise describe the category of documents/information that have been withheld on the basis of their objections. Plaintiffs have been unable to confer with Healthy Way regarding their objections and the scope of discovery to be produced as they have maintained that discovery should not proceed at this time. Plaintiffs have scheduled this Discovery Hearing to request that this Court compel Healthy Way's proper discovery responses and production. Plaintiffs also request a ruling clarifying that Healthy Way has waived all objections to discovery requests which are now past due and consider sanctions pursuant to the Magistrate's Standing Order, §5.

4) JOLLY DOLLAR SUPPLY COMPANY, LLC ("Jolly Dollar")

On August 7, 2020, Plaintiffs propounded discovery requests upon Jolly Dollar pursuant to the Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34, the Local Rules, and the Scheduling Order in this case. This included: 1) Plaintiffs' First Request for Production of

Documents, served on August 7, 2020; 2) Plaintiffs' First Set of Interrogatories, served on August 7, 2020.

On September 8, 2020, the day Jolly Dollar's discovery responses were due, Jolly Dollar filed a Motion to Stay Discovery [DE # 152] "until such time that the Court rules on Jolly Dollar's Motion to Compel Arbitration [DE # 139]." On September 8, 2020, Jolly Dollar also served Plaintiffs with Responses and Objections to their discovery requests. The Responses and Objections were presented following the FRCP 34 format and assert many "general objections," as well as a number of "specific objections" making use of several repeated formulae and ultimately concluding that Jolly Dollar will not be responding to any Request for Production or Interrogatory.

On October 9, 2020, following the Magistrate's discovery order and Judge William's October 8th conference, counsel for Jolly Dollar served Plaintiffs with Amended Responses to and Objections to Plaintiffs' First Request for Production and First Set of Interrogatories. Plaintiffs and Jolly Dollar have conferred regarding Jolly Dollar's many asserted objections and the scope of discovery production in the case. It is the understanding of Plaintiffs' counsel that Jolly Dollar is prepared to make discovery productions as agreed upon by their Counsel during the discovery phase of the case.

Following discussion between the parties regarding the scope of discovery necessary for Plaintiffs final repleading of the Complaint in October 2020, Plaintiff's filing of their Third Amended Complaint on October 23rd, motions on the pleadings and related briefings by the parties in November, and the holiday season in December, Plaintiff's counsel reached out to counsel for Jolly Dollar along with the rest of the Defendants on January 11, 2021 regarding the status of discovery and the outstanding discovery requests. Plaintiffs' counsel requested that the parties, including Jolly Dollar, confer regarding their discovery production, or otherwise ask the Magistrate to clarify the status of discovery at this time.

Plaintiffs and Jolly Dollar maintain irreconcilable differences as to whether parties in the case must engage in good-faith discovery at this time. Plaintiffs have not received the agreed upon discovery production from Jolly Dollar as Jolly Dollar appears to maintain that discovery should not proceed at this time. Plaintiffs have scheduled this Discovery Hearing to request that this Court clarify that the parties must engage in good-faith discovery until the Scheduling Order is amended

or the Court orders them otherwise, as well as compel discovery production from Jolly Dollar and other Defendants.

    5) ASQUARED BRANDS, LLC ("aSquared")

On August 6, 2020, Plaintiffs propounded discovery requests upon aSquared pursuant to the Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34, the Local Rules, and the Scheduling Order in this case. This included: 1) Plaintiffs' First Request for Production of Documents, served on August 6, 2020; 2) Plaintiffs' First Set of Interrogatories, served on August 6, 2020.

On August 27, 2020, counsel for aSquared reached out to Plaintiffs to seek a 30-day extension, until October 8, 2020, to provide its discovery responses. On September 2, 2020, Plaintiffs agreed to the requested extension on the understanding that aSquared agreed to respond to Plaintiffs' discovery demands and produce responsive records (subject to and without waiver of their objections). On October 8, 2020, aSquared served Plaintiffs with Responses to Plaintiffs' First Request for Production and First Set of Interrogatories.

Following discussion between the parties regarding the scope of discovery necessary for Plaintiffs final repleading of the Complaint in October 2020, Plaintiff's filing of their Third Amended Complaint on October 23rd, motions on the pleadings and related briefings by the parties in November, and the holiday season in December, Plaintiff's counsel reached out to counsel for aSquared along with the rest of the Defendants on January 11, 2021 regarding the status of discovery and the outstanding discovery requests. Plaintiffs' counsel requested that the parties, including aSquared, confer regarding their discovery production, or otherwise ask the Magistrate to clarify the status of discovery at this time. On January 27, 2021, counsel for aSquared conveyed its availability for a discovery hearing before the Magistrate.

Plaintiffs and aSquared thus maintain irreconcilable differences as to whether parties in the case must engage in good-faith discovery at this time. Plaintiffs have been unable to confer with Gmax regarding their objections and the scope of discovery to be produced as they appear to maintain that discovery should not proceed at this time. Plaintiffs have scheduled this Discovery Hearing to request that this Court clarify that the parties must engage in good-faith discovery until the Scheduling Order is amended or the Court orders them otherwise, as well as compel discovery production from aSquared and other Defendants.

6) INSPIRE NOW PTY LTD d/b/a BoostCeuticals ("Inspire Now")

On August 13, 2020, Plaintiffs propounded discovery requests upon Inspire Now pursuant to the Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34, the Local Rules, and the Scheduling Order in this case. This included: 1) Plaintiffs' First Request for Production of Documents, served on August 13, 2020; 2) Plaintiffs' First Set of Interrogatories, served on August 13, 2020.

