UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CORI ANN GINSBERG, NOAH MALGERI,
KAYLYN WOLF, BILL WILSON, SHANNON
HOOD, and ROBERT MCKEOWN, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

VITAMINS BECAUSE, LLC, CT HEALTH
SOLUTIONS LLC, GMAX CENTRAL,
INSPIRE NOW PTY, LTD d/b/a BoostCeuticals,
ASQUARED BRANDS LLC, HEALTHY WAY
RX LLC, KHAKIWARE INC., and
JOLLY DOLLAR SUPPLY COMPANY, LLC,

    Defendants.
_____/

Case No.: 1:19-cv-22702-KMV

## DEFENDANTS' VITAMINS BECAUSE AND CT HEALTH SOLUTIONS' OBJECTION TO MAGISTRATE'S ORAL RULING, MOTION FOR PROTECTIVE ORDER, AND MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant Federal Rule of Civil Procedure 72(b)(2), Federal Rule of Civil Procedure 26(c), and the Court's inherent authority, Defendants Vitamins Because, LLC and CT Health Solutions, LLC (collectively "Vitamins Because") respectfully object to Magistrate Judge Torres' March 4, 2021 oral ruling requiring Defendants to engage in discovery, move for the entry of a protective order, and request that this Honorable Court stay all discovery pending a ruling on Vitamins Because's Motion to Dismiss the Third Amended Complaint [DKT 188] for lack of subject matter jurisdiction.

On March 4, 2021, Magistrate Judge Torres, upon motion by plaintiffs, ordered the parties to engage in merits discovery despite the pendency of the Motion to Dismiss the Third Amended

Complaint, the Court's prior dismissal of the case for lack of subject matter jurisdiction, and the comprehensive discussion related to the scope of discovery that occurred at the October 8, 2020 hearing before this Honorable Court.  Specifically, Magistrate Judge Torres ordered the defendants to substantively answer the currently pending merit interrogatories within 21 days of the hearing. Additionally, recognizing Plaintiffs' then-pending Requests for Production ("RFP") were overbroad and difficult to understand, Magistrate Judge Torres ordered Plaintiffs to serve new RFPS for Defendants to answer within 30 days of service.[1]  On March 11, 2021, Plaintiffs served Vitamins Because with more than 75 broad and wide-ranging document requests and also served Vitamins Because with a Notice to Test and Inspect.[2]  A copy of the Discovery Requests are attached hereto as Exhibit A.  Vitamins Because believes that it was this Honorable Court's intent when it denied Vitamins Because's prior Motion to Stay Discovery **as moot** that no discovery was to proceed unless and until the defendants made a factual challenge to Plaintiffs' anticipated Third Amended Complaint.  *See generally* October 8, 2020, hearing transcript attached hereto as Exhibit B, Order, attached as Exhibit C.  Vitamins Because, however, filed a motion to dismiss Plaintiffs' Third Amended Complaint based on facial challenge to the Court's subject matter jurisdiction.

As the Court appeared to recognize during the October 8, 2020, hearing, under these circumstances, it is inappropriate to engage in extensive and expensive discovery.  *See, e.g., Lowery v. Ala. Power Co.,* 483 F.3d 1184 (11th Cir. 2007)("In such a situation, the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had – but did not – before coming through the courthouse doors, even though the court

---

[1] There has been no written order entered and Vitamins Because has not yet received the transcript of the hearing.

[2] Importantly, Magistrate Judge did not authorize the Request for an Inspection.

would have the inherent power to do so."); *In re Zantac,* 2020 WL 6907056 *18 (S.D. Fla. Nov. 24, 2020) ("[A] party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts or an insufficient pre-filing investigation."). Indeed, at the October 8, 2021, hearing the Court appeared to recognize this in the face of Plaintiffs' arguments that it had previously served discovery that addressed a wide range of issues, including the amount in controversy. Indeed, the Court correctly stated: "I am going to cut you off because I think your argument goes to a scope question. But certainly the CAFA did not anticipate a scenario where a class action allegation was brought invoking the jurisdiction of the Court – where the plaintiffs in response to a facial attack of the complaint we need discovery because we just could not give you any more factual predicate." Exhibit A at p. 12. Five months later, Plaintiffs noticed a discovery hearing before Magistrate Judge Torres on these exact issues. While Vitamins Because disagrees with his ruling, Magistrate Judge Torres explained that his hands were tied in light of the operative scheduling order and encouraged the defendants to file a motion to stay.

If discovery is allowed to proceed prior to a ruling on the Court's subject matter jurisdiction, Vitamins Because will be severely prejudiced. "It is not a small thing to file a lawsuit that brings someone involuntarily into federal court. Prior to filing such a lawsuit, a plaintiff is required to conduct a meaningful investigation to determine that the facts permit the defendant to be sued in the court where the lawsuit will be filed." *In re Zantac,* 2020 WL 6907056 *18 (S.D. Fla. Nov. 24, 2020). For that reason, "[d]efendant should not be made to bear the costs triggered by Plaintiffs' discovery requests until such time as Plaintiffs have presented a viable complaint properly invoking this court's subject matter jurisdiction with sufficient well-pleaded factual allegations in support of their claims." *Patton v. Tuskegee Fed. Credit Union,* 2018 U.S. Dist. LEXIS 44501 at *23 (M.D. Ala. Mar. 16, 2018) ("As such, Plaintiffs' Motion for Leave to Allow

