UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CV-22702-WILLIAMS

CORI ANN GINSBERG, *et al.*

    Plaintiffs,

v.

VITAMINS BECAUSE LLC, *et al.*

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Vitamins Because, LLC and CT Health Solution LLC's motion to dismiss for lack of subject matter jurisdiction. (DE 188.) Plaintiffs filed a response in opposition (DE 190) and Vitamins Because and CT Health Solutions filed a reply (DE 196).

The moving defendants seek dismissal of the Third Amended Complaint on the grounds that "Plaintiffs have failed to adequately allege that the amount in controversy has been met under the Class Action Fairness Act ("CAFA")." (DE 188 at 1.) They specificty that their challenge is only a "facial attack." (*Id.*) As such, the Court only needs to "look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (internal citation and brackets omitted).

"CAFA grants subject matter jurisdiction to federal district courts over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5

1

million, and (3) the proposed plaintiff class contains at least 100 members." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)-(6)).

Pursuant to a facial attack, the amount in controversy requirement is satisfied if a plaintiff "claim[s] a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)).  In these types of challenges, "dismissal for failure to meet the amount-in-controversy requirement is appropriate only 'where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Canopius U.S. Ins. Inc. v. Prestige Gen. Cleaning Servs., Inc.*, 2014 WL 6979658, at *2 (S.D. Fla. Dec. 9, 2014) (citing *Leonard v. Enter. Rent a Car,* 279 F.3d 967, 972 (11th Cir.2002)); *Reilly v. Amy's Kitchen, Inc.*, 2 F. Supp. 3d 1300, 1302 (S.D. Fla. 2014) ("If a claim of the required jurisdictional amount is made in good faith, that claim controls unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'") (citation omitted).  "When determining whether the amount in controversy requirement has been met, district courts should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 730 (11th Cir. 2014).

Based on their well-pled allegations showing that the total amount of compensatory damages from the cost of purchasing the subject products is between $3-$4.25 million[1], and that they are entitled to recover up to $9-$12.6 million in punitive damages pursuant

---

[1] *See* DE 176 at ¶¶ 50; 56; 62; 68; 74; 81; 106; Exhibit H.

to Fla. Stat. §§ 768.72; 768.73(1)[2], Plaintiffs have claimed in good faith that they are seeking damages in excess of $5 million.[3]  These allegations are sufficient to survive a facial challenge because Vitamins Because and CT Health Solutions have failed to show to a "legal certainty" that the actual amount in controversy falls below $5 million.  *See, e.g.*, *Cavalieri v. Avior Airlines C.A.*, 2018 WL 4194080, at *2 (S.D. Fla. Aug. 10, 2018), *report and recommendation adopted*, 2018 WL 5098873 (S.D. Fla. Sept. 18, 2018) (denying motion to dismiss for lack of subject matter jurisdiction where "[d]efendant advances no evidence to support its contention that Plaintiffs cannot meet the jurisdictional threshold, and nothing about Defendant's unsubstantiated challenge suggests to 'a legal certainty' that Plaintiffs cannot meet the jurisdictional amount proffered in their complaint."); *Drax Biomass, Inc. v. Lamb*, 2021 WL 1439932, at *3 (N.D. Ga. Apr. 16, 2021) ("But there is no indication the amount at issue has not been requested in good faith.  And Lamb does not show to a 'legal certainty' that the amount in controversy is not satisfied.  This is enough to reject Lamb's argument."); *Dye v. Bodacious Food Co.*, 2014 WL 12469954, at *3 (S.D. Fla. Sept. 9, 2014) ("[I]t does not appear to a legal certainty that Plaintiff's class claim is really for less than $5,000,000.  The Court will not

---

[2] *See* DE 176 at ¶¶ 88-93; 108; Exhibit I.  *See also Burger King Corp. v. Austin*, 805 F. Supp. 1007, 1025 (S.D. Fla. 1992) ("a claim of negligent misrepresentation that resembles fraud in the inducement may support a claim for punitive damages."); *Scarborough v. Carotex Constr., Inc.*, 2009 WL 10669298, at *3 (S.D. Fla. Nov. 13, 2009) (same).

[3] While Plaintiffs have also pled other categories of damages—such as statutory damages, the value of injunctive relief, and attorney's fees (DE 176 at ¶¶ 107, 109-114)—the Court need not consider the moving defendant's arguments regarding these allegations (DE 188 at 2-3) because the pleadings on compensatory and punitive damages already satisfy the amount in controversy requirement.

dismiss for lack of subject matter jurisdiction."). Accordingly, their motion (DE 188) is **DENIED**.[4]

**DONE AND ORDERED** in chambers in Miami, Florida, this 9th day of June, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[4] Several other defendants have filed motions adopting the arguments raised in this motion, including Healthy Way RX LLC and Khakiware Inc. (DE 182), Jolly Dollar (DE 183), Inspire Now (DE 184), Asquared Brands LLC (DE 185), and GMAX Central LLC (DE 186). The portions of these motions adopting this motion are also **DENIED**.