## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| CORI ANN GINSBERG, NOAH MALGERI, KALYN WOLF, BILL WILSON, SHANNON HOOD, ERIC FISHON and ROBERT MCKEOWN on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v s .<br><br>VITAMINS BECAUSE LLC, CT HEALTH SOLUTIONS LLC, GMAX CENTRAL LLC, ASQUARED BRANDS LLC, INSPIRE NOW PTY LTD d/b/a BoostCeuticals, HEALTHY WAY RX LLC, KHAKIWARE INC, and JOLLY DOLLAR SUPPLY COMPANY, LLC<br><br>        Defendants. | Civil Action No.: 1:19-cv-22702-KMW<br><br>CLASS ACTION |

### ANSWER OF DEFENDANT GMAX CENTRAL, LLC TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT AND CROSS CLAIM

Defendant Gmax Central LLC ("Gmax" or "NusaPure") hereby answers the Third

Amended Class Action Complaint ("TAC") of plaintiffs Cori Ann Ginsberg, Noah Malgeri, Kalyn

Wolf, Bill Wilson, Shannon Hood, Eric Fishon, and Robert McKeown (collectively, "plaintiffs")

as follows.

16740101

## SUMMARY OF THE ACTION

1.   Gmax admits that plaintiffs purport to bring this class action for themselves and other persons and denies the remaining allegations of the paragraph.

2.   Gmax admits the allegations in the first sentence of paragraph 2 and denies the remaining allegations of the paragraph.

3.   Gmax denies the allegations of this paragraph.

4.   Gmax admits its subject product was sold in bottles and  lacks adequate knowledge to admit or deny the remaining allegations of this paragraph.

5.   Gmax denies the allegations of this paragraph and  lacks adequate knowledge to admit or deny the remaining allegations.

6.   Gmax denies the allegations of this paragraph and to it and .

## PARTIES

7.   Gmax admits that plaintiff Cori Ann Ginsberg purports to bring this action in an individual capacity and on behalf of those similarly situated but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

8.   Gmax admits that plaintiff Noah Malgeri purports to bring this action in an individual capacity and on behalf of those similarly situated but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

9.   Gmax admits that plaintiff Kalyn Wolf  purports to bring this action in an individual capacity and on behalf of those similarly situated but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

10.     Gmax admits that plaintiff Bill Wilson purports to bring this action in an individual capacity and on behalf of those similarly situated but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

11.     Gmax admits that plaintiff Shannon Hood purports to bring this action in an individual capacity and on behalf of those similarly situated but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

12.     Gmax admits that plaintiff Eric Fishon purports to bring this action in an individual capacity and on behalf of those similarly situated but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

13.     Gmax admits that plaintiff Robert McKeown purports to bring this action in an individual capacity and on behalf of those similarly situated but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

14.     Gmax admits that defendant Vitamins Because purports to be a contract manufacturer but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

15.     Gmax admits that defendant CT Health purports to be a seller of certain products but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

16.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

17.     Gmax admits the allegations of this paragraph.

18.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

19.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

20.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

21.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

**JURISDICTION AND VENUE**

22.     Gmax admits that the TAC purports to be a class action but denies the remaining allegations of this paragraph.

23.     Gmax does not contest that this Court has personal jurisdiction over it but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

24.     Gmax does not contest that this Court has venue over it but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

**FACTUAL BACKGROUND**

25.     Gmax admits the first two sentences of this paragraph but lacks knowledge or information sufficient to admit or deny the remaining allegations.

26.     Gmax admits the allegations of this paragraph.

27.     Gmax admits that SAMe products have been sold to consumers in the United States, denies that its subject product is a drug or makes disease claims, and lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

28.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

29.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

## SUBSTANTIVE ALLEGATIONS

30.     Gmax admits that Vitamins Because made and sold SAMe products and lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

31.     Gmax admits that Vitamins Because made and sold SAMe products and lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

32.     Gmax denies the allegations as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

33.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

34.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

35.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

36.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

37.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

38.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

39.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

40.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

41.     Gmax admits that at certain points in time it has sold products made by Vitamins Because or CT Heath but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

42.     Gmax denies the allegations as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

43.     Gmax admits that at certain points in time it has sold products made by Vitamins Because or CT Heath but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

