# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| CORI ANN GINSBERG, NOAH MALGERI, KALYN WOLF, BILL WILSON, SHANNON HOOD, ERIC FISHON, and ROBERT MCKEOWN on behalf of themselves and all others similarly situated, | CASE NO.: 1:19-CV-22702-KMW <br><br> Class Action |
| Plaintiffs, | |
| vs. | |
| VITAMINS BECAUSE LLC, CT HEALTH SOLUTIONS LLC, GMAX CENTRAL LLC, ASQUARED BRANDS LLC, INSPIRE NOW PTY LTD d/b/a BOOSTCEUTICALS, HEALTHY WAY RX LLC, KHAKIWARE INC., and JOLLY DOLLAR SUPPLY COMPANY, LLC., | |
| Defendants. | |

## VITAMINS BECAUSE AND CT HEALTH SOLUTIONS' ANSWER AND AFFIRMATIVE DEFENSES TO INSPIRE NOW'S CROSS CLAIM [Dkt. 230]

Defendants, Vitamins Because, LLC and CT Health Solutions, LLC (unless otherwise noted, collectively "Vitamins Because"), responds to the correspondingly numbered paragraphs of Inspire Now's Cross Claim [Dkt. 230], which begins at numbered page 24.

1. Vitamins Because moves to strike this paragraph because it is an improper shotgun pleading that does not put Vitamins Because on notice of what allegations are being asserted against it. This paragraph also violates Rule 8(d)(1), Fed. R. Civ. P., which requires that each allegation be simple, concise and direct.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Without knowledge and, therefore, denied.

5. Admitted Inspire Now purchased some SAMe product from Vitamins Because. Vitamins Because is unable to admit or deny the remaining allegations in this paragraph because (1) they are too vague and (2) Inspire Now failed to attach copies of the alleged agreements to the cross claim.

6. Admitted Inspire Now purchased some SAMe product from Vitamins Because. Vitamins Because is unable to admit or deny the remaining allegations in this paragraph because (1) they are too vague, (2) Inspire Now failed to attach copies of the alleged agreements to the Cross Claim, and (3) Vitamins Because is without knowledge of what Inspire Now did with the SAMe product it purchased from Vitamins Because.

7. Admitted Inspire Now purchased some SAMe product from Vitamins Because. Vitamins Because is unable to admit or deny the remaining allegations in this paragraph because (1) they are too vague, (2) Inspire Now failed to attach copies of the alleged agreements to the Cross Claim, and (3) Vitamins Because is without knowledge of what Inspire Now did with the SAMe product it purchased from Vitamins Because.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Admitted Inspire Now purchased some SAMe product from Vitamins Because. Vitamins Because is unable to admit or deny the remaining allegations in this paragraph because (1) they are too vague, (2) Inspire Now failed to attach copies of the alleged agreements to the

Cross Claim, and (3) Vitamins Because is without knowledge of what Inspire Now did with the SAMe product it purchased from Vitamins Because.

    13.    Denied.

    14.    Denied.

    15.    Denied.

    16.    Without knowledge and, therefore, denied.

    17.    Denied.

    18.    Denied.

    19.    Denied.

    20.    Denied.

    21.    Denied.

## COUNT I – BREACH OF CONTRACT

    22.    The allegations in this paragraph represent the bare legal conclusions of the pleader to which a response is not required.

    23.    Vitamins Because moves to strike this paragraph because it is an improper shotgun pleading that does not put Vitamins Because on notice of what allegations are being asserted against it. This paragraph also violates Rule 8(d)(1), Fed. R. Civ. P., which requires that each allegation be simple, concise and direct.

    24.    Admitted Inspire Now purchased some SAMe product from Vitamins Because. Vitamins Because is unable to admit or deny the remaining allegations in this paragraph because (1) they are too vague, (2) Inspire Now failed to attach copies of the alleged contracts to the Cross Claim, and (3) Vitamins Because is without knowledge of what Inspire Now did with the SAMe product it purchased from Vitamins Because.

JOHNSON DABOLL ANDERSON, PLLC

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT II – COMMON LAW INDEMNIFICATION

31. The allegations in this paragraph represent the bare legal conclusions of the pleader to which a response is not required.

32. Vitamins Because moves to strike this paragraph because it is an improper shotgun pleading that does not put Vitamins Because on notice of what allegations are being asserted against it. This paragraph also violates Rule 8(d)(1), Fed. R. Civ. P., which requires that each allegation be simple, concise and direct.

33. Admitted Inspire Now purchased some SAMe product from Vitamins Because. Vitamins Because is unable to admit or deny the remaining allegations in this paragraph because (1) they are too vague, (2) Inspire Now failed to attach copies of the alleged contracts to the Cross Claim, and (3) Vitamins Because is without knowledge of what Inspire Now did with the SAMe product it purchased from Vitamins Because.

34. Admitted Inspire Now purchased some SAMe product from Vitamins Because. Vitamins Because is unable to admit or deny the remaining allegations in this paragraph because (1) they are too vague, (2) Inspire Now failed to attach copies of the alleged contracts to the Cross Claim, and (3) Vitamins Because is without knowledge of what Inspire Now did with the SAMe product it purchased from Vitamins Because.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT 3: NEGLIGENCE

44. The allegations in this paragraph represent the bare legal conclusions of the pleader to which a response is not required.

