IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-22702-KMW

CORI ANN GINSBERG
NOAH MALGERI
KALYN WOLF
BILL WILSON
SHANNON HOOD
ERIC FISHON
ROBERT MCKEOWN, on behalf of themselves
and all others similarly situated,

           Plaintiffs,

vs.

VITAMINS BECAUSE LLC
CT HEALTH SOLUTIONS LLC
GMAX CENTRAL LLC
ASQUARED BRANDS LLC
INSPIRE NOW PTY LTD d/b/a BoostCeuticals
HEALTHY WAY RX LLC
KHAKIWARE INC.
JOLLY DOLLAR SUPPLY COMPANY, LLC

           Defendants.
_____

## DEFENDANT ASQUARED BRANDS, LLC'S NOTICE OF COMPLIANCE

Pursuant to the Court's Order setting discovery procedures (the "Discovery Order"), Defendant aSquared Brands, LLC ("aSquared") submits the following Notice of Compliance.

I.    Discovery in dispute

ASquared served Interrogatories and Requests for Production on Plaintiffs Cori Ann Ginsberg ("Ginsberg"), Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon

Hood, Eric Fishon, and Robert McKeown, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"). Except for Ginsberg, Plaintiffs have provided timely objections. Plaintiffs' responses are riddled with objections that explicitly run afoul this Court's Discovery Order and the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 37, ASquared sent good faith letters to each Plaintiff articulating the deficiencies therein and requesting that: (1) any improper objection be specified or withdrawn; and (2) supplemental responses be provided. Thereafter, counsel for Plaintiff and counsel for aSquared participated in a meet and confer by phone. Despite taking multiple hours to discuss each demand and objection or responses thereto, no material progress was made.

To date, Plaintiffs have not withdrawn or clarified any objection and have not provided any material responses to aSquared discovery demands, which were served on Plaintiffs on July 27, 2021.

II.   Plaintiff Ginsberg

Plaintiff Ginsberg has not responded to aSquared's demands. During the telephone meet and confer, Plaintiff Ginsberg's counsel indicated he could not provide a timeline for when he would be able to provide responses or even if Plaintiff Ginsberg was going to continue to proceed as a plaintiff in this lawsuit. That representation was made on September 13, 2021, approximately a month ago.

Since that time, Plaintiff Ginsberg's attorneys have continued to proceed without any indication as to her status. During a deposition of the corporate representative from Defendants Vitamins Because LLC and CT Health Solutions,

LLC ("Vitamins Because") on October 5, 2021, Plaintiffs confirmed the deposition was not being taken on behalf of Plaintiff Ginsberg. Plaintiff Ginsberg's responses to aSquared discovery demand were due 46 days ago.

III.     The Responding Plaintiffs' objections and responses

Courts in this District, as stated in the Discovery Order, make clear that objections must be specific, supported, and plain enough that the basis for same can be understood. Plaintiffs' responses are deficient in a verity of way.

First, Plaintiffs' responses begin with over 20 preliminary objections, which are then incorporated into each individual response. This type of non-response is explicitly prohibited by this Court's Discovery Order, the Local Rules, and the Rules of Civil Procedure.

Second, each response begins with a litany of unspecified objections. Again, this type of non-response is explicitly prohibited by this Court's Discovery Order, the Local Rules, and the Rules of Civil Procedure.

Third, Plaintiffs' interrogatory responses are unverified.

Fourth, Plaintiffs' individual objections are vague and insufficiently supported. For example, Plaintiffs' object to many demands "to the extent that it calls for documents protected from disclosure by the attorney client privilege, attorney work product doctrine, or any other applicable privilege." Simply put, it is impossible to identify what objection is being relied upon in any given response.

Fifth, many of Plaintiffs' objections are baseless. For example, regardless of the substance of the discovery request, Plaintiffs' object to almost every demand "on

the grounds that it asks for notes, testing, and/or memoranda prepared by the potential testifying expert." It is unclear how Plaintiffs would support an objection based "expert discovery" when the demand has nothing to do with documents prepared by an expert witness.

Sixth, Plaintiffs' objections are unsupported. Although each response certainly articulates a variety of objections, the basis for any is not articulated. As a result, it is impossible to assess the validity of any objection to any demand.

Seventh, it is unclear from the responses whether Plaintiffs' counsel ever conferred with their clients regarding: (1) the responses; or (2) whether they possessed responsive documents. For example, in response to Interrogatory 1, which asks who answered the interrogatories, Plaintiffs Wolf, Hood, and McKeown's unverified responses state "Plaintiffs' counsel is answering these interrogatories as the legal representative of Plaintiff." In addition, in numerous responses to aSquared's Requests for Production, Plaintiffs' state "Plaintiffs' counsel states that they are not aware of [responsive documents]." Considering the above responses, it is unclear if any Plaintiff contributed to the responses provided.

Eighth, Plaintiffs' responses stated they will produce responsive documents at some unidentified date. Plaintiffs' responses did not provide a reasonable date when responsive documents will be produced and, to date, have not produced any additional documents. Despite not providing responsive documents in their initial disclosures or in response to aSquared's Requests for Production, Plaintiffs' counsel relied upon multiple documents at a recent deposition that have not been provided and were

4

responsive to aSquared's requests for production.

Ninth, Plaintiffs have taken no action to remedy any of the above deficiencies, despite having since September 13, 2021 to supplement or amend their responses.

IV. The impact of Plaintiffs' non-compliance on aSquared's ability to defend this litigation

The Court's amended scheduling order requires all Defendants to identify and disclose expert reports by November 29, 2021 and closes fact discovery on January 17, 2022. (Doc. 244). It makes clear that no further extensions will be provided. (Doc. 244). To date, Plaintiffs have refused to provide substantive responses to aSquared's demands or produce responsive documents in their possession. As detailed above, it is unclear whether Plaintiffs' counsel has even communicated with their clients about the demands at all.

The information and documents sought are discoverable and critical to aSquared's defense. For example, aSquared has requested all documents Plaintiffs have provided to their expert, all documents relating to testing that Plaintiffs had conducted, and received nothing. It defies reason to expect aSquared to be able to produce an expert report when it has not been permitted to conduct basic discovery regarding the testing Plaintiffs did to substantiate the very claim that this entire lawsuit is based on – whether the SAM-e Plaintiffs purchased had less active ingredient than what was indicated on the label.

Simply put, Plaintiffs' non-compliance with discovery is materially inhibiting aSquared's ability to defend itself in this case.

V.     Notice of compliance

Pursuant to S.D. Fla. L. R. 7.1(a)(3), counsel for aSquared certifies that good faith efforts were made to resolve the above disputes. Specifically, aSquared sent good faith letters to Plaintiffs articulating the deficiencies summarized above and then participated in a meet and confer phone call with one of Plaintiffs' attorneys. Despite the parties' efforts, they have been unable to resolve or narrow the issues raised in this Notice.

Dated:     October 11, 2021

LIPPES MATHIAS WEXLER FRIEDMAN LLP

/s Alessandro A. Apolito
Alessandro A. Apolito, Esq.
Florida Bar Number: 0084864
10151 Deerwood Park Blvd.
Jacksonville, Florida 32256
P: 904-660-0020
F: 904-660-0029
Primary E-Mail:  aaapolito@lippes.com

Brendan H. Little, Esq., *pro hac vice*
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

Sean M. O'Brien, Esq., *pro hac vice*
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: sobrien@lippes.com

*Attorneys for Defendant aSquared Brands LLC*