UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-22702-KMW

CORI ANN GINSBERG, NOAH MALGERI, KALYN WOLF, BILL WILSON, SHANNON HOOD, ERIC FISHON, and ROBERT MCKEOWN on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

VITAMINS BECAUSE LLC, CT HEALTH SOLUTIONS LLC, GMAX CENTRAL LLC, ASQUARED BRANDS LLC, INSPIRE NOW PTY LTD d/b/a BoostCeuticals, HEALTHY WAY RX LLC, KHAKIWARE INC, and JOLLY DOLLAR SUPPLY COMPANY, LLC,

    Defendants.

_____

## PLAINTIFFS' NOTICE OF COMPLIANCE

Plaintiffs on behalf of themselves and all others similarly situated, by and through undersigned counsel, hereby file their Notice of Compliance in connection with the October 14, 2021 Telephonic Discovery Hearing scheduled by Magistrate Judge Edwin G. Torres ("Judge Torres" or the "Magistrate"), at the request of Plaintiffs' counsel, and state as follows:

**I. PLEASE TAKE NOTICE** that, pursuant to the Order Setting Discovery Procedures before Judge Torres and the directives of Judge Torres, including the Order Granting Plaintiffs' Motion to Compel Discovery and for Sanctions (ECF No. 223), Plaintiffs seek to compel discovery production from Defendants, VITAMINS BECAUSE LLC and CT HEALTH SOLUTIONS LLC (together, "Vitamins Because"), GMAX CENTRAL LLC ("Gmax"), ASQUARED BRANDS LLC ("aSquared"), INSPIRE NOW PTY LTD d/b/a BoostCeuticals ("Inspire Now"), HEALTHY WAY RX LLC, KHAKIWARE INC (together, "Healthy Way"), and JOLLY DOLLAR SUPPLY COMPANY, LLC ("Jolly Dollar").

1

Because the Magistrate's Order also included a summary of recent discovery disputes in this case, as well as Defendants' (and Vitamins Because in particular) repeated failure to comply with multiple discovery Court Orders and subsequent sanctions, Plaintiffs, in the interest of judicial economy, adopt and incorporate by reference, the recital of facts set forth by the Magistrate therein. (ECF No. 223, at 2-6.) The Court's discovery findings and rulings announced at prior court hearings are also incorporated herein by reference. *See* ECF Nos. 219-1, 208-1, 208-2, and 162-1.

Unfortunately, Defendants have continued their chronic attempts to avoid, delay and outright refuse to comply with, their discovery obligations. Their serial contumacious conduct has, regrettably, directly led to inordinate delays and repeated necessary requests to this Court.

**1) Vitamins Because**

**A) Notice to Test and Inspect**

On August 12, 2020, pursuant to Fed. R. Civ. P. 34(a)(2), Plaintiffs served Vitamins Because with a Request for Inspection to produce and permit Plaintiffs, through their counsel and expert representatives, to inspect, copy, test, and/or sample SAMe reserve samples, materials, and components. Vitamins Because responded to this request on September 14, 2020 by asking Plaintiffs to "agree to an extension of time pending a ruling on the Motion to Stay and, failing that, by respectfully requesting that the Court extend Vitamins Because's deadline to respond to Plaintiffs' Request for Inspection until such time as Judge Williams rules on the pending Motion to Stay and Motions to Dismiss." Plaintiffs did not agree to extend the deadline to respond, and the Court, likewise, never granted any such extension.[1] Since that time, Plaintiffs, on March 11, 2021, served Vitamins Because with an amended version of the request, a Notice to Test and Inspect. However, even following the Court's dismissal of Vitamins Because's Motion to Dismiss, Plaintiffs have not received substantive responses, objections, or responsive production from Vitamins Because on this matter.

---

[1] *See* Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.").

At the July 21, 2021 Discovery Hearing, the Magistrate directed Plaintiffs to take a deposition regarding Defendant Vitamins Because's preservation of representative SAMe samples. On October 5, 2021, at the deposition of Thomas Chapman, the 30(b)(6) corporate designee witness produced by Vitamins Because, Mr. Chapman confirmed the existence of representative SAMe samples in Vitamins Because's possession.

Accordingly, Plaintiffs request that the Court compel Vitamins Because's production of the requested SAMe materials, and deem all objections to the Notice to Test and Inspect waived for failure to "respond in writing within 30 days after being served" without any overriding stipulation or court order. *See* Fed. R. Civ. P. 34(b)(2)(A).

