# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 19-CV-22702-KMW

NOAH MALGERI, KALYN WOLF, BILL WILSON, SHANNON HOOD, ERIC FISHON, and ROBERT MCKEOWN on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

VITAMINS BECAUSE LLC, CT HEALTH SOLUTIONS LLC, GMAX CENTRAL LLC, ASQUARED BRANDS LLC, INSPIRE NOW PTY LTD d/b/a BoostCeuticals, HEALTHY WAY RX LLC, KHAKIWARE INC, and JOLLY DOLLAR SUPPLY COMPANY, LLC,

    Defendants.

_____

## PLAINTIFFS' NOTICE OF COMPLIANCE

Plaintiffs on behalf of themselves and all others similarly situated, by and through undersigned counsel, hereby file their Notice of Compliance in connection with the December 16, 2021 Discovery Hearing scheduled by Magistrate Judge Edwin G. Torres ("Judge Torres" or the "Magistrate"), and state as follows:

I. **PLAINTIFFS HEREBY GIVE NOTICE** that they have complied with the Magistrate, Judge Torres' directives at the November 18, 2021 hearing by: i) completing all discovery production relating to Plaintiff Eric Fishon by November 24, 2021; ii) amending their privilege log to include details regarding what supplement tests and certificates of analysis Plaintiffs' counsel relied upon as part of its privileged attorney work-product investigation, when those tests occur, and who performed them; and iii) producing redacted retainer letters/agreements as discovery production which revealed the dates and names of parties to the agreements.

1

**II. PLEASE TAKE NOTICE** that, pursuant to the Order Setting Discovery Procedures before Judge Torres and the directives of Judge Torres, including the Order Granting Plaintiffs' Motion to Compel Discovery and for Sanctions (ECF No. 223), Plaintiffs seek to compel discovery production from Defendants, VITAMINS BECAUSE LLC and CT HEALTH SOLUTIONS LLC (together, "Vitamins Because"), GMAX CENTRAL LLC ("Gmax"), ASQUARED BRANDS LLC ("aSquared"), INSPIRE NOW PTY LTD d/b/a BoostCeuticals ("Inspire Now"), HEALTHY WAY RX LLC, KHAKIWARE INC (together, "Healthy Way"), and JOLLY DOLLAR SUPPLY COMPANY, LLC ("Jolly Dollar").

Because the Magistrate's Order also included a summary of recent discovery disputes in this case, as well as Defendants' (and Vitamins Because in particular) repeated failure to comply with multiple discovery Court Orders and subsequent sanctions, Plaintiffs, in the interest of judicial economy, adopt and incorporate by reference, the recital of facts set forth by the Magistrate therein. (ECF No. 223, at 2-6.) The Court's discovery findings and rulings announced at prior court hearings are also incorporated herein by reference. *See* ECF Nos. 219-1, 208-1, 208-2, and 162-1.

**1) Vitamins Because**

   **A) Notice to Test and Inspect**

On August 12, 2020, pursuant to Fed. R. Civ. P. 34(a)(2), Plaintiffs served Vitamins Because with a Request for Inspection to produce and permit Plaintiffs, through their counsel and expert representatives, to inspect, copy, test, and/or sample SAMe reserve samples, materials, and components. Vitamins Because responded to this request on September 14, 2020 by asking Plaintiffs to "agree to an extension of time pending a ruling on the Motion to Stay and, failing that, by respectfully requesting that the Court extend Vitamins Because's deadline to respond to Plaintiffs' Request for Inspection until such time as Judge Williams rules on the pending Motion to Stay and Motions to Dismiss." Plaintiffs did not agree to extend the deadline to respond, and the Court, likewise, never granted any such extension.[1] Since that time, Plaintiffs, on March 11,

---

[1] *See* Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.").

2021, served Vitamins Because with an amended version of the request, a Notice to Test and Inspect. However, even following the Court's dismissal of Vitamins Because's Motion to Dismiss, Plaintiffs have not received substantive responses, objections, or responsive production from Vitamins Because on this matter.

