# EXHIBIT B

```
                                        1
 1           IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF FLORIDA
 2                      MIAMI DIVISION

 3            CASE NO:  19-CV-22702-KMW

 4  CORI ANN GINSBERG, NOAH MALGERI,
    KALYN WOLF, BILL WILSON, SHANNON
 5  HOOD, ERIC FISHON and ROBERT
    MCKEOWN on behalf of themselves
 6  and all others similarly situated,

 7      Plaintiffs,

 8  vs.

 9  VITAMINS BECAUSE, LLC, CT HEALTH
    SOLUTIONS, LLC, GMAX CENTRAL, LLC,
10  ASQUARED BRANDS, LLC, INSPIRE NOW PTY,
    LTD, d/b/a BoostCeuticals, HEALTHY WAY
11  RX, LLC, KHAKIWARE, INC., and JOLLY
    DOLLAR SUPPLY COMPANY, LLC,
12
        Defendants.
13  _____

14

15     (PORTIONS OF THIS TRANSCRIPT AND ATTACHED EXHIBITS ARE
       CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER DATED AUGUST 3, 2021)
16

17
                    Via Zoom
18              Tuesday, November 9, 2021
                     10:00 A.M.
19

20

21       REMOTE RECORDED DEPOSITION OF ERIC FISHON

22        Taken before Sylvia Evans, Notary Public for the

23  State of Florida at Large, pursuant to Notice of Taking

24  Deposition filed in the above cause.

25

            SYLVIA EVANS COURT REPORTING, INC.
```

```
                                        2
 1              A P P E A R A N C E S

 2       JAY I. BRODY, ESQ.
         (Via Zoom)
 3       Kantrowitz, Goldhamer & Graifman, P.C.
         747 Chestnut Ridge Road
 4       Chestnut Ridge
         New York, New York  10977
 5       On behalf of Plaintiffs.

 6       YANIV ADAR, ESQ.
         (Via Zoom)
 7       Mark Migdal & Hayden
         80 S.W. Eighth Street
 8       Suite 1999
         Miami, Florida  33130
 9       On behalf of Defendant Jolly Dollar.
         Supply Company.
10
         SCOTT W. ANDERSON, ESQ.
11       (Via Zoom)
         Johnson Daboll Anderson, PLLC
12       2011 W. Cleveland Street
         Suite F
13       Tampa, Florida  33606
         On behalf of Defendants Vitamin Because,
14       LLC, and CT Health Solutions, LLC.

15       RICHARD J. OPARIL, ESQ.
         (Via Zoom)
16       Arnall Golden Gregory, LLP
         1775 Pensylvania Avenue, NW
17       Suite 1000
         Washington, DC  20006
18       On behalf of Defendant GMAX Central, LLC.

19       BRETT I. POLLACK, ESQ.
         (Via Zoom)
20       B. Irving Pollack, P.A.
         9655 South Dixie Highway
21       Suite 108
         Miami, Florida  33156
22       On behalf of Defendant Inspire Now
         d/b/a BoostCeuticals.
23

24

25

            SYLVIA EVANS COURT REPORTING, INC.
```

```
                                        3
 1       SEAN M. O'BRIEN, ESQ.
         (Via Zoom)
 2       Lippes Mathias Wexler Friedman, LLP
         50 Fountain Plaza
 3       Suite 1700
         Buffalo, New York  14202
 4       On behalf of Defendant Asquared Brands, LLC.

 5       JOSEPH A. SORCE, ESQ.
         (Via Zoom)
 6       Joseph A. Sorce & Associates, P.A.
         999 Ponce De Leon Boulevard
 7       Suite 1020
         Coral Gables, Florida  33134
 8       On behalf of Defendants Healthy Way Rx, LLC,
         and Khakiware, Inc.
 9
         ALSO PRESENT:
10
         LEO ELIADES
11

12

13

14

15

16              I N D E X

17  Witness                                           Page

18  ERIC FISHON

19    Direct Examination by Mr. Adar           . . .   7
      Direct Examination by Mr. Anderson       . . . 193
20    Direct Examination by Mr. Oparil         . . . 217
      Direct Examination by Mr. Pollack        . . . 217
21    Direct Examination by Mr. O'Brien        . . . 282
      Direct Examination by Mr. Sorce          . . . 317
22    Further Direct Examination by Mr. Pollack . . . 361
      Cross Examination by Mr. Brody           . . . 378
23    Re-Direct Examination by Mr. Pollack     . . . 379

24

25

            SYLVIA EVANS COURT REPORTING, INC.
```

```
                                        4
 1                    E X H I B I T S

 2  Exhibit                                          Page

 3  No. 1    Amazon.com Details for Order No.
             112-4327988-5299429                       80
 4
    No. 2    Email from Jay Brody Dated
 5           October 19, 2021                           93

 6  No. 3    BoostCeuticals SAM-e Amazon Picture
             And Order Confirmation                   100
 7
    No. 4    Amazon Business Accounts Terms and
 8           Conditions                                120

 9  No. 5    Plaintiff's Responses To Defendant
             Jolly Dollar Supply Company, LLC's
10           Requests For Production of Documents
             To Plaintiff Eric Fisher                  167
11
    No. 6    Plaintiff's Supplemental Responses To
12           Defendant Jolly Dollar Supply Company,
             LLC's Requests For Production of
13           Documents To Plaintiff Eric Fishon        167

14  No. 7    Third Amended Class Action Complaint     235

15  No. 8    Exhibit E To Third Amended Class Action
             Complaint - BoostCeuticals Picture       237
16
    No. 9    BoostCeuticals Picture - "Deliver To
17           ABCO - Hauppauge 11788"                  238

18  No. 10   BoostCeuticals Picture - "Deliver To
             ABCO - Hauppauge 11788" and Order
19           Confirmation - Order No.
             111-4531251-2663455                      246
20
    No. 11   Amazon Business Account Order Log -
21           March 2018                               249

22  No. 12   Amazon Order Details For Order No.
             111-4531251-2663455                      252
23
    No. 13   Amazon Order Details - BoostCeuticals
24           SAM-e                                    256

25

            SYLVIA EVANS COURT REPORTING, INC.
```

