# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-22702-KMW

CORI ANN GINSBERG, NOAH MALGERI, KALYN WOLF, BILL WILSON, SHANNON HOOD, ERIC FISHON, and ROBERT MCKEOWN on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

VITAMINS BECAUSE LLC, CT HEALTH SOLUTIONS LLC, GMAX CENTRAL LLC, ASQUARED BRANDS LLC, INSPIRE NOW PTY LTD d/b/a BoostCeuticals, HEALTHY WAY RX LLC, KHAKIWARE INC, and JOLLY DOLLAR SUPPLY COMPANY, LLC,

    Defendants.

_____

## **PLAINTIFF'S RULE 26 DISCLOSURES**

Plaintiffs, Cori Ann Ginsberg, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, And Robert Mckeown (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through undersigned counsel, makes the following initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure:

(A) **In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:**

    (i) **the name and, if known, the address and phone number of each individual likely to have discoverable information – along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following list includes individuals that may have discoverable information that Plaintiffs may use to support their case, and the general subjects of the information that they may have. This list is only an initial effort to identify relevant individuals and information. It is likely that there are additional individuals and additional types of information that Plaintiffs may identify and use to support its claims in this case. Plaintiffs will supplement this disclosure as appropriate.

1) **Cori Ann Ginsberg**
   Plaintiff
   c/o Plaintiff's counsel

This person has information regarding Plaintiff Ginsberg's claims and injuries and her purchase of the subject product in connection therewith.

Current address: ▅▅▅▅▅▅▅▅▅▅ Petal, MS 39465

The address where Plaintiff Ginsberg lived when the subject product was purchased and delivered: ▅▅▅▅▅▅▅▅▅▅ North Miami, FL 33161.

2) **Noah Malgeri**
   Plaintiff
   c/o Plaintiff's counsel

This person has information regarding Plaintiff Malgeri's claims and injuries and his purchase of the subject product in connection therewith.

Current address: ▅▅▅▅▅▅▅▅▅▅ Las Vegas, Nevada 89104

3) **Kalyn Wolf**
   Plaintiff
   c/o Plaintiff's counsel

This person has information regarding Plaintiff Wolf's claims and injuries and her purchase of the subject product in connection therewith.

Current address: ▅▅▅▅▅▅▅▅▅▅ Tucson, AZ 85710

4) **Bill Wilson**
   Plaintiff
   c/o Plaintiff's counsel

This person has information regarding Plaintiff Wilson's claims and injuries and his purchase of the subject product in connection therewith.

Current address: ███████████ La Mesa, CA 91941

5) **Shannon Hood**
   Plaintiff
   c/o Plaintiff's counsel

This person has information regarding Plaintiff Hood's claims and injuries and her purchase of the subject product in connection therewith.

Current address: ████████████████ Baldwinsville NY 13027

6) **Eric Fishon**
   Plaintiff
   c/o Plaintiff's counsel

This person has information regarding Plaintiff Fishon's claims and injuries and his purchase of the subject product in connection therewith.

Current address: ███████████ Hauppauge, New York 11788

7) **Robert McKeown**
   Plaintiff
   c/o Plaintiff's counsel

This person has information regarding Plaintiff McKeown claims and injuries and his purchase of the subject product in connection therewith.

Current address: ███████████ Cedar Park, TX 78613

8) Witnesses identified through discovery in this case.

9) Witnesses listed in Defendants' Rule 26 Disclosures.

   **(ii)   a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Discovery in this case may involve personal or confidential information. Plaintiff will produce such information as required subject to an appropriate confidentiality agreement to be entered into by the parties. Plaintiff reserves its right to seek further protection in the form of additional protective orders or the preclusion of production pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

and reserves its right to assert discovery objections, including objections to the production of electronically stored information. Subject to these conditions and the applicable rules governing discovery, potentially relevant categories of documents include:

(a) Purchase Documentation.
(b) Amazon Account Documents.

These documents above are located at the office Plaintiff's counsel, and can be requested through counsel.

(c) Documents and information identified by and/or in the possession of Amazon.com Inc. or Amazon.com LLC.

**(iii)    a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

An exact computation of damages in this case is premature and unknown at this time. The computation of damages will require access to Defendant's records in discovery. At minimum, Plaintiffs seek compensatory damages which include the purchase price of each purchased subject product and related shipping costs. In addition to compensatory damages, Plaintiffs and the Classes of similarly situated consumers seek a declaratory judgment and injunctive relief, asking the Court to order the Defendants to cease and desist from their fraudulent and unlawful practices.

Plaintiffs reserve the right to supplement this disclosure with specificity as to the amount of damages as discovery progresses.

**(iii)    for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

The inadvertent production of any document(s) or any portion of any document(s) protected by any privilege or any other ground for objecting to such information or documents shall not constitute a waiver of the applicable privilege(s) either as to those documents inadvertently produced, those to which they refer, or as to the privilege(s) as a whole. Plaintiffs expressly reserve the right to demand the return of such documents, without prejudice to any claim or privilege, in the event such documents are produced inadvertently.

Plaintiffs' search for responsive documents is ongoing and they reserve the right to supplement and/or modify all responses below and the production of documents to be made (if any) in response thereto. All other rights are reserved.

DATED: June 30, 2020.

                                                                         /s/ Barbara Perez
Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio

Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 30, 2020, I served the foregoing on all counsel of record identified on the attached Service List via e-mail.

By: */s/ Jay Brody*

**SERVICE LIST**
Ginsberg, et al. vs. Vitamins Because, LLC, et al.
Case No.: 19-cv-022702-KMW

**Attorneys for PLAINTIFFS**:

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com


**Attorneys for DEFENDANTS:**

*Defendants*, **VITAMIN BECAUSE LLC
and CT HEALTH SOLUTIONS LLC:**

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F

Tampa, Florida 33606
Tel: 813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

### *Defendant*, GMAX CENTRAL LLC:

Leon N. Patricios (FBN 0012777)
Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com

### *Defendant*, ASQUARED BRANDS LLC:

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com