IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-22702-KMW

CORI ANN GINSBERG
NOAH MALGERI
KALYN WOLF
BILL WILSON
SHANNON HOOD
ERIC FISHON
ROBERT MCKEOWN, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

vs.

VITAMINS BECAUSE LLC
CT HEALTH SOLUTIONS LLC
GMAX CENTRAL LLC
ASQUARED BRANDS LLC
INSPIRE NOW PTY LTD d/b/a BoostCeuticals
HEALTHY WAY RX LLC
KHAKIWARE INC.
JOLLY DOLLAR SUPPLY COMPANY, LLC

      Defendants.
_____

### DEFENDANT ASQUARED BRANDS, LLC'S NOTICE OF COMPLIANCE

Pursuant to the Court's Order setting discovery procedures (the "Discovery Order"), Defendant aSquared Brands, LLC ("aSquared") submits the following Notice of Compliance.

I. Remaining depositions

To date, the parties have proceeded through a multitude of party and expert depositions. There are, however, additional depositions to be conducted. Plaintiffs

Noah Malgeri ("Ms. Malgeri"), Kalyn Wolf ("Ms. Wolf"), Bill Wilson, Shannon Hood, Eric Fishon, and Robert McKeown ("Mr. McKeown"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs") have taken the position that they will not produce Ms. Malgeri or one of their testifying experts, D.C. Sharp, PHD, without a court order.

Plaintiff's counsel and the undersigned have conferred on this issue on multiple occasions by phone and email. Although the issue will need to be decided by the Court, the parties have agreed on dates for all of the depositions, so that they can, depending on the Court's decision, be completed before the close of fact discovery.

i.  *Noah Malgeri*

On October 22, 2021, Defendants Vitamins Because and CT Health Solutions (collectively "Vitamins Because") noticed Ms. Malgeri's deposition to proceed on November 15, 2021 by Zoom. Thereafter, Plaintiffs disclosed the identities of their experts and the corresponding reports. In response, counsel for Vitamins Because reached out by email to counsel for Plaintiffs and requested dates for Douglas Kalman, one of Plaintiff's experts, to be deposed.

Counsel for Plaintiffs and counsel for Vitamins Because disagreed about whether the deposition of Douglas Kalman's deposition should proceed until after he had the opportunity to review any expert report disclosed by the Defendants. As a result, Vitamins Because noticed the deposition of Douglas Kalman to proceed on November 15, 2021 and filed an amended notice of deposition for Ms. Malgeri's deposition to proceed on November 16, 2021.

As the Court is aware from the most recent discovery conference, Plaintiffs did not produce Mr. Kalman on the date noticed and instead agreed to produce him on November 23, 2021. That deposition has since been completed. Ms. Malgeri's deposition, however, did not proceed. Vitamins Because appeared on November 16, 2021 and took a certificate of non-appearance. Plaintiffs apparently produced Ms. Malgeri on November 15, 2021 and are taking the position that all of the Defendants have waived their ability to depose her by not appearing on that date.

Pursuant to Fed. R. Civ. P. 30(a)(1), any party may depose any other party without leave of court. ASquared did not notice any of the depositions described above. After the deposition schedule was altered by the expert issues, counsel for aSquared contacted Plaintiff's counsel regarding Ms. Malgeri's deposition. Although Plaintiff's counsel has not agreed to produce her, counsel have agreed to proceed with the deposition on December 20, 2021, pending the Court's decision.

Regardless of any prior issues with Ms. Malgeri's deposition noticed by Vitamins Because, pursuant to Fed. R. Civ. P. 30(a)(1), aSquared is entitled to notice and take her deposition. Plaintiffs' counsels' position regarding this deposition only further adds to the litany of unnecessary discovery disputes that have had to require court attention. Fact discovery is still open. Ms. Malgeri has confirmed she is available on a date within the fact discovery period. Notwithstanding, Plaintiffs' counsel is requiring a court order before they produce a named plaintiff pursuant to a properly noticed deposition.

*ii.   D.C. Sharp, PHD*

As the Court is aware, the parties appeared for a discovery conference on November 18, 2021. The issue of the timing to depose Dr. Kalman, Plaintiffs' liability expert, was addressed at length. The parties agreed to proceed with the deposition of Dr. Kalman on November 24, 2021, as complied with. Dr. Sharp's deposition was not noticed and did not proceed.

ASquared submits that the Court did not order all other expert depositions to be complete by the last week in November. Regardless, aSquared, for strategic purposes, did not intend to notice any expert to be deposed until a later time in the case. When the Court indicated it was going to permit Vitamins Because to take the deposition of Dr. Kalman before Defendants' expert reports were due, aSquared complied so that Dr. Kalman would only be subject to one deposition.

