**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

NOAH MALGERI, KALYN WOLF, BILL
WILSON, SHANNON HOOD, ERIC
FISHON, and ROBERT MCKEOWN on
behalf of themselves and all others similarly
situated,

       Plaintiffs,

   vs.

VITAMINS BECAUSE LLC, CT HEALTH
SOLUTIONS LLC, GMAX CENTRAL
LLC, ASQUARED BRANDS LLC,
INSPIRE NOW PTY LTD d/b/a
BOOSTCEUTICALS, HEALTHY WAY
RX LLC, KHAKIWARE INC., and JOLLY
DOLLAR SUPPLY COMPANY, LLC.,

      Defendants.

CASE NO.: 1:19-CV-22702-KMW

Purported Class Action

_____

**VITAMINS BECAUSE AND CT HEALTH SOLUTIONS' MOTION TO STRIKE**
**PLAINTIFFS' REBUTTAL EXPERT REPORT AND**
**MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Rule 26, and L. R. 7.1, Defendants, Vitamins Because, LLC and CT Health

Solutions, LLC (collectively "Vitamins Because"), move to strike Plaintiffs' so-called rebuttal

expert report of Douglas Kalman, or portions thereof, because it contains affirmative opinions

(including the bases therefore) that were, or could have been, disclosed in his initial report, and

those opinions directly contradict his sworn deposition testimony on a central issue that is currently

the subject of a dispositive motion.[1] Kalman's so-called rebuttal report is attached as Exhibit A.

_____

[1] On December 13, 2021, Vitamins Because filed a Motion to Dismiss for Lack of Article III
Standing. Dkt. 267. Vitamins Because's Motion makes a factual challenge to Plaintiffs' Article III
standing. *See* Dkt. 267 at fn. 1.

Specifically, Kalman's initial and so-called rebuttal reports opined that **all** SAMe manufactured by Vitamins Because contained less active ingredient than stated on the label. In his deposition, however, Kalman testified that "**I cannot say all…**" Kalman Dep. Trans. (attached as Exhibit B) at pp. 93:11-95:2 (emphasis added). Kalman submitted his so-called rebuttal report that contradicts his sworn deposition testimony on that central issue shortly after Vitamins Because filed its Motion for lack of Article III standing.

## MEMORANDUM OF LAW

Pursuant to Local Rule 7.1(a)(1), Vitamins Because provides this Memorandum of Law in support of its Motion to Strike.

## I.      INTRODUCTION

In this case, each Plaintiff alleges they purchased a supplement, SAMe, manufactured by Vitamins Because through the various retailer defendants and that SAMe was defective because the amount of the active ingredient in the product was less than what was stated on the label. Third Am. Complt [Dkt. 176] at ¶¶ 2, 32, 39, 47, 53, 59, 65, 71, 78, 84, 87-91. Indeed, Plaintiffs' liability expert concedes that is what this case is about. Kalman Dep. (attached as Exhibit B) at p. 89: 15 - 20; p. 90: 6 - 10.

In a consumer class action such as this, the 11th Circuit, numerous courts in this District, and courts around the country have held that to establish Article III standing each named plaintiff must allege and prove the specific product they purchased actually contained the defect alleged in the complaint. *See e.g.*, *Doss v. General Mills, Inc.*, 816 Fed. Appx. 312 (11th Cir. 2020) (upholding Judge Scola's dismissal of a consumer class action due to the plaintiff's lack of Article III standing under strikingly similar facts); *Wallace v. ConAgra Foods, Inc*., 747 F.3d 1025 (8th Cir. 2014) (same); *Deluna v. American Journey (PET), LLC*, Case No. 21-60409-Civ-Singhal/Valle, 2021 WL 5149790 (S.D. Fla. Oct. 29, 2021) (dismissing plaintiff's consumer class action for lack of

Article III standing because plaintiff, like Plaintiffs here, did not have testing to show the specific product he purchased contained the defect alleged in the complaint); *Sabater v. Am. Journey (PET), LLC*, No. 21-60409-Civ-Singhal/Valle, 2021 WL 5149846 (S.D. Fla. Oct. 29, 2021) (same).

