# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.: 19-CV-22702-KMW**

CORI ANN GINSBERG, NOAH MALGERI, KALYN WOLF, BILL WILSON, SHANNON HOOD, ERIC FISHON, and ROBERT MCKEOWN on behalf of themselves and all others similarly situated,

    *Plaintiffs*,

v.

VITAMINS BECAUSE LLC, CT HEALTH SOLUTIONS LLC, GMAX CENTRAL LLC, ASQUARED BRANDS LLC, INSPIRE NOW PTY LTD d/b/a BoostCeuticals, HEALTHY WAY RX LLC, KHAKIWARE INC, and JOLLY DOLLAR SUPPLY COMPANY, LLC,

    *Defendants*.

_____/

**PLAINTIFFS' NOTICE OF DEPOSITION DUCES TECUM BY ZOOM**

    PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, the testimony, upon oral examination, of Neil Ross will be taken on January 17, 2021 at 10:00 a.m. EST., via video conference, with respect to material evidence necessary for this action. The deposition will be taken before a court reporter or other person authorized to administer oaths, will be conducted in accordance with the Federal Rules of Civil Procedure, and will be recorded by stenographic and/or videographic means.

    The deposition will be taken for the purposes of discovery, for use at the trial or any hearing in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure. If the deposition is not completed on the date on which it is scheduled to start, the taking of the deposition will continue from day to day until completed, with such adjournments as to time and place as may be necessary, or pursuant to the parties' agreement.

    That said person to be examined is required to produce to Plaintiffs 5 days prior to the examination the following: copies of any and all documents, records, writings, memoranda, recordings, photographs or other exhibits relevant to or pertaining to the disputes between the parties in this action, and all documents and records listed below in Appendix A.

DATED: December 30, 2021

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 30, 2021, the foregoing was *served via e-mail* upon counsel for Defendants.

/s/ *Jay Brody*
Joshua H. Eggnatz
**EGGNATZ | PASCUCCI**
7450 Griffin Road
Suite 230
Davie, FL 33314
Tel: 954-889-3359
JEggnatz@JusticeEarned.com

Jay I. Brody (Admitted Pro Hac Vice)
Gary S. Graifman (Admitted Pro Hac Vice)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio (to be admitted Pro Hac Vice)
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

## Appendix A

1. Neil Ross's entire file related to the above-captioned matter, including, but not limited, to all documents or other things you have reviewed or generated in connection with this matter.

2. Neil Ross's and/or N2 Pharma LLC's contract with Defendant or Defendant's counsel.

3. Neil Ross's and N2 Pharma LLC's entire billing file related to this matter, including but not limited to a copy of Neil Ross's and N2 Pharma LLC's time records and invoice in connection with this matter.

4. All correspondence sent to Neil Ross from anyone acting on any Defendant's behalf including but not limited to Defendant's counsel or any other expert, whether a consulting or testifying expert, relating in any way to any issue in this case. This request for document production includes, but is not limited to, communications between Defendant's attorney and Neil Ross which:

    (i) relate to compensation for Neil Ross's study or testimony;

    (ii) identify facts or data that the Defendant's attorney provided and that Neil Ross considered in forming the opinions to be expressed; or

    (iii) identify assumptions that Defendant's attorney provided and that Neil Ross relied on in forming the opinions to be expressed.

5. All correspondence sent by Neil Ross to anyone acting on any Defendant's behalf including but not limited to Defendant's counsel or any other expert, whether a consulting or testifying expert, relating in any way to any issue in this case. This request for document production includes, but is not limited to, communications between Neil Ross and Defendant's attorney which:

    (i) relate to compensation for Neil Ross's study or testimony;

    (ii) identify facts or data that the Defendant's attorney provided and that Neil Ross considered in forming the opinions to be expressed; or

    (iii) identify assumptions that Defendant's attorney provided and that Neil Ross relied on in forming the opinions to be expressed.

6. All records, files, and other documents which Neil Ross has reviewed with reference to this case.

7. All textbooks, journals, articles or similar literature which Neil Ross has consulted in connection with this case.

8. All textbooks, journals, articles or similar literature which Neil Ross has relied on in arriving at any opinion(s) in this case.

9. All documents and other tangible things relating to any testing, examination or inspection of any SAMe supplements in question, any component of the supplements in question or any similar such supplements.

10. All documents and other tangible things relating to any testing, examination or inspection of the SAMe supplements, components of such supplements, or other tangible things which have aided in the development of Neil Ross's opinions in this case.

11. All records, reports, notes, memoranda, or similar writings, which Neil Ross or any member of her office has made concerning this case or which relate in any way to this case or to any facts relating to Neil Ross's expected testimony in this case.

12. All reports which Neil Ross has prepared concerning the case or the SAM-e supplements at issue, or any potential Defendant defenses.

13. All records, documents, communications, reports, notes, memoranda in the possession of Neil Ross and/or N2 Pharma LLC relating to Defendant's manufacture of SAMe supplements from January 30, 2018 through the date Defendant decided to stop manufacturing SAMe, including all records created during the manufacturing process of Defendant's SAMe products.

14. All records, documents, communications, reports, notes, memoranda in the possession of Neil Ross and/or N2 Pharma LLC relating to the FDA inspection of Vitamins Because's manufacturing facility, the Section 483 process as applied to Vitamins Because, Vitamins Because's response to the FDA inspection of Vitamins Because's manufacturing facility, any actions or inactions taken by the FDA as a result of that inspection, and the actions taken by Vitamins Because following the inspection.

15. A current Curriculum Vitae for Neil Ross.

16. All of Neil Ross's books, articles, theses or other writing, either as an author, coauthor or participant, in research which has been published or unpublished which relate to the subject upon which Neil Ross will be testifying or which will form the basis of Neil Ross's opinions.

17. All records showing any official employment, appointment, or contract of Neil Ross with the FDA.

4

18. A description of each document or other tangible thing that is not being produced on the grounds that it is allegedly protected by the attorney work product doctrine or any other privilege.