# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CORI ANN GINSBERG, NOAH MALGERI, ) | Civil Action No.: 1:19-cv-22702-KMW |
| KALYN WOLF, BILL WILSON, SHANNON ) | |
| HOOD, ERIC FISHON and ROBERT ) | CLASS ACTION |
| MCKEOWN on behalf of themselves and all ) | |
| others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| VITAMINS BECAUSE LLC, CT HEALTH ) | |
| SOLUTIONS LLC, GMAX CENTRAL LLC, ) | |
| ASQUARED BRANDS LLC, INSPIRE NOW ) | |
| PTY LTD d/b/a BoostCeuticals, HEALTHY ) | |
| WAY RX LLC, KHAKIWARE INC, and ) | |
| JOLLY DOLLAR SUPPLY COMPANY, LLC ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
## DEFENDANTS VITAMINS BECAUSE LLC AND CT HEALTH SOLUTIONS LLC

Plaintiffs hereby propound the following requests for production of documents to

Defendants Vitamins Because LLC ("Vitamins Because") and CT Health Solutions LLC ("CT

Health") (together, "Defendants"), pursuant to Federal Rules of Civil Procedure 26 and 34, and

the Local Rules of the United States District Court for the Southern District of Florida, and request

that Defendants produce the documents and electronically-stored information stated herein within

thirty (30) days of service of these requests at the offices of Kantrowitz, Goldhamer & Graifman, P.C., 747 Chestnut Ridge Road, Chestnut Ridge, New York 10977.

## **DEFINITIONS**

All terms defined in Local Civil Rule 26.3 (c) and (d) shall have the meanings set forth therein, unless otherwise specified.

"Vitamins Because" refers to Vitamins Because LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on Vitamins Because's behalf.

"CT Health" refers to CT Health Solutions LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on CT Health's behalf.

The "Product" or "Subject Product" refers to S-adenosylmethionine ("s-adenosyl-methionine" or "SAMe," "SAM-e," "SAME," "sam-e," "same," or "samee") dietary supplement manufactured and/or labeled by Vitamins Because and/or CT Health.

"SAMe" refers to S-adenosylmethionine.

"Plaintiffs" refers to Plaintiffs Cori Ann Ginsberg, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, and Robert Mckeown.

The term "document" is defined as synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a), and should be understood to include any written, printed, typed, and visually, aurally, or electronically reproduced material of any kind, whether or not privileged, including but not limited to electronic mail, computer files, source code,

backup media, and databases; files and file folders; books and their contents, whether printed or recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged, confidential, or personal; namely, communications, including intracompany communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations; diaries; forecasts; statistical statements; laboratory and engineering reports and notebooks, changes, plans, specifications, data sheets, drawings, schematics, graphs, flow charts, samples, prototypes and tangible things, evaluation boards, developers guidelines; photographs, films, pictures, and videotapes; minutes or records of meetings, including directors' meetings, minutes or records of conferences; expressions of statements or policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; agreements; records, reports or summaries of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing materials and notices, press releases; litigation files and databases; and any drafts or revisions of any document and any notes or comments appearing on any document, whether preliminary or marginal. A comment or notation appearing on any document, and not a part of the original document, is considered a separate document within the meaning of the term. A draft or non-identical copy is a separate document within the meaning of the term.

The term "communication" should be understood to include all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, facsimiles, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written.

The terms "related to," "relate to," "regarding," "concerning," "in connection with," and "relating to," as used herein, mean mentioning, citing, quoting, regarding, involving, representing, constituting, discussing, reflecting, identifying, describing, referring to, containing, enumerating, evidencing, supporting, or in any way concerning, in whole or in part, directly or indirectly.

The term "person," as used herein, shall have the same meaning as specified in Local Rule 26(d).

The terms "and" and "or," as used herein, are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

The terms "any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

The term "date" or "dates," as used herein, refers to the exact day, month, and year, if ascertainable, or if not, the best approximation.

