# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-22702-KMW

CORI ANN GINSBERG, NOAH MALGERI, KALYN WOLF, BILL WILON, SHANNON HOOD, ERIC FISHON, and ROBERT MCKEOWN, on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

VITAMINS BECAUSE, LLC, CT HEALTH SOLUTIONS LLC, GMAX CENTRAL LLC, ASQUARED BRANDS LLC, INSPIRE NOW PTY LTD d/b/a BoostCeuticals, HEALTHY WAY RX LLC, KHAKIWARE INC., and JOLLY DOLLAR SUPPLY COMPANY LLC,

    Defendants.
_____/

**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, VITAMINS BECAUSE LLC AND CT HEALTH SOLUTIONS LLC**

Plaintiffs hereby propound the following requests for production of documents to Defendants Vitamins Because LLC ("Vitamins Because") and CT Health Solutions LLC ("CT Health") (together, "Defendants"), pursuant to Federal Rules of Civil Procedure 26 and 34, and the Local Rules of the United States District Court for the Southern District of Florida, and request that Defendants produce the documents and electronically-stored information stated herein within

thirty (30) days of service of these requests at the offices of Kantrowitz, Goldhamer & Graifman, P.C., 747 Chestnut Ridge Road, Chestnut Ridge, New York 10977.

## DEFINITIONS

1. All terms defined in the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida shall have the meanings set forth therein, unless otherwise specified.

2. The singular includes the plural and vice versa. Words of gender shall be construed as including all genders, without limitation.

3. The present tense includes the past and future tenses. The past tense includes the present and future tenses.

4. "Vitamins Because" refers to Vitamins Because LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents, and all other persons acting or purporting to act on Vitamins Because's behalf.

5. "CT Health" refers to CT Health Solutions LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on CT Health's behalf.

6. The "Product" or "SAMe Product" refers to S-adenosylmethionine ("s-adenosyl-methionine" or "SAMe," "SAM-e," "SAME," "sam-e," "same," or "samee") dietary supplements sold by Defendants either directly to consumers or indirectly through their sales to third-party retailers.

7. "SAMe" refers to S-adenosylmethionine.

8. "Retailer" refers to any and all third party entities or individuals that have purchased and sold Product manufactured by Defendants, including, but not limited to, Gmax Central LLC, Asquared Brands LLC, Inspire Now Pty Ltd d/b/a Boostceuticals, Healthy Way Rx LLC, Khakiware Inc, and Jolly Dollar Supply Company, LLC, and their predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on their behalf.

9. "Plaintiffs" refers to Plaintiffs Cori Ann Ginsberg, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, and Robert Mckeown.

10. The term "document" is defined as synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a), and should be understood to include any written, printed, typed, and visually, aurally, or electronically reproduced material of any kind, whether or not privileged, including but not limited to electronic mail, computer files, source code, backup media, and databases; files and file folders; books and their contents, whether printed or recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged, confidential, or personal; namely, communications, including intracompany communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations; diaries; forecasts; statistical statements; laboratory and engineering reports and notebooks, changes, plans, specifications, data sheets, drawings, schematics, graphs, flow charts, samples, prototypes and tangible things, evaluation boards, developers guidelines; photographs, films, pictures, and videotapes; minutes or records of meetings, including directors' meetings, minutes or records of

conferences; expressions of statements or policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; agreements; records, reports or summaries of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing materials and notices, press releases; litigation files and databases; and any drafts or revisions of any document and any notes or comments appearing on any document, whether preliminary or marginal. A comment or notation appearing on any document, and not a part of the original document, is considered a separate document within the meaning of the term. A draft or non-identical copy is a separate document within the meaning of the term.

11. The term "communication" should be understood to mean the transmission of information (in the form of facts, ideas, inquiries or otherwise), including all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, facsimiles, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written.

12. The terms "related to," "relate to," "regarding," "concerning," "in connection with," and "relating to," as used herein, are used in the broadest possible sense and mean mentioning, citing, quoting, regarding, involving, representing, constituting, discussing, reflecting, identifying, describing, referring to, containing, enumerating, evidencing, supporting, or in any way concerning, in whole or in part, directly or indirectly.

13. The term "person," as used herein, shall mean human beings or legally recognized entities.

14. The terms "and" and "or," as used herein, are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

15. The terms "any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

16. The term "date" or "dates," as used herein, refers to the exact day, month, and year, if ascertainable, or if not, the best approximation.

17. The terms "describe" or "description," as used herein, means to state all facts of which you are aware concerning the subject, including but not limited to identifying all dates, all persons involved in or with knowledge of the subject, and all places or locations relevant to the subject.

