# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-22702-KMW

CORI ANN GINSBERG, NOAH MALGERI,
KALYN WOLF, BILL WILON, SHANNON
HOOD, ERIC FISHON, and ROBERT
MCKEOWN, on behalf of themselves and all
others similarly situated,

    Plaintiffs,

vs.

VITAMINS BECAUSE, LLC, CT HEALTH
SOLUTIONS LLC, GMAX CENTRAL LLC,
ASQUARED BRANDS LLC, INSPIRE NOW
PTY LTD d/b/a BoostCeuticals, HEALTHY
WAY RX LLC, KHAKIWARE INC., and
JOLLY DOLLAR SUPPLY COMPANY
LLC,

    Defendants.
_____/

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS, VITAMINS BECAUSE LLC AND CT HEALTH SOLUTIONS LLC

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs in this action, by and through the undersigned attorneys, hereby request that Defendants Vitamins Because LLC ("Vitamins Because") and CT Health Solutions LLC ("CT Health") (together, "Defendants"), answer under oath the interrogatories set forth below and serve such answers to the offices of counsel for Plaintiffs within thirty (30) days of the date of service set forth below.

### DEFINITIONS

1.    All terms defined in the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida shall have the meanings set forth therein, unless otherwise specified.

2. The singular includes the plural and vice versa. Words of gender shall be construed as including all genders, without limitation.

3. The present tense includes the past and future tenses. The past tense includes the present and future tenses.

4. "Vitamins Because" refers to Vitamins Because LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on Vitamins Because's behalf.

5. "CT Health" refers to CT Health Solutions LLC, its predecessors, successors, various divisions and subsidiaries, subdivisions, affiliates (foreign and domestic), partnerships, joint ventures, agents, present and former officers, directors, employees, agents and all other persons acting or purporting to act on CT Health's behalf.

6. The "Product" or "Subject Product" refers to S-adenosylmethionine ("s-adenosyl-methionine" or "SAMe," "SAM-e," "SAME," "sam-e," "same," or "samee") dietary supplement manufactured and/or labeled by Vitamins Because and/or CT Health.

7. "SAMe" refers to S-adenosylmethionine.

8. "Plaintiffs" refers to Plaintiffs Cori Ann Ginsberg, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, and Robert Mckeown.

9. The term "document" is defined as synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a), and should be understood to include any written, printed, typed, and visually, aurally, or electronically reproduced material of any kind, whether or not privileged, including but not limited to electronic mail, computer files, source code, backup media, and databases; files and file folders; books and their contents, whether printed or

recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged, confidential, or personal; namely, communications, including intracompany communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations; diaries; forecasts; statistical statements; laboratory and engineering reports and notebooks, changes, plans, specifications, data sheets, drawings, schematics, graphs, flow charts, samples, prototypes and tangible things, evaluation boards, developers guidelines; photographs, films, pictures, and videotapes; minutes or records of meetings, including directors' meetings, minutes or records of conferences; expressions of statements or policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; agreements; records, reports or summaries of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing materials and notices, press releases; litigation files and databases; and any drafts or revisions of any document and any notes or comments appearing on any document, whether preliminary or marginal. A comment or notation appearing on any document, and not a part of the original document, is considered a separate document within the meaning of the term. A draft or non-identical copy is a separate document within the meaning of the term.

10. The term "communication" should be understood to include all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, facsimiles, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written.

11. The terms "related to," "relate to," "regarding," "concerning," "in connection with," and "relating to," as used herein, mean mentioning, citing, quoting, regarding, involving, representing, constituting, discussing, reflecting, identifying, describing, referring to, containing, enumerating, evidencing, supporting, or in any way concerning, in whole or in part, directly or indirectly.

12. The term "person," as used herein, shall have the same meaning as specified in Local Rule 26(d).

13. The terms "and" and "or," as used herein, are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

14. The terms "any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

15. The term "date" or "dates," as used herein, refers to the exact day, month, and year, if ascertainable, or if not, the best approximation.

16. The terms "describe" or "description," as used herein, means to state all facts of which you are aware concerning the subject, including but not limited to identifying all dates, all persons involved in or with knowledge of the subject, and all places or locations relevant to the subject.

17. The term "identify," as used herein, shall have the same meaning:

(a) When used with respect to or referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with

4

        this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    (b) When used with respect to or referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

18. The terms "Complaint" or "SAC" as used herein, shall mean the Second Amended Class Action Complaint filed by Plaintiffs in this lawsuit.

