UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA
MIAMI DIVISION

NOAH MALGERI, KALYN WOLF,
BILL WILSON, SHANNON HOOD,
ERIC FISHON, and ROBERT
MCKEOWN on behalf of themselves and
all others similarly situated,

CASE No.: 1:19-cv-22702-KMW

*Plaintiff*,

vs.

VITAMINS BECAUSE LLC, CT
HEALTH SOLUTIONS LLC, GMAX
CENTRAL LLC, and ASQUARED
BRANDS LLC,

*Defendant*.
_____/

# PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF SUMMARY JUDGMENT

Plaintiffs, Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, and Robert McKeown (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated, by and through undersigned counsel, files this statement of undisputed material facts in support of their motion for summary judgment against Defendants Vitamins Because LLC And CT Health Solutions LLC's (together, "Vitamins Because" or "VB" or "Defendant Manufacturer"), Gmax Central LLC ("Gmax" Or "Nusapure") and aSquared Brands LLC ("aSquared") (collectively, "Defendants"), and states:

## STATEMENT OF UNDISPUTED MATERIAL FACTS[1]

### I. Defendants

1. Vitamins Because manufactured and provided S-adenosylmethionine ("SAMe") dietary supplements for sale directly to consumers at their vitamin stores in Florida and through their retail websites as well as through third party retail sellers who distribute the product under their own brand names online, through Amazon.com, and in stores throughout the country. Third Amended Complaint ("TAC"), D.E. 176, ¶2; Answer, D.E. 226, ¶2; Answer, D.E. 227, ¶2.

2. As part of its private label business whereby Vitamins Because specifically markets, manufactures and sells its products in bulk to independent retail companies (who in turn resell the products to consumers via Amazon.com and/or other retail avenues), Vitamins Because also designs, prints, and places custom logos and labels (including all nutritional facts) for independent retailers on their purchased stock of product bottles so the product can then be sold

---

[1] All exhibits cited to in this Statement of Undisputed Facts are the exhibits provided in connection with, and in support of, Plaintiffs' Motion for Summary Judgment.

to consumers under the independent companies' private label on Amazon.com and/or other commercial retail avenues. TAC D.E. 176, ¶14; Answer, D.E. 226, ¶14.

3. CT Health and Vitamins Because are located in Florida and work in conjunction with one another to manufacture, label, and/or sell vitamins and dietary supplements, and effectively operate as one company or business. TAC D.E. 176, ¶14; D.E. 3, 12, 13.

4. Beginning in approximately 2015, Vitamins Because has sold its manufactured SAMe supplements (the "subject product") direct to consumers and wholesale to retailers, including Defendants Gmax and aSquared and other private label companies identified in the TAC. After purchasing the subject product from Vitamins Because, the retailers marked up the price of the subject product for sale to consumers. TAC D.E. 176, ¶33.; Answer, D.E. 226, ¶33-34; D.E. 176-8.

5. Upon request, Vitamins Because renders manufacturing services as a contract manufacturer, and has done this in connection with its manufacture of SAMe supplements. TAC D.E. 176, ¶14.; Answer, D.E. 227, ¶14.

6. Gmax is a private label retailer, located in Florida, which sells dietary supplements to consumers under the brand name of "NusaPure." Gmax sold SAM-e supplements under the "NusaPure" private label brand name to consumers which were manufactured, labeled and packaged by Vitamins Because, beginning in October 2017 until December 2019, and from April – July 2020. All SAM-e supplements sold by Gmax to consumers from October 2017 until December 2019 was supplied by Vitamins Because. Gmax sought reimbursement for orders of SAM-e product during its business relationship with Vitamins Because which Vitamins Because refused. TAC D.E. 176, ¶17; Exh. 23, Defendant Gmax's Second Amended Supplemental Responses to Plaintiffs' First Set of Interrogatories.

7. Gmax is a private label independent company which sells vitamins and nutritional supplements under the brand name of "NusaPure," including the subject SAMe manufactured and labeled by Defendants Vitamins Because and/or CT Health, to consumers through its website (https://www.nusapure.com/), Amazon.com, and other retail venues. Defendant Gmax maintains a principal place of business in Florida. TAC D.E. 176, ¶17; Answer, D.E. 227, ¶17.

