IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-22702-KMW

CORI ANN GINSBERG, NOAH MALGERI,
KAYLYN WOLF, BILL WILSON, SHANNON
HOOD, and ROBERT MCKEOWN, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

VITAMINS BECAUSE, LLC, CT HEALTH
SOLUTIONS LLC, WE LIKE VITAMINS LLC,
and ASQUARED BRANDS LLC,

    Defendants.
_____/

**DEFENDANTS, VITAMINS BECAUSE, LLC AND CT HEALTH SOLUTIONS LLC'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Pursuant to Fed. R. Civ. P. 54(d), Local Rule 7.3(c), and Fla. Stat. § 501.201, *et seq.*, Defendants Vitamins Because, LLC and CT Health Solutions LLC's (hereinafter collectively "Vitamins Because") hereby submit this Motion for Attorneys' Fees and Costs.[1] In support, Vitamins Because states:

**I.    INTRODUCTION**

On September 30, 2022, this Honorable Court granted Vitamins Because's Motion to Dismiss for Lack of Article III Standing [Dkt. 267] and dismissed Plaintiffs' purported class action with prejudice. [Dkt. 383] Plaintiffs filed their initial complaint on June 28, 2019, and have since filed three amended complaints. *See id.* at p. 2. Plaintiffs purported to bring this action on behalf

---

[1] Vitamins Because hereby incorporates by reference Defendant ASquared Brand LLC's Motion for Attorneys' Fees and Costs served April 3, 2023.

1
Johnson Anderson, PLLC

of themselves and at least thirteen (13) classes and subclasses of individuals who purchased the dietary supplement SAMe from various combination of the defendants in this case. Plaintiffs' purported class action contained thirteen causes of action, including a cause of action by all plaintiffs and putative class members for a purported violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA").

## II. VITAMINS BECAUSE IS ENTITLED TO ATTORNEYS' FEES UNDER FDUTPA

FDUTPA provides that "[i]n any civil action resulting from an act or practice involving a violation [or alleged violation] of [FDUTPA]…the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorneys' fees and costs from the nonprevailing party." Fla. Stat. § 501.2105(1); *see also Healthcare Resources Mgmt. Gp., LLC v. Econatura All Healthy World, LLC,* 2022 WL 1537752 (S.D. Fla. 2022). Here, it is clear that Defendants Vitamins Because and Asquared are the prevailing parties under FDUTPA. Indeed, this Honorable Court dismissed Plaintiffs' entire case with prejudice on September 30, 2022. *See, e.g., Day v. Sarasota Doctors Hosp., Inc.,* 2021 WL 7450526 (M.D. Fla. 2021)("The defendant is clearly the prevailing party because the court granted summary judgment in its favor."); *Chow v. Chak Yam Chau,* 640 F. Appx. 834, 839 (11th Cir. 2015) ("In general, the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for purposes of any attorneys' fees award."); *M.G.B. Homes, Inc. v. Am. Homes, Inc.,* 30 F.3d 113 (11th Cir. 1994)(finding that defendant is prevailing party under FDUTPA when the plaintiff's claims were dismissed for lack of standing).

Once the trial court has concluded that a party is a prevailing party under a FDUTPA claim, it should utilize its discretion in determining whether to award attorneys' fees and costs to that party after considering the following non-exhaustive list of factors:

(1) The scope and history of litigation;

(2) The ability of the opposing party to satisfy an award of fees;

(3) Whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4) The merits of the respective positions – including the degree of the opposing party's culpability or bad faith;

(5) Whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;

(6) Whether the defense raised a defense mainly to frustrate or stall; and

(7) Whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Id.* citing *Chow v, Chak Yam Chau,* 640 F. Appx. 834, 839 (11th Cir. 2015).

In this case, a weighing of these factors dictates in favor of awarding Vitamins Because its reasonable attorneys' fees.

