IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-22702-KMW

NOAH MALGERI, KAYLYN WOLF,
BILL WILSON, SHANNON
HOOD, and ROBERT MCKEOWN, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

VITAMINS BECAUSE, LLC, CT HEALTH
SOLUTIONS LLC, and ASQUARED BRANDS LLC,

    Defendants.

_____/

**DEFENDANTS VITAMINS BECAUSE, LLC AND CT HEALTH SOLUTIONS LLC'S REPLY TO PLAINTIFFS' OBJECTIONS AND OPPOSITION TO DEFENDANTS VITAMINS BECAUSE LLC'S, CT HEALTH SOLUTIONS LLC'S AND ASQUARED BRANDS LLC'S MOTIONS FOR ATTORNEYS' FEES AND COSTS**

Pursuant to Fed. R. Civ. P. 54(d), Local Rule 7.3(c), and Fla. Stat. § 501.201, *et seq.*, Defendants Vitamins Because, LLC and CT Health Solutions LLC's (hereinafter collectively "Vitamins Because") hereby file their Reply to Plaintiffs' Objections and Opposition to Defendants Vitamins Because LLC's, CT Health Solutions LLC's, and Asquared Brands LLC's Motions for Attorneys' Fees and Costs ("Plaintiffs' Opposition"). [Dkt 407][1] In support, Vitamins Because states:

---

[1] For the sake of judicial economy, Vitamins Because also incorporates by reference Defendant Asquared Brand LLC's Reply Memorandum of Law in Support of Its Motion for Attorneys' Fees and Costs. [Dkt 408]

I.      CLARIFICATION OF PROCEDURAL HISTORY

In their Opposition, Plaintiffs make a number of misstatements about the procedural history of this matter and the applicable law. For example, in support of their argument that an award of fees is inappropriate here, Plaintiffs state that this Court previously found "that the claims, particularly the FDUTPA claim, were properly asserted." Opp. at p.1. That is simply not correct. In support of their assertion, Plaintiffs site this Court's Omnibus Order from June 2021. [Dkt 220] The Omnibus Order, however, does not address the merits of any of Plaintiffs' claims. Nor does it specifically address the FDUTPA claim at all. Rather, the Order (1) denied some of the defendants' motions to compel arbitration, (2) found that equitable estoppel did not apply to an arbitration agreement, (3) found that Defendants were not third-party beneficiaries of certain Amazon arbitration provisions, and (4) held that the Court had personal jurisdiction over one of the defendants. *See Id.* Plaintiffs' FDUTPA claim was not discussed in any substantive way whatsoever and the assertion otherwise simply supports why an award of fees is appropriate here.

Plaintiffs next assert in support of their argument that fees are inappropriate that Vitamins Because "sought a frivolous petition for mandamus before the Eleventh Circuit." Opp. at p. 2. In reality, however, the Eleventh Circuit specifically held that the "petitioners [Vitamins Because] have established a non-frivolous claim…." *See In re: Vitamins Because, LLC,* Case No, 21-11409 (11th Cir. 2021). Following the Eleventh Circuit's ruling and a subsequent order of this Honorable Court, Vitamins Because's Petition became moot and was appropriately voluntarily dismissed.

Plaintiffs also state that fees should not be awarded because all of Vitamins Because's Motions to Dismiss were denied. Opp. at p. 1-2. Plaintiffs are wrong again. Plaintiffs' Second

2
Johnson Anderson, PLLC

Amended Complaint was dismissed by this Honorable Court for failure to properly invoke federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Plaintiffs then filed the fourth iteration of their complaint, which is the operative complaint that was contentiously litigated over approximately three years. Despite the assertions in the Third Amended Complaint that products purchased by the plaintiffs did not contain the amount of active ingredient stated on the package, none of the plaintiffs' products were tested to determine the amount of active ingredient. As a result, Plaintiffs could not establish an injury in fact and the case was dismissed with prejudice.

## II.     VITAMINS BECAUSE'S MOTION WAS TIMELY

Plaintiffs argue that Defendants' Motions were untimely but provide no case law to support that notion. None of the cases that Plaintiffs cite involve fees under a FDUTPA claim. In fact, the plain language of the statute belies Plaintiffs' interpretation. Fla. Stat. § 501.2105(1) provides that "in any civil litigation resulting from an act or practice involving a violation of this part…the prevailing party, after judgment in the trial and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."

