UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22702-Civ-WILLIAMS/TORRES

NOAH MALGERI, *et al.*

    *Plaintiffs*,

v.

VITAMINS BECAUSE LLC, *et al.*

    *Defendants.*

_____/

REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTIONS FOR COSTS

    This matter is before the Court on Defendants Vitamins Because, LLC's and CT Health Solutions, LLC's (collectively "Vitamins Because"), and aSquared Brands, LLC's ("aSquared") Motions to Recover Taxable Costs (collectively, "Defendants") [D.E. 387 & 389]. Noah Malgeri, Kalyn Wolf, Bill Wilson, Shannon Hood, Eric Fishon, and Robert McKeown (collectively "Plaintiffs") responded to Defendants' motions on November 14, 2022, [D.E. 395], to which Defendants replied on November 21, 2022. [D.E. 396 & 397]. Therefore, Defendants's motions are now ripe for disposition. After careful review of the motions, briefing materials, relevant authority, and for the reasons discussed below, Defendants' motions should be **GRANTED in part** and **DENIED in part**.[1]

---

[1] On October 31 and November 2, 2022, the Honorable Kathleen M. Williams referred the motions to the Undersigned for a Report and Recommendation. [D.E. 388 & 393].

1

## I.   BACKGROUND

These proceedings arose from a putative class action brought by several Plaintiffs for claims relating to the alleged purchase of fraudulently mislabeled and defectively manufactured dietary supplements. Plaintiffs alleged that they were defrauded when they purchased certain S Adenosyl Methionine ("SAM-e") dietary supplements through Amazon. Specifically, Plaintiffs claimed that the SAM-e supplements, which were manufactured and distributed by Defendants, had inaccurate labeling and were defectively manufactured, as they contained significantly less amounts of the active SAM-e ingredient than represented in their labels. Consequently, on June 28, 2019, Plaintiffs brought a class action suit under multiple state consumer protection laws against Defendants, asserting, among other things, that they had been economically injured after Defendants' deceptive practices and false labeling. [D.E. 1 & 176].

After more than three years of litigation, which entailed the filing of four different iterations of the complaint, the development of lengthy discovery, and the costs incurred in extensive motion practice, on September 30, 2022, this Court concluded that Plaintiffs could not establish an injury in fact and, thus, dismissed the Third Amended Complaint *with prejudice*. [D.E. 383]. Following entry of the Court's order dismissing the case, in October 2022, Defendants filed the subject Motions seeking reimbursement of taxable costs pursuant to 28 U.S.C. § 1920.

After some procedural back and forth regarding the finality of the Court's order, [D.E. 400 & 405], on June 7, 2023, Plaintiffs filed an appeal challenging the dismissal of their Third Amended Complaint. [D.E. 410]. That appeal is currently pending before the Court of Appeals for the Eleventh Circuit.

## II.     APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute.  A strong presumption exists in favor of awarding costs.  *Id.*  A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920.[2]  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920).  "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so.@  *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).  The court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties.  *Id.*

---

[2] The following costs are permitted under 28 U.S.C. § 1920:
  (1) Fees of the clerk and marshal;
  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
  (3) Fees and disbursements for printing and witnesses;
  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
  (5) Docket fees under section 1923 of this title;
  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

3

After the prevailing party files a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., E.E.O.C. v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (affirming denial of motion for certain costs that were not timely objected to before the district court because the "[f]ailure to raise an issue, objection or theory of relief in the first instance to the trial court generally is fatal"; "[this Rule applies] to a party's failure to object to witness fees") (citations omitted); *Katz v. Chevaldina,* 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (the burden lies with the challenging party to show that deposition costs not recoverable as unrelated or unnecessary to any issue in the case).

### III. ANALYSIS

Defendants' motions seek $7,197.05 [D.E. 387] (for aSquared) and $11,719.24 [D.E. 389] (for Vitamins Because) in taxable costs. Plaintiffs oppose the motions and asks this Court to outright deny all recovery, or apply a significant downward adjustment to Defendants' calculation because, in their view, (i) Vitamins Because did not comply with the conferral requirements of Local Rule 7.3; (ii) Defendants do not enjoy "prevailing party" status because the dismissal was premised on lack of Article III Standing, not the merits; and (iii) the motions failed to establish the necessity of, or explain in detail, several of the deposition related costs sought, many of which are non-recoverable. [D.E. 395 at 4–10]. We partially agree with Plaintiffs and recommend that Defendants' two motions be **GRANTED** but only **in part**.