On October 9, 2020, following the Magistrate's discovery order and Judge William's October 8th conference, counsel for Inspire Now served Plaintiffs with a Response to Plaintiffs' First Request for Production and First Set of Interrogatories. The Response stated the same arguments made by Vitamins Because in its October 9th Omnibus Objection. In November 2020, counsel for Plaintiffs and Inspire Now corresponded and briefly discussed the scope of discovery production.

Following those discussions, Plaintiff's filing of their Third Amended Complaint on October 23rd, motions on the pleadings and related briefings by the parties in November, and the holiday season in December, Plaintiff's counsel reached out to counsel for Inspire Now along with the rest of the Defendants on January 11, 2021 regarding the status of discovery and the outstanding discovery requests. Plaintiffs' counsel requested that the parties, including Inspire Now, confer regarding their discovery production, or otherwise ask the Magistrate to clarify the status of discovery at this time. On January 28, 2021, counsel for Inspire Now conveyed its availability for a discovery hearing before the Magistrate.

Plaintiffs and Inspire thus maintain irreconcilable differences as to whether parties in the case must engage in good-faith discovery at this time. It is Inspire Now's position that the Court is not expecting any discovery to proceed at this time. Plaintiffs maintain that no stay of discovery has been ordered and the scheduling order still requires the parties to engage in discovery at this time.

Responses to Plaintiffs' First Request for Production of Documents and First Set of Interrogatories are now past due and Inspire Now has, despite the Court's prior discovery order, failed to properly respond to the discovery requests in accordance with FRCP 34(b)(2) and the Order Setting Discovery Procedures. Specifically, Inspire Now's discovery responses do not address Plaintiffs' Discovery Requests individually, make conclusory boilerplate objections, lack

specificity and explanation as to how the requests are overbroad, not reasonably limited in time or scope, disproportionate, unduly burdensome, and otherwise objectionable. The discovery responses also fail to identify, produce, or otherwise describe the category of documents/information that have been withheld on the basis of their objections. Plaintiffs have been unable to complete their discovery discussions with Inspire Now regarding their objections and the scope of discovery to be produced as they have maintained that discovery should not proceed at this time. Plaintiffs have scheduled this Discovery Hearing to request that this Court compel Inspire Now's proper discovery responses and production. Plaintiffs also request a ruling clarifying that Inspire Now has waived all objections to discovery requests which are now past due and consider sanctions pursuant to the Magistrate's Standing Order, §5.

## MEET AND CONFER CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiffs have conferred with counsel for Vitamins Because, Gmax, Healthy Way, Jolly Dollar, aSquared, and Inspire Now in a good faith effort to resolve the issue as to whether discovery in the case must continue while Defendants' motions on the pleadings remain pending before the District Court and have been unable to do so. Defendants Vitamins Because, Gmax, Healthy Way, Jolly Dollar aSquared, and Inspire Now oppose the relief requested by Plaintiffs.

**II. PLEASE TAKE NOTICE** that, pursuant to the Order Setting Discovery Procedures before Magistrate Judge Edwin Torres, Plaintiffs, by and through undersigned counsel, request that the Court issue a ruling on Defendant Vitamins Because's Objection to and Motion to Quash Plaintiffs' Notice of Subpoena to Produce Documents directed to non-party, Azorio LLC [DE # 144], which was referred to Magistrate Judge Torres by the District Court to take any appropriate action required by law [DE # 148]. As directed by the Magistrate, Plaintiffs filed their opposition in writing on September 25, 2020 [DE # 163], and Vitamins Because filed a Reply on October 2, 2020 [DE # 169]. The matter has thus been fully briefed by the parties.

## MEET AND CONFER CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiffs conferred with counsel for Vitamins Because in September 2020 regarding the relief sought by Vitamins Because's Motion in a good

faith effort to resolve and/or narrow the issues raised in the motion but has been unable to do so. Plaintiffs oppose the relief requested by Defendant Vitamins Because.

DATED: March 1, 2021	By: */s/ Barbara Perez*
Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
8950 SW 74 Court
Town Center One, Suite 2201
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com


Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com


Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served on all counsel of record on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.


By: */s/ Barbara Perez*

## SERVICE LIST
Ginsberg, et al. vs. Vitamins Because, LLC, et al.
Case No.: 19-cv-022702-KMW

**Attorneys for PLAINTIFFS**:

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
8950 SW 74 Court
Town Center One, Suite 2201
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

**Attorneys for DEFENDANTS:**

*Defendants*, **VITAMIN BECAUSE LLC and CT HEALTH SOLUTIONS LLC:**

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F
Tampa, Florida 33606
Tel: 813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

*Defendant*, **GMAX CENTRAL LLC:**

Leon N. Patricios (FBN 0012777)
Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
Kevin M. Bell (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com
kevin.bell@agg.com

*Defendant*, **ASQUARED BRANDS LLC:**

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

13

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com

*Defendants*, **HEALTHY WAY RX LLC, KHAKIWARE INC:**

Joseph A. Sorce, Esq. (FBN 37288)
**JOSEPH A. SORCE & ASSOCIATES, PA**
999 Ponce de Leon Boulevard, Suite 1020
Coral Gables, FL 33134
Tel. 305-529-8544
jsorce@flconstructionlawyer.com

*Defendant*, **JOLLY DOLLAR SUPPLY COMPANY:**

Joshua A. Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: 305-374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

*Defendant*, **INSPIRE NOW PTY LTD d/b/a BoostCeuticals:**

Bretton I. Pollack
**POLLACK, POLLACK & KOGAN, LLC**
Courthouse Tower
44 West Flagler Street
Suite 2050
Miami, Florida 33130
Telephone: (305) 373-9676
Brett.Pollack@PPKFirm.com