Limited Discovery is due to be denied."); *see also Gallon v. Harbor Freight Tools USA, Inc.,* 2017 U.S. Dist. LEXIS 53430 at *9 (M.D. Fla. Apr. 7, 2017)("Such jurisdictional discovery is improper where, as here, Defendant offers only speculation and conclusory allegations concerning subject matter jurisdiction"); *Naples Laser & Medspa, Inc. v. Images Med Spa Mokena, LLC,* 2017 U.S. Dist. LEXIS 27479 *3 (M.D. Fla. Feb. 28, 2017) (denying request for discovery because "Defendants removed the case without sufficient factual information regarding plaintiff's citizenship, or the amount in controversy, and cannot utilize federal court processes to bootstrap their jurisdictional omissions."); *CHIS, LLC v. Liberty Mutual Holding Co.,* 2015 U.S. Dist. LEXIS 90175 * 21-22 (M.D. Ga. July 13, 2015)("the Court declines to allow jurisdictional discovery because CHIS has failed to allege a prima facie case of personal jurisdiction over LMHC"); *Cold Smoke Capital, LLC v. Gross,* 2012 U.S. Dist. LEXIS 117955 *25 (N.D. Ga. Aug. 12, 2012) (where no prima facie showing of jurisdiction had been made, the Court found that "Cold Smoke does not have a right to jurisdictional discovery."). Here, Plaintiffs sued the defendants in a purported class action. Defendants filed a motion to dismiss the Third Amended Complaint on the basis that Plaintiffs have not adequately invoked the subject matter jurisdiction of this Honorable Court. Under these circumstances, proceeding with discovery in general – especially the discovery requests served by Plaintiffs - is likely to be an enormous waste of resources. *See, e.g., Lowery,* 483 F.3d at 1216 ("In deciding if dismissal is proper, a court would look only to the facts as alleged in the complaint and would not waste limited judicial resources by directing its inquiry elsewhere.").

At this point in the litigation, there will be little prejudice to the plaintiffs or the putative class in staying discovery pending resolution of Vitamins Because's Motion to Dismiss. In fact, in a nearly identical purported class action Plaintiff Ginsberg filed against Vitamins Because and

another retailer defendant in this District, Judge Altonaga was informed of the subject matter jurisdiction challenge and, as a result, she administratively closed the case, in part, in order to allow "for the jurisdictional motion in the prior action to be resolved." *Ginsberg v. Azorio, et al.*, Case No.: 20-cv-22329-CMA (S.D. Fla. August 11, 2020) (Order, Dkt. 31). Discovery in this case should be similarly stayed pending resolution of the jurisdictional issues. While there is little to no prejudice to Plaintiffs in a stay, there is significant prejudice to the Defendants because discovery is sure to be burdensome and expensive.

Because Vitamins Because's Motion is meritorious and likely to result in dismissal of the case good cause exists for this Honorable Court to overrule Magistrate Judge Torres' oral pronouncement regarding discovery, enter a protective order protecting Vitamins Because from having to respond to the voluminous discovery, and briefly stay discovery pending a ruling on the subject matter jurisdiction issue.

Based on the foregoing, Vitamins Because respectfully requests that this Honorable Court enter an order staying discovery pending its ruling on Vitamins Because's Motion to Dismiss Third Amended Complaint.

Dated: March 18, 2021               Respectfully submitted,

/s/Scott W. Anderson
David S. Johnson     FBN  096423
Scott W. Anderson    FBN  738311
JOHNSON DABOLL ANDERSON, PLLC
2011 W Cleveland Street, Suite F
Tampa, Florida 33606
Telephone: (813) 377-2499
Fax: (813) 330-3156
djohnson@jdalegal.com
sanderson@jdalegal.com
*Counsel for Vitamins Because and CT Health Solutions*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to the following counsel of record on the attached service list.

/s/Scott W. Anderson

## SERVICE LIST

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
ARONOVITZ LAW
2 South Biscayne Boulevard
One Biscayne Tower
Suite 3700
Miami, FL 33131
Tel: 305-372-2772 Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com
Attorneys for Plaintiffs

Jay I. Brody (Admitted Pro Hac Vice)
Gary S. Graifman (Admitted Pro Hac Vice)
KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.
747 Chestnut Ridge Road Chestnut Ridge
New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com
Attorneys for Plaintiffs

Nicholas A. Migliaccio
Jason S. Rathod
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com
Attorneys for Plaintiffs

Brendan H. Little
LIPPES MATHIAS WEXLER
FRIEDMAN, LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com

Alessandro A. Apolito
LIPPES MATHIAS WEXLER
FRIEDMAN, LLP
822 US Highway A1A, Suite 101
Ponte Vedra Beach, FL 32082
Tel: 904-660-0020
aapolito@lippes.com
Attorneys for ASquared Brands

Leon N. Patricios (FBN 0012777)
ZIMPANO PATRICIOS, P.A.
312 Minorca Ave.
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (admitted *pro hac vice*)
ARNALL GOLDEN GREGORY
1775 Pennsylvania Ave., NW
Suite 1000

Joseph A. Sorce
JOSEPH A. SORCE & ASSOCS., P.A.
999 Ponce de Leon Blvd., Suite 1020
Coral Gables, FL 33134
Tel: 305-529-8544
Attorney for Defendants Khakiware, Inc.
and Healthy Way RX, LLC
jsorce@flconstructionlawyer.com

Joshua A. Migdal
Yaniv Adnar
MARK MIGDAL & HAYDEN
80 SW 8th Street, Suite 1999
Miami, FL 33130
T: 305-374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

Washington, DC 20006
T: 202-677-4030
Richard.oparil@agg.com
Attorneys for GMAX Central, LLC

Bretton I. Pollack
POLLACK, POLLACK & KOGAN
Courthouse Tower
44 W. Flagler Street, Suite 2050
Miami, FL 33130
T: 305-373-9676
Brett.pollack@ppkfirm.com
admin@ppkfirm.com
Attorney for Inspire Now PTY Ltd.
d/b/a BoostCeuticals