44.     Gmax admits that at certain points in time it has sold products made by Vitamins Because or CT Heath but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

45.     Gmax admits that at certain points in time it has sold products made by Vitamins Because or CT Heath, denies the remaining allegations as to it, and lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

46.     Gmax admits that at certain points in time it has sold products made by Vitamins Because or CT Heath, denies the remaining allegations as to it, and lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

47.     Gmax admits that at certain points in time it has sold products made by Vitamins Because or CT Heath, denies the remaining allegations as to it, and lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

48.     Gmax admits that at certain points in time it has sold online products made by Vitamins Because or CT Heath, and lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

49.     Gmax admits that at certain time periods its subject product labels or information were available at certain online sites and lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

50.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

51.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

52.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

53.     Gmax denies the allegations as to its products but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

54.     Gmax admits the allegations as to its products but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

55.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

56.     Gmax admits that at certain points in time it has sold certain products made by Vitamins Because or CT Heath under the brand name NusaPure, including at Amazon.com, and denies the remaining allegations of this paragraph.

57.     Gmax admits that at certain points in time it has sold certain products made by Vitamins Because or CT Heath using a NusaPure private label and denies the remaining allegations of this paragraph.

58.     Gmax admits that at certain points in time the subject product included a NusaPure private label and that Ex. C purports to be a copy of one label and denies the remaining allegations of the paragraph.

59.     Gmax denies the allegations of this paragraph.

60.     Gmax denies the allegations of this paragraph.

61.     Gmax denies the allegations of this paragraph.

62.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

63.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

64.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

65.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

66.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

67.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

68.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

69.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

70.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

71.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

72.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

73.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

74.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

75.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

76.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

77.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

78.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

79.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

80.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

81.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

82.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

83.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

84.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

85.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

86.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

87.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

88.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

89.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

90.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

91.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

92.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

93.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

94.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

95.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

96.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

97.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

98.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

99.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

100,    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

101.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

102.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

103.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

104.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

105.   This paragraph contains conclusions of law to which no response is necessary. To the extent an answer is required Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

106.   This paragraph contains conclusions of law to which no response is necessary. To the extent an answer is required Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

107.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

108.   This paragraph contains conclusions of law to which no response is necessary. To the extent an answer is required Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

109.   This paragraph contains conclusions of law to which no response is necessary. To the extent an answer is required Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

110.   This paragraph contains conclusions of law to which no response is necessary. To the extent an answer is required Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

111.    This paragraph contains conclusions of law to which no response is necessary. To the extent an answer is required Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

112.    This paragraph contains conclusions of law to which no response is necessary. To the extent an answer is required Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

113.    This paragraph contains conclusions of law to which no response is necessary. To the extent an answer is required Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

114.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

## CLASS ACTION ALLEGATIONS

115.    Gmax admits that plaintiffs purport to bring a class action and lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

116.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

117.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

118.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

119.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

120.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

121.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

122.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

## NUMEROSITY

123.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

## COMMON QUESTIONS OF LAW AND FACT

124.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

125.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

## TYPICALITY

126.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

## ADEQUACY OF REPRESENTATION

127.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

## PREDOMINANCE

128.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

## SUPERIORITY

129.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

### FIRST CAUSE OF ACTION
### (Violation of the Florida Deceptive Unfair Trade Practices Act)
### (Brought on behalf of the Nationwide Class, Retail Subclasses, and Florida Subclass)

130.   Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

131.   Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

132.   Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

133.   Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

134.   Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

135.   Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

136.   Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

137.   The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

138.   Gmax admits that plaintiffs purport to assert this claim under Florida law.

139.   Gmax repeats and realleges its foregoing answers.

140.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

141.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

142.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

143.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

144.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

145.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

146.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

147.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

148.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

**SECOND CAUSE OF ACTION**
**(Violation of Nevada's Trade Regulation and Practices Act)**
**(Brought on behalf of the Nevada subclass)**

149.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

150.    Gmax admits that plaintiffs purport to bring this claim under Nevada law.

151. Gmax repeats and realleges its foregoing answers.

152. Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

153. Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

154. Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

155. Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

156. Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

157. Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

158. Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

159. Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

**THIRD CAUSE OF ACTION**
**(Violation of Arizona's Consumer Fraud Act)**
**(Brought on behalf of the Arizona subclass)**

160. Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

161. Gmax admits that plaintiffs purport to bring this claim under Arizona law.

162. Gmax repeats and realleges its foregoing answers.

163.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

164.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

165.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

166.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

167.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

168.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

### FOURTH CAUSE OF ACTION
### (Violation of California's Unfair Competition Law)
### (Brought on behalf of the California subclass)

169.   Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

170.   Gmax admits that plaintiffs purport to bring this claim under California law.

171.   Gmax repeats and realleges its foregoing answers.

172.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

173.   Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

174.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

175.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

176.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

177.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

178.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

### FIFTH CAUSE OF ACTION
### (Violation of California's Consumers Legal Remedies Act)
### (Brought on behalf of the California subclass)

179.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

180.    Gmax admits that plaintiffs purport to bring this claim under California law.

181.    Gmax repeats and realleges its foregoing answers.

182.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

183.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

184.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

185.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

186.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

187.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

188.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

189.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

190.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

191.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

192.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

193.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

**SIXTH CAUSE OF ACTION**
**(Violation of New York's Deceptive Trade Practices and False Advertising Acts)**
**(Brought on behalf of the New York subclass)**

194.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

195.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

196.     Gmax admits that plaintiffs purport to bring this claim under New York law.

197.     Gmax repeats and realleges its foregoing answers.

198.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

199.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

200.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

201.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

202.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

203.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

204.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

205.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

206.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

207.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

## SEVENTH CAUSE OF ACTION
### (Violation of the Texas Deceptive Trade Practices Act)
### (Brought on behalf of the Texas subclass)

208.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

209.     Gmax admits that plaintiffs purport to bring this claim under Texas law.

210.     Gmax repeats and realleges its foregoing answers.

211.     The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

212.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

213.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

214.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

215.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

216.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

217.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

218. Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

**EIGHTH CAUSE OF ACTION**
**(Breach of Implied Warranties)**

219. Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

220. Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

221. Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

222. Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

223. Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

224. Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

225. Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

226. Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

227. Gmax admits that plaintiffs purport to bring this claim under Florida law.

228. Gmax repeats and realleges its foregoing answers.

229. The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

230.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

231. Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

232.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

233.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

234.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

235.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

236.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

237.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

238.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

239.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

240.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

241.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

**NINTH CAUSE OF ACTION**
**(Breach of Express Warranty)**

242.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

243.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

244.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

245.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

246.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

247.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

248.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

249.    Gmax admits that plaintiffs purport to bring this claim under Florida law.

250.    Gmax repeats and realleges its foregoing answers.

251.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

252.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

253.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

254.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

255.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

### TENTH CAUSE OF ACTION
### (Violation of the Magnusson-Moss Warranty Act)

256.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

257.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

258.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

259.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

260.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

261.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

262.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

263.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

264.    Gmax admits that plaintiffs purport to bring this claim under 15 U.S.C. § 2301(3).

265.    Gmax repeats and realleges its foregoing answers.

266.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

267.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

268.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

269.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

270.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

271.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

272.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

273.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

274.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

275.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

276.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

## ELEVENTH CAUSE OF ACTION
### (Intentional Misrepresentation)

277.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

278.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

279.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

280.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

281.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

282.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

283.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

284.     Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

285.     Gmax admits that plaintiffs purport to bring this claim under Florida law.

286.     Gmax repeats and realleges its foregoing answers.

287.     Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

288.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

289.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

290.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

291.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

292.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

**TWELFTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**

293.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

294.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

295.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

296.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

297.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

298.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

299.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

300.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

301.    Gmax admits that plaintiffs purport to bring this claim under Florida law.

302.    Gmax repeats and realleges its foregoing answers.

303.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

304.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

305.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

306.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

307.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

## THIRTEENTH CAUSE OF ACTION
### (Injunctive Relief)

308.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

309.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

310.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

311.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

312.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

313.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

314.    Gmax lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

315.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent that a response is required, Gmax denies the allegations.

316.    Gmax admits that plaintiffs purport to bring this claim under federal law and the laws of Florida, Nevada, Arizona, California, New York, and Texas.

317.    Gmax repeats and realleges its foregoing answers.

318.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

319.    Gmax denies the allegations of this paragraph as to it and lacks knowledge or information sufficient to admit or deny the remaining allegations.