45. Vitamins Because moves to strike this paragraph because it is an improper shotgun pleading that does not put Vitamins Because on notice of what allegations are being asserted against it. This paragraph also violates Rule 8(d)(1), Fed. R. Civ. P., which requires that each allegation be simple, concise and direct.

46. Denied. Vitamins Because did not, and does not, have any common law duty to manufacture or label any product for Inspire Now.

47. Denied.

48. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Inspire Now's cross claim fails to state a claim upon which relief can be granted.

JOHNSON DABOLL ANDERSON, PLLC

### Second Affirmative Defense

Inspire Now is not wholly without fault and, therefore, its indemnification claim fails as a matter of law.

### Third Affirmative Defense

Inspire Now's claim for common law indemnification and negligence are barred by the economic loss rule.

### Fourth Affirmative Defense

Inspire Now's claim for contractual indemnification fails because it fails to state a cause of action upon which relief can be granted because Inspire Now failed to attach a copy or copies of the alleged agreements to its cross claim, and because there is no agreement between the parties that requires Vitamins Because to indemnify Inspire Now.

### Fifth Affirmative Defense

Inspire Now's claim for negligence fails to state a claim upon which relief can be granted because Vitamins Because did not, and does not, owe any common law duties to Inspire Now with regard to any of the issues raised in its cross claim. Vitamins Because's duties, if any, to Inspire Now arise solely from, and are limited to, the specific duties agreed to by the parties in their contractual relationship. Inspire Now is improperly attempting through its negligence cause of action to expand, change, modify or create obligations that the parties did not agree to or bargain for.

WHEREFORE, Vitamins Because demands judgment in its favor on all claims asserted by Inspire Now and respectfully requests that this Honorable Court award Vitamins Because its costs and attorneys' fees after entitlement to same is established.

**Demand for Jury Trial**

Vitamins Because demands a trial by jury on all issues so triable.

Dated: July 23, 2021                     Respectfully submitted,

/s/David S. Johnson
David S. Johnson      FBN  096423
Scott W. Anderson     FBN  738311
JOHNSON DABOLL ANDERSON, PLLC
2011 W Cleveland Street, Suite F
Tampa, Florida 33606
Telephone: (813) 377-2499
Fax: (813) 330-3156
djohnson@jdalegal.com
sanderson@jdalegal.com
aglisson@jdalegal.com

*Counsel for Vitamins Because and CT Health Solutions*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of July, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to the following counsel of record on the attached service list.

/s/David S. Johnson

JOHNSON DABOLL ANDERSON, PLLC

**SERVICE LIST**

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
ARONOVITZ LAW
2 South Biscayne Boulevard
One Biscayne Tower
Suite 3700
Miami, FL 33131
Tel: 305-372-2772 Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com
Attorneys for Plaintiffs

Jay I. Brody (Admitted Pro Hac Vice)
Gary S. Graifman (Admitted Pro Hac Vice)
KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.
747 Chestnut Ridge Road Chestnut Ridge
New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com
Attorneys for Plaintiffs

Nicholas A. Migliaccio
Jason S. Rathod
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com
Attorneys for Plaintiffs

Joseph A. Sorce
JOSEPH A. SORCE & ASSOCS., P.A.
999 Ponce de Leon Blvd., Suite 1020
Coral Gables, FL 33134

Tel: 305-529-8544
jsorce@flconstructionlawyer.com
Attorney for Defendants Khakiware, Inc.
and Healthy Way RX, LLC
jsorce@flconstructionlawyer.com

Brendan H. Little
LIPPES MATHIAS WEXLER
FRIEDMAN, LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com

Alessandro A. Apolito
LIPPES MATHIAS WEXLER
FRIEDMAN, LLP
822 US Highway A1A, Suite 101
Ponte Vedra Beach, FL 32082
Tel: 904-660-0020
aapolito@lippes.com
Attorneys for ASquared Brands

Leon N. Patricios (FBN 0012777)
ZIMPANO PATRICIOS, P.A.
312 Minorca Ave.
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (admitted *pro hac vice*)
ARNALL GOLDEN GREGORY
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC 20006
T: 202-677-4030
Richard.oparil@agg.com
Attorneys for GMAX Central, LLC

Mark Migdal & Hayden
Yaniv Adar
Joshua A. Migdal
80 S.W. 8th Street
Suite 1999

JOHNSON DABOLL ANDERSON, PLLC

Bretton I Pollack
Pollack, Pollack & Kogan, LLC
Courthouse Tower
44 W Flagler Street, Suite 2050
Miami, FL 33130
Tel: 305-373-9676
Brett.pollack@ppkfirm.com
admin@ppkfirm.com
Attorneys for Inspire Now

Miami, FL 33130
Tel: 305-374-0440
yaniv@markmigdal.com
josh@markmigdal.com
eservice@markmigdal.com
Attorneys for Jolly Dollar Supply Company