Should the SAMe reserve samples continue to not be produced in a timely manner, Plaintiffs request specific sanctions in the form of:

An evidential ruling prohibiting Vitamins Because from supporting or opposing claims or defenses relating to quality of the subject SAMe supplements, the measure of their active ingredient (in milligrams) and/or potency, and accuracy of the label claims based on testing of any SAMe samples, or from introducing reserve samples or SAMe testing as evidence in the case. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii); *Nazer v. Five Bucks Drinkery LLC*, 2018 WL 936053, at *2 (M.D. Fla. Feb. 16, 2018) (barring party from introducing any evidence at trial that he failed to produce in response to opposing party's discovery); *Textron Fin. Corp. v. RV Having Fun Yet, Inc.*, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010) (approving magistrate judge's recommendation precluding party from introducing into evidence documents that were not produced as required under the discovery rules and by court order); *McDaniel v. Bradshaw*, 2011 WL 2470519, at *3 (S.D. Fla. June 20, 2011); *Glob. Digital Sols., Inc. v. Grupo Rontan Electro Metalurgica, S.A.*, 18-80106-CV, 2020 WL 8816214, at *4 (S.D. Fla. Dec. 1, 2020).

These requested sanctions are "just" and "specifically related" to the particular claim at issue. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 708 (1982).

### B) Incomplete Production

A number of responsive documents requested by Plaintiffs have not yet been produced. For example, Vitamins Because has agreed to produce documents which are responsive to requests numbers 5-7 of Plaintiffs' Third set of Requests for Production. However, Plaintiffs have not

received any such responsive production. Plaintiffs request herein that the Court compel Vitamins Because's complete discovery production of all requested documents.

### C) Right to Amend Expert Report

Plaintiffs requested the depositions of Vitamins Because witnesses in July 2021, and in August 2021, noticed timely depositions mid-September 2021. Counsel for Vitamins Because and other Defendants refused to produce the witnesses for deposition before October 5-6, 2021. Accordingly, testimony from these depositions may not be available for use in Plaintiffs' expert reports due October 29, 2021. Plaintiffs accordingly request the right to amend their expert reports when this testimony and other unproduced evidence reasonably becomes available for expert review.

### 2) Inspire Now Pty Ltd

On August 13, 2020, Plaintiffs served Defendant Inspire Now with its First Request for Production of Documents. Plaintiffs' document requests included a request for the production of Inspire Now's sales data relating to its sale of the subject product. *See e.g.* Document Request 4. While other Defendant Retailers have successfully produced sales data relating to their respective sale of the subject product, Defendant Inspire Now has outright refused to make such a production. Counsel for Inspire Now has indicated that he intends to mount specific defenses and challenge Plaintiff Fishon's standing based on the sales records which Inspire Now has refused to produce.[2] Plaintiffs request that Inspire Now be precluded from offering any evidence predicated on the records of its sales.

Plaintiff further seeks relief pursuant to 28 U.S.C. § 1927 for any frivolous, unreasonable, and/or and vexatious motion for sanctions counsel for Inspire Now may bring relating to this matter.

---

[2] While in past months, in an effort to avoid any unnecessary discovery dispute, Plaintiffs have been willing to compromise with Inspire Now regarding its production of sales records for purposes of their affirmative class case, Inspire Now's recent challenge to Plaintiff Fishon's standing based on alleged sales data now requires the production of all relevant sales records of SAMe.

### 3) Jolly Dollar

Plaintiff seeks relief pursuant to 28 U.S.C. § 1927 for the frivolous, unreasonable, and/or and vexatious motion for sanctions counsel for Jolly Dollar has indicated he will bring relating to Plaintiffs' counsel's use of Exhibit 6 in the recent deposition of Vitamins Because's 30(b)(6) designee. Counsel for Jolly Dollar has failed to provide sufficient legal basis for its position that disclosure was required under F.R.C.P. 26, and that Defendants lacked effective notice and equal access to the document at issue. Moreover, counsel for Jolly Dollar is unable to explain any prejudice that Jolly Dollar has faced from the "untimely" October 5th production.

Regrettably, counsel for Jolly Dollar has demonstrated a pattern of unreasonably multiplying the proceedings in this case. His recent April 30th motion to shift fees onto Plaintiff's counsel on the premise that Jolly Dollar "complied with every single discovery request" and had "produced everything that [they] had" and were "not withholding anything." April 30, 2021 Discovery Hearing Transcript, pp.53-69. In reality, this was false. Many Jolly Dollar documents had not been produced which required a supplemental production on May 14th.[3] Counsel for Jolly Dollar's refusal to comply with discovery orders has also necessitated multiple discovery conferences and motions to compel. Thus, counsel for Jolly Dollar's present motion for sanctions is the next step in a pattern of improper attorney conduct which continues to unjustly multiply the proceedings in this case.

### 4) Vitamins Because, Inspire Now, and Jolly Dollar

Defendants Vitamins Because, Inspire Now, and Jolly Dollar have noticed a deposition for Plaintiff Fishon for October 27, 2021. While Plaintiff Fishon can be available for a deposition on that date, recent requests by counsel for Inspire Now and Jolly Dollar for discovery production – which they insist are necessary for Plaintiff Fishon's deposition – have or will give rise to discovery disputes which will not be resolved before the noticed date. Plaintiffs request a protective order from the Court ensuring that Plaintiff Fishon does not have to appear for multiple depositions on account of Defendants' failure to serve timely discovery requests.