At the July 21, 2021 Discovery Hearing, the Magistrate directed Plaintiffs to take a deposition regarding Defendant Vitamins Because's preservation of representative SAMe samples. On October 5, 2021, at the deposition of Thomas Chapman, the 30(b)(6) corporate designee witness produced by Vitamins Because, Mr. Chapman confirmed the existence of representative SAMe samples in Vitamins Because's possession.

Accordingly, at the October 14, 2021 discovery conference, Plaintiffs requested that the Court compel Vitamins Because's production of the requested SAMe materials, and deem all objections to the Notice to Test and Inspect waived for failure to "respond in writing within 30 days after being served" without any overriding stipulation or court order. *See* Fed. R. Civ. P. 34(b)(2)(A).

The SAMe reserve samples possessed by Vitamins Because have, to date, not been produced. Plaintiffs request specific sanctions in the form of:

An evidential ruling prohibiting Vitamins Because from using SAMe testing to support or oppose claims or defenses relating to quality of the subject SAMe supplements, the measure of their active ingredient (in milligrams) and/or potency, and accuracy of the label claims based on testing of any SAMe samples, or from introducing reserve samples or SAMe testing as evidence in the case. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii); *Nazer v. Five Bucks Drinkery LLC*, 2018 WL 936053, at *2 (M.D. Fla. Feb. 16, 2018) (barring party from introducing any evidence at trial that he failed to produce in response to opposing party's discovery); *Textron Fin. Corp. v. RV Having Fun Yet, Inc.*, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010) (approving magistrate judge's recommendation precluding party from introducing into evidence documents that were not produced as required under the discovery rules and by court order); *McDaniel v. Bradshaw*, 2011 WL 2470519, at *3 (S.D. Fla. June 20, 2011); *Glob. Digital Sols., Inc. v. Grupo Rontan Electro Metalurgica, S.A.*, 18-80106-CV, 2020 WL 8816214, at *4 (S.D. Fla. Dec. 1, 2020).

These requested sanctions are "just" and "specifically related" to the particular claim at issue. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 708 (1982).

### B) Incomplete Production

A number of responsive documents requested by Plaintiffs have not yet been produced. For example, Vitamins Because has agreed to produce documents which are responsive to requests numbers 6-7 of Plaintiffs' Third set of Requests for Production. However, Plaintiffs have not received any such responsive production or confirmation by Vitamins Because that responsive documents do not exist. Plaintiffs request herein that the Court compel Vitamins Because's complete discovery production of all requested documents.

### C) Expert Disclosures

On November 29, 2021, Defendant Vitamins Because disclosed Dr. Neil Ross of N2 Pharma LLC as a "hybrid expert witness" for Vitamins Because pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). Vitamins Because's disclosure indicates that Dr. Ross is expected to testify as a fact witness regarding his involvement with Vitamins Because's manufacturing of SAMe supplements, as well as offer expert opinions regarding the quality of its manufacturing process and adherence to FDA and GMP guidance and recommendations. However, no expert report was produced by Vitamins Because pursuant to Rule 26(a)(2)(B).

Plaintiffs object to Vitamins Because's designation of Dr. Ross as an expert under Rule 26(a)(2)(C). It is Plaintiffs' position that Dr. Ross was required to provide a written report pursuant to Rule 26(a)(2)(B). First, Dr. Ross is *now* being specially retained as an independent contractor to provide expert testimony in the case. Dr. Ross has never been a regular, continuous employee of Vitamins Because; he is, rather, solely contracted for specific work and projects, and not employed by the firm. *See* FDA Establishment Inspection Report 3011261508; Plaintiffs_068. Even if Dr. Ross was previously contracted for non-litigation purposes (e.g. compliance), he is now being formally engaged and retained "to provide expert testimony in the case." Rule 26(a)(2)(B); *Torres v Wal-Mart Stores E., L.P.*, 19-62352-CIV, 2021 WL 3634632, at *11, n.16 (S.D. Fla. Aug. 17, 2021) (recognizing that an expert previously employed for non-litigation purposes [e.g. treating physician], "may nevertheless 'morph' into a retained expert" if "as litigation approaches, the plaintiff's legal team pays the [expert] and formally engages him to

4

provide expert testimony." In such a scenario, the [expert] has changed roles and is now functioning as a retained expert.