Case 1:19-cv-22702-KMW Document 267-2 Entered on FLSD Docket 12/13/2021 Page 3 of 5

Cori Ann Ginsberg, et al. vs. Vitamins Because, LLC, et al.                                    Deposition of Eric Fishon

**Page 189**

1  Fishon, that you answer my question with a yes or no. I will
2  ask it again. If you refuse, that's your choice. But
3  ultimately, it's going to be one of the many reasons we're
4  going to have to sit here again for a deposition?
5         I will ask my question again. Are you aware of
6  any parts of the implementing regulations of the Federal Drug
7  Administration at issue in this lawsuit? I would appreciate a
8  yes or no answer.
9         MR. BRODY: I'm going to have the same objection,
10   asked and answered. And I'm going to object to counsel
11   imposing new instructions not based on any Federal Rules
12   that require an answer to a question in any specific
13   way. I think he's entitled to answer questions that are
14   responsive in a truthful manner.
15        THE WITNESS: Counsel, I don't believe that
16   giving you a yes or no answer provides a truthful and
17   honest answer. So I'm going to unfortunately, with no
18   disrespect, refuse to answer that.
19        MR. ADAR:
20   Q.   Okay. No disrespect. That was the most polite
21 refusal that I have received today. I thank you. It's noted
22 for the record.
23        Give me one minute. If you want to, why don't we
24 take a break and when we come back, I probably will not have
25 any additional questions. But in case I do, I'll only have a