Fed. R. Civ. P. 26(b)(4)(A) permits a party to depose a testifying expert. ASquared has not yet noticed a deposition of Dr. Sharp and intends to do so before the end of fact discovery, which runs on January 17, 2022. Counsel for Plaintiffs has confirmed Dr. Sharp is available to be deposed on multiple dates before that deadline. Notwithstanding, Plaintiffs have taken the position that aSquared is precluded from timely noticing and taking the deposition of a testifying expert in their case.

*iii.   Cori Ann Ginsberg*

At the discovery conference on November 18, 2021, the Court entered an informal ruling granting a protective order relating to a formerly named plaintiff, Cori Ann Ginsberg (Ms. Ginsberg"). The Court did, however, invite the parties to

4

revisit the issue at the next conference.

ASquared submits that Ms. Ginsberg's testimony is relevant to a variety of issues in this lawsuit and that she should be subject to a deposition.

First, the Court had raised questions about how defense counsel would use any of her testimony at trial, specifically relating to the position that her testimony would be hearsay. If her testimony was needed, aSquared would subpoena Ms. Ginsberg for testimony at trial pursuant to Fed. R. Civ. P. 45. Whether it would do so is dependent on her deposition.

Ms. Ginsberg made the same allegation that all other plaintiffs have in this case – that she purchased SAM-e with less active ingredient than was on the label. As noted in Vitamins Because's recently filed motion to dismiss (Doc. 267), none of the named plaintiffs actually had their product tested. The factual circumstances concerning Ms. Ginsberg's purchase of SAM-e, who she purchased it from, who she purchased on behalf of, and what she did with that purchase are relevant to aSquared's defense.

Additionally, Ms. Ginsberg's testimony is relevant to class certification – namely whether Plaintiffs' counsel is able to serve as adequate class counsel. To date, one defendant has had to move to enforce a settlement agreement that Plaintiffs' counsel attempted to back out of, Ms. Ginsberg has decided not to continue on with this case as a named plaintiff for no given reason, and another named Plaintiff, Eric Fishon, is facing substantiated allegations of manipulating evidence that may lead to the dismissal of his claims in the case. The circumstances under which Ms. Ginsberg

5

decided not to continue on as a plaintiff are relevant to class certification.

As a result, aSquared requests the Court lift its protective order and permit aSquared to depose Ms. Ginsberg.

II. Supplemental discovery demands to Plaintiff Wolf and McKeown

Plaintiff Kayln Wolf was deposed on November 17, 2021. During her deposition, Ms. Wolf testified that she was solicited by her attorneys to become a named plaintiff in this lawsuit. Despite being served with discovery demands that asked for communications with third parties related to this lawsuit, Ms. Wolf did not produce the email communication with her attorneys before they became her attorneys. Put differently, there was a period of time when Ms. Wolf and her attorney(s) were communicating via email about the prospects of Ms. Wolf participating in this lawsuit. That communication was not included in any privilege log and has not been exchanged in this case. It is not privileged communication.

Out of an abundance of caution, on November 17, 2021, aSquared served supplemental discovery demands to Plaintiff Wolf requesting that information.[1] Ms. Wolf's deadline to respond has not run, but aSqaured raises this issue in anticipation of the need to involve the Court regarding Ms. Wolf's likely objections.

III. Notice of compliance

Pursuant to S.D. Fla. L. R. 7.1(a)(3), counsel for aSquared certifies that good faith efforts were made to resolve the above disputes. Specifically, the parties have

---

[1] Based on the deposition testimony of Plaintiff Robert McKeown, aSquared believes similar communication exists related to his interaction with his attorneys and served discovery requested related to same today.

6

communicated about these issues by email and participated in a meet and confer phone call with one of Plaintiffs' attorneys. Despite the parties' efforts, they have been unable to resolve or narrow the issues raised in this Notice.

Dated: December 13, 2021

LIPPES MATHIAS WEXLER FRIEDMAN LLP

/s Alessandro A. Apolito
Alessandro A. Apolito, Esq.
Florida Bar Number: 0084864
10151 Deerwood Park Blvd.
Jacksonville, Florida 32256
P: 904-660-0020
F: 904-660-0029
Primary E-Mail: aaapolito@lippes.com

Brendan H. Little, Esq., *pro hac vice*
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

Sean M. O'Brien, Esq., *pro hac vice*
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: sobrien@lippes.com

*Attorneys for Defendant aSquared Brands LLC*