None of the SAMe purchased by any of the named Plaintiffs has been tested to determine whether it met the label statement for the amount of active ingredient. *See* Wolf Dep. Trans. at pp. 23:24 – 24:7; Fishon Dep. Trans. at p. 192:15 - 23, 307:15 - 25, 317:3 - 7; Wilson Dep. Trans. at p. 18:11 - 22, 25:12 – 26:5, 33:11 – 25; McKeown Dep. Trans. at p. 51:3 – 7, 52:14 – 17, 53:16 - 54:23; 56:21 - 57:2; Hood Dep. Trans. at p. 58:21 – 24, 59:21 – 23, 62:22 - 63:7, 64:15 – 18, 65:7 – 23, 66:25 - 67:14, 67:17 – 19; Maglieri Dep. Trans. at 34:14 – 23, 55:10 – 56:15.[2] Plaintiffs' experts did not test or have any of the Plaintiff's product tested either.

To overcome this fatal lack of evidence, Plaintiffs retained a nutritionist, Douglas Kalman, to "provide an Expert Report and testimony regarding the deficiency of S-Adenosyl methionine ("SAM-e") contained in the subject product dietary supplements manufactured by Defendants Vitamins Because LLC and CT Health Solutions, and their defective nature." Kalman Report at p. 2, ¶ 1 (attached as Exhibit C). Consistent with that charge, Kalman submitted an expert report on October 29, 2021, wherein he gave the following opinion:

> For this case, I am being asked to share my expert opinion to explain the deficient and defective nature of subject product SAM-e supplements, the testing process used to determine that **all** SAM-e capsules manufactured by the Defendants Vitamins Because and CT Health were deficient and thus uniformly mislabeled…
>
>           \*     \*     \*
>
> It is my opinion to a reasonable degree of professional certainty that **all** SAM-e supplements manufactured by Defendant were deficient in their amount of SAM-e and, at the very most, contained no more than approximately 130 mg of SAM-e per capsule on the high end.

---

[2] In the interest of brevity, Vitamins Because refers the Court to its Motion to Dismiss for Lack of Article III Standing [Dkt. 267] for the quoted testimony and the transcripts cited above.

JOHNSON DABOLL ANDERSON, PLLC

Kalman Report at p. 5, ¶ 11, and p. 26, ¶ 71 (emphasis added).

Kalman's 27-page expert report attempted to articulate the purported bases for his opinion that **all** the SAMe manufactured by Vitamins Because failed to meet the label statement for amount of active ingredient. *See generally*, Kalman Report. He reached his opinion based on testing conducted and coordinated by others, and an inspection of Vitamins Because's former manufacturing facility in January 2018. In his Report, Kalman opined that the 2018 inspection somehow showed that all the SAMe Vitamins Because manufactured did not contain the stated amount of active ingredient, including SAMe that was manufactured in Vitamins Because's new manufacturing facility. *See generally*, Kalman Report.[3]

## II.   KALMAN'S DEPOSITION AND SO-CALLED REBUTTAL REPORT

The Defendants conducted Kalman's deposition on November 24, 2021. In that deposition, Kalman quickly abandoned his opinion quoted above and agreed that not all the SAMe product manufactured by Vitamins Because contained less active ingredient than stated on the label:

> Q. So you would agree that this statement is not true? "All SAM-e capsules manufactured by the defendant Vitamins Because and CT Health were... uniformly mislabeled?"[4]

> A. **I cannot say all,** but given the inconsistency and that at least 90 percent of the testing showed or demonstrated severe issues with regards to purity and strength and composition of the products, it's a huge red flag of inconsistency in manufacturing processes and quality.

Kalman Dep. (Exhibit B) at pp. 93:11-95:2 (emphasis added).

---

[3] Kalman never inspected Vitamins Because's manufacturing facility and, incredibly, he did not even know that Vitamins Because moved into a brand-new manufacturing facility shortly after the 2018 inspection.

[4] This statement is a direct quote from Kalman's report. Report at p.2, ¶ 2; *see also,* p. 5, ¶11. In fact, it is the main opinion in his whole report because it goes to the central issue in this case.

Kalman admitted that the opinion stated in his report that **all** the SAMe manufactured by Vitamins Because is not, in fact, his opinion. Instead, his opinion is that some percentage of the SAMe manufactured by Vitamins Because was defective because it failed to meet the label statement for amount of active ingredient. Based on that admission and the fact that none of the SAMe purchased by Plaintiffs was tested, Vitamins Because promptly moved to dismiss this case for lack of Article III standing [Dkt. 267].