The terms "describe" or "description," as used herein, means to state all facts of which you are aware concerning the subject, including but not limited to identifying all dates, all persons involved in or with knowledge of the subject, and all places or locations relevant to the subject.

The term "identify," as used herein, shall have the same meaning as specified in Local Rule 26(d).  The term "identity," as used herein, shall mean the information required to be provided pursuant Local Rule 26(d) that requests the respondent to "identify" a person or document.

The terms "Complaint" or "SAC" as used herein, shall mean the Second Amended Class Action Complaint filed by Plaintiffs in this lawsuit.

The terms "Good Manufacturing Practice" or "GMP" or "CGMP," as used herein, means a system for ensuring that products are consistently produced and controlled according to quality standards which is designed to minimize the risks involved in a pharmaceutical production and covers all aspects of production from the starting materials, premises, and equipment to the training and personal hygiene of staff, including, but not limited to, detailed written procedures for each process that could affect the quality of a finished product and documented proof that correct procedures are consistently followed at each step in the manufacturing process, every time a product is made.

The terms "standard operating procedure" or "standing operating procedure," as used herein, means established or prescribed methods, procedures, and/or policies to be followed routinely for the performance of designated operations or in designated situations.

The terms "active pharmaceutical ingredient" or "API," as used herein, are defined as any substance or mixture of substances intended to be used in the manufacture of a drug product that, when used in the production of a drug, becomes an active ingredient in the drug product.

FDA refers to the U.S. Food and Drug Administration.

The terms used herein which are also set forth in 21 C.F.R. § 111.3 shall have the same definitions and interpretations as specified or used in 21 C.F.R. § 111.3.

## <u>INSTRUCTIONS</u>

In responding to each document request, attach originals or true copies of all documents referenced or referred to, which are otherwise supportive of the response, illustrative of the response, or the production of which is necessary to provide a complete response.

All documents should be produced electronically and in their native format, or in any manner consistent with the format in which they were originally created (*i.e.*; .doc, .pdf, .jpg, .tif, .xls, .mdb, .pst, etc.) and should include all data, including but not limited to, metadata, formulae, links, attachments, etc.  To the extent that a document no longer exists in its original format, said document should be produced in a similar, reasonable electronic format that would allow for the same or similar functionality as the original.

If you withhold any documents based on privilege, provide a privilege log setting forth the privilege claimed and the facts upon which you rely to support the claim of privilege.  In that log, identify each document for which privilege is claimed, together with the following information:

(a)   A brief description of the nature and subject matter, including the title and type of document;

(b)   The date of preparation;

(c)   The date of the last revision or edit;

(d)   The name and title of the author(s);

(e)   The name and title of the person(s) creating the document(s);

(f)   The name and title of the person(s) who edited the document(s)

(g)   The name and title of the person(s) to whom the document was sent; and

(f)   The number of pages.

25.   The request for information in these document requests is continuing in character and, therefore, requires supplemental responses and/or production by you of supplemental documents if other, further or different information is secured or available prior to the trial of the above identified proceeding.

26.   If there are documents not currently in your possession, but which you can obtain from other parties, such additional documents are included in this request. If your response to

any requests herein is that the documents are not in your possession or custody, describe in detail the location of the documents and the unsuccessful efforts you made to locate the records.  If your response to any requests herein is that the documents are not in your control, identify who has control and the location of the records, and provide any documents you have that contain all or part of the information contained in the requested document or category. If any requested document was, but no longer is in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide: (1) Its date; (2) The identity of the person(s) who prepared the document; (3) The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document; (4) The length of the document; (5) The subject matter of the document; (6) If misplaced, the last time and place it was seen and a description of efforts made to locate the document; (7) If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

## DOCUMENTS REQUESTED

### DOCUMENT REQUEST NO. 1:

Produce all documents, records, and communications concerning the creation, manufacture, revision, modification, design of the subject product, including, but not limited to, documents relating to the product's components, active ingredients, other ingredients, and capsules, and its manufacturing process.

**DOCUMENT REQUEST NO. 2:**

Produce all documents, records, and communications concerning the creation, manufacture, revision, modification, design and distribution of the subject product's labels and packaging, including, but not limited to, the labeling and packaging processes.