18. The term "identify," as used herein, shall have the same meaning:

(a) When used with respect to or referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(b) When used with respect to or referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

19. The term "Complaint" as used herein, shall mean the Second Amended Class Action Complaint filed by Plaintiffs in this lawsuit, or any further amended class action complaints.

20. The terms "Good Manufacturing Practice" or "GMP" or "CGMP," as used herein, mean a system for ensuring that products are consistently produced and controlled according to quality standards which is designed to minimize the risks involved in a pharmaceutical production and covers all aspects of production from the starting materials, premises, and equipment to the training and personal hygiene of staff, including, but not limited to, detailed written procedures for each process that could affect the quality of a finished product and documented proof that correct procedures are consistently followed at each step in the manufacturing process, every time a product is made.

21. The terms "standard operating procedure" or "standing operating procedure," as used herein, means established or prescribed methods, procedures, and/or policies to be followed routinely for the performance of designated operations or in designated situations.

22. The terms "active pharmaceutical ingredient" or "API," as used herein, are defined as any substance or mixture of substances intended to be used in the manufacture of a drug product that, when used in the production of a drug, becomes an active ingredient in the drug product.

23. "FDA" refers to the U.S. Food and Drug Administration.

24. The term "unit," as used herein, means sales unit or the unit of measure (i.e., bottle of SAMe capsules) that Defendants use to charge their customer for the SAMe product it sells to consumers.

25. The terms used herein, which are also set forth in 21 C.F.R. § 111.3, shall have the same definitions and interpretations as specified in 21 C.F.R. § 111.3.

## INSTRUCTIONS

1. In responding to each document request, attach originals or true copies of all documents referenced or referred to, which are otherwise supportive of the response, illustrative of the response, or the production of which is necessary to provide a complete response.

2. All documents should be produced electronically and in their native format, or in any manner consistent with the format in which they were originally created (i.e.; .doc, .pdf, .jpg, .tif, .xls, .mdb, .pst, etc.) and should include all data, including but not limited to, metadata, formulae, links, attachments, etc. To the extent that a document no longer exists in its original format, said document should be produced in a similar, reasonable electronic format that would allow for the same or similar functionality as the original.

3. If you withhold any documents based on privilege, provide a privilege log setting forth the privilege claimed and the facts upon which you rely to support the claim of privilege. In that log, identify each document for which privilege is claimed, together with the following information:

   (a) A brief description of the nature and subject matter, including the title and type of document;

   (b) The date of preparation;

   (c) The date of the last revision or edit;

   (d) The name and title of the author(s);

   (e) The name and title of the person(s) creating the document(s);

   (f) The name and title of the person(s) who edited the document(s);

   (g) The name and title of the person(s) to whom the document was sent; and

   (f) The number of pages.

  4. The request for information in these document requests is continuing in character and, therefore, requires supplemental responses and/or production by you of supplemental documents if other, further or different information is secured or available prior to the trial of the above identified proceeding.

  5. If there are documents not currently in your possession, but which you can obtain from other parties, such additional documents are included in this request. If your response to any requests herein is that the documents are not in your possession or custody, describe in detail the location of the documents and the unsuccessful efforts you made to locate the records. If your response to any requests herein is that the documents are not in your control, identify who has control and the location of the records, and provide any documents you have that contain all or part of the information contained in the requested document or category. If any requested document was, but no longer is in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide: (1) Its date; (2) The identity of the person(s) who prepared the document; (3) The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document; (4) The length of the document; (5) The subject matter of the document; (6) If misplaced, the last time and place it was seen and a description of efforts made to locate the document; (7) If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

**DOCUMENTS REQUESTED**

**DOCUMENT REQUEST NO. 1:**

Produce all documents, records, and information relating to the purchase and purchasers of the SAMe Product from Defendants, including, purchase orders.

**DOCUMENT REQUEST NO. 2:**

Produce documents and information sufficient to show all identities and the contact information of all purchasers of SAMe Product from Defendants, including, but not limited to, purchasers' names, addresses, phone numbers, and email addresses, as well as the total quantity of units purchased by each purchaser.