19. The terms "Good Manufacturing Practice" or "GMP" or "CGMP," as used herein, means a system for ensuring that products are consistently produced and controlled according to quality standards which is designed to minimize the risks involved in a pharmaceutical production and covers all aspects of production from the starting materials, premises, and equipment to the training and personal hygiene of staff, including, but not limited to, detailed written procedures for each process that could affect the quality of a finished product and documented proof that correct procedures are consistently followed at each step in the manufacturing process, every time a product is made.

20. The terms "standard operating procedure" or "standing operating procedure," as used herein, means established or prescribed methods, procedures, and/or policies to be followed routinely for the performance of designated operations or in designated situations.

21. The terms "active pharmaceutical ingredient" or "API," as used herein, are defined as any substance or mixture of substances intended to be used in the manufacture of a

drug product that, when used in the production of a drug, becomes an active ingredient in the drug product.

22. FDA refers to the U.S. Food and Drug Administration.

23. The terms used herein which are also set forth in 21 C.F.R. § 111.3 shall have the same definitions and interpretations as specified or used in 21 C.F.R. § 111.3.

24. The term "unit," as used herein, means sales unit or the unit of measure (i.e. bottle of SAMe capsules) that Defendants use to charge their customer for the SAMe product it sells to consumers.

## INSTRUCTIONS

1. These interrogatories are continuing in character so as to require you to supplement your answers promptly if you obtain additional information, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

2. If you encounter any ambiguities construing a definition, instruction, or interrogatory herein, set forth the matter deemed ambiguous and the construction used in responding.

3. Unless otherwise indicated, no interrogatory herein limits the scope of any other interrogatory.

4. All interrogatories are to be answered on the basis of your knowledge and belief, including the knowledge and belief of your agents and attorneys.

5. If any information furnished in an answer is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the information furnished.

6. Where a claim of privilege is asserted in responding or objecting to an interrogatory, state the privilege asserted and the factual basis for the claim of privilege, including (1) the date of the subject document or communication; (2) the identity of the author or preparer; (3) the identities of each listed recipient, together with an identification by employment of each such person; and (4) a summary of the document's or communication's subject matter in sufficient detail to enable an evaluation of the claim of privilege.

7. In answering each interrogatory, identify each document relied upon or that forms the basis for the answer given or the substance of which is given in answer to the interrogatory.

8. If you identify any documents in the following interrogatories that already have been produced or are being produced concurrently with these interrogatories, identify them by Bates Number.

9. All interrogatories must be answered separately, fully, and in writing.  If any interrogatory cannot be answered fully after exercising reasonable diligence, please so state and answer each such interrogatory to the fullest extent you deem possible; specify the portion of each interrogatory that you claim to be unable to answer fully and completely; state the facts upon which you rely to support your contention that you are unable to answer the interrogatory fully and completely; and state what knowledge, information, or belief you have concerning the unanswered portion of each such interrogatory.

10. If any interrogatory is objected to with respect to only a part of the interrogatory, fully answer the remaining parts of the interrogatory to which you have not objected.

11. If you previously had information responsive to an interrogatory, but no longer have it, please provide what information you do have and explain what led to the loss of the information (e.g., departure of knowledgeable employee, destruction or loss of documents).

**INTERROGATORY REQUESTS**

**INTERROGATORY NO. 1**

Identify the following information as to each order and/or purchase of SAMe product that has been filled and/or sold by Defendants to wholesale purchasers through its private label website (https://vitaminsbecause.us/) or any other means:

1) identity of the individual and entity who purchased Defendants' SAMe product, including name, address, phone number, and email address;

2) identity of the purchased/ordered product and/or stock keeping unit ("SKU"), and number of bottles of SAMe and capsules per bottle contained in the SKU;

3) quantity purchased;

4) date of purchase;

5) wholesale purchase price paid by the purchasing individual and/or entity for the SKU;

6) wholesale purchase price paid by the purchasing individual and/or entity for the entire purchase/order;

7) shipping costs above the wholesale purchase price paid by the purchasing individual and/or entity;

8) name of private label brand (e.g., NusaPure, Navasana Naturals, etc.) used on the bottles' labeling;

9) stated amount of SAMe in milligrams ("mg") indicated on the bottle labels and amount of SAMe in milligrams per capsule and per serving;

10) all product claims indicated on the bottles' labels;

11) all supplement and ingredient facts as printed on the label;

12) stated lot number indicated on the bottles' labels;

13) stated expiration date indicated on the bottles' labels;

14) stated UPC code indicated on the bottles' label;

15) physical or online platform through which the order of SAMe was sold or ordered;

16) address where the purchased SAMe order was delivered;

17) date of delivery.