8. aSquared is a private label retailer, located in Florida, which sells dietary supplements to consumers under the brand name of "aSquared Nutrition." ASquared sold SAM-e supplements under the "aSquared Nutrition" private label brand name to consumers which were manufactured, labeled and packaged by Vitamins Because, between June 2017 and November 15, 2018. All SAM-e supplements sold by aSquared to consumers from October 2017 until December 2019 was supplied by Vitamins Because. ASquared possessed inventory of SAM-e product manufactured by Vitamins Because after November 15, 2018 that it sold to consumers on a rolling basis thereafter. TAC D.E. 176, ¶18; Exh. 24, Defendant Asquared Brands LLC's Third Supplemental Responses to Plaintiffs' First Set of Interrogatories.

9. Defendants are merchants who sell dietary supplements. D.E. 176-8.

10. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). TAC D.E. 176, ¶22.; Answer, D.E. 226, ¶22; Order, D.E. 221.

11. This Court has personal jurisdiction over Defendants. TAC D.E. 176, ¶23.; Answer, D.E. 226, ¶23; Answer, D.E. 227, ¶23.

**II.   SAMe**

12. SAMe is used as a dietary supplement by consumers to supplement their diets with S-adenosylmethionine. TAC D.E. 176, ¶25-28.; Answer, D.E. 226, ¶25-28.

13. SAMe supplements sold in the U.S. market are typically manufactured in the form of enteric coated tablets, containing the active ingredient of SAMe as bound together in a stabilized salt form, known as s-adenosyl-methionine tosylate disulfate, and combined with non-active, stabilizing ingredients. The enteric coating is used both to protect the SAMe and slow its physical and chemical decomposition, and to protect the body's upper gastrointestinal tract during the supplements' digestion from an early SAMe absorption in the body. TAC D.E. 176, ¶29.; Answer, D.E. 226, ¶ 29.

14. The manufacture, packaging, labeling, or holding of SAMe supplements (unless you are holding those dietary supplements at a retail establishment for the sole purpose of direct retail sale to individual consumers), like all dietary supplements, requires compliance with 21 C.F.R. § 111. Exh. 10, Dr. Neil Ross Deposition Transcript, pp. 157-158; 21 C.F.R. § 111.1.

15. The manufacture of SAMe supplements, like all dietary supplements, requires compliance with current Good Manufacturing Practices ("cGMP"). Exh. 10, Dr. Neil Ross Deposition Transcript, pp. 15, 20, 46, 80-81, 92, 107.

16. SAMe supplements that were manufactured, packaged, or labeled in ways which were not compliant with 21 C.F.R. § 111 should not be sold to consumers. Exh. 10, Dr. Neil Ross Deposition Transcript, pp. 157-158.

17. SAMe supplements that were manufactured, packaged, or labeled in ways which were not compliant with cGMP should not be sold to consumers. Exh. 10, Dr. Neil Ross Deposition Transcript, pp. 157-158.

### III. Vitamins Because's Subject Product SAMe Supplements

18. Vitamins Because sold SAMe supplements in quantities of 90 and 180 capsules. TAC D.E. 176, ¶33.; Answer, D.E. 226, ¶33.

19. Vitamins Because would, at times and at the request of its customers, ship their subject product SAMe supplements to third party retailers. Some third-party retailers would also purchase labels from Vitamins Because that contained the label information requested by those third-party retailers. TAC D.E. 176, ¶43; Answer, D.E. 226, ¶43.

20. Vitamins Because would affix the customer's labels to the bottles of SAMe supplements ordered by a customer pursuant to the customer's request and direction. TAC D.E. 176, ¶44; Answer, D.E. 226, ¶44.

### IV. SAMe Formulation and Labeling

21. It is common practice in the supplement industry to label SAMe supplements with the measure of milligrams of the active SAMe ingredient (i.e. SAMe ions) contained in the enclosed supplements. Exh. 5, Dr. Douglas Kalman Expert Rebuttal Report, p.6, n.2.