**(1) The Scope and History of the Litigation**

As noted by this Honorable Court in its Order dismissing all of Plaintiffs' claims, "the parties have robustly litigated this matter." [Dkt 383 at p. 6]  Nevertheless, all of Plaintiffs' claims were dismissed with prejudice because, despite three years of contentious litigation and discovery, Plaintiffs could not establish an injury in fact. [Dkt 383 at p. 32].  Plaintiffs allege here that the SAMe supplements they purchased were defective because the amount of the active ingredient in the product(s) was less than what was stated on the label.  Third Am. Complt at paras. 2, 32, 39, 47, 53, 59, 65, 71, 78, 84, and 87-91.  In a purported consumer class action such as this, each plaintiff must allege and prove that the specific product they purchased actually contained the

defect alleged in the Complaint.  *See, e.g., Doss v. General Mills, Inc.,* 816 Fed. Appx. 312 (11th Cir. 2020); *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025 (8th Cir. 2014) (same); *Deluna v. American Journey*, LLC, 2021 WL 5149790 (S.D. Fla. Oct. 29, 2021) (dismissing plaintiff's consumer class action for lack of Article III standing because plaintiff, like Plaintiffs here, did not have testing to show the specific product he purchased contained the defect alleged in the complaint); *Sabater v. Am. Journey*, LLC, 2021 WL 5149846 (S.D. Fla. Oct. 29, 2021) (same).

After three years of litigation and extensive discovery, however, it became clear that despite the requirement that Plaintiffs establish an injury in fact, none of the SAMe purchased by any of the named plaintiffs had ever been tested to determine whether it met the label statement for the amount of active ingredient. [Dkt 383 at p. 28].  The lack of any testing of Plaintiffs' product is especially important in this case because Plaintiffs' retained expert admitted that some of the SAMe product manufactured by Vitamins Because did, in fact, meet the label statement for active ingredient.  [Dkt 383 at pp. 28-32]  Despite the lack of testing and Plaintiffs' expert's testimony, Plaintiffs continued to aggressively litigate this case.  Plaintiffs' continued aggressive litigation caused Defendants to incur legal fees that they would not have otherwise incurred.  As a result, this factor weighs in favor of an award of fees to Vitamins Because.

### (2) The Ability of the Opposing Party to Satisfy an Award of Fees

There is no evidence in the record as to the plaintiffs' ability to satisfy an award of fees.  As such, this factor is neutral.  *See, e.g., Healthcare Mgmt. Grp., LLC.,* 2022 WL 1537757 at *7.

### (3) Whether an Award of Fees Would Deter Others

Plaintiffs filed a purported nationwide class action lawsuit against seven defendants that they litigated aggressively for more than three years alleging that Defendants sold or manufactured supplements that lacked the amount of active ingredient stated on the products' labels.  Neither

before nor during the lawsuit, however, did any of the plaintiffs have the product they purchased tested to determine the amount of active ingredient present in the product(s) they purchased. [Dkt 383 at 25-28] The Court notes that even "[b]y their own accounts, none of the named Plaintiffs….tested any of the subject SAM-e product they purchased from Defendants." [Dkt 383 at p. 28] As this Honorable Court explained "more than three (3) years of litigation have not resulted in Plaintiffs being able to clear the threshold jurisdictional bar of Article III standing. Even when viewed in the light most favorable to Plaintiffs, the record does not demonstrate that the named Plaintiffs have suffered an injury in fact." [Dkt 383 at p. 16] Indeed, "[n]ot a single named Plaintiff can demonstrate that the specific SAM-e product they purchased was deficient." [Dkt. 383 at p.17] On the other hand, "Plaintiffs' own expert has testified that some of the tested SAM-e products met the label requirements; testing performed by Plaintiffs actually revealed that some of the subject SAM-e products did meet the label specifications." [Dkt 383 at p. 17] In light of these findings, this factor weighs in favor of awarding attorneys' fees to Defendants in order to deter others from filing similar lawsuits without having the requisite testing or other evidence necessary to succeed – or even open the doors to the courthouse. *See, e.g., Healthcare Resources Mgmt. Gp., LLC,* 2022 WL 1537752 at * 9 (finding that the plaintiff should "face the consequences of maintaining" an unsupported claim.).