Accordingly, federal courts in Florida have held that a motion for attorneys' fees under FDUTPA should not be filed until the exhaustion of any appeals, or the time for any appeals of the subject judgment or final order. *See, e.g., Procaps S.A. v. Patheon Inc.,* 157 F. Supp. 3d 1199, 1200 (S.D. Fla. 2016) (holding that the "statute does seem to contemplate that the motion be filed after the expiration of the appeal period."); *CrossPointe, LLC v. Integrated Computing, Inc.,* 2005 WL 1677460 (M.D. Fla. 2005) ("Accordingly, the Court will deny CrossPointe's motion for attorney's fees pursuant to FDUTPA without prejudice to its right to renew the request at such time as all appeals of the judgment in this case have been exhausted"); *see also DJ Lincoln Enterprises,*

*Inc. v. Google, LLC,* 2022 WL 4287640 *4 (S.D. Fla. 2022); *Kipu Sys. LLC v. Zencharts LLC,* 2021 WL 1891710 (S.D. Fla. 2021); *Citibank N.A. v. Nat'l Arb. Council, Inc.* 2006 WL 2691528 *7 (M.D. Fla. 2006).

Notably, after arguing that Defendants' Motions were filed late, Plaintiffs then argue that the Motions are premature because Plaintiffs have not exhausted their appellate rights.[2] Specifically, Plaintiffs state that FDUTPA precludes an award of attorneys' fees "until after entry of judgment and the appellate process, if any, has run its course." Opp. at p. 15 citing *M.G.B. Homes, Inc. v. Ameron Homes, Inc.,* 30 F. 3d 113, 115 (11th Cir. 1994)(acknowledging that FDUTPA requires a party seeking attorneys' fees to wait until all appeals are exhausted) and *Heindel v. Southside Chrysler-Plymouth, Inc.,* 476 So. 2d 266 (Fla. 1st DCA 1986)(vacating an award of attorneys' fees under FDUTPA as premature when motion was filed prior to exhaustion of appellate rights). Vitamins Because's Motion was filed timely in accordance with FDUTPA, Fed. R. Civ. P. 54, and Local Rule 7.3.

### III.   VITAMINS BECAUSE IS A PREVAILING PARTY

On September 30, 2022, this Honorable Court granted Vitamins Because's Motion to Dismiss for Lack of Article III Standing [Dkt. 267] and dismissed Plaintiffs' purported class action with prejudice. [Dkt. 383] Vitamins Because is clearly a prevailing party under FDUTPA. Indeed, under strikingly similar circumstances this Honorable Court and the Eleventh Circuit have found that "a defendant who prevails on a motion to dismiss based on lack of standing is a prevailing party for the purposes of § 501.2105." *Reilly v. Chipotle Mexican Grill, Inc.,* 2018 WL 1883086 *3 (S.D. Fla. 2018) quoting *Big Tomato v. Tasty Concepts, Inc.,* 972 F. Supp. 662, 662 n.1 (S.D. Fla. 1997); *see also Reilly v. Chipotle Mexican Grill, Inc.,* 711 Fed. Appx. 525, 528-531 (11th Cir.

---

[2] Vitamins Because does not agree that Plaintiffs have not exhausted their appellate rights.

2017) (affirming summary judgment against the plaintiff for lack of standing due to inability to establish actual damages and recognizing defendant as prevailing party under FDUTPA); *M.G.B. Homes, Inc. v. Am. Homes, Inc.,* 30 F.3d 113 (11th Cir. 1994) (finding that defendant is prevailing party under FDUTPA when the plaintiff's claims were dismissed for lack of standing).

The cases cited by Plaintiff in support of their argument that Defendants here are not prevailing parties under FDUTPA are inapposite. For example, in *Millennium Indus. Network v. Hitti,* 2014 WL 2042321 (S.D. Fla. 2014), the court found that a dismissal for lack of personal jurisdiction did not invoke the fee provisions under FDUTPA because the case was not dismissed with prejudice. Rather, the court specifically pointed out that the plaintiff could potentially file his claim in another forum that had personal jurisdiction over the defendant(s). Here, on the other hand, Plaintiffs' claims were all dismissed with prejudice because they could not establish an injury fact as a result of their failure to test their individual products for purported defects. Vitamins Because is a prevailing party under FDUPTA and, therefore, is entitled to recover its reasonable attorneys' fees for the reasons described in its Motion for Attorneys' Fees.