### A. *Whether Vitamins Because Met the Conferral Requirements*

First, Plaintiffs argue that Vitamins Because's motion is subject to wholesale denial because Vitamins failed to properly confer prior to the filing of its motion. [D.E. 395 at 4–5]. We can quickly dispose of Plaintiffs argument on this score because, under the circumstance of this case, Local Rule 7.3 does not call for the outright denial of Vitamins Because's motion.

In relevant part, S.D. Fla. L.R. 7.3(c) provides that prior to filling a bill of costs, "the moving party shall confer with affected parties under the procedure outlined in S.D. Fla. L.R. 7.1(a)(3)[.]" Local Rule 7.1(a)(3), in turn, states that, "[p]rior to filing any motion in a civil case, . . . the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties . . . in a good faith effort to resolve by agreement the issues to be raised in the motion." Contrary to Plaintiffs' suggestions, denial of a motion does not automatically follow when a party fails to strictly adhere to the conferral requirements of our Local Rules. Rather, defects in compliance "*may* be cause for the Court to grant or deny the motion[.]" S.D. Fla. L.R. 7.1(a)(3) (emphasis added). Dismissal is not warranted here.

Although Vitamins Because does not dispute that its motion initially failed to include a certification of conferral, Defendant cured that deficiency by subsequently filing the Court-ordered notice of conferral. As reflected in the docket, on November 1, 2022, Judge Williams ordered Defendant to show cause and file a certification of conferral by the end of the following day, November 2, 2022. [D.E. 390]. Defendant complied with that order, explaining that its failure to strictly adhere to the conferral

requirements were due, in part, to two reasons: (i) that its original motion incorporated by reference aSquared's motion and brief; and (ii) that prior to filing its motion, Vitamins communicated with aSquared's counsel who informed Vitamins that, despite conferring with Plaintiffs, the parties were unable to reach agreement regarding aSquared's deposition. [D.E. 391]. Additionally, Vitamins certified that it also attempted to contact Plaintiffs' New York and Florida counsel, to no avail. [D.E. 391].

Against this factual backdrop, it would be unduly harsh to dismiss Vitamins' motion for the alleged failure to confer, especially given that aSquared's conferral efforts seem to suggest that discussions between Vitamins and Plaintiffs would have been futile, and that Vitamins made some efforts to contact Plaintiffs' counsel in two different cities following the Court's November 1st order. Accordingly, Plaintiffs' argument is not persuasive. *See Mata Chorwadi, Inc. v. City of Boynton Beach*, No. 9:19-CV-81069, 2021 WL 1217914, at \*5 (S.D. Fla. Apr. 1, 2021), *aff'd*, No. 9:19-CV-81069-WPD, 2021 WL 5222598 (S.D. Fla. Oct. 4, 2021) (refusing to dismiss motion for taxable costs where defendant failed to strictly adhere to the conferral requirements of the Local Rules); *Chauve v. Costa Crociere, S.p.A.*, 2007 U.S. Dist. LEXIS 74827, at \*5–6 (S.D. Fla. Oct. 8, 2007) (ruling on motion despite failure to comply with Local Rule 7.1(A)(3) because a conference would not have resolved the parties' difference).

### B. *Whether Defendants are the Prevailing Parties*

Next, Plaintiffs argue that neither defendant is entitled to recover taxable costs under § 1920 because a dismissal premised on lack of Article III Standing cannot confer prevailing party status. [D.E. 395]. Specifically, Plaintiffs posit that "because a dismissal for lack of standing is not considered a judgment on the merits, defendants under such circumstances are not 'prevailing parties' who may be entitled to recover costs under Rule 54." *Id*. at 5–6. Here, too, Plaintiffs miss the mark.

To begin with, Plaintiffs argument has been rejected by this District Court and others where, as here, the dismissal disposes of plaintiff's entire case and is issued *with prejudice. See, e.g., Doria v. Class Action Servs.*, LLC, 261 F.R.D. 678, 685 (S.D. Fla. 2009) (Middlebrooks, J.) (holding that "Defendants are the 'prevailing party' because the [holding was] with prejudice and the suit was dismissed."); *Siegmund v. Xuelian Bian*, 2019 WL 2267205, at *2 (S.D. Fla. Mar. 11, 2019), *report and recommendation adopted*, 2019 WL 2267137 (S.D. Fla. Mar. 28, 2019) (holding that "[defendant] is a prevailing party within the meaning of the federal rule" because the "complaint was dismissed when the Court found that Plaintiff lacked standing to pursue his claims."); *Marjam Supply v. Pliteq, Inc.*, 2021 WL 1200422, at *8 (S.D. Fla. Mar. 5, 2021), *report and recommendation adopted*, 2021 WL 1198322 (S.D. Fla. Mar. 30, 2021) ("Here, there is no dispute that [defendants] is the prevailing party given that [plaintiff's] FDUTPA claim was dismissed at summary judgment for lack of standing."); *Grigorian v. FCA US, LLC*, 2021 WL 5605542, at *1, *6 (S.D. Fla. Oct. 1, 2021), *report and recommendation adopted*, 2021 WL 5579276 (S.D. Fla. Nov. 30,