320.    To the extent that an allegation in the TAC is not expressly admitted, it is denied.

## FIRST AFFIRMATIVE DEFENSE

The TAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims alleged in the TAC are barred by the statute of limitations or laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be precluded, in whole or part, to the extent plaintiffs' damages, if any, were caused by plaintiffs' own acts or omissions.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be precluded, in whole or part, to the extent plaintiffs' damages, if any, were caused by third parties over whom GMAX had no control or authority.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to provide timely notice as required for each and every cause of action requiring same.

### SEVENTH AFFIRMATIVE DEFENSE

No act or omission by GMAX was malicious, willful, or reckless and, therefore, any award of punitive damages is inappropriate.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with the statutory perquisites required for each and every claim.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to certify any class pursuant to Fed. R. Civ. P. 23.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims lack standing and subject matter jurisdiction.

### ELEVENTH AFFIRMATIVE DEFENSE

The Food and Drug Administration or other federal agency has primary jurisdiction over the plaintiffs' claims and they are preempted by federal law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim are subject to arbitration. The Court denied Gmax's motion to compel arbitration. Gmax includes this defense to preserve the issue for appeal.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for equitable or injunctive relief is moot and they lack Article III standing to pursue their claim for injunctive relief because there is no real and immediate threat of future harm.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of implied warranty and Magnuson-Moss based on implied warranty and claims under consumer protection statutes are barred, in whole or in part, due to the lack of privity between plaintiffs and Gmax.

## FIFTEENTH AFFIRMATIVE DEFENSE

Gmax adopts and incorporates by reference all affirmative defenses asserted by any other defendant.

## CROSS CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Cross Claimant,  Gmax Central LLC ("Gmax" or "NusaPure"), states the following cross claim against Vitamins Because LLC and CT Health Solutions LLC (collectively "Vitamins Because").

1.      For the sole purpose of Gmax's cross claim, Gmax makes reference to and incorporates the allegations in the Third  Amended Complaint ("TAC") against co-defendants Vitamins Because.

2.      Should it be determined at the time of trial that some or all of the allegations in the TAC are true such that Gmax is held liable to plaintiffs, then Gmax seeks contribution from its contract manufacturers, Vitamins Because.

3.      Any and all injuries and damages alleged by plaintiffs in this action were the proximate result of the negligence, breach of warranty, strict liability or other liability-producing conduct solely of Vitamins Because.

4.      If Gmax is found liable to any extent with respect to plaintiffs' alleged injuries and damages, such liability is solely secondary, imputed, and vicarious, and Vitamins Because shall fully indemnify Gmax. Vitamins Because had a special relationship with defendant whereby those defendants breached various duties by any of their alleged conduct that plaintiff proves to be true.

5.      Gmax is also entitled to indemnification and contribution pursuant to any applicable contract or agreement between Gmax and Vitamins Because.

6.      Gmax is also entitled to indemnification and contribution pursuant to any breach of express or implied warranty, including those set forth in the Uniform Commercial Code.

7.      For the foregoing reasons, Gmax is entitled to indemnification and contribution from Vitamins Because for any judgment, settlement, or other payments incurred or made to plaintiffs as well as attorneys' fees, expenses, costs, and interest as allowed by law.

## **REQUEST FOR RELIEF**

Gmax respectfully requests the following relief:

a.      judgment in its favor against plaintiffs;

b.      judgment in its favor on its cross claim;

c.      award of attorneys' fees, costs, and expenses allowed by law;

d.      such other relief as the Court may determine.

Date: June 25, 2021

Respectfully submitted,

/s/ Richard J. Oparil
Leon N. Patricios (FBN 0012777)
Joseph Zumpano (FBN 0056091)
ZUMPANO PATRICIOS. P.A.
312 Minorca Avenue
Coral Gables, FL 33134
(305) 444-5565
lpatricios@zplaw.com
jzumpano@zplaw.com

Kevin M. Bell (Admitted Pro Hac Vice)
Richard J. Oparil (Admitted Pro Hac Vice)
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
(202) 677-4030
richard.oparil@agg.com

Attorneys for Defendant
GMAX Central LLC