---

[3] The Court also found that Jolly Dollar's interrogatory responses asserted discovery objections and compelled better answers. April 30, 2021 Discovery Hearing Transcript, pp.68-69.

**5) Defendant Retailers**

Defendants Gmax, aSquared, Inspire Now, Healthy Way, and Jolly Dollar ("Defendant Retailers") have not produced documents relating to their compliance under 21 C.F.R. §111. Plaintiffs requested this production on March 11, 2021, and to date, no production has been made. Plaintiffs request that Defendant Retailers be precluded from offering any evidence in support of their compliance with the federal regulations under 21 C.F.R. §111.

MEET AND CONFER CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiffs has attempted to confer with counsel for Vitamins Because, Inspire Now, and Jolly Dollar[4] in a good faith effort to resolve many of the above referenced matters and has been unable to do so.

**II. PLEASE TAKE NOTICE** that, pursuant to the Order Setting Discovery Procedures before Judge Torres, Plaintiffs, by and through undersigned counsel, request that the Court issue a ruling on Defendant Vitamins Because's Objection to and Motion to Quash Plaintiffs' Notice of Subpoena to Produce Documents directed to non-party, Azorio LLC [ECF No. 144], which was referred to Judge Torres by the District Court to take any appropriate action required by law [ECF No. 148]. As directed by the Magistrate, Plaintiffs filed their opposition in writing on September 25, 2020 [ECF No. 163], and Vitamins Because filed a Reply on October 2, 2020 [ECF No. 169]. The matter has thus been fully briefed by the parties.

MEET AND CONFER CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiffs conferred with counsel for Vitamins Because in September 2020 regarding the relief sought by Vitamins Because's Motion in a good faith effort to resolve and/or narrow the issues raised in the motion but has been unable to do so. Plaintiffs oppose the relief requested by Defendant Vitamins Because.

---

[4] A meet and confer with counsel for Jolly Dollar has begun and is scheduled to be completed on October 12, 2021.

DATED:  October 11, 2021     By:  */s/ Barbara Perez*
                Tod Aronovitz (FBN 186430)
                Barbara Perez (FBN 989304)
                **ARONOVITZ LAW**
                8950 SW 74 Court
                Town Center One, Suite 2201
                Miami, FL 33156
                Tel: 305-372-2772
                Fax: 305-397-1886
                ta@aronovitzlaw.com
                bp@aronovitzlaw.com


                Jay I. Brody (Admitted *Pro Hac Vice*)
                Gary S. Graifman (Admitted *Pro Hac Vice*)
                **KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
                747 Chestnut Ridge Road
                Chestnut Ridge, New York 10977
                Tel: 845-356-2570
                ggraifman@kgglaw.com
                jbrody@kgglaw.com


                Nicholas A. Migliaccio
                Jason S. Rathod
                **MIGLIACCIO & RATHOD LLP**
                412 H Street N.E., Ste. 302
                Washington, DC 20002
                Tel: 202-470-3520
                nmigliaccio@classlawdc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 11, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served on all counsel of record on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Barbara Perez*

**SERVICE LIST**
Ginsberg, et al. vs. Vitamins Because, LLC, et al.
Case No.: 19-cv-022702-KMW

**Attorneys for PLAINTIFFS**:

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
8950 SW 74 Court
Town Center One, Suite 2201
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

**Attorneys for DEFENDANTS:**

*Defendants*, **VITAMIN BECAUSE LLC and CT HEALTH SOLUTIONS LLC:**

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F
Tampa, Florida 33606
Tel: 813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

*Defendant*, **GMAX CENTRAL LLC:**

Leon N. Patricios (FBN 0012777)
Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
Kevin M. Bell (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com
kevin.bell@agg.com

*Defendant*, **ASQUARED BRANDS LLC**:

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com

*Defendants*, **HEALTHY WAY RX LLC, KHAKIWARE INC:**

Joseph A. Sorce, Esq. (FBN 37288)
**JOSEPH A. SORCE & ASSOCIATES, PA**
999 Ponce de Leon Boulevard, Suite 1020
Coral Gables, FL 33134
Tel. 305-529-8544
jsorce@flconstructionlawyer.com

*Defendant*, **JOLLY DOLLAR SUPPLY COMPANY:**

Joshua A. Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: 305-374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

*Defendant*, **INSPIRE NOW PTY LTD d/b/a BoostCeuticals:**

Bretton Irving Pollack (FBN 48793)
**B. IRVING POLLACK, P.A.**
9655 South Dixie Highway, Suite 108
Miami, FL 33156
Tel: 305-373-9676
Brett.Pollack@ppkfirm.com
B@BIrvingPollack.com