Second, courts in this district has long recognized that experts offering opinions beyond those arising from their prior work are experts from whom full Rule 26(a)(2)(B) reports are required. *In re Denture Cream Prod. Liab. Litig.*, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (Altonaga, J.) (emphasis added); *see also Pringle v. Johnson & Johnson*, 2019 WL 6723822, at *2 (S.D. Fla. Dec. 11, 2019) (Marra, J.) ("[T]reating physicians may be subject to section (2)(B) if they offer opinions that extend beyond their treatment of a patient or if they form opinions upon review of information provided by an attorney or in anticipation of litigation."); *Cajule Cedant v. United States*, 2021 WL 2895714, at *4 (S.D. Fla. July 9, 2021) (Scola, J.) ("[W]hen a treating physician or provider ventures beyond observation, diagnosis, and treatment ..., then he or she must provide a full report[.]" (cleaned up)); *Torres v. First Transit, Inc.*, 2018 WL 3729553, at *2 (S.D. Fla. Aug. 6, 2018) (Bloom, J.). Vitamins Because's expert disclosure makes no indication that Dr. Ross's expert opinion will be limited to the pre-litigation work he performed for the company as a consultant. It rather suggests that Dr. Ross will opine generally regarding "the adequacy of the SAMe product manufactured by Vitamins Because" during the class period, beyond observations he may have made during his prior work as a consultant. Such expert opinions require a written report. *See Wademan v. United States*, 16-CV-10002, 2017 WL 7794322, at *1-3 (S.D. Fla. May 17, 2017) ("Courts in this District have required the disclosure of written reports from physicians offering opinions that fall outside the scope of mere treatment provided to an individual patient," including where their opinions do not stem from observations made during the course of their work with the patient.).

In the alternative, it is also Plaintiffs' position that Vitamins Because's witness disclosure fails to fulfill the disclosure and summary requirements under Rule 26(a)(2)(C). Beyond stating the subject matter on which Dr. Ross is expected to testify, the disclosure plainly fails to outline "a summary of the facts and opinions to which the witness is expected to testify." *Id.*; Fed. R. Civ P. 26 advisory committee's notes to 2010 amendment (noting that non-retained expert must also provide "the facts supporting [the expert's] opinions"). "While the summary Rule 26(a)(2)(C) requires is considerably less extensive than the report required by Rule 26(a)(2)(B), a party must do more than identify[ ] generic subject areas of anticipated testimony, without identifying the actual substance or content of the opinions on which testimony is expected." *Torres v. Wal-Mart*

5

*Stores E., L.P.*, 2021 WL 3634632, at *17 (citing *Almonte v. United States*, 2021 WL 3418402, at *3 (S.D. Fla. Apr. 21, 2021) (Marra, J.)). And where as here, a party fails to identify the specific opinions and supporting facts which its expert will be offering, and instead summarily lists a few topics generally and in a wholly conclusory way, courts have recognized that the expert disclosures do not comply with Rule 26(a)(2)(C)(ii). *Id.*, at 2-3 ("bare-bone disclosures" -- that do not identify what the expert opinions are or even hint at the nature of the opinions – "are prohibited under the Federal Rules because they leave defendants in the dark as to the content and context of treating physician opinion testimony.").

In short, Vitamins Because's disclosure are too abbreviated to provide Plaintiffs with any insights as to the pivotal parts of Dr. Ross's expert testimony. *See Jones v. Royal Caribbean Cruises, Ltd.*, 12-20322-CIV, 2013 WL 8695361, at *4 (S.D. Fla. Apr. 4, 2013). Plaintiffs accordingly have advised Vitamins Because of that their expert disclosure did not comply with the rules and requested a full expert report pursuant to Rule 26(a)(2)(B) and, in the alternative, more specific disclosures pursuant to Rule 26(a)(2)(C). Plaintiffs accordingly now move the Court to compel sufficient expert disclosures, and thereby cure any potential surprise, prior to the discovery cutoff. *See Torres v. Wal-Mart Stores E., L.P.*, 2021 WL 3634632, at *14 ("to the extent any individual judge remains concerned that, in a given case, a Rule 26(a)(2)(C) summary would constitute insufficient notice to the other side, the new rules expressly give district courts the discretion to require more fulsome disclosures—beyond those prescribed in Section (C)—for non-retained experts.").