**Page 190**

1  handful more and I'll be prepared to pass the witness and
2  we'll go from there. Thank you.
3         (A brief recess was had from 2:59 p.m. until 3:04
4    p.m.)
5         MR. ADAR:
6  Q.   Mr. Fishon, you purchased four different
7  containers of SAM-e products at issue in this case, correct?
8  **A.   Correct.**
9  Q.   Did you use product from each of those bottles?
10 **A.   Yes.**
11 Q.   Did you use all the product in each of those
12 bottles?
13        MR. BRODY: Form.
14        THE WITNESS: No.
15        MR. ADAR:
16 Q.   So focusing on Mental Refreshment, the bottle
17 from Jolly Dollar, did you use all of the product in that
18 bottle?
19        MR. BRODY: Object to form.
20        THE WITNESS: I don't recall if it was a hundred
21   percent, so I don't want to give an incorrect answer.
22        MR. ADAR:
23 Q.   Let's work in the universe where you didn't use
24 all of it. What would you have done with the leftover
25 products?

**Page 191**

1         MR. BRODY: Object to form. Improper
2    hypothetical.
3         THE WITNESS: If I did not use all of it --
4    probably at some point discarded it, if I didn't use all
5    of it. I don't know. I actually don't know.
6         MR. ADAR:
7  Q.   Okay. So you either used it or discarded it.
8  Can you think of anything else you would have done with these
9  products?
10        MR. BRODY: Object to form.
11        THE WITNESS: Yeah, stored them.
12        MR. ADAR:
13 Q.   Do you have any of them now?
14        MR. BRODY: Object to form.
15        THE WITNESS: Of your client's?
16        MR. ADAR:
17 Q.   Let's start with my client's.
18 **A.   I don't know at the moment.**
19 Q.   Did you search for them?
20        MR. BRODY: Object to form.
21        THE WITNESS: I recall doing a search for --
22   actually, I recall doing a search for all of them. I
23   don't recall being able to find any of them. It's not
24   just yours, I recall doing a search for all of them.
25        MR. ADAR:

**Page 192**

1  Q.   Right. That makes sense to me. I just want to
2  make sure, you're not like -- it's not on the counter behind
3  you.
4  **A.   No, no. I just remember where I usually would**
5  **have my vitamins and I remember going through them again and**
6  **not being able to see where I usually would have them.**
7  Q.   Did you send any of those SAM-e products to
8  anyone after you had them?
9         MR. BRODY: Object to form.
10        THE WITNESS: You mean the actual product itself,
11   Counselor?
12        MR. ADAR:
13 Q.   Yes.
14 **A.   No.**
15 Q.   Did you ever test any of the SAM-e products that
16 you purchased?
17        MR. BRODY: Object to form. Vague. You're
18   asking him if he personally tested it? That's the
19   question?
20        MR. ADAR:
21 Q.   You can answer.
22 **A.   No, I didn't personally test and nor did I**
23 **personally send any of my stuff to be tested.**
24        MR. ADAR: I'm going to pass the witness but
25   reserve my right to ask additional questions at the end

**Page 305**

Therefore, when learning or finding out as such, that is the point in which I felt that, huh, I want -- something needs to be done. And again, I don't remember exactly how upon that went.

But I will tell you right now, I do not take very well to false advertising and people taking advantage of customers.

MR. O'BRIEN:

Q. Mr. Fishon, if the product that you purchased from BoostCeuticals on March 24th, 2018, wasn't tested for potency, how do you know that it was falsely advertised?

MR. BRODY: Object to form. Calls for a legal and expert expertise.

THE WITNESS: That's something, again, I will revert back to experts and my lawyers and stuff that is inside the Complaint. That is better suited for me -- because I'm not an attorney, so that's not the stuff that I want to say the wrong thing and answer incorrectly.

I can only answer to you to the best of my ability on what I purchased and then what is therefore then found out since then. I don't want to be intuitive or disingenuous and be making, you know, incorrect statements.

MR. O'BRIEN:

SYLVIA EVANS COURT REPORTING, INC.