After Vitamins Because deposed Kalman and filed its Motion to Dismiss, Plaintiffs served what they called a "Rebuttal Expert Report of Douglas S. Kalman" that completely contradicts Kalman's deposition testimony. A copy of Kalman's so-called rebuttal report is attached as Exhibit A. That report, or the portions wherein Kalman directly contradicts his deposition testimony that not all the SAMe manufactured by Vitamins Because contained less active ingredient than stated on the label is not, however, a proper rebuttal expert report. *See e.g., In re Trasylol Products Liab. Litigation*, 2010 WL 4065436 (S.D. Fla. 2010) (striking plaintiff's expert rebuttal report). Indeed, Plaintiffs' labeling of Kalman's report as "rebuttal" does not make it so.

In *In re Traysol*, Judge Middlebrooks recognized that "[r]ebuttal testimony is permitted only when it directly addresses an assertion raised by an opponent's experts." *Id*. *2 (citing *Bennedict v U.S.*, 822 F.2d 1426, 1430 (6th Cir. 1987)). Judge Middlebrooks also properly recognized that "rebuttal testimony [should] not be allowed, [if] it logically belong[s] in the case-in-chief and [goes] to the case's central issue of causation." *Id*. (quoting *Bennedict*, 822 F.2d at 1428). Here, just like in *In re Trasylol*, Kalman's so-called rebuttal report supports Plaintiffs' case-in-chief, it relies on information that Kalman had prior to his initial report but failed to rely on, and it goes to a central issue in this litigation. *See* Vitamins Because's Motion to Dismiss for Lack of Article III Standing [Dkt. 267]. Thus, it is not a proper rebuttal report and, for that reason, it should be stricken. *See e.g., All-Tag Corp. v. Checkpoint Systems, Inc.*, 2019 WL 5073499 (S.D.

5

Fla. 2019) (recognizing that Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigation strategy.'") (quoting *Companhia Energetic Potiguar v. Caterpillar, Inc*., 2016 WL 3102225 at \*6 (S.D. Fla. 2016) and *Cochran v. The Brinkmann Corp*., 2009 WL 4823858, at \*5 (N.D. Ga. 2009), *aff'd by*, 381 Fed. Appx. 968 (11th Cir. 2020)).

Indeed, at the time of his initial report and deposition, Kalman (or Plaintiffs) had all the materials, discovery, and depositions, including the depositions of Vitamins Because's principals Thomas Chapman and Dr. Cynthia Valenca, that Kalman purports to rely on in his so-called rebuttal report. In that regard, Kalman's so-called rebuttal report states:

> This testimony [testimony of Vitamins Because] plainly constitutes a party admission(s) that *all* subject product SAMe supplements manufactured by Defendant were, at a minimum, at least approximately 50% deficient.

Rebuttal Report at p.4, ¶ 5 (emphasis in original). Kalman did not cite this testimony as a basis for his opinion even though he read the depositions before he was deposed. Kalman Dep. (Exhibit B) at 28:10 - 13. It is improper for Kalman to cite these depositions as a purported additional basis for his previously given opinion in his so-called rebuttal report because he could have, and should have, cited it in his initial report or, at the very least, mentioned it in his deposition. He did neither. *See e.g., Tramonte v. Fibreboard Corp*., 947 F.2d 762, 765 (5th Cir. 1991) (recognizing that it is not an abuse of discretion for a trial court to exclude rebuttal evidence when the proponent of the rebuttal evidence had already presented evidence on the same issue as part of its case-in-chief); *see also, STS Software Systems, Ltd. v. Witness Systems, Inc.*, 2008 WL 660325, at \* 2 (N.D. Ga. 2008). In *STS*, the court granted plaintiff's motion to strike portions of the defendant's experts' rebuttal reports because those reports gave the same opinion as the expert's initial reports but attempted for the first time to provide the basis (or an additional basis) and reasons supporting those opinions. *Id.* The court reasoned that "[d]efendant's experts could have included their

opinions on why the Patents-in-Suit were obvious in their initial expert reports, but they failed to do so." *Id*. at *2.  The court recognized that "[u]nder the Federal Rules of Civil Procedure, initial expert reports must disclose 'a complete statement of all opinions the witness will express and the basis and reasons for them." *Id*. (quoting Rule 26(a)(2)(b)). And, a "rebuttal expert report is not the proper 'place for presenting new argument, unless presenting those arguments is substantially justified and causes no prejudice.'" *Id*. (quoting *Baldwin Graphic Sys. Inc. v. Siebert, Inc*., 2005 WL 1300763, at *2 (N.D. Ill. 2005)).