**DOCUMENT REQUEST NO. 3:**

Produce all documents, records, and communications concerning the distribution, sales, marketing and/or advertising of the subject product.

**DOCUMENT REQUEST NO. 4:**

Produce all documents, records, and communications concerning the creation, revision, modification, design of the standard operating procedures relating to the manufacture, labeling, and packaging of the subject product.

**DOCUMENT REQUEST NO. 5:**

Produce all documents, records, and communications concerning the sales, revenue, and purchases of the subject product.

**DOCUMENT REQUEST NO. 6:**

Produce all documents, records, and communications concerning Vitamin Because's and private label companies' sale of the subject product.

**DOCUMENT REQUEST NO. 7**:

Produce all documents, records, and communications concerning the sales price and price premiums charged by Defendants and/or private label companies for the subject product.

**DOCUMENT REQUEST NO. 8**:

Produce all documents, records, and communications relating to Plaintiffs' purchases of the subject product.

**DOCUMENT REQUEST NO. 9**:

Produce all manuals, memoranda, instructions, and other Documents setting forth Defendants' policies, procedures or practices relating to the marketing of the subject product.

**DOCUMENT REQUEST NO. 10**:

Produce all draft versions and all final versions of all labels of the subject product, as well as all documents, records, and communications relating to those records.

**DOCUMENT REQUEST NO. 11**:

Produce all documents, records, and communications concerning the testing of the subject product and the subject product's quality, quality control, and Good Manufacturing Practice(s) or CGMP.

**DOCUMENT REQUEST NO. 12:**

Produce all documents, records, and communications concerning the testing of raw materials used in the product and the raw materials' quality, quality control, and Good Manufacturing Practice(s) or CGMP.

**DOCUMENT REQUEST NO. 13:**

Produce all documents, records, and communications concerning the testing of the subject product and the subject product's identity or microbiological analysis before they are approved and released.

**DOCUMENT REQUEST NO. 14:**

Produce all documents, records, and communications concerning Defendants' design and implementation of a system of production and process controls, pursuant to 21 C.F.R. § 111.55, relating to the manufacturing, packaging, labeling, and holding of the subject product.

**DOCUMENT REQUEST NO. 15:**

Produce all documents, records, and communications concerning Defendants' design and implementation of a system of quality control operations, pursuant to 21 C.F.R. § 111.65, relating to the manufacturing, packaging, labeling, and holding of the subject product.

**DOCUMENT REQUEST NO. 16:**

Produce all documents, records, and communications concerning the establishment of manufacturing, component, and in-process specifications, pursuant to 21 C.F.R. § 111.70, for the subject product.

**DOCUMENT REQUEST NO. 17:**

Produce all documents, records, and communications concerning Defendants' determination that specifications relating to the subject product were met, pursuant to 21 C.F.R. § 111.75.

**DOCUMENT REQUEST NO. 18:**

Produce all documents, records, and communications concerning actions taken by Defendants, pursuant to 21 C.F.R. § 111.77, following the establishment that specifications in connection with the subject product were not met.

**DOCUMENT REQUEST NO. 19:**

Produce all documents, records, and communications relating to any and all required material reviews and required disposition decisions in connection with the subject product that were conducted by quality control personnel.

**DOCUMENT REQUEST NO. 20:**

Produce all documents, records, and communications relating to the conduct and operations of Defendants' quality control personnel covered in 21 C.F.R. § 111 in connection with the subject product.

**DOCUMENT REQUEST NO. 21:**

Produce all records made and kept pursuant to 21 C.F.R. § 111.140 in connection with the subject product, including, but not limited to: 1) written procedures for the responsibilities of the quality control operations; 2) written documentation, at the time of performance, that quality control personnel performed the review, approval, or rejection requirements; 3) documentation of any material review and disposition decision and follow-up; as well as all documents, records, and communications related to any of those records.