**DOCUMENT REQUEST NO. 3:**

Produce documents and information sufficient to show the following information as to each unit of SAMe that was sold by Defendants:

1) identity of the purchaser, including name, address, phone number, and email address;

2) address where the purchased SAMe unit was delivered;

3) identity of the purchased/ordered product and/or stock keeping unit ("SKU"), and number of bottles of SAMe and capsules per bottle contained in the SKU;

4) quantity purchased;

5) date of purchase;

6) retail purchase price paid by the consumer for each SKU;

7) retail purchase price paid by the consumer for the entire purchase/order;

8) shipping costs above the retail price paid by the consumer;

9) physical or online platform through which the unit of SAMe was sold;

10) Amazon seller name and identification number on Amazon.com if sold on Amazon.com, or seller identification on other retail website;

11) Amazon Standard Identification Number ("ASIN") if sold on Amazon.com;

12) name of private label brand (e.g., Vitamins Because You Are Worth It, NusaPure, Healthy Way Rx, etc.);

13) stated amount of SAMe in milligrams ("mg") indicated on the bottle label and amount of SAMe in milligrams per capsule and per serving;

14) all product claims indicated on the bottle label;

15) stated lot number indicated on the bottle label;

16) stated expiration date indicated on the bottle label;

17) stated UPC code indicated on the bottle label;

18) proceeds received by Defendants from the sale;

19) quantity of SAMe capsules included in the sold unit of SAMe;

20) all supplement and ingredient facts as printed on the label.

**DOCUMENT REQUEST NO. 4:**

Produce all documents, records, information, and communications concerning any communications Defendants had with consumers or purchasers regarding the SAMe Product sold by Defendants.

**DOCUMENT REQUEST NO. 5:**

Produce all documents, records, and communications concerning Defendants' decision to set or revise the SAMe Product's price.

**DOCUMENT REQUEST NO. 6:**

Produce all documents, records, and communications concerning the total amount of SAMe Product ever manufactured by Defendants and their sales.

**DOCUMENT REQUEST NO. 7:**

Produce all documents, records, and communications concerning the total amount of SAMe Product ever sold by Defendants.

**DOCUMENT REQUEST NO. 8:**

Produce all documents, records, and communications evidencing and concerning sales figures, including but not limited to, revenues and numbers of units sold, of the total amount of SAMe Product ever sold by Defendants directly to consumers.

**DOCUMENT REQUEST NO. 9:**

Produce all documents, records, and communications identifying every retailer that has ever sold SAMe Product manufactured by Defendants and the price at which they have sold Defendants' SAMe Product.

**DOCUMENT REQUEST NO. 10:**

Produce all documents, records, and communications concerning the amount of Defendants' SAMe Product that any retailer has sold.

**DOCUMENT REQUEST NO. 11:**

Produce all documents, records, and communications concerning dates in which Defendants have sold SAMe Product to third party retailers.

**DOCUMENT REQUEST NO. 12:**

Produce all documents, records, and communications concerning retailers of Defendants' SAMe Product and the mark-up of the Product's price for retail sales.

**DOCUMENT REQUEST NO. 13:**

Produce all documents, records, information, and communications that tend to support or undermine Defendants' contention that if "all the SAMe ever manufactured and sold by Vitamins Because were sold at the highest prices by the various retailers (including retailers not involved in this case and consumers that are not members of the purported classes), the amount in controversy would be less than $4,000,000.00."

**DOCUMENT REQUEST NO. 14:**

Produce all documents, records, and communications concerning the distribution, sales, and pricing in the SAMe marketplace.

**DOCUMENT REQUEST NO. 15:**

Produce all documents, records, and communications concerning emails, writings, or communications with retailers of Defendants' SAMe Product regarding the sale, marketing, volume, and pricing of the Product.

**DOCUMENT REQUEST NO. 16:**

Produce all documents, records, and communications concerning emails, writings, or communications with Retailers of Defendants' SAMe Product regarding the manufacture, testing, labeling, and packaging of the SAMe Product.

**DOCUMENT REQUEST NO. 17:**

Produce all documents, records, information, and communications that identify each and every manner by which Defendants and Retailers of Defendants' SAMe Product marketed and/or advertised the Product.

**DOCUMENT REQUEST NO. 18:**

Produce all documents, records, information, and communications in connection with the testing or verification of the product claims made by Defendants and Retailers of Defendants' SAMe Product in the labeling, marketing and/or advertising of the Product.

**DOCUMENT REQUEST NO. 19:**

Produce all documents, records, information, and communications in connection with the Products' labels and any product claims therein made.

**DOCUMENT REQUEST NO. 20:**

Produce all documents, records, information, and communications regarding Defendants' procedures and policies concerning 15 U.S.C.§ 1681e(b) as it relates to the manufacture of its SAMe products.

**DOCUMENT REQUEST NO. 21**:

Produce all documents, records, information, and communications concerning any insurance policy which may be relevant to the subject matter of this Complaint and underlying action, including any umbrella or excess insurance coverage policy.