**INTERROGATORY NO. 2**

Identify all SAMe product labels and their content created, designed, and/or manufactured by Defendants, including all versions and iterations of SAMe product labels which Defendants have made for any entity's sale of their SAMe product.

**INTERROGATORY NO. 3**

Identify all SAMe SKUs and/or products which Defendants have sold and/or continue to sell.

**INTERROGATORY NO. 4**

Identify the following information as to each unit of SAMe product that has been sold by Defendants to retail consumers through their retail website (https://vitaminsbecause.biz/), vitamin stores, or any other means:

1) identity of the purchaser, including name, address, phone number, and email address;

2) address where the purchased SAMe unit was delivered;

3) identity of the purchased/ordered product and/or stock keeping unit ("SKU"), and number of bottles of SAMe and capsules per bottle contained in the SKU;

4) quantity purchased;

5) date of purchase;

6) retail purchase price paid by the consumer for each SKU;

7) retail purchase price paid by the consumer for the entire purchase/order;

9

8) shipping costs above the retail price paid by the consumer;

9) physical or online platform through which the unit of SAMe was sold;

10) Amazon seller name and identification number on Amazon.com or seller identification on other retail website;

11) Amazon Standard Identification Number ("ASIN") if sold on Amazon.com;

12) name of private label brand (e.g., Vitamins Because You Are Worth It, NusaPure, Healthy Way Rx, etc.);

13) stated amount of SAMe in milligrams ("mg") indicated on the bottle label and amount of SAMe in milligrams per capsule and per serving;

14) all product claims indicated on the bottle label;

15) stated lot number indicated on the bottle label;

16) stated expiration date indicated on the bottle label;

17) stated UPC code indicated on the bottle label;

18) proceeds received by Defendants from the sale;

19) quantity of SAMe capsules included in the sold unit of SAMe;

20) all supplement and ingredient facts as printed on the label.

DATED: July 30, 2020         By: /s/ Barbara Perez
                                              Tod Aronovitz (FBN 186430)
                                              Barbara Perez (FBN 989304)
                                              **ARONOVITZ LAW**
                                              Town Center One, Suite 2201
                                              8950 SW 74 Court
                                              Miami, FL 33156
                                              Tel: 305-372-2772
                                              Fax: 305-397-1886
                                              ta@aronovitzlaw.com
                                              bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 30, 2020, a true and correct copy of the foregoing was sent *via e-mail* to all counsel of record as listed on the below Service List.

By: */s/ Barbara Perez*

**SERVICE LIST**
Ginsberg, et al. vs. Vitamins Because, LLC, et al.
Case No.: 19-cv-022702-KMW

**Attorneys for PLAINTIFFS**:

Tod Aronovitz (FBN 186430)
Barbara Perez (FBN 989304)
**ARONOVITZ LAW**
Town Center One, Suite 2201
8950 SW 74 Court
Miami, FL 33156
Tel: 305-372-2772
Fax: 305-397-1886
ta@aronovitzlaw.com
bp@aronovitzlaw.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

**Attorneys for DEFENDANTS:**

*Defendants*, **VITAMIN BECAUSE LLC and CT HEALTH SOLUTIONS LLC:**

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F
Tampa, Florida 33606
Tel: 813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

*Defendant*, **GMAX CENTRAL LLC:**

Leon N. Patricios (FBN 0012777)
Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
Kevin M. Bell (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com
kevin.bell@agg.com

*Defendant*, **ASQUARED BRANDS LLC:**

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com


*Defendants*, **HEALTHY WAY RX LLC, KHAKIWARE INC**:
Joseph A. Sorce, Esq. (FBN 37288)
**JOSEPH A. SORCE & ASSOCIATES, PA**
999 Ponce de Leon Boulevard, Suite 1020
Coral Gables, FL 33134
Tel. 305-529-8544
jsorce@flconstructionlawyer.com


*Defendant*, **JOLLY DOLLAR SUPPLY COMPANY:**

Joshua A. Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: 305-374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

25