22. Typical consumers of SAMe supplements understand a bottle labeled to contain 500mg of SAMe per serving to indicate that the given serving of SAMe supplements contains 500 mg of actual active SAMe (i.e. SAMe ions). Exh. 5, Dr. Douglas Kalman Expert Rebuttal Report, p.6, n.2.

23. Consumers purchase SAMe supplements in order to receive the benefits afforded by active SAMe ions. Exh. 5, Dr. Douglas Kalman Expert Rebuttal Report, p.6, n.2.

24. The amount of active SAMe ions to be received in a SAMe supplement is the basis of all consumer dosages. Exh. 5, Dr. Douglas Kalman Expert Rebuttal Report, p.6, n.2.

25. [redacted]





29.

30. To reach an active SAMe strength of 500 mg in a supplement capsule, the capsule would need to be filled with approximately 1000 mg of S-adenosylmethionine tosylate disulfate. Exh. 5, Dr. Douglas Kalman Expert Rebuttal Report, ¶ 4; Exh. 4, Dr. Douglas Kalman Expert Report, ¶¶ 61-62; Exh. 11, Dr. Nathalie Chevreau Deposition Transcript, pp. 95-106.



31.

32.

### V. **FDA Inspection and cGMP Compliance**

33. The FDA conducted an inspection of Vitamins Because's manufacturing facilities in January of 2018. Exh. 9, FDA Establishment Inspection Report, Plaintiffs 064-077.

34. The FDA's January 2018 inspection report of Vitamins Because's manufacturing facility revealed regulatory violations and noncompliant manufacturing processes in violation

7

of FDA regulations. Exh. 9, FDA Establishment Inspection Report, Plaintiffs 064-077.

35. The FDA's January 2018 inspection report of Vitamins Because's manufacturing facility made the following observations as to all supplement manufacturing performed by Vitamins Because (including its SAMe supplements):

> 1. Vitamins Because did not establish product specifications for any of your finished dietary supplements.
> 2. Vitamins Because did not establish component specifications for identity, purity, strength, or composition.
> 3. Vitamins Because did not implement quality control operations to ensure the quality of the dietary supplement.
> 4. Vitamins Because did not use effective measures to protect against the inclusion of metal or other foreign material in components and dietary supplements.
> 5. Vitamins Because did not take necessary precautions during the manufacture of a dietary supplement to prevent contamination of components.
> 6. Vitamins Because did not establish specifications for the packaging and labeling of the finished dietary supplement.
> 7. Vitamins Because's quality control personnel did not ensure that required representative samples are collected.
> 8. Vitamins Because's hand-washing facilities are not convenient.
>
> Exh. 9, FDA Establishment Inspection Report, Plaintiffs 064-077.

36. The observations recorded in the FDA Establishment Inspection Report regarding Vitamins Because's manufacturing of dietary supplements were honest and true observations. Exh. 9, FDA Establishment Inspection Report, Plaintiffs 064-077; Exh. 10, Dr. Neil Ross Deposition Transcript, p. 179.

37. Vitamins Because issued four quarterly reports to the FDA following the 2018 FDA inspection documenting its progress in correcting its observed violations over a period of approximately a year. Exh. 10, Dr. Neil Ross Deposition Transcript, pp. 67-68.

38. Vitamins Because did not complete its FDA quarterly reports and post-inspection remedial measures, including full compliance with all FDA regulations and cGMP, before at

8

least January 2019, approximately a year following the 2018 FDA inspection. Exh. 10, Dr. Neil Ross Deposition Transcript, pp. 67-68.

39. Plaintiffs who purchased subject product, which was manufactured before 2019, purchased SAMe supplements from a manufacturing source which was noncompliant with FDA regulations. Exh. 1, Plaintiffs 001-037; Exh. 10, Dr. Neil Ross Deposition Transcript, pp. 67-68; Exh. 9, FDA Establishment Inspection Report, Plaintiffs 064-077.

40. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████

41. The subject product labels on the subject product sold by Gmax and aSquared affirmatively misrepresented that the subject product SAMe supplements were manufactured by a cGMP compliant company. ECF No. 176-3, at 2-3; ECF No. 176-4, at 2; Exh. 2.

42. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

43. Because of Defendant Manufacturer's noncompliance with all federal regulations and cGMP, the subject product SAMe supplements should not have been purchased by consumers. Exhibit 10, Dr. Neil Ross Deposition Transcript, pp. 157-158.

## VI. Finished Product Yield

44. ███████████████████████████████████████████████████████████████████

45. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

### VII. Subject Product Labels

46. The subject product label claims regarding the amounts of SAMe included in the subject product capsules and their quality constitute "affirmation[s] of fact or promise[s] made by the seller to the buyer" relating to product. Fla. Stat. § 672.313(1)(a); TAC, Exhs. A-G, ECF Nos. 176-1 through 176-7; Exh. 2, VB-PROD-005372; VB-PROD-005435.

47. The subject product labels and their claims as to the amounts of SAMe present in the capsules constitute express warranties as a matter of law. Fla. Stat. § 672.313(1)(a); TAC, Exhs. A-G, ECF Nos. 176-1 through 176-7; Exh. 2, VB-PROD-005372; VB-PROD-005435.

48. The subject product purchased by Plaintiffs was not "merchantable" under the law. ECF Nos. 176-8;176-9, at 3-4.

49. The subject product labels are consumer oriented. Fla. Stat. § 672.313(1)(a); TAC, Exhs. A-G, ECF Nos. 176-1 through 176-7; Exh. 2, VB-PROD-005372; VB-PROD-005435.

DATED: February 8, 2022                Respectfully Submitted,

By:  /s/ Joshua H. Eggnatz
Joshua H. Eggnatz, Esq. (FBN: 0067926)

E-mail: JEggnatz@JusticeEarned.com
EGGNATZ | PASCUCCI
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: 954-889-3359
Facsimile: 954-889-5913

*Local Counsel for Plaintiff and the Putative Class*

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com


Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com

*Counsel for Plaintiff and the Putative Classes*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of notices of Electronic Filing generated by CM/ECF.

By: */s/ Joshua Eggnatz*


### SERVICE LIST
**Malgeri, et al. vs. Vitamins Because, LLC, et al.**

11

**Case No.:  19-cv-022702-KMW**

**<u>Attorneys for PLAINTIFFS</u>**:

Joshua H. Eggnatz
**EGGNATZ | PASCUCCI**
7450 Griffin Road
Suite 230
Davie, FL 33314
Tel: 954-889-3359
JEggnatz@JusticeEarned.com

Jay I. Brody (Admitted *Pro Hac Vice*)
Gary S. Graifman (Admitted *Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com
jbrody@kgglaw.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com


**<u>Attorneys for DEFENDANTS</u>:**

*Defendants*, **VITAMIN BECAUSE LLC
<u>and CT HEALTH SOLUTIONS LLC</u>:**

David S. Johnson (FBN 96423)
**JOHNSON DABOLL ANDERSON, PLLC**
2011 W. Cleveland Street, Suite F
Tampa, Florida 33606
Tel:  813-377-2499
Fax: 813-330-3156
djohnson@jdalegal.com

*Defendant*, **GMAX CENTRAL LLC:**

Leon N. Patricios (FBN 0012777)

12

Joseph I. Zumpano (FBN 0056091)
**ZUMPANO PATRICIOS, P.A.**
312 Minorca Avenue
Coral Gables, FL 33134
Tel: 305-444-5565
Fax: 305-444-8588
lpatricios@zplaw.com
jzumpano@zplaw.com

Richard J. Oparil (Admitted *Pro Hac Vice*)
Kevin M. Bell (Admitted *Pro Hac Vice*)
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: 202-677-4030
richard.oparil@agg.com
kevin.bell@agg.com

*Defendant*, **ASQUARED BRANDS LLC**:

Alessandro A. Apolito (FBN 0084864)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
822 N. A1A, Suite 101
Ponte Vedra Beach, Florida 32082
Tel: 904-660-0020
Fax: 904-660-0029
aapolito@lippes.com

Brendan H. Little (Admitted *Pro Hac Vice*)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Tel: 716-853-5100
blittle@lippes.com