### (4) The Merits of the Respective Positions

As explained above and in the Order dismissing Plaintiffs' case, Plaintiff pursued and actively litigated this lawsuit despite having not done any testing to determine if the products that they purchased were defective. [Dkt. 383 at pp. 16-33] Without any such testing, the plaintiffs could not have succeeded on their claims in the case. [Dkt 383 at 28]

### (5) Whether the Claim was Frivolous, Unreasonable, Groundless

For the same reasons as in Subsections 1 and 3 above, this factor weighs in favor of awarding fees to the defendants.

### (6) Whether the Defense Frustrated or Stalled

This factor is inapplicable to this case.

### (7) Whether the Claim Resolved a Significant Legal Question under FDUTPA

Under the circumstances present in this case, it is clear that in order to succeed on their claims, Plaintiffs were required to test the product(s) they purchased to determine if was or was not defective. Plaintiffs wholly failed to do any such testing. "[T]his alone is fatal to their standing arguments." [Dkt 383 at p. 28] To the extent that there was any doubt that a plaintiff alleging their product was defective needs to establish by testing that their individual product was defective in order to have a compensable injury, the Order dismissing the case resolves that question. This factor weighs in favor of awarding fees to Vitamins Because.

### III.   COMPLIANCE WITH LOCAL RULE 7.3(a)

In accordance with Local Rule 7.3(a), Vitamins Because states as follows:

(1) Final Judgment was entered in favor of Defendants on September 30, 2022. [Dkt 383] Plaintiffs filed a Notice of Appeal to the Eleventh Circuit. Plaintiffs appeal was dismissed on March 2, 2023.

(2) Defendant Vitamins Because is entitled to recovery of its reasonable attorneys' fees pursuant to the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA"), Fla. Stat. § 501.2105.

(3) Vitamins Because seeks attorneys' fees and costs in the amount of $535,371.05.

(4) Vitamins Because hired the undersigned counsel and his firm to defend this case. It agreed to pay the lawyers and paralegals at the firm a reasonable hourly rate for time spent working on this matter.

(5) **David Johnson** is a partner with the law firm Johnson Anderson, PLLC.[2] Mr. Johnson has been a member of the Florida Bar since 1996. He is also admitted to practice law in the United States District Court for the Southern District of Florida, United States District Court for the Middle District of Florida, United States District Court for the Northern District of Florida, United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court. His hourly rate on this matter is $385/hr. A redacted copy of the time spent defending this matter is attached hereto.

**Scott Anderson** is a partner with the law firm Johnson Anderson, PLLC. Mr. Anderson has been a member of the Florida Bar since 2004. He is also admitted to practice law in the United States District Court for the Southern District of Florida, United States District Court for the Middle District of Florida, United States District Court for the Northern District of Florida, United States Court of Appeals for the Eleventh Circuit, and the United States Court of Federal Claims. Mr. Anderson's hourly rate on this matter is $350/hr. A redacted copy of the time spent defending this matter is attached hereto.

**Annie Glisson** is a paralegal with the law firm Johnson Anderson, PLLC. Ms. Glisson has been a paralegal for more than twenty years. Her hourly rate on this matter is $150/hr. A redacted copy of the time spent defending this matter is attached hereto.

---

[2] Johnson Anderson, PLLC was formerly known as Johnson Daboll Anderson, PLLC. Vitamins Because remains a client of Johnson Anderson, PLLC.

(6) A redacted copy of the time and expenses incurred in defending this matter is attached hereto.

(7) A verified motion will be filed at the appropriate time with this Honorable Court.

(8) This Motion is being served prior to filing in accordance with Local Rule 7.3(a)(1). Pursuant to that Rule, the parties will confer in an attempt to resolve the issues raised herein. If the parties are unable to resolve the matters addressed herein, Defendant Vitamins Because will file this Motion as instructed by Local Rule 7.3(a)(1). **The parties met and conferred regarding the relief sought in this Motion. The parties were unable to resolve these issues.**

IV.   CONCLUSION

Vitamins Because is the prevailing party to this litigation for purposes of recovery of attorneys' fees and costs under the Florida Deceptive and Unfair Trade Practices Act. A balance of the equities weighs in favor of awarding Vitamins Because its reasonable attorneys' fees and costs in this action.