## IV. VITAMINS BECAUSE COMPLIED WITH LOCAL RULE 7.3(a)

Vitamins Because complied with the substantive requirements of Local Rule 7.3(a). Vitamins Because timely served its motion, timely met and conferred with Plaintiffs, and timely filed its verified motion attesting to the fees and costs being sought. Plaintiffs, on the other hand, failed to comply with Local Rule 7.3(a). Indeed, Plaintiffs made no effort to discuss the time records or the reasonableness of the rates requested, or the fees and costs being sought in the Motion.

## V.     VITAMINS BECAUSE IS ENTITLED TO RECOVER ITS FEES

Plaintiffs filed a purported nationwide class action lawsuit against seven defendants that they litigated aggressively for more than three years alleging that Defendants sold or manufactured supplements that lacked the amount of active ingredient stated on the products' labels.  Neither before nor during the lawsuit, however, did any of the plaintiffs have the product they purchased tested to determine the amount of active ingredient present in the product(s) they purchased.  [Dkt 383 at 25-28]  The Court noted that even "[b]y their own accounts, none of the named Plaintiffs….tested any of the subject SAM-e product they purchased from Defendants."  [Dkt 383 at p. 28]  As this Honorable Court explained "more than three (3) years of litigation have not resulted in Plaintiffs being able to clear the threshold jurisdictional bar of Article III standing. Even when viewed in the light most favorable to Plaintiffs, the record does not demonstrate that the named Plaintiffs have suffered an injury in fact."  [Dkt 383 at p. 16]  Indeed, "[n]ot a single named Plaintiff can demonstrate that the specific SAM-e product they purchased was deficient." [Dkt. 383 at p.17]  On the other hand, "Plaintiffs' own expert has testified that some of the tested SAM-e products met the label requirements; testing performed by Plaintiffs actually revealed that some of the subject SAM-e products did meet the label specifications."   [Dkt 383 at p. 17]  *See, e.g., Healthcare Resources Mgmt. Gp., LLC,* 2022 WL 1537752 at * 9 (finding that the plaintiff should "face the consequences of maintaining" an unsupported claim.).    Under these circumstances, an award of attorneys' fees is consistent with the intent of FDUTPA and appropriate.

VI. **CONCLUSION**

Based on the foregoing, and for the reasons stated in its Motion for Fees and Costs, Vitamins Because is a prevailing party in this litigation for purposes of recovery of attorneys' fees and costs under the Florida Deceptive and Unfair Trade Practices Act. A balance of the equities weighs in favor of awarding Vitamins Because its reasonable attorneys' fees and costs in this action.

Dated: May 22, 2023

/s Scott W. Anderson
David S. Johnson     FBN  096423
Scott W. Anderson   FBN  738311
JOHNSON ANDERSON, PLLC
2011 W Cleveland Street, Suite F
Tampa, Florida 33606
Telephone: (813) 377-2499
Fax: (813) 330-3156
djohnson@jdalegal.com
sanderson@jdalegal.com
aglisson@jdalegal.com

*Counsel for Vitamins Because and CT Health Solutions*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of May, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to the following counsel of record on the attached service list.

/s/Scott W. Anderson

**SERVICE LIST**

| | |
|---|---|
| Joshua H. Eggnatz | Brendan H. Little |
| FBN: 67926 | Sean M. O'Brien |
| EGGNATZ PASCUCCI, P.A. | LIPPES MATHIAS WEXLER, et al. |
| 7450 Griffin Road | 50 Fountain Plaza, Suite 1700 |

Suite 230  
Davie, FL 33314  
Tel: 954-889-3359  
Fax: 954-889-5913  
jeggnatz@justiceearned.com  
Attorneys for Plaintiffs


Jay I. Brody (Admitted Pro Hac Vice)  
Gary S. Graifman (Admitted Pro Hac Vice)  
KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.  
747 Chestnut Ridge Road  
Chestnut Ridge, New York 10977  
Tel: 845-356-2570  
ggraifman@kgglaw.com  
jbrody@kgglaw.com  
Attorneys for Plaintiffs

Buffalo, NY 14202  
Tel: 716-853-5100  
blittle@lippes.com  
sobrien@lippes.com  

Alessandro A. Apolito  
LIPPES MATHIAS WEXLER, et al.  
822 US Highway A1A, Suite 101  
Ponte Vedra Beach, FL 32082  
Tel: 904-660-0020  
aapolito@lippes.com  
Attorneys for ASquared Brands

Johnson Anderson, PLLC