2021) (granting costs under § 1920 despite the fact that the claims were dismissed for lack of Article III Standing); *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1303 (Fed. Cir. 2018) ("we conclude that the district court's dismissal with prejudice of Raniere's case for lack of standing is tantamount to a judgment on the merits [for the purposes of grating attorney's fees]"); *see also CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 421, (2016) ("This Court disagrees with that conclusion. The Court now holds that a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed.").

We are persuaded by this line of cases and believe that their rationale is especially applicable here, where the parties engaged in years of prolonged litigation and the court's ruling stemmed from factual challenges to standing that went beyond the pleadings of the case.  Indeed, the one authority on which Plaintiffs rely to support their argument—an R&R that was ultimately denied as moot by the district judge—is easily distinguishable. In *MSPA Claims v. Liberty Mut.*, 2018 WL 5098974, (S.D. Fla. Sept. 27, 2018) (Torres, Mag. J.), we ruled that a dismissal premised on lack of standing did not confer prevailing status on the defendant.  *Id*. at *2.  However, in *MSPA* the plaintiff amended its complaint one single time, the order of dismissal did not involve factual findings beyond the pleadings, the case did not entail extensive discovery, and dismissal came only one year after initiation of the case.

Here, by contrast, the parties engaged in more than three years of litigation, which entailed the filing of four different iterations of the complaint by Plaintiffs, the development of years-long discovery, and the handling of extensive motion practice,

including expert and sanctions related motions. [D.E. 389 at 17]. Further, and unlike *MSPA*, the court's dismissal in this case was not confined to the pleadings of the case:

> Because this is a factual challenge to Plaintiffs' standing, and the Court has the benefit of a fully developed record, the Court may consider aspects of the record beyond what Plaintiffs allege. Here, not only are the Plaintiffs unable to establish that the subject SAM-e products they purchased were defective, but it is also entirely possible—based on the deposition testimony of Dr. Kalman and the laboratory testing conducted by Plaintiffs—that Plaintiffs purchased SAM-e products consonant with the label statements.

Id. at 18.

Accordingly, and consistent with the legal principles discussed above, we find that the order that dismissed this extensive and litigious case with prejudice conferred prevailing party status upon Defendants, thereby entitling them to seek taxable costs under § 1920.

Having concluded that Defendants are entitled to recover costs, we now turn to Plaintiffs' arguments regarding the non-recoverable, or insufficiently explained, nature of several of the costs invoked in Defendants' motions. Here, aSquared and Vitamins Because are seeking to recover $7,197.05 and $11,719.05, respectively, in taxable costs. Although Defendants filed separate motions, the substance of their requests is virtually identical, in that most of the costs sought by each party stem from the taking of depositions in this case. Indeed, aSquared attributes all its costs to deposition related expenses, [D.E. 387 at 6], whereas Vitamins Because's costs are comprised of $500 in filing fees, $320 in service of summons and subpoena costs, and $10,899.24 in deposition related expenses. [D.E. 389 at 6]. Plaintiffs take issue with each one of these costs categories.

9

### C. *Deposition Related Costs*

We turn to Plaintiffs' challenges to the costs that Plaintiff attributes to the taking of multiple deposition in this case. Taxation of deposition expenses is authorized by 28 U.S.C. § 1920(2). *See E.E.O.C.*, 213 F.3d at 620. Whether the costs for a deposition are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case." *Id*. at 621. In contrast, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id.* at 620. But, "deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success[.]" *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007).

First, we disagree with Plaintiffs' conclusory argument that the noted depositions were not sufficiently necessary to qualify as taxable costs under § 1920. *See* [D.E. 395 at 7]. Here, it is undisputed that all the relevant depositions costs are attributable to the depositions of the several Plaintiffs, expert witnesses from both sides, and 30(b)(6) deponents. [D.E. 387 at 12–28 & 389 at 11–22]. Moreover, the subject matter of these depositions included topics and evidentiary facts that were central to the dispute, including the chemical composition of the subject supplements, the type of testing, if any, that Plaintiffs conducted on their own, and the results of the multiple laboratory tests that were performed on SAM-e products. Indeed, Defendants' respective motions to dismiss and summary judgment relied on excerpts of these depositions, and the Court's own ruling expressly cites to most, if not all, of

10

these depositions in its reasoning. [D.E. 389 at 25–32]. Therefore, Plaintiffs' argument that these depositions were not necessary lacks merit.