**2) Defendant aSquared**

Defendant aSquared has recently indicated its intention to notice depositions for Plaintiff Noah Malgeri and Plaintiffs' expert David Sharp. Plaintiffs now seek a protective order preventing all Defendants from requiring Plaintiffs to produce these witnesses again for depositions.

At the behest of Defendant Vitamins Because, Plaintiffs' counsel first scheduled Plaintiff Malgeri's deposition for August 23, 2021. Despite multiple attempts to arrange and confirm the deposition with counsel for Vitamins Because, Vitamins Because unilaterally failed to notice or move forward with the deposition without providing Plaintiffs with any notice of their intentions.

At the behest and agreement of counsel for all Defendants, Plaintiff's counsel and Plaintiff Malgeri agreed to reschedule the Malgeri deposition for November 15, 2021. The deposition on

this date was noticed by Defendant Vitamins Because and agreed upon by all parties in the case. Plaintiffs' counsel confirmed to Defendants on multiple occasions, that they would not be producing him on any other date. Plaintiffs' counsel attempted to produce Plaintiff Malgeri at the time agreed upon by all parties to be deposed by any Defendant in the case, but Defendant Vitamins Because and other Defendants did not appear via zoom to proceed with the deposition.[2]

Despite two opportunities to depose Plaintiff Malgeri, Defendant aSquared -- a party against which Plaintiff Malgeri asserts no claims or allegations -- now seeks to reschedule Plaintiff Malgeri's deposition for a third date. Plaintiff Malgeri has suffered prejudice by Defendants failures to move forward with his deposition as scheduled. Plaintiffs accordingly move the Court for a protective order against further attempts to schedule and notice his deposition.

Additionally, at the behest of Defendant Vitamins Because, and without objection from any Defendants, this Court ordered that the deposition of Plaintiff's expert David Sharp take place during the week of November 29. Plaintiff's counsel and the expert arranged their calendars to appear for the deposition as ordered by the Court. Defendants failed to schedule or notice the deposition. Plaintiffs accordingly move the Court for a protective order against further attempts to schedule and notice his deposition.

### 3) Defendant Inspire Now Pty Ltd

On August 13, 2020, Plaintiffs served Defendant Inspire Now with its First Request for Production of Documents. Plaintiffs' document requests included a request for the production of Inspire Now's sales data relating to its sale of the subject product. *See e.g.* Document Request 4. While other Defendant Retailers have successfully produced sales data relating to their respective sale of the subject product, Defendant Inspire Now has outright refused to make such a production. Counsel for Inspire Now has indicated that he intends to mount specific defenses and challenge

---

[2] Defendant Vitamins Because has stated and represented that it unilaterally cancelled Plaintiff Malgeri's scheduled deposition in an attempt to schedule the deposition of Plaintiff's expert Dr. Douglas Kalman on that day. Plaintiffs' counsel had previously confirmed with Defendants that they would be bringing the issue of Dr. Kalman's deposition to the Magistrate for a discovery ruling which was issued by the Court on November 18, 2021. Counsel for Plaintiffs and at least one other Defendant were led to believe that Defendants would be moving forward with the deposition as had been agreed upon by all parties.

Plaintiff Fishon's standing based on the sales records which Inspire Now has refused to produce.[3] Plaintiffs request that Inspire Now be precluded from offering any evidence predicated on the records of its sales.

Plaintiff further seeks relief pursuant to 28 U.S.C. § 1927 for any frivolous, unreasonable, and/or and vexatious motion for sanctions counsel for Inspire Now may bring relating to this matter.

### 4) Defendant Retailers

Defendants Gmax, aSquared, Inspire Now, Healthy Way, and Jolly Dollar ("Defendant Retailers") have not produced documents relating to their compliance under 21 C.F.R. §111. Plaintiffs requested this production on March 11, 2021, and to date, no production has been made. Plaintiffs request that Defendant Retailers be precluded from offering any evidence in support of their compliance with the federal regulations under 21 C.F.R. §111.

### MEET AND CONFER CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiffs has conferred with counsel for many of the Defendants in a good faith effort to resolve many of the above referenced matters but have been unable to reach an agreement.

**III. PLEASE TAKE NOTICE** that, pursuant to the Order Setting Discovery Procedures before Judge Torres, Plaintiffs, by and through undersigned counsel, request that the Court issue a ruling on Defendant Vitamins Because's Objection to and Motion to Quash Plaintiffs' Notice of Subpoena to Produce Documents directed to non-party, Azorio LLC [ECF No. 144], which was referred to Judge Torres by the District Court to take any appropriate action required by law [ECF No. 148]. As directed by the Magistrate, Plaintiffs filed their opposition in writing on September

---

[3] While in past months, in an effort to avoid any unnecessary discovery dispute, Plaintiffs have been willing to compromise with Inspire Now regarding its production of sales records for purposes of their affirmative class case, Inspire Now's recent challenge to Plaintiff Fishon's standing based on alleged sales data now requires the production of all relevant sales records of SAMe.

8

25, 2020 [ECF No. 163], and Vitamins Because filed a Reply on October 2, 2020 [ECF No. 169]. The matter has thus been fully briefed by the parties.

MEET AND CONFER CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiffs conferred with counsel for Vitamins Because in September 2020 regarding the relief sought by Vitamins Because's Motion in a good faith effort to resolve and/or narrow the issues raised in the motion but has been unable to do so. Plaintiffs oppose the relief requested by Defendant Vitamins Because.

DATED:  December 13, 2021                    By:  */s/ Joshua H. Eggnatz*

>Joshua H. Eggnatz
>**EGGNATZ | PASCUCCI**
>7450 Griffin Road
>Suite 230
>Davie, FL 33314
>Tel: 954-889-3359
>JEggnatz@JusticeEarned.com
>
>
>Jay I. Brody (Admitted *Pro Hac Vice*)
>Gary S. Graifman (Admitted *Pro Hac Vice*)
>**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
>747 Chestnut Ridge Road
>Chestnut Ridge, New York 10977
>Tel: 845-356-2570
>ggraifman@kgglaw.com
>jbrody@kgglaw.com
>
>
>Nicholas A. Migliaccio
>Jason S. Rathod
>**MIGLIACCIO & RATHOD LLP**
>412 H Street N.E., Ste. 302
>Washington, DC 20002
>Tel: 202-470-3520
>nmigliaccio@classlawdc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served on all counsel of record on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Joshua Eggnatz*

**SERVICE LIST**
Ginsberg, et al. vs. Vitamins Because, LLC, et al.
Case No.: 19-cv-022702-KMW

**Attorneys for PLAINTIFFS**:

Joshua H. Eggnatz
**EGGNATZ | PASCUCCI**
7450 Griffin Road
Suite 230
Davie, FL 33314
Tel: 954-889-3359
JEggnatz@JusticeEarned.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

**Attorneys for DEFENDANTS:**

*Defendants*, **VITAMIN BECAUSE LLC and CT HEALTH SOLUTIONS LLC:**

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F
Tampa, Florida 33606
Tel: 813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

*Defendant*, **GMAX CENTRAL LLC:**

Leon N. Patricios (FBN 0012777)
Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
Kevin M. Bell (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com
kevin.bell@agg.com

*Defendant*, **ASQUARED BRANDS LLC:**

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

11

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com

*Defendants*, **HEALTHY WAY RX LLC, KHAKIWARE INC:**

Joseph A. Sorce, Esq. (FBN 37288)
**JOSEPH A. SORCE & ASSOCIATES, PA**
999 Ponce de Leon Boulevard, Suite 1020
Coral Gables, FL 33134
Tel. 305-529-8544
jsorce@flconstructionlawyer.com

*Defendant*, **JOLLY DOLLAR SUPPLY COMPANY:**

Joshua A. Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: 305-374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

*Defendant*, **INSPIRE NOW PTY LTD d/b/a BoostCeuticals:**

Bretton I. Pollack (FBN 48793)
**POLLACK, POLLACK & KOGAN, LLC**
Courthouse Tower
44 West Flagler Street
Suite 2050
Miami, Florida 33130
Telephone: (305) 373-9676
Brett.Pollack@PPKFirm.com