**Page 306**

Q. Let me ask you this, if you had gotten the product that you purchased from BoostCeuticals on 3/24/2018 tested, and the potency came back the same as what was indicated on the label, would you have brought this lawsuit?

MR. BRODY: Object to form. Improper hypothetical. You can answer the question if you understand.

THE WITNESS: I'm -- one, I'm not an expert. Two, it didn't get tested. So three, unfortunately, I can't give you an answer to that because there's more to it than just that.

MR. O'BRIEN:

Q. The point is that we wouldn't know one way or the other because it wasn't tested, is that right?

MR. BRODY: Object to form. I don't understand the question. Can you rephrase it?

MR. O'BRIEN: No.

MR. O'BRIEN:

Q. Mr. Fishon, do you understand the question?

A. **I don't know how to answer that question.**

Q. Why not?

A. **Because you're asking about a hypothetical that didn't happen and then want me to answer it as if it did.**

Q. Let me ask it this way. If you had gotten the product that you purchased tested, you would know whether the

SYLVIA EVANS COURT REPORTING, INC.

**Page 307**

label was accurate or inaccurate, is that right?

MR. BRODY: Object to form. Calls for an expert opinion.

THE WITNESS: If I was to speculate, get it tested, possibly, but I am not an expert and I did not do so, so I don't want to speculate to that answer.

MR. O'BRIEN:

Q. You would agree that testing the product for its ingredients would allow you to understand what those ingredients were, is that right?

MR. BRODY: Object to form. Calls for an expert answer.

THE WITNESS: I could speculate that.

MR. O'BRIEN:

Q. And because it wasn't tested -- and I'm speaking specifically to the BoostCeuticals product on 3/24/2018 -- we don't know what the ingredients of that product you purchased were?

MR. BRODY: Same objection. Calls for an expert answer.

THE WITNESS: So from my customer/layman point of view, no, since my product, the one that I bought, the one that I had, wasn't tested, I don't know what my product and what my pills' ingredients and amounts were, correct.

SYLVIA EVANS COURT REPORTING, INC.

**Page 308**

MR. O'BRIEN:

Q. And I believe you covered this previously -- so I apologize if I'm asking it twice -- but you don't have any SAM-e that you purchased from BoostCeuticals on 3/24/2018 in your possession at present, is that right?

A. **Not that I know of, Counselor, no.**

Q. And had you retained Mr. Brody's law firm on 3/24/2018?

MR. BRODY: Objection, asked and answered.

THE WITNESS: I do not know the exact date that I retained Mr. Brody without looking at my records.

MR. O'BRIEN:

Q. So you can see in paragraph twelve of the Complaint, your second purchase was on April 8th, 2018, from a company called We Like Vitamins, is that right?

A. **That is correct.**

Q. And do you have any recollection of whether you took that product?

A. **I don't have a recollection of when I took or how much of it I took at this time.**

Q. And do you have any recollection of when you received the product, whether you noticed anything wrong with the product? And by that I mean, it smelled funny, it looked funny, there wasn't enough pills in it, anything else irregular?

SYLVIA EVANS COURT REPORTING, INC.

**317**

1 possession as of today?
2  A. **No, I do not.**
3  Q. And are you claiming that that product that you
4 purchased had less SAM-e than what was on the label?
5  A. **I am not making that claim.**
6  Q. And was that product tested?
7  A. **No, it was not.**
8  MR. O'BRIEN: Okay. Mr. Fishon, that's all I
9 have for you. Thanks for your time.
10  THE WITNESS: Thank you, Counsel.
11  MR. O'BRIEN: Mr. Brody, I hope that was quick
12 enough for your liking.
13  MR. SORCE: Good evening, this is Joe Sorce,
14 counsel for Khakiware and Healthy Way. Anybody else
15 want to go or should I go?
16  MR. BRODY: Joe, do you mind, can you give me an
17 estimate how long you're going to be?
18  MR. SORCE: Probably about the same time as the
19 former attorney just took, Sean.
20  MR. BRODY: Let's take a two-minute break and
21 we'll be back.
22  (A brief recess was had from 6:27 p.m. until 6:47
23 p.m.)
24         DIRECT EXAMINATION
25 BY MR. SORCE:

SYLVIA EVANS COURT REPORTING, INC.

**318**

1  Q. Mr. Fishon, good evening. I represent Khakiware
2 and Healthy Way in this lawsuit.
3  So I'm going to ask Mr. O'Brien to do me the
4 favor to put back up on the screen the last exhibit that was
5 up, which is the Third Amended Complaint in this case. I'm
6 not sure which exhibit number that is. Can anybody tell me?
7  MR. ADAR: The Third Amended Complaint was
8 Exhibit Seven.
9  MR. SORCE:
10  Q. So Mr. Fishon, I'm going to show you what's been
11 previously marked as Exhibit Seven, and I'm going to direct
12 your attention to paragraph twelve. And it starts at the
13 bottom there, right after footnote eighteen, "On or about
14 January 15th, 2019 --" Sean, if you could scroll to the next
15 page.
16  Thank you.
17  "-- Plaintiff Fishon viewed the label of and
18 purchased one bottle of the subject product as it was
19 available for sale under the private label brand retail name
20 of Healthy Way on Amazon.com for a purchase price of
21 twenty-one ninety-nine."
22  Did I read that correctly?
23  A. **Yes, Sir.**
24  Q. And I know Mr. O'Brien just asked you a bunch of
25 questions about this paragraph and I'm going to try not to

SYLVIA EVANS COURT REPORTING, INC.

**319**

1 duplicate it. When I mean this paragraph, I mean paragraph
2 twelve of the Third Amended Complaint marked as Exhibit Seven.
3  But the first question I have for you with
4 respect to this purchase of SAM-e from Healthy Way on or about
5 January 15th, 2019, are there any other SAM-e products that
6 you're aware of that you purchased from Healthy Way other than
7 this one?
8  MR. BRODY: Object to form.
9  THE WITNESS: Not that I'm aware of.
10  MR. SORCE:
11  Q. All right. Do you know if at any point in time,
12 if you purchased any SAM-e product from Khakiware, Inc., who
13 is another Defendant in this case?
14  A. **Not that I know of.**
15  Q. So to the best of your knowledge as you sit here
16 today, the only product that you purchased -- strike that --
17 the only SAM-e product that you purchased with respect to
18 Healthy Way is the one that is referenced here in paragraph
19 twelve of the Third Amended Complaint that was purchased on or
20 about January 15th, 2019, is that correct?
21  A. **Correct.**
22  Q. So is it also correct that -- strike that.
23  You also just testified that you do not recall
24 purchasing any other product from Healthy Way, is that
25 correct?

SYLVIA EVANS COURT REPORTING, INC.

**320**

1  A. **Correct.**
2  Q. All right. You also testified, I believe, that
3 you do not recall purchasing any other SAM-e products from
4 Khakiware, Inc., is that correct?
5  MR. BRODY: Counsel, I'm going to object. Are
6 you asking him regarding whether or not he bought from
7 the brand of Khakiware or from the seller of Khakiware?
8 Can you clarify what you're asking?
9  MR. SORCE:
10  Q. I guess we'll break it down. Do you recall
11 purchasing any SAM-e products from Khakiware, Inc., the
12 seller?
13  MR. BRODY: You're asking if that's the name of
14 the seller?
15  MR. SORCE: Yes.
16  MR. BRODY: You can answer if you know the
17 answer.
18  THE WITNESS: Not that I know of.
19  MR. SORCE:
20  Q. All right. Do you recall purchasing any other
21 brands of SAM-e other than the Healthy Way or Khakiware?
22  A. **Yes.**
23  Q. Let me ask the question this way. To your
24 knowledge, is this allegation twelve of the Third Amended
25 Complaint, is this the only claim that you have with respect

SYLVIA EVANS COURT REPORTING, INC.