Kalman's so-called rebuttal expert report is nothing more than an improper attempt by Plaintiffs to avoid dismissal by having Kalman directly contradict his sworn deposition testimony on the central issue raised in Vitamins Because's Motion to Dismiss. For example, Kalman's so-called rebuttal report states:

> the amount of sample testing used was more than sufficient to properly conclude that there was material mislabeling throughout the class period. The laboratory findings confirm that, given the core manufacturing issues and lack of quality control, **it impossible [sic] that the subject SAMe product ever met its represented label claims**. Kalman rebuttal report at p. 6, ¶ 8 (emphasis added); [5]

> Moreover, as the analytical research and case testimony demonstrates, *all* SAMe supplements manufactured by Defendant were not compliant with regulations for label claims (amount of SAM-e in the product)…as detailed in my initial Expert Report. *Id*. at p. 7, ¶ 11 (emphasis and paren in original); [6]

---

[5] Compare the quote above with Kalman's deposition testimony that:

> Q: **So you'd agree that some of the SAM-e that you're aware of met the label requirements for active ingredient; correct?**

> A: **I would agree that up to about 10 percent of what I am aware of regarding the SAM-e products met or nearly met label claim.**

Kalman Dep. (Exhibit B) at 94:11 – 16.

[6] In his deposition Kalman admitted he could not say "all," but he apparently had no qualm writing soon thereafter:

JOHNSON DABOLL ANDERSON, PLLC

In fact, *all* market testing of SAMe supplements manufactured by Defendant showed consistent results, reflecting deficiency and mislabeling on a class-wide basis. No market testing has shown otherwise. *Id*. at p. 8, ¶ 15 (emphasis in original);[7]

Independent evidence still verifies that *all* SAMe product manufactured by Defendant would be still [sic] consist of defective and noncompliant supplements with no consumer value. *Id*. at p. 9, ¶ 18 (emphasis in original);[8]

Moreover, even assuming *arguendo*, that there exists evidence that some, very limited number of SAMe batches manufactured by Defendant met their label claim – **a contention which is plainly contradicted by Defendant testimony and other evidence** - , [sic] that would at best establish the existence of a lack of uniformity in

---

Q. So you would agree that this statement is not true? "All SAM-e capsules manufactured by the defendant Vitamins Because and CT Health were uniformly mislabeled?"

A. **I cannot say all …**

Kalman Dep. (Exhibit B) at 94: 1 – 5.

[7] Again, Kalman testified as follows:

Q. It is your opinion that **all** of the SAM-e manufactured by Vitamins Because failed to meet the label requirement as it relates to the active amount of SAM-e; correct?

A. **No, incorrect. I did -- I did see and read perhaps two or three certificates of analysis by third-party analytical labs that did find the label claim was met or nearly met. So that would be 2 or 3 tests out of 30-plus tests found a label claim or near label claim was made.**
      *       *       *
Q. **So it's true that some of Vitamins Because's SAM-e product met label claims; correct**?

A. **It is true. And if my memory serves me correctly that a couple of products from 2020 did meet label claim. Again, still less than 10% or less of all the products that were tested.**

Kalman Dep. (Exhibit B) at 93: 11 – 20, 94:17 – 23.

[8] Again, in his deposition Kalman unequivocally admitted that:

Q. **But even in your expert opinion, not all; correct?**

A. **Correct**.

Kalman Dep. (Exhibit B) at 94:24 – 95:2

8

Defendant's manufacturing or end-product results (i.e. the subject product's strength or quality), with *some* of Defendant's SAMe supplements meeting the product label while *most* did not. *Id*. at 12, ¶ 27 (emphasis and parens in original).[9]

Plaintiffs cannot use a purported rebuttal expert report by Kalman to fix or contradict the clear and unambiguous deposition testimony he gave. Moreover, as demonstrated above, Kalman's so-called rebuttal report is not a true rebuttal report because the opinions contained within it are the same opinions contained in the initial report and the bases for those opinions were, or should have been, provided in the initial report or, at the very least, in his deposition. The law in this District demonstrates that Plaintiffs are not permitted to use a so-called rebuttal report to contradict Kalman's deposition testimony to avoid Vitamins Because's dispositive motion, and they certainly cannot use it to fix or bolster the opinions Kalman already gave. *See e.g., All-Tag*, 2019 WL 5073499, at *3; *Kroll v. Carnival Corp*., 2020 WL 4793444, at *5 (S.D. Fla. Aug. 17, 2020) ("District courts, including those in Florida, are not hesitant to exclude or substantially limit expert opinion testimony at trial when an expert is masquerading as a rebuttal expert...").

## III.    CONCLUSION

For all the foregoing reasons, Plaintiffs' so-called Rebuttal Expert Report of Douglas S. Kalman, or portions thereof, should be stricken.

## MEET AND CONFER

Pursuant to Local Rule 7.1, on January 7, 2022, before filing this Motion, Vitamins Because attempted to meet and confer with Plaintiffs' counsel, Jay Brody, regarding the relief sought. The parties were unable to meet and confer but Vitamins Because will attempt to do so

---

[9] The complete disregard of his own prior testimony demonstrated by that statement is truly remarkable when considering Kalman admitted in his deposition that: "Q. **So it's true that some of Vitamins Because's SAM-e product met label claims; correct**? A. **It is true**."

JOHNSON DABOLL ANDERSON, PLLC

and will supplement this certification should Plaintiffs' counsel choose to agree to some or all of the relief sought.

Dated: January 7, 2022                    Respectfully submitted,


                                          /s/David S. Johnson
                                          David S. Johnson      FBN 096423
                                          Scott W. Anderson     FBN 738311
                                          JOHNSON DABOLL ANDERSON, PLLC
                                          2011 W Cleveland Street, Suite F
                                          Tampa, Florida 33606
                                          Telephone: (813) 377-2499
                                          Fax: (813) 330-3156
                                          djohnson@jdalegal.com
                                          sanderson@jdalegal.com
                                          aglisson@jdalegal.com

                                          *Counsel for Vitamins Because and CT Health Solutions*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of January, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to the following counsel of record on the attached service list.

                                          /s/David S. Johnson

## SERVICE LIST

Joshua H. Eggnatz
FBN: 67926
EGGNATZ PASCUCCI, P.A.
7450 Griffin Road
Suite 230
Davie, FL 33314
Tel: 954-889-3359
Fax: 954-889-5913
jeggnatz@justiceearned.com
Attorneys for Plaintiffs

Jay I. Brody (Admitted Pro Hac Vice)
Gary S. Graifman (Admitted Pro Hac Vice)
KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com
Attorneys for Plaintiffs

Nicholas A. Migliaccio
Jason S. Rathod
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com
Attorneys for Plaintiffs

Joseph A. Sorce
JOSEPH A. SORCE & ASSOCS., P.A.
999 Ponce de Leon Blvd., Suite 1020
Coral Gables, FL 33134
Tel: 305-529-8544
jsorce@flconstructionlawyer.com
Attorney for Defendants Khakiware, Inc.
and Healthy Way RX, LLC

Bretton I Pollack

Brendan H. Little
Sean M. O'Brien
LIPPES MATHIAS WEXLER, et al.
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com
sobrien@lippes.com

Alessandro A. Apolito
LIPPES MATHIAS WEXLER, et al.
822 US Highway A1A, Suite 101
Ponte Vedra Beach, FL 32082
Tel: 904-660-0020
aapolito@lippes.com
Attorneys for ASquared Brands

Leon N. Patricios (FBN 0012777)
ZIMPANO PATRICIOS, P.A.
312 Minorca Ave.
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (admitted *pro hac vice*)
ARNALL GOLDEN GREGORY
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC 20006
T:  202-677-4030
Richard.oparil@agg.com
Attorneys for GMAX Central, LLC

Mark Migdal & Hayden
Yaniv Adar
Joshua A. Migdal
80 S.W. 8th Street
Suite 1999
Miami, FL 33130

11

Pollack, Pollack & Kogan, LLC
Courthouse Tower
44 W Flagler Street, Suite 2050
Miami, FL 33130
Tel: 305-373-9676
Brett.pollack@ppkfirm.com
B@birvingpollack.com
Attorneys for Inspire Now

Tel: 305-374-0440
yaniv@markmigdal.com
josh@markmigdal.com
eservice@markmigdal.com
Attorneys for Jolly Dollar Supply
Company