**DOCUMENT REQUEST NO. 22:**

Produce all documents, records, and communications in connection with Defendants' examination, quarantine, identifying, and holding of components, packaging, or labels of the subject product, as well as product containers and supplier's invoices, guarantees, or certifications for the subject product.

**DOCUMENT REQUEST NO. 23:**

Produce all documents, records, and communications in connection with any rejected components, packaging, and labels relating to the subject product, as well as any rejected capsules or bottles of the subject product.

**DOCUMENT REQUEST NO. 24:**

Produce all records made and kept by Defendants pursuant to 21 C.F.R. § 111.180 in connection with the subject product.

**DOCUMENT REQUEST NO. 25**:

Produce all parts of the master manufacturing record established by Defendants pursuant to 21 C.F.R. § 111.205, which relate to the subject product, and all documents, records, and communications concerning the subject product in Defendants' master manufacturing record.

**DOCUMENT REQUEST NO. 26**:

Produce all batch production records for every batch of the subject product manufactured by Defendants, which was prepared by Defendants pursuant to 21 C.F.R. § 111.255, and all documents, records, and communications concerning the subject product's batch production records.

**DOCUMENT REQUEST NO. 27**:

Produce all written procedures for laboratory operations concerning the subject product, which were established by Defendants pursuant to 21 C.F.R. § 111.303, and all documents, records, and communications concerning those written procedures for laboratory operations.

**DOCUMENT REQUEST NO. 28**:

Produce all documents, records, and communications concerning laboratory control processes, established pursuant to 21 C.F.R. § 111.315, which were used in connection with the subject product.

**DOCUMENT REQUEST NO. 29**:

Produce all documents, records, and communications concerning laboratory examination and testing methodologies used in connection with the subject product.

**DOCUMENT REQUEST NO. 30**:

Produce all records concerning the subject product that were made and kept pursuant to 21 C.F.R. § 111.325, including, but not limited to: 1) written procedures for laboratory operations and 2) documentation that laboratory methodologies were followed, and all documents, records, and communications concerning those records.

**DOCUMENT REQUEST NO. 31**:

Produce all written procedures for manufacturing operations concerning the subject product, and all documents, records, and communications concerning those records.

**DOCUMENT REQUEST NO. 32**:

Produce all documents, records, and communications concerning Defendants' design or selection of manufacturing processes, which ensure that product specifications for the subject product are consistently met.

**DOCUMENT REQUEST NO. 33**:

Produce all documents, records, and communications concerning Defendants' design or selection of manufacturing processes, which ensure that ingredient specifications for the subject product are consistently met.

**DOCUMENT REQUEST NO. 34:**

Produce all documents, records, and communications made and kept pursuant to 21 C.F.R. § 111.95 in connection with the subject product, including, but not limited to: 1) the specifications established; 2) documentation of Defendants' qualification of a supplier for the purpose of relying on the supplier's certificate of analysis; 3) documentation for why meeting in-process specifications, in combination with meeting component specifications, helps ensure that the subject product meets the specifications for identity, purity, strength, and composition; and for limits on those types of contamination that may adulterate or may lead to adulteration of the finished batch of the subject product; 4) documentation for why the results of appropriate tests or examinations for the product specifications selected under 21 C.F.R. § 111.75(c)(1) ensure that the subject product meets all product specifications; 5) documentation for why any component and in-process testing, examination, or monitoring, and any other information, will ensure that the product specification that is exempted under 21 C.F.R. § 111.75(d) is met without verification through periodic testing of the finished batch, including documentation that the selected specifications tested or examined under 21 C.F.R. § 111.75 (c)(1) are not able to verify that the production and process control system is producing the product in a way that meets the exempted product specification and there is no scientifically valid method for testing or examining such exempted product specification at the finished batch stage; and 6) documentation of FDA's response to a petition submitted under 21 C.F.R. § 111.75(a)(1)(ii) providing for an exemption from the provisions of 21 C.F.R. § 111.75(a)(1)(i).

**DOCUMENT REQUEST NO. 35:**

Produce all documents, records, and communications concerning Defendants' written procedures for the responsibilities of the quality control operations in connection with the subject product, pursuant to 21 C.F.R. § 111.103, including written procedures for conducting a material review and making a disposition decision, and for approving or rejecting any reprocessing.

**DOCUMENT REQUEST NO. 36:**

Produce all written procedures for packaging and labeling operations, and all documents, records, and communications concerning the packaging and labeling operations for the subject product.

**DOCUMENT REQUEST NO. 37:**

Produce all written procedures for holding and distributing operations, and all documents, records, and communications concerning the holding and distributing operations for the subject product, and records of the subject product distribution.

**DOCUMENT REQUEST NO. 38:**

Produce all documents, records, and communications concerning Defendants' fulfillment of all requirements set forth in 21 C.F.R. § 111.410 in connection with the packaging and labels of the subject product.

**DOCUMENT REQUEST NO. 39:**

Produce all documents, records, and communications concerning Defendants' fulfillment of all requirements set forth in 21 C.F.R. § 111.415 in connection with the filling, assembling, packaging, and labeling of the subject product.

**DOCUMENT REQUEST NO. 40:**

Produce all documents, records, and communications concerning Defendants' fulfillment of all requirements set forth in 21 C.F.R. § 111.415 in connection with establishing specifications for the packaging and labeling of the subject product.

**DOCUMENT REQUEST NO. 41:**

Produce all documents, records, and communications concerning Defendants' fulfillment of all requirements set forth in 21 C.F.R. § 111.455 in connection with holding components, product, packaging, and labels of the subject product.

**DOCUMENT REQUEST NO. 42:**

Produce all documents, records, and communications concerning Defendants' fulfillment of all requirements set forth in 21 C.F.R. § 111.460 in connection with the holding of in-process materials used in connection with the subject product.

**DOCUMENT REQUEST NO. 43:**

Produce all documents, records, and communications concerning any subject product which was returned to Defendants, as well as Defendants' fulfillment of the requirements set forth in 21 C.F.R. § 111.510 thereafter.

**DOCUMENT REQUEST NO. 44:**

Produce all documents, records, and communications concerning any and all batches and/or lots of the subject product, including, but not limited to, batch numbers, lot numbers, or control numbers, and batch records relating to the subject product, and documents and communications regarding the subject product's identity, purity, strength, and composition.

**DOCUMENT REQUEST NO. 45:**

Produce all documents, records, and communications concerning the standard operating producers relating to the subject product and related compliance or lack of compliance thereof.

**DOCUMENT REQUEST NO. 46:**

Produce all documents, records, and communications concerning all production, manufacturing, and labeling runs relating to the subject product.

**DOCUMENT REQUEST NO. 47:**

Produce all documents, records, and communications concerning Defendants' sourcing and/or procurement of components, ingredients, and API of the subject product.

**DOCUMENT REQUEST NO. 48**:

Produce all documents, records, and communications concerning Defendants' qualification of vendors and sources of the components, ingredients, and API of the subject product.

**DOCUMENT REQUEST NO. 49**:

Produce all documents, records, and communications concerning Defendants' compliance with or violations of 21 C.F.R. § 111 in connection with the subject product and the physical plant(s) at which the subject product is manufactured, packaged, labeled, or held.

**DOCUMENT REQUEST NO. 50**:

Produce all records concerning the subject product which Defendants have made available to the FDA.

**DOCUMENT REQUEST NO. 51**:

Produce all documents, records, and communications concerning Defendants' regulatory log and/or communications and interactions with the FDA relating to the subject product or the physical plant(s) at which the subject product is manufactured, packaged, labeled, or held.

**DOCUMENT REQUEST NO. 52**:

Produce all documents, records, and communications concerning any and all product complaints relating to the subject product, and Defendants' review and investigation of any complaint relating to the subject product and their fulfillment of the requirements set forth in 21 C.F.R. § 111.560.

**DOCUMENT REQUEST NO. 53:**

Produce all documents, records, and communications concerning any and all corrective actions performed by Defendants in relation to the subject product, and Defendants' review and investigation of any complaint relating to the subject product and their fulfillment of the requirements set forth in 21 C.F.R. § 111.560.

**DOCUMENT REQUEST NO. 54:**

Produce all records made and kept as required under 21 C.F.R. § 111.570 in connection with the subject product.

**DOCUMENT REQUEST NO. 55:**

Produce all documents, records, and communications concerning any and all representative samples of the subject product and its components, including, but not limited to, documents, records, and communications concerning representative samples of: a) each unique lot of components, packaging, and labels in connection with the subject product, b) in-process materials for each manufactured batch of the subject product, c) subsets of finished batches of the manufactured subject product, d) each unique shipment of the subject product, and each unique lot within those unique shipments, e) each lot of packaged and labeled subject product, and f) all documents which were taken and/or produced by Defendants pursuant to 21 C.F.R. § 111.80 in connection with the subject product.

**DOCUMENT REQUEST NO. 56:**

Produce all documents, records, and communications concerning any and all reserve samples of each lot of packaged and labeled product that Defendants has and continues to hold in its possession, pursuant to 21 C.F.R. § 111.83.

**DOCUMENT REQUEST NO. 57:**

Produce all documents, records, and communications concerning the shipping of the subject product.

**DOCUMENT REQUEST NO. 58:**

Produce all documents, records, and communications with or concerning private label retailers in connection with the subject product.

**DOCUMENT REQUEST NO. 59:**

Produce all documents, records, and communications supporting and/or negating the accuracy of the stated amounts of SAMe on the subject product labels.

**DOCUMENT REQUEST NO. 60:**

Produce all documents, records, and communications regarding the amount or measure of SAMe in the subject product.

**DOCUMENT REQUEST NO. 61:**

Produce all documents, records, and communications regarding any testing or verification of the amount of SAMe in the subject product.

DATED:  July 21, 2020      By: _/s/ Barbara Perez_____
                                      Tod Aronovitz (FBN 186430)
                                      Barbara Perez (FBN 989304)
                                      **ARONOVITZ LAW**
    Town Center One, Suite 2201
    8950 SW 74 Court
    Miami, FL 33156
    Tel: 305-372-2772
    Fax: 305-397-1886
    ta@aronovitzlaw.com
    bp@aronovitzlaw.com

    Jay I. Brody (Admitted _Pro Hac Vice_)
    Gary S. Graifman (Admitted _Pro Hac Vice_)
    **KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
    747 Chestnut Ridge Road
    Chestnut Ridge, New York 10977
    Tel: 845-356-2570
    ggraifman@kgglaw.com
    jbrody@kgglaw.com

    Nicholas A. Migliaccio
    Jason S. Rathod
    **MIGLIACCIO & RATHOD LLP**
    412 H Street N.E., Ste. 302
    Washington, DC 20002
    Tel: 202-470-3520
    nmigliaccio@classlawdc.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on July 21, 2020, a true and correct copy of the foregoing was

sent ***via e-mail*** to all counsel of record as listed on the below Service List.


By: *<u>/s/ Barbara Perez</u>*

**SERVICE LIST**
**Ginsberg, et al. vs. Vitamins Because, LLC, et al.**
**Case No.:  19-cv-022702-KMW**

**Attorneys for PLAINTIFFS**:

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

**Attorneys for DEFENDANTS:**

*Defendants*, **VITAMIN BECAUSE LLC
nd CT HEALTH SOLUTIONS LLC:**

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F
Tampa, Florida 33606
Tel:  813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

*Defendant*, **GMAX CENTRAL LLC:**

Leon N. Patricios (FBN 0012777)
Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
Kevin M. Bell (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com
kevin.bell@agg.com

*Defendant*, **ASQUARED BRANDS LLC:**

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER
FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com


***Defendants*, HEALTHY WAY RX LLC, KHAKIWARD INC:**

Joseph A. Sorce, Esq. (FBN 37288)
**JOSEPH A. SORCE & ASSOCIATES, PA**
999 Ponce de Leon Boulevard, Suite 1020
Coral Gables, FL 33134
Tel. 305-529-8544
jsorce@flconstructionlawyer.com