**DOCUMENT REQUEST NO. 22**:

Produce all documents, records, information, and communications that tend to support or undermine Defendants' contention that the "factual issues between the various permutations of Plaintiffs and Defendants, which are too individualized for class treatment."

**DOCUMENT REQUEST NO. 23**:

Produce a copy of any document responsive to or identified by a response to any interrogatory.

**DOCUMENT REQUEST NO. 24**:

Produce all documents, records, information, and communications that tend to support or undermine all testimony and contentions set forth by Thomas Chapman in his July 16, 2020 Declaration attached by Defendants as Exhibit 1 to their Motion to Dismiss the Second Amended Complaint and Memorandum of Law in Support (ECF No. 122-1).

DATED:  July 30, 2020      By: _/s/ Barbara Perez_
Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 30, 2020, a true and correct copy of the foregoing was sent *via e-mail* to all counsel of record as listed on the below Service List.

By: */s/ Barbara Perez*

**SERVICE LIST**
Ginsberg, et al. vs. Vitamins Because, LLC, et al.
Case No.: 19-cv-022702-KMW

| **Attorneys for PLAINTIFFS**: | **Attorneys for DEFENDANTS:** |
|---|---|
| Tod Aronovitz (FBN 186430)<br>Barbara Perez (FBN 989304)<br>**ARONOVITZ LAW**<br>Town Center One, Suite 2201<br>8950 SW 74 Court<br>Miami, FL 33156<br>Tel: 305-372-2772<br>Fax: 305-397-1886<br>ta@aronovitzlaw.com<br>bp@aronovitzlaw.com<br><br>Jay I. Brody (Admitted *Pro Hac Vice*)<br>Gary S. Graifman (Admitted *Pro Hac Vice*)<br>**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**<br>747 Chestnut Ridge Road<br>Chestnut Ridge, New York 10977<br>Tel: 845-356-2570<br>ggraifman@kgglaw.com<br>jbrody@kgglaw.com<br><br>Nicholas A. Migliaccio<br>Jason S. Rathod<br>**MIGLIACCIO & RATHOD LLP**<br>412 H Street N.E., Ste. 302<br>Washington, DC 20002<br>Tel: 202-470-3520<br>nmigliaccio@classlawdc.com | *Defendants*, **VITAMIN BECAUSE LLC and CT HEALTH SOLUTIONS LLC:**<br><br>David S. Johnson (FBN 96423)<br>**JOHNSON DABOLL ANDERSON, PLLC**<br>2011 W. Cleveland Street, Suite F<br>Tampa, Florida 33606<br>Tel: 813-377-2499<br>Fax: 813-330-3156<br>djohnson@jdalegal.com<br><br>*Defendant*, **GMAX CENTRAL LLC:**<br><br>Leon N. Patricios (FBN 0012777)<br>Joseph I. Zumpano (FBN 0056091)<br>**ZUMPANO PATRICIOS, P.A.**<br>312 Minorca Avenue<br>Coral Gables, FL 33134<br>Tel: 305-444-5565<br>Fax: 305-444-8588<br>lpatricios@zplaw.com<br>jzumpano@zplaw.com<br><br>Richard J. Oparil (Admitted *Pro Hac Vice*)<br>Kevin M. Bell (Admitted *Pro Hac Vice*)<br>**ARNALL GOLDEN GREGORY LLP**<br>1775 Pennsylvania Avenue NW, Suite 1000<br>Washington, DC 20006<br>Tel: 202-677-4030<br>richard.oparil@agg.com<br>kevin.bell@agg.com<br><br>*Defendant*, **ASQUARED BRANDS LLC:**<br><br>Alessandro A. Apolito (FBN 0084864)<br>**LIPPES MATHIAS WEXLER FRIEDMAN LLP**<br>822 N. A1A, Suite 101<br>Ponte Vedra Beach, Florida 32082<br>Tel: 904-660-0020<br>Fax: 904-660-0029<br>aapolito@lippes.com |

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com

*Defendants*, **HEALTHY WAY RX LLC, KHAKIWARE INC**:
Joseph A. Sorce, Esq. (FBN 37288)
**JOSEPH A. SORCE & ASSOCIATES, PA**
999 Ponce de Leon Boulevard, Suite 1020
Coral Gables, FL 33134
Tel. 305-529-8544
jsorce@flconstructionlawyer.com

*Defendant*, **JOLLY DOLLAR SUPPLY COMPANY:**
Joshua A. Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: 305-374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

25