Dated: May 1, 2023

/s/David S. Johnson
David S. Johnson     FBN  096423
Scott W. Anderson    FBN  738311
JOHNSON ANDERSON, PLLC
2011 W Cleveland Street, Suite F
Tampa, Florida 33606
Telephone: (813) 377-2499
Fax: (813) 330-3156
djohnson@jdalegal.com
sanderson@jdalegal.com
aglisson@jdalegal.com

*Counsel for Vitamins Because and CT Health Solutions*

-and-

        */s/Thomas M. Chapman*
        Thomas M. Chapman
        *Owner Vitamins Because and CT Health Solutions*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of May, 2023 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to the following counsel of record on the attached service list.

        */s/David. S. Johnson*

## SERVICE LIST

| | |
|---|---|
| Joshua H. Eggnatz<br>FBN: 67926<br>EGGNATZ PASCUCCI, P.A.<br>7450 Griffin Road<br>Suite 230<br>Davie, FL 33314<br>Tel: 954-889-3359<br>Fax: 954-889-5913<br>jeggnatz@justiceearned.com<br>Attorneys for Plaintiffs | Brendan H. Little<br>Sean M. O'Brien<br>LIPPES MATHIAS WEXLER, et al.<br>50 Fountain Plaza, Suite 1700<br>Buffalo, NY 14202<br>Tel: 716-853-5100<br>blittle@lippes.com<br>sobrien@lippes.com |
| Jay I. Brody (Admitted Pro Hac Vice)<br>Gary S. Graifman (Admitted Pro Hac Vice)<br>KANTROWITZ, GOLDHAMER &<br>GRAIFMAN, P.C.<br>747 Chestnut Ridge Road<br>Chestnut Ridge, New York 10977<br>Tel: 845-356-2570<br>ggraifman@kgglaw.com<br>jbrody@kgglaw.com<br>Attorneys for Plaintiffs | Alessandro A. Apolito<br>LIPPES MATHIAS WEXLER, et al.<br>822 US Highway A1A, Suite 101<br>Ponte Vedra Beach, FL 32082<br>Tel: 904-660-0020<br>aapolito@lippes.com<br>Attorneys for ASquared Brands |
| Nicholas A. Migliaccio<br>Jason S. Rathod<br>MIGLIACCIO & RATHOD LLP<br>412 H Street N.E., Ste. 302 | Leon N. Patricios (FBN 0012777)<br>ZIMPANO PATRICIOS, P.A.<br>312 Minorca Ave.<br>Coral Gables, FL 33134<br>Tel: 305-444-5565<br>Fax: 305-444-8588<br>lpatricios@zplaw.com<br>jzumpano@zplaw.com<br><br>Richard J. Oparil (admitted *pro hac* |

Washington, DC 20002
Tel: 202-470-3520
nmigliaccio@classlawdc.com
Attorneys for Plaintiffs

Joseph A. Sorce
JOSEPH A. SORCE & ASSOCS., P.A.
999 Ponce de Leon Blvd., Suite 1020
Coral Gables, FL 33134
Tel: 305-529-8544
jsorce@flconstructionlawyer.com
Attorney for Defendants Khakiware, Inc. and Healthy Way RX, LLC

Bretton I Pollack
Pollack, Pollack & Kogan, LLC
Courthouse Tower
44 W Flagler Street, Suite 2050
Miami, FL 33130
Tel: 305-373-9676
Brett.pollack@ppkfirm.com
B@birvingpollack.com
Attorneys for Inspire Now PTY LTD

*vice*)
ARNALL GOLDEN GREGORY
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC 20006
T: 202-677-4030
Richard.oparil@agg.com
Attorneys for GMAX Central, LLC

Mark Migdal & Hayden
Yaniv Adar
Joshua A. Migdal
80 S.W. 8th Street
Suite 1999
Miami, FL 33130
Tel: 305-374-0440
yaniv@markmigdal.com
josh@markmigdal.com
eservice@markmigdal.com
Attorneys for Jolly Dollar Supply Company

Johnson Anderson, PLLC