On the other hand, Plaintiffs' objections regarding the non-recoverable nature of, and the lack of explanation regarding, multiple extraneous deposition related costs, including (i) expedited handling fees, (ii) exhibits fees, (iii) unspecific invoices, (iv) virtual services fees, (v) handling/shipping fees, and (vi) litigation support packages costs, are well taken. Indeed, neither Defendants' motions nor their replies explain in any detail why these extraneous costs should be deemed necessary to the prosecution of the case as opposed to mere convivences to counsel. Accordingly, Defendants should not be allowed to recover any of these unexplained and extraneous deposition related costs. *See Alfaro v. Bank of Am., N.A.*, No. 19-22762-CIV, 2021 WL 5920830, at *6 (S.D. Fla. Aug. 3, 2021), *report and recommendation adopted*, 2021 WL 5919022 (S.D. Fla. Dec. 15, 2021) ("In the absence of a cogent explanation [] in support of its request for [] deposition exhibits, the Undersigned recommends that [such costs be] denied."); *Acosta v. Miami-Dade Cnty.*, 2022 WL 2657322, at *6 (S.D. Fla. May 20, 2022), *report and recommendation adopted*, 2022 WL 2235568 (S.D. Fla. June 22, 2022) ("Defendants fail to explain why the costs included in these invoices for equipment and amenity rentals and virtual deposition platform services were not incurred for the convenience of counsel; hence, they are not recoverable."); *Watson v. Lake Cnty.*, 492 F. App'x 991, 996 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor."); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla.

2013) ("Courts in this District, however, have declined to award costs for court reporter delivery fees and handling charges"); *Powell v. The Home Depot, U.S.A., Inc.*, No., 2010 WL 4116488, at *1' (S.D. Fla. Sept. 14, 2010), *report and recommendation adopted*, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) ("In this Court's experience, it is customary for stenographer's invoices to include additional expenses for services such as condensed transcripts, electronic transcripts, and shipping and exhibits. Where such extra services are only for the convenience of counsel, they are not reimbursable.").

In all other respects, Plaintiffs' objections to the other deposition related costs, including court reporter and attendance fees, are unavailing. *See Joseph v. Nichell's Caribbean Cuisine*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) ("court reporter appearance fee for attending . . . should be awarded as costs.").

### D. *Fees of Clerk and Service of Process*

Plaintiffs also object to the costs Vitamins Because seeks for fees of clerk and service of summons and subpoena in connection with its petition for writ of mandamus. These objections are also well taken. Vitamins did not try very hard to defend the position that costs stemming from the filing of an arguably frivolous mandamus petition, which was later voluntarily withdrawn by Vitamins, should not be borne by Plaintiffs. Accordingly, Vitamins' fee of clerk ($500) and service of process ($320) cost should not be recovered.

Because Plaintiffs' objections to Defendants' motion for taxable costs have some merit, we recommend that Defendants' costs be subject to the following reductions:

- Vitamins Because's costs should be reduced to exclude unexplained invoices and expedited handling costs ($347.20); service of process costs stemming from meritless petitions ($820); and extraneous deposition related fees, namely virtual participant/services fees ($1,845), exhibits costs ($11.50), litigation packages costs ($96), and delivery fees ($222). In the aggregate, a reduction of **$3,341.70**.

- Similarly, aSquared's costs should be reduced to exclude extraneous deposition related fees, namely virtual participant/services fees ($875), expert related surcharges ($126.25) exhibits costs ($267.40), litigation packages costs ($144), and delivery fees ($212). In the aggregate, a reduction of **$1,624.65**.

In sum, having found that Defendants' costs should be partially reduced, we recommend that Defendants' motions for costs be **GRANTED in part** and **DENIED in part** for total costs awards of **$8,377.54** for Vitamins Because and **$ 5,572.40** for aSquared.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motions for taxable costs be **GRANTED in part** and **DENIED in part**. A cost judgment should be entered against Plaintiffs in the sum of **$8,377.54** in favor of Vitamins Because and **$5,572.40** in favor of aSquared.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have Seven (7) business days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of